**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **The UNITED STATES of AMERICA,** | ) |
| **The STATE OF ILLINOIS,** | ) |
| **THE STATE OF CALIFORNIA,** | ) |
| **THE STATE OF FLORIDA,** | ) |
| **THE STATE OF GEORGIA,** | ) |
| **THE STATE OF INDIANA,** | ) |
| **THE STATE OF LOUISIANA,** | ) |
| **THE STATE OF NEVADA,** | ) |
| **THE STATE OF NEW JERSEY,** | ) |
| **THE STATE OF NEW MEXICO,** | ) |
| **THE STATE OF NORTH CAROLINA,** | ) |
| **THE STATE OF OKLAHOMA,** | ) |
| **THE STATE OF TENNESSEE,** | ) |
| **THE STATE OF TEXAS, and** | ) |
| **THE STATE OF VIRGINIA,** *ex rel.* | ) |
| **Bryan Carnithan, and** | ) |
| **BRYAN CARNITHAN, Individually,** | ) |
| | ) No. 11-CV-312-WDS/DGW |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Filed <u>In Camera</u> and |
| | ) Under Seal |
| **COMMUNITY HEALTH SYSTEMS, INC.** a Delaware | ) |
| Corporation, **CHS/COMMUNITY HEALTH SYSTEMS, INC.,** | ) |
| a Delaware Corporation, **COMMUNITY HEALTH** | ) |
| **INVESTMENT COMPANY, LLC**, a Delaware Limited | ) |
| Liability Company, **COMMUNITY HEALTH SYSTEMS** | ) |
| **PROFESSIONAL SERVICE CORPORATION**, a Delaware | ) |
| Corporation, **MARION HOSPITAL CORPORATION**, an | ) |
| Illinois Corporation, **ANNA HOSPITAL CORPORATION,** | ) |
| an Illinois Corporation, **GALESBURG HOSPITAL** | ) |
| **CORPORATION,** an Illinois Corporation, **GRANITE CITY** | ) |
| **ILLINOIS HOSPITAL COMPANY, LLC,** an Illinois Limited | ) |
| Liability Company, **NATIONAL HEALTHCARE OF** | ) |
| **MT. VERNON, INC.**, an Illinois Corporation, **RED BUD** | ) |
| **ILLINOIS HOSPITAL COMPANY, LLC,** an Illinois Limited | ) |
| Liability Company, **WAUKEGAN ILLINOIS HOSPITAL** | ) |
| **COMPANY, LLC**, an Illinois Limited Liability Company, | ) |
| **AFFINITY HOSPITAL, LLC**, a Delaware Limited Liability | ) |
| Company, **CENTRE HOSPITAL CORPORATION**, an | ) |
| Alabama Corporation, **CRESTWOOD HEALTHCARE, L.P.,** | ) |
| a Delaware Limited Partnership, **FOLEY HOSPITAL** | ) |
| **CORPORATION**, an Alabama Corporation, **FORT PAYNE** | ) |

**HOSPITAL CORPORATION**, an Alabama Corporation, )
**GADSDEN REGIONALMEDICAL CENTER, LLC**, a Delaware )
Limited Liability Company, **GREENVILLE HOSPITAL** )
**CORPORATION**, an Alabama Corporation, **QHG OF** )
**ENTERPRISE, INC.**, an Alabama Corporation, **TRIAD OF** )
**ALABAMA, LLC**, a Delaware Limited Liability Company, )
**MAT-SU VALLEY MEDICAL CENTER, LLC**, an Alaska )
Limited Liability Company, **BULLHEAD CITY HOSPITAL** )
**CORPORATION**, an Arizona Corporation, **NORTHWEST** )
**HOSPITAL, LLC**, a Delaware Limited Liability Company, )
**ORO VALLEY HOSPITAL, LLC**, a Delaware Limited )
Liability Company, **PAYSON HOSPITAL CORPORATION**, )
an Arizona Corporation, **FORREST CITY ARKANSAS** )
**HOSPITAL COMPANY, LLC**, an Arkansas Limited Liability )
Company, **MSCA, L.L.C.**, an Arkansas Limited Liability )
Company, **NATIONAL HEALTHCARE OF NEWPORT, INC**, )
a Delaware Corporation, **NORTHWEST ARKANSAS** )
**HOSPITALS, LLC**, a Delaware Limited Liability Company, )
**PHILLIPS HOSPITAL CORPORATION**, an Arkansas )
Corporation, **SILOAM SPRINGS ARKANSAS HOSPITAL** )
**COMPANY, LLC**, a Delaware Limited Liability Company, )
**FALLBROOK HOSPITAL DISTRICT,** a Delaware )
Corporation, **HOSPITAL OF BARSTOW, INC.**, a Delaware )
Corporation, **WATSONVILLE HOSPITAL CORPORATION**, )
a Delaware Corporation, **CRESTVIEW HOSPITAL** )
**CORPORATION,** a Florida Corporation, **LAKE WALES** )
**HOSPITAL CORPORATION**, a Florida Corporation, )
**AUGUSTA HOSPITAL, LLC,** a Delaware Limited Liability )
Company, **BLUE RIDGE GEORGIA HOSPITAL** )
**COMPANY, LLC,** a Delaware Limited Liability Company, )
**BLUFFTON HEALTH SYSTEM, LLC,** a Delaware Limited )
Liability Company, **DUKES HEALTH SYSTEM, LLC**, )
a Delaware Limited Liability Company, )
**DUPONT HOSPITAL, LLC,** a Delaware Limited Liability )
Company, **IOM HEALTH SYSTEM, L.P.**, an Indiana Limited )
Partnership, **PORTER HOSPITAL, LLC,** a Delaware )
Limited Liability Company, **ST. JOSEPH HEALTH** )
**SYSTEM, LLC**, a Delaware Limited Liability Company, )
**WARSAW HEALTH SYSTEM, LLC**, a Delaware Limited )
Liability Company, **HOSPITAL OF LOUISA, INC.**, )
a Kentucky Corporation, **HOSPITAL OF FULTON, INC.**, )
a Kentucky Corporation, **JACKSON HOSPITAL** )
**CORPORATION**, a Kentucky Corporation, **NATIONAL** )
**HEALTHCARE OF LEESVILLE, INC.**, a Delaware )
Corporation, **RUSTON LOUISIANA HOSPITAL** )
**COMPANY, LLC**, a Delaware Limited Liability Company, )

**WOMEN & CHILDREN'S HOSPITAL, LLC**,
a Delaware Limited Liability Company, **VICKSBURG**
**HEALTHCARE, LLC**, a Delaware Limited Liability
Company, **WESLEY HEALTH SYSTEM, LLC**, a Delaware
Limited Liability Company, **KIRKSVILLE MISSOURI**
**HOSPITAL COMPANY, LLC**, a Missouri Limited
Liability Company, **MOBERLY HOSPITAL COMPANY, LLC,**
a Delaware Limited Liability Company, **MMC OF**
**NEVADA, LLC**, a Delaware Limited Liability Company,
**SALEM HOSPITAL CORPORATION**, a New Jersey
Corporation, **CARLSBAD MEDICAL CENTER, LLC**,
a Delaware Limited Liability Company,
**DEMING HOSPITAL CORPORATION**, a New Mexico
Corporation, **LAS CRUCES MEDICAL CENTER, LLC**, a
Delaware Limited Liability Company, **LEA REGIONAL**
**HOSPITAL, LLC**, a Delaware Limited Liability Company,
**ROSWELL HOSPITAL CORPORATION**, a New Mexico
Corporation, **SAN MIGUEL HOSPITAL CORPORATION,**
a New Mexico Corporation, **WILLIAMSTON HOSPITAL**
**CORPORATION**, a North Carolina Corporation,
**DHSC, LLC,** a Delaware Limited Liability Company,
**WARREN OHIO HOSPITAL COMPANY, LLC**, a Delaware
Limited Liability Company, **YOUNGSTOWN OHIO**
**HOSPITAL COMPANY, LLC**, a Delaware Limited Liability
Company, **CLAREMORE REGIONAL HOSPITAL, LLC**,
a Delaware Limited Liability Company, **DEACONESS**
**HEALTH SYSTEM, LLC**, a Delaware Limited Liability
Company, **KAY COUNTY OKALHOMA HOSPITAL**
**COMPANY, LLC**, an Oklahoma Limited Liability Company,
**SOUTHCREST, L.L.C.**, an Oklahoma Limited Liability
Company, **WOODWARD HEALTH SYSTEM, LLC**,
a Delaware Limited Liability Company,
**MCKENZIE-WILLAMETTE REGIONAL MEDICAL CENTER**
**ASSOCIATES, LLC**, a Delaware Limited Liability
Company, **BERWICK HOSPITAL COMPANY, LLC,**
a Delaware Limited Liability Company, **CHHS HOSPITAL**
**COMPANY, LLC**, a Delaware Limited Liability Company,
**CLINTONHOSPITAL CORPORATION**, a Pennsylvania
Corporation, **COATESVILLE HOSPITAL CORPORATION**,
a Pennsylvania Corporation, **NORTHAMPTON HOSPITAL**
**COMPANY, LLC,** a Delaware Limited Liability Company,
**PHOENIXVILLE HOSPITAL COMPANY, LLC**, a Delaware
Limited Liability Company, **POTTSTOWN HOSPITAL**
**COMPANY, LLC**, a Delaware Limited Liability Company,
**SUNBURY HOSPITAL COMPANY, LLC**, a Delaware
Limited Liability Company, **WEST GROVE HOSPITAL**

**COMPANY, LLC**, a Delaware Limited Liability Company, )
**WILKES-BARRE HOSPITAL COMPANY, LLC**, )
a Delaware Limited Liability Company, )
**CHESTERFIELD/MARLBORO, L.P.**, a Delaware Limited )
Partnership, **LANCASTER HOSPITAL CORPORATION**, a )
Delaware Corporation, **MARY BLACK HEALTH** )
**SYSTEM, LLC**, a Delaware Limited Liability Company, )
**QHG OF SOUTH CAROLINA, INC.**, a South Carolina )
Corporation, **BROWNSVILLE HOSPITAL CORPORATION**, )
a Tennessee Corporation, **CLARKSVILLE HEALTH** )
**SYSTEM, G.P.**, a Tennessee General Partnership, )
**CLEVELAND TENNESSEE HOSPITAL COMPANY, LLC**, )
a Delaware Limited Liability Company, **DYERSBURG** )
**HOSPITAL CORPORATION**, a Tennessee Corporation, )
**HOSPITAL OF MORRISTOWN, INC.**, a Tennessee )
Corporation, **JACKSON, TENNESSEE HOSPITAL** )
**COMPANY, LLC,** a Tennessee Limited Liability Company, )
**LEXINGTON HOSPITAL CORPORATION**, a Tennessee )
Corporation, **MARTIN HOSPITAL CORPORATION**, a )
Tennessee Corporation, **MCKENZIE TENNESSEE** )
**HOSPITAL COMPANY, LLC**, a Delaware Limited Liability )
Company, **MCNAIRY HOSPITAL CORPORATION**, a )
Tennessee Corporation, **SHELBYVILLE HOSPITAL** )
**CORPORATION**, a Tennessee Corporation, **ARMC, L.P.**, )
a Delaware Limited Partnership, **BIG BEND HOSPITAL** )
**CORPORATION**, a Texas Corporation, **BIG SPRING** )
**HOSPITAL CORPORATION**, a Texas Corporation, )
**BROWNWOOD HOSPITAL, L.P.** a Delaware Limited )
Partnership, **CEDAR PARK HEALTH SYSTEM, L.P.**, a )
Delaware Limited Partnership, **COLLEGE STATION** )
**HOSPITAL, L.P.**, a Delaware Limited Partnership, )
**CLEVELAND REGIONAL MEDICAL CENTER, L.P.**, a )
Delaware Limited Partnership, **GRANBURY HOSPITAL** )
**CORPORATION**, a Texas Corporation, **JOURDANTON** )
**HOSPITAL CORPORATION**, a Texas Corporation, )
**LARDO TEXAS HOSPITAL COMPANY, L.P.**, a Texas )
Limited Partnership, **LONGVIEW MEDICAL** )
**CENTER, L.P.**, a Delaware Limited Partnership, )
**NAVARRO HOSPITAL, L.P.**, a Delaware Limited )
Partnership, **NHCI OF HILLSBORO, INC.**, a Texas )
Corporation, **PINEY WOODS HEALTHCARE** )
**SYSTEM, L.P.**, a Delaware Limited Partnership, )
**SAN ANGELO HOSPITAL, L.P.**, a Delaware Limited )
Partnership, **VICTORIA OF TEXAS, L.P.**, a )
Delaware Limited Partnership, **WEATHERFORD TEXAS** )
**HOSPITAL COMPANY, LLC**, a Texas Limited Liability )

Company, **TOOELE HOSPITAL COPORATION**, a Utah )
Corporation, **EMPORIA HOSPITAL CORPORATION**, a )
Virginia Corporation, **FRANKLIN HOSPITAL** )
**CORPORATION**, a Virginia Corporation, **PETERSBURG** )
**HOSPITAL COMPANY, LLC**, a Virginia Limited Liability )
Company, **SPOKANE VALLEY WASHINGTON** )
**HOSPITAL COMPANY, LLC**, a Delaware Limited Liability )
Company, **SPOKANE WASHINGTON HOSPITAL** )
**COMPANY, LLC**, a Delaware Limited Liability Company, )
**BLUEFIELD HOSPITAL COMPANY, LLC**, a Delaware )
Limited Liability Company, **GREENBRIER VMC, LLC**, a )
Delaware Limited Liability Company, **OAK HILL HOSPITAL** )
**CORPORATION**, a West Virginia Corporation, and )
**EVANSTON HOSPITAL CORPORATION**, a Wyoming )
Corporation, )
                                                                                )
        Defendants.                                                             )

## AMENDED COMPLAINT

NOW COME the Plaintiffs, the United States of America, the State of Illinois, the State of California, the State of Florida, the State of Georgia, the State of Indiana, the State of Louisiana, the State of Nevada, the State of New Jersey, the State of New Mexico, the State of North Carolina, the State of Oklahoma, the State of Tennessee, the State of Texas, and the State of Virginia by the Relator Bryan Carnithan, and Bryan Carnithan, individually, through their attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and for their Amended Complaint against **Community Health Systems, Inc.**, a Delaware Corporation, **CHS/Community Health Systems, Inc.**, a Delaware Corporation, **Community Health Investment Company, LLC**, a Delaware Limited Liability Company, **Community Health Systems Professional Services Corporation**, a Delaware Corporation, **Marion Hospital Corporation**, an Illinois Corporation, **Anna Hospital Corporation**, an Illinois Corporation, **Galesburg Hospital Corporation**, an Illinois Corporation, **Granite City Illinois Hospital Company, LLC**, an Illinois Limited

Liability Company, **National Healthcare of Mt. Vernon, Inc.**, an Illinois Corporation, **Red Bud Illinois Hospital Company, LLC,** an Illinois Limited Liability Company, **Waukegan Illinois Hospital Company, LLC**, an Illinois Limited Liability Company, **Affinity Hospital, LLC**, a Delaware Limited Liability Company, **Centre Hospital Corporation**, an Alabama Corporation, **Crestwood Healthcare, L.P.**, a Delaware Limited Partnership, **Foley Hospital Corporation**, an Alabama Corporation, **Fort Payne Hospital Corporation**, an Alabama Corporation, **Gadsden Regional Medical Center, LLC**, a Delaware Limited Liability Company, **Greenville Hospital Corporation**, an Alabama Corporation, **QHG of Enterprise, Inc.**, an Alabama Corporation, **Triad of Alabama, LLC,** a Delaware Limited Liability Company, **Mat-Su Valley Medical Center, LLC**, an Alaska Limited Liability Company, **Bullhead City Hospital Corporation**, an Arizona Corporation, **Northwest Hospital, LLC**, an Arizona Limited Liability Company, **Oro Valley Hospital, LLC**, an Arizona Limited Liability Company, **Payson Hospital Corporation**, an Arizona Corporation, **Forrest City Arkansas Hospital Company, LLC**, an Arkansas Limited Liability Company, **MSCA, L.L.C.**, an Arkansas Limited Liability Company, **National Healthcare of Newport, Inc.**, a Delaware Corporation, **Northwest Arkansas Hospitals, LLC**, a Delaware Limited Liability Company, **Phillips Hospital Corporation**, an Arkansas Corporation, **Siloam Springs Arkansas Hospital Company, LLC**, a Delaware Limited Liability Company, **Fallbrook Hospital Corporation**, a Delaware Corporation, **Hospital of Barstow, Inc.**, a Delaware Corporation, **Watsonville Hospital Corporation**, a Delaware Corporation, **Crestview Hospital Corporation**, a Florida Corporation, **Lake Wales Hospital Corporation**, a Florida Corporation, **Augusta Hospital, LLC**, a Delaware Limited Liability Company, **Blue Ridge Georgia Hospital Company, LLC**, a Delaware

Limited Liability Company, **Bluffton Health System, LLC**, a Delaware Limited Liability Company, **Dukes Health System, LLC**, a Delaware Limited Liability Company, **DuPont Hospital, LLC**, a Delaware Limited Liability Company, **IOM Health System, L.P.**, an Indiana Limited Partnership, **Porter Hospital, LLC**, a Delaware Limited Liability Company, **St. Joseph Health System, LLC**, a Delaware Limited Liability Company, **Warsaw Health System, LLC,** a Delaware Limited Liability Company, **Hospital of Louisa, Inc.**, a Kentucky Corporation, **Hospital of Fulton, Inc.**, a Kentucky Corporation, **Jackson Hospital Corporation**, a Kentucky Corporation, **National Healthcare of Leesville, Inc.**, a Delaware Corporation, **Ruston Louisiana Hospital Company, LLC**, a Delaware Limited Liability Company, **Women & Children's Hospital, LLC**, a Delaware Limited Liability Company, **Vicksburg Healthcare, LLC**, a Delaware Limited Liability Company, **Wesley Health System, LLC**, a Delaware Limited Liability Company,  **Kirksville Missouri Hospital Company, LLC**, a Missouri Limited Liability Company, **Moberly Hospital Company, LLC**, a Delaware Limited Liability Company, **MMC of Nevada, LLC**, a Delaware Limited Liability Company, **Salem Hospital Corporation**, a New Jersey Corporation, **Carlsbad Medical Center**, a Delaware Limited Liability Company, **Deming Hospital Corporation**, a New Mexico Corporation, **Las Cruces Medical Center, LLC**, a Delaware Limited Liability Corporation, **Lea Regional Hospital, LLC**, a Delaware Limited Liability Corporation, **Roswell Hospital Corporation**, a New Mexico Corporation, **San Miguel Hospital Corporation**, a New Mexico Corporation, **Williamston Hospital Corporation**, a North Carolina Corporation, **DHSC, LLC**, a Delaware Limited Liability Company, **Warren Ohio Hospital Company, LLC**, a Delaware Limited Liability Company, **Youngstown Ohio Hospital Company, LLC**, a Delaware Limited Liability Company,

**Claremore Regional Hospital, LLC**, a Delaware Limited Liability Company, **Deaconess Health System, LLC**, a Delaware Limited Liability Company, **Kay County Oklahoma Hospital Company, LLC**, an Oklahoma Limited Liability Company, **Southcrest, L.L.C.**, an Oklahoma Limited Liability Company, **Woodward Health System, LLC**, a Delaware Limited Liability Company, **McKenzie-Willamette Regional Medical Center Associates, LLC**, a Delaware Limited Liability Company, **Berwick Hospital Company, LLC**, a Delaware Limited Liability Company, **CHHS Hospital Company, LLC**, a Delaware Limited Liability Company, **Clinton Hospital Corporation**, a Pennsylvania Corporation, **Coatesville Hospital Corporation**, a Pennsylvania Corporation, **Northampton Hospital Company, LLC**, a Delaware Limited Liability Company, **Phoenixville Hospital Company, LLC**, a Delaware Limited Liability Company, **Pottstown Hospital Company, LLC**, a Delaware Limited Liability Company, **Sunbury Hospital Company, LLC**, a Delaware Limited Liability Company, **West Grove Hospital Company, LLC**, a Delaware Limited Liability Company, **Wilkes-Barre Hospital Company, LLC**, a Delaware Limited Liability Company, **Chesterfield/Marlboro, L.P.**, a Delaware Limited Partnership, **Lancaster Hospital Corporation**, a Delaware Corporation, **Mary Black Health System, LLC**, a Delaware Limited Liability Company, **QHG of South Carolina, Inc.**, a South Carolina Corporation, **Brownsville Hospital Corporation**, a Tennessee Corporation, **Clarksville Health System, G.P.**, a Tennessee General Partnership, **Cleveland Tennessee Hospital Company, LLC**, a Delaware Limited Liability Company, **Dyersburg Hospital Corporation**, a Tennessee Corporation, **Hospital of Morristown, Inc.**, a Tennessee Corporation, **Jackson, Tennessee Hospital Company, LLC**, a Tennessee Limited Liability Company, **Lexington Hospital Corporation**, a Tennessee Corporation,

**Martin Hospital Corporation**, a Tennessee Corporation, **McKenzie Tennessee Hospital Company, LLC**, a Tennessee Limited Liability Company, **McNairy Hospital Corporation**, a Tennessee Corporation, **Shelbyville Hospital Corporation**, a Tennessee Corporation, **ARMC, L.P.**, a Delaware Limited Partnership, **Big Bend Hospital Corporation**, a Texas Corporation, **Big Spring Hospital Corporation**, a Texas Corporation, **Brownwood Hospital, L.P.**, a Delaware Limited Partnership, **Cedar Park Health System, L.P.**, a Delaware Limited Partnership, **Cleveland Regional Medical Center, L.P.**, a Delaware Limited Partnership, **College Station Hospital, L.P.**, a Delaware Limited Partnership, **Granbury Hospital Corporation**, a Texas Corporation, **Jourdanton Hospital Corporation**, a Texas Corporation, **Laredo Texas Hospital Company, L.P.**, a Texas Limited Partnership, **Longview Medical Center, L.P.**, a Delaware Limited Partnership, **Navarro Hospital, L.P.**, a Delaware Limited Partnership, **NHCI of Hillsboro, Inc.**, a Texas Corporation, **Piney Woods Healthcare System, L.P.**, a Delaware Limited Partnership, **San Angelo Hospital, L.P.**, a Delaware Limited Partnership, **Victoria of Texas, L.P.**. a Delaware Limited Partnership, **Weatherford Texas Hospital Company, LLC**, a Texas Limited Liability Company, **Tooele Hospital Corporation**, a Utah Corporation, **Emporia Hospital Corporation**, a Virginia Corporation, **Franklin Hospital Corporation**, a Virginia Corporation, **Petersburg Hospital Company, LLC**, a Virginia Limited Liability Company, **Spokane Valley Washington Hospital Company, LLC**, a Delaware Limited Liability Company, **Spokane Washington Hospital Company, LLC**, a Delaware Limited Liability Company, **Bluefield Hospital Company, LLC**, a Delaware Limited Liability Company, **Greenbrier VMC, LLC**, a Delaware Limited Liability Company,

**Oak Hill Hospital Corporation**, a West Virginia Corporation, and **Evanston Hospital Corporation**, a Wyoming Corporation, allege as follows:

<u>Parties and Jurisdiction</u>

1.      This is an action for damages and civil penalties filed on behalf of:

    A)      the United States of America arising from false statements and records made or caused to be made by Defendants to the United States in violation of the False Claims Act, 31 U.S.C. §3729, *et seq.*, as amended;

    B)      the State of Illinois arising from false statements and records made or caused to be made by various Defendants to the State of Illinois in violation of the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*;

    C)      the State of California arising from false statements and records made or caused to be made by various Defendants to the State of California in violation of the California False Claims Act, Cal.Gov. Code §12650, *et seq.;*

    D)      the State of Florida, arising from false statements and records made or caused to be made by various Defendants to the State of Florida in violation of the Florida False Claims Act, Fla. Stat. §68.081, *et seq.;*

    E)      the State of Georgia, arising from false statements and records made or caused to be made by various Defendants to the State of Georgia in violation of the Georgia State False Medicaid Claims Act, O.C.G.A. §49-4-168, *et seq.;*

F)      the State of Indiana, arising from false statements and records made or caused to be made by various Defendants to the State of Indiana in violation of the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5-1, *et. seq.;*

G)      the State of Louisiana, arising from false statements and records made or caused to be made by various Defendants to the State of Louisiana in violation of the Medical Assistance Programs Integrity Law, La R.S. 46:437.1, *et seq.;*

H)      the State of Nevada, arising from false statements and records made or caused to be made by various Defendants to the State of Nevada in violation the Nevada statutes regarding Submission of False Claims to State or Local Government, Nev. Rev. Stat. §357.010, *et seq.*;

I)      the State of New Jersey, arising from false statements and records made or caused to be made by various Defendants to the State of New Jersey in violation of the New Jersey False Claims Act, N.J. Stat §2A:32C-1, *et seq.;*

J)      the State of New Mexico, arising from false statements and records made or caused to be made by various Defendants to the State of New Mexico in violation of the New Mexico Medicaid False Claims Act, N.M. Stat. §27-14-1, *et seq.*;

K)      the State of North Carolina, arising from false statements and records made or caused to be made by various Defendants to the State of

North Carolina in violation of the North Carolina False Claims Act, N.C. Gen. Stat. §1-605, *et seq.*;

L)  the State of Oklahoma, arising from false statements and records made or caused to be made by various Defendants to the State of Oklahoma in violation of the Oklahoma False Claims Act, 63 Okla. St. §5053, *et seq.*;

M)  the State of Tennessee, arising from false statements and records made or caused to be made by various Defendants to the State of Tennessee in violation of the Tennessee Medicaid False Claims Act, Tenn. Code. §71-5-181, *et seq.*

N)  the State of Texas, arising from false statements and records made or caused to be made by various Defendants to the State of Texas in violation of the Texas Medicaid Fraud Prevention statutes, Tex. Hum.Res. Code §36.001, *et seq.*;

O)  the State of Virginia, arising from false statements and records made or caused to be made by various Defendants to the State of Virginia in violation of the Virginia Fraud against Taxpayers Act, Va Code §8.01-216.1, *et seq.*; and

P)  Bryan Carnithan for wrongful discharge in violation of the False Claims Act, 31 U.S.C. §3730(h) and the Illinois False Claims Act, 740 ILCS 175/4(g).

2.  Relator Bryan Carnithan (hereafter "Relator") is a citizen of the United States and is a resident of Marion, Williamson County, Illinois.

3.     Relator was employed by Defendant Marion Hospital Corporation from 2005 to October 2006 and worked as EMS Coordinator in the Emergency Department at Heartland Regional Medical Center in Marion, Illinois.

4.     Defendant Community Health Systems, Inc. is a Delaware Corporation, Control #309522, with its principle office at 4000 Meridian Blvd., Franklin, Tennessee. Defendant Community Health Systems, Inc. is a holding company, holding all issued and outstanding shares of Defendant CHS/Community Health Systems, Inc.

5.     Defendant CHS/Community Health Systems, Inc. is a Delaware Corporation, Control #2057824, with its principal office located at 4000 Meridian Blvd., Franklin, Tennessee.   Defendant CHS/Community Health Systems, Inc. is the sole member of Defendant Community Health Investment Company, LLC.

6.     Defendant Community Health Investment Company, LLC (hereafter collectively referred to with Defendant Community Health Systems, Inc. and Defendant CHS/Community Health Systems, Inc. as "Defendant CHS") is a Delaware limited liability company, Control #2066922, with its principal office located at 4000 Meridian Blvd., Franklin, Tennessee.

7.     Defendant Community Health Investment Company, LLC is the sole owner of all Defendant CHS assets, including full ownership of 666 subsidiary corporations, majority interest in 61 corporations and minority interest in 45 corporations.   Defendant CHS refers to these holdings as "Affiliate" companies.

8.     120 of Defendant CHS' Affiliates operate hospitals, with these entities owning or leasing 130 hospital facilities in 29 states, , with an aggregate total of

approximately 19,400 licensed beds. The Affiliate hospitals offer a range of inpatient medical and surgical services, outpatient treatment, and skilled nursing care.

9. Defendant Community Health Systems Professional Service Corporation (hereafter "Defendant CHSPSC") is a Delaware Corporation, File #2273362, with its principal office located at 4000 Meridian Blvd., Franklin, Tennessee. Defendant CHSPSC is a fully-owned subsidiary of Defendant CHS and the employer of all corporate employees and officers of Defendant CHS.

10. Defendant Marion Hospital Corporation (hereafter "Defendant MHC") is an Illinois corporation, No. 58955876, with its principle office in Franklin, Tennessee.

11. Defendant MHC is an Affiliate of Defendant CHS and operates a full service medical center in Marion, Williamson County, Illinois, under the name of Heartland Regional Medical Center.

12. Defendant Anna Hospital Corporation is an Illinois corporation, No. 61552979, with its principle office located at 4000 Meridian Blvd., Franklin, Tennessee.

13. Defendant Anna Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Anna, Union County, Illinois, under the name of Union County Hospital.

14. Defendant Galesburg Hospital Corporation is an Illinois corporation, No. 63372153, with its principle office located at 4000 Meridian Blvd., Franklin, Tennessee.

15. Defendant Galesburg Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Galesburg, Illinois, under the name Galesburg Cottage Hospital.

16.     Defendant Granite City Hospital Company, LLC is an Illinois Limited Liability Company, No. 00585904, with its principle office located at 4000 Meridian Blvd., Franklin, Tennessee.

17.     Defendant Granite City Hospital Company, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Granite City, Illinois, under the name Gateway Regional Medical Center.

18.     Defendant National Healthcare of Mt. Vernon, Inc. is an Illinois Corporation, No. 53893392, with its principle office located at 4000 Meridian Blvd., Franklin, Tennessee.

19.     Defendant National Healthcare of Mt. Vernon, Inc. is an Affiliate of Defendant CHS and operates a full service medical center in Mt. Vernon, Illinois, under the name Crossroads Community Hospital.

20.     Defendant Red Bud Illinois Hospital Company, LLC is an Illinois Limited Liability Company, No. 00556424, with its principal office located at 4000 Meridian Blvd., Franklin, Tennessee.

21.     Defendant Red Bud Illinois Hospital Company, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Red Bud, Illinois, under the name Red Bud Regional Hospital.

22.     Defendant Waukegan Illinois Hospital Company, LLC is an Illinois Limited Liability Company, No. 01715232, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

23.    Defendant Waukegan Illinois Hospital Company, LLC is an Affiliate of Defendant CHS and operates two full service medical centers in Waukegan, Illinois, under the names Vista Medical Center East and Vista Medical Center West.

24.    At all times relevant hereto, Defendants MHC (NPI #1073584058), Defendant Anna Hospital Corporation (NPI # 1265540488), Defendant Galesburg Hospital Corporation (NPI #1447221312), Defendant Granite City Illinois Hospital Company, LLC (NPI #1083685986), Defendant National Healthcare of Mt. Vernon, Inc. (NPI # 1750353041), Defendant Red Bud Illinois Hospital Company, LLC (NPI #1891766317) and Defendant Waukegan Illinois Hospital Company, LLC (NPI #1639120694) (hereafter collectively "Illinois Defendants") were enrolled as participating providers in the Medicare program.    In order to enroll in the Medicare Program, each Illinois Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.    The Medicare laws, regulations, and program instructions are available through the Medicare contractor.    I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

25.    Each Illinois Defendant was also enrolled as participating provider in the Illinois Medicaid program at all times relevant hereto, and had signed an Agreement for Participation Illinois Medical Assistant Program, agreeing to:

- Comply with all current and future program policy and billing provisions as set forth in the applicable Healthcare and Family Services Medical Assistance Program rules and handbooks;

- Comply with Federal standards specified in Title XIX and XXI of the Social Security Act and with all other applicable Federal and State laws and regulations; and

- Be fully liable for the truth, accuracy and completeness of all claims submitted electronically or on hard copy to the Department for payment.

Through this agreement, each Illinois Defendant also acknowledged that it understood the laws and handbook provisions regarding services and the compliance with such laws and handbook provisions is a condition of payment for all claims submitted. By signing this agreement, each Illinois Defendant certified that its services would be provided in compliance with Illinois Medicaid laws and handbook provisions.

26. Defendant Affinity Hospital, LLC is a Delaware Limited Liability Corporation, No. 4023245, with its principle office located at 4000 Meridian Blvd., Franklin, Tennessee.

27. Defendant Affinity Hospital, LLC is an Affiliate of Defendant CHS and operates as a full service medical center in Birmingham, Alabama under the name of Trinity Medical Center.

28. Defendant Centre Hospital Corporation is an Alabama Corporation, ID #245-901, with its principal office located at 400 Northwood Drive, Centre, Alabama.

29. Defendant Centre Hospital Corporation is an Affiliate of Defendant CHS and operates as a full service medical center at its principal office in Centre, Alabama under the name Cherokee Medical Center.

30. Defendant Crestwood Healthcare, L.P. is a Delaware Limited Partnership, File #2616459, with its principal office located at P.O. Box 898, Dover, Delaware.

31.     Defendant Crestwood Healthcare, L.P. is an Affiliate of Defendant CHS and operates a full service medical center in Huntsville, Alabama under the name Crestwood Medical Center.

32.     Defendant Foley Hospital Corporation is an Alabama Corporation, ID #208-366, with its principal office located at 155 Franklin Avenue, Ste. 400, Brentwood, Tennessee.

33.     Defendant Foley Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Foley, Alabama under the name South Baldwin Regional Medical Center.

34.     Defendant Fort Payne Hospital Corporation is an Alabama Corporation, ID #245-903, with its principal office located at 200 Medical Center Drive, Fort Payne, Alabama.

35.     Defendant Fort Payne Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center at its principal address in Fort Payne, Alabama, under the name DeKalb Regional Medical Center.

36.     Defendant Gadsden Regional Medical Center, LLC is a Delaware Limited Liability Company, File #4275573, with its principal office located at 5800 Tennyson Parkway, Plano, Texas.

37.     Defendant Gadsden Regional Medical Center, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Gadsden, Alabama, under the name Gadsden Regional Medical Center.

38.     Defendant Greenville Hospital Corporation is an Alabama Corporation, ID #168-429, with its principal office located at 155 Franklin Road, Brentwood, TN 37027-4646.

39.     Defendant Greenville Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Greenville, Alabama, under the name L.V. Stabler Memorial Hospital.

40.     Defendant QHG of Enterprise, Inc. is an Alabama Corporation, ID #176-166, with its principal office located at 400 N. Edwards St., Enterprise, Alabama.

41.     Defendant QHG of Enterprise, Inc. is an Affiliate of Defendant CHS and operates a full service medical center at its principal address in Enterprise, Alabama, under the name Medical Center Enterprise.

42.     Defendant Triad of Alabama, LLC is a Delaware Limited Liability Company, File #2964867, with its principal office located at 5800 Tennyson Parkway, Plano, Texas.

43.     Defendant Triad of Alabama, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Dothan, Alabama, under the name Flowers Hospital.

44.     At all times relevant hereto, Defendants Affinity Hospital, LLC (NPI # 1023061405), Centre Hospital Corporation (NPI# 1396766267), Crestwood Healthcare, L.P. (NPI #1023061496), Foley Hospital Corporation (NPI#1053382655), Fort Payne Hospital Corporation (NPI #1710901178), Gadsden Regional Medical Center (NPI #1225081516), Greenville Hospital Corporation (NPI #1780655332), QHG of Enterprise, Inc. (NPI #1720039712) and Triad of Alabama, LLC (NPI #1801830500)(hereafter collectively "Alabama Defendants") were enrolled as participating providers in the

Medicare program. In order to enroll in the Medicare Program, each Alabama Defendant

had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in

which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier. The Medicare laws, regulations, and program instructions are available through the Medicare contractor. I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

45. Additionally, Foley Hospital Corporation and Triad of Alabama, LLC were

also enrolled as participating providers in Georgia's Medicaid program at all times relevant

hereto and had each signed a Statement of Participation agreeing to:

- Comply with all of requirements of Georgia's Division of Medical Assistance and Georgia Medicaid manuals;

- Certify each claim submitted for payment for truth, accuracy and completeness and be responsible for research and correction of billing discrepancies; and

- Render covered services that are medically necessary.

In addition, Foley Hospital Corporation and Triad of Alabama, LLC had each entered into a

Georgia Medicaid EDI Trading Partner Agreement for the electronic submission of claims,

in which each had:

- Expressed understanding that the claims were being paid from federal and state funds;

- Agreed to safeguard the Medicaid program against abuse in their submission of electronic claims;

- Agreed to certify the data entered on their electronic claims was correct;

- Agreed to abide by all Federal and State statutes, rules, regulations and manuals governing the Georgia Medicaid program; and

- Agreed to adhere to all conditions of the Medicaid Provider Agreement.

46.     Defendant Mat-Su Valley Medical Center, LLC is an Alaska Limited Liability Company, Entity #79517D, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

47.     Defendant Mat-Su Valley Medical Center, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Palmer, Alaska under the name Mat-Su Regional Medical Center.

48.     At all times relevant hereto, Defendant Mat-Su Valley Medical Center, LLC (NPI #1417975061) was enrolled as a participating provider in the Medicare program. In order to enroll in the Medicare Program, Defendant Mat-Su Valley Medical Center, LLC had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which Defendant Mat-Su Valley Medical Center, LLC certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier. The Medicare laws, regulations, and program instructions are available through the Medicare contractor. I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

49.     Defendant Bullhead City Hospital Corporation is an Arizona Corporation, File #0939722-0, with its principal office located at 2735 Silver Creek Rd, Bullhead City, Arizona.

50.     Defendant Bullhead City Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center at its principal office in Bullhead City, Arizona under the name Western Arizona Medical Center.

51.     Defendant Northwest Hospital, LLC is a Delaware Limited Liability Company, File #2964436, with its principal office located at 6200 N. LaCholla Blvd., Tucson, Arizona.

52.     Defendant Northwest Hospital, LLC is an Affiliate of Defendant CHS and operates a full service medical center at its principal office in Tucson, Arizona under the name Northwest Medical Center.

53.     Defendant Oro Valley Hospital, LLC is a Delaware Limited Liability Company, File #3575660, with its principal office located at 6200 N. LaCholla Blvd, Tuscon, Arizona.

54.     Defendant Oro Valley Hospital, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Oro Valley, Arizona, under the name Northwest Medical Center Oro Valley a/k/a Oro Valley Hospital.

55.     Defendant Payson Hospital Corporation is an Arizona Corporation, File #0808024-0, with its principal office located at 807 S. Ponderosa, Payson, Arizona.

56.     Defendant Payson Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Payson, Arizona under the name Payson Regional Medical Center.

57.     At all times relevant hereto, Defendant Bullhead City Hospital Corporation (NPI # 1255302766), Defendant Northwest Hospital, LLC (NPI # 1487607784), Defendant Oro Valley Hospital, LLC (NPI # 1386697688) and Defendant Payson Hospital Corporation (NPI # 1881665545) (collectively "Arizona Defendants") were enrolled as participating providers in the Medicare program.   In order to enroll in the Medicare Program, each Arizona Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.   The Medicare laws, regulations, and program instructions are available through the Medicare contractor.   I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

58.     Defendant Forrest City Arkansas Hospital Company, LLC is an Arkansas Limited Liability Company, File #800076780, with its principal office located in Forrest City, Arkansas.

59.     Defendant Forrest City Arkansas Hospital Company, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Forrest City Arkansas, under the name Forrest City Medical Center.

60.     Defendant MCSA, L.L.C. is an Arkansas Limited Liability Company, File #100129761, with its principal office located in El Dorado, Arkansas.

61.     Defendant MCSA, L.L.C. is an Affiliate of Defendant CHS and operates a full service medical center in El Dorado, Arkansas, under the name Medical Center of South Arkansas.

62.     Defendant National Healthcare of Newport, Inc. is a Delaware Limited Liability Company, File #2062708, authorized to do business in Arkansas, with its principal office located in Newport, Arkansas.

63.     Defendant National Healthcare of Newport, Inc. is an Affiliate of Defendant CHS and operates a full service medical center in Newport, Arkansas, under the name Harris Hospital.

64.     Defendant Northwest Arkansas Hospitals, LLC is a Delaware Corporation, File #4251378, authorized to do business in Arkansas, with its principal office located at 5800 Tennyson Parkway, Plano, TX.

65.     Defendant Northwest Arkansas Hospitals, LLC is an Affiliate of Defendant CHS and operates three full service medical centers under the names Northwest Medical Center Bentonville in Bentonville, Arkansas, Northwest Medical Center Springdale in Springdale, Arkansas and Willow Creek Women's Hospital in Johnson, Arkansas.

66.     Defendant Phillips Hospital Corporation is an Arkansas Corporation, File #100208457, with its principal office located in Helena, Arkansas.

67.     Defendant Phillips Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Helena, Arkansas, under the name Helena Regional Medical Center.

68.     Defendant Siloam Springs Arkansas Hospital Company, LLC is a Delaware Limited Liability Company, File #4617628, authorized to do business in Arkansas, with its principal office located in Siloam Springs, Arkansas.

69.     Defendant Siloam Springs Arkansas Hospital Company, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Siloam Springs, Arkansas, under the name Siloam Springs Memorial Hospital.

70.     At all times relevant hereto, Defendant Forrest City Arkansas Hospital Company, LLC (NPI #1811912009), Defendant MCSA, L.L.C. (NPI #1689625568), Defendant National Healthcare of Newport, Inc. (NPI #1598738668), Defendant Northwest Arkansas Hospitals, LLC (NPI #1417900713, 1699726695, 1255533444, 1376596569), Phillips Hospital Corporation (NPI #1154392090) and Defendant Siloam Springs Memorial Hospital (NPI #1902051816)(collectively "Arkansas Defendants") were enrolled as participating providers in the Medicare program.   In order to enroll in the Medicare Program, each Arkansas Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which each Arkansas Defendant certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.   The Medicare laws, regulations, and program instructions are available through the Medicare contractor.   I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

71.     Defendant Forrest City Arkansas Hospital Company, LLC was also enrolled as participating provider in Tennessee's Medicaid program at all times relevant hereto and had entered into a Medical Assistance Participation Agreement (Medicaid/Tenn Care Title XIX Program) for Inpatient and Outpatient Hospital Services with the State of Tennessee agreeing to comply with all applicable statutes, regulations, policies and rules government Medicaid.

72.     Defendant Northwest Arkansas Hospitals, LLC was also enrolled as participating provider in Oklahoma's Medicaid program, known as Soonercare, at all times relevant hereto and had entered into a Soonercare General Provider Agreement with the State of Oklahoma:

- Agreeing to comply with all applicable statutes, regulations, policies and rules government Medicaid;

- Agreeing to furnish services within the scope of Medicaid rules; and

- Certifying that claims will be submitted for only medically necessary services.

73.     Defendant Fallbrook Hospital Corporation is a Delaware Corporation, File #2921444, authorized to do business in California, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

74.     Defendant Fallbrook Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Fallbrook, California, under the name Fallbrook Hospital.

75.     Defendant Hospital of Barstow, Inc. is a Delaware Corporation, File #2318485, authorized to business in California, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

76. Defendant Hospital of Barstow, Inc. is an Affiliate of Defendant CHS and operates a full service medical center in Barstow, California, under the name Barstow Community Hospital.

77. Defendant Watsonville Hospital Corporation is a Delaware Corporation, File #2872860, authorized to do business in California, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

78. Defendant Watsonville Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Watsonville, California, under the name Watsonville Community Hospital.

79. At all times relevant hereto, Defendant Fallbrook Hospital Corporation (NPI #1447222674), Defendant Hospital of Barstow, Inc. (NPI #1780655670) and Defendant Watsonville Hospital Corporation (NPI #1710958228)(collectively "California Defendants") were enrolled as participating providers in the Medicare program. In order to enroll in the Medicare Program, each California Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier. The Medicare laws, regulations, and program instructions are available through the Medicare contractor. I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

80.     Each California Defendant was also enrolled as participating provider in California's Medicaid program, commonly known as Medi-Cal, at all times relevant hereto, and had signed a Medi-Cal Provider Agreement (Institutional Provider) agreeing to:

- Comply with all federal and state laws and regulations regarding Medicaid providers;

- Not engage in conduct inimical to the fiscal integrity of the Medi-Cal program;

- Not engage in or commit fraud and abuse; and

- Comply with all California Welfare regulations and Medi-Cal Manuals.

In addition, each California Defendant had entered into a Medi-Cal Telecommunications Provider and Biller Application/Agreement through which each California Defendant:

- Agreed and certified that all claims for services submitted electronically had been provided to the patient, and the services were medically necessary for the health of the patient;

- Certified that all claim information would be accurate and complete;

- Agreed to retain personal responsibility for the claim information and verification of the submitted claims with sourced documents; and

- Agreed to be responsible for the review and verification of accuracy of claims payment upon receipt for the same and seek corrections as appropriate.

81.     Defendant Crestview Hospital Corporation is a Florida Corporation, File #P93000087326, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

82.     Defendant Crestview Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Crestview, Florida, under the name North Okaloosa Medical Center.

83.     Defendant Lake Wales Hospital Corporation is a Florida Corporation, File #P02000099846, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

84.     Defendant Lake Wales Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Lake Wales, Florida, under the name Lake Wales Medical Center.

85.     At all times relevant hereto, Defendant Crestview Hospital Corporation (NPI #1104897859) and Defendant Lake Wales Hospital Corporation (NPI #1033180195) (collectively "Florida Defendants") were enrolled as participating providers in the Medicare program.    In order to enroll in the Medicare Program, each Florida Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.   The Medicare laws, regulations, and program instructions are available through the Medicare contractor.   I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

86.     Each Florida Defendant was also enrolled as participating provider in Florida's Medicaid program at all times relevant hereto and had signed an Institutional Medicaid Provider Agreement agreeing to:

> ▪   Bill only services or goods to medical that were medically necessary; and

- Comply with local, state and federal laws, as well as rules, regulations and statement of policy applicable to the Medicaid program, including Medicaid Provider Handbooks.

In addition, each Florida Defendant had entered into an Electronic Data Interchange Agreement with Florida Medicaid for the electronic submission of claims, in which it:

- Expressed understanding that the claims were being paid from federal and state funds;

- Agreed to safeguard the Medicaid program against abuse in its submission of electronic claims;

- Agreed to certify the data entered on its electronic claims was correct;

- Agreed to abide by all Federal and State statutes, rules, regulations and manuals governing the Florida Medicaid program; and

- Agreed to adhere to all conditions of the Medicaid Provider Agreement.

87.     Defendant Augusta Hospital, LLC is a Delaware Limited Liability Company, File #4180037, authorized to do business in Georgia, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

88.     Defendant Augusta Hospital, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Augusta, Georgia, under the name Trinity Hospital of Augusta.

89.     Defendant Blue Ridge Georgia Hospital Company, LLC is a Delaware Limited Liability Company, File #4782030, authorized to do business in Georgia, with its principal office located at 2855 Old Highway 5 North, Blue Ridge, Georgia.

90.     Defendant Blue Ridge Georgia Hospital Company, LLC is an Affiliate of Defendant CHS and operates a full service medical center at its principal office in Blue Ridge, Georgia under the name Fannin Regional Hospital.

91.     At all times relevant hereto, Defendant Augusta Hospital, LLC (NPI #1083616213) and Defendant Blue Ridge Georgia Hospital Company, LLC (NPI # 1851362263)(collectively "Georgia Defendants") were enrolled as participating providers in the Medicare program.   In order to enroll in the Medicare Program, each Georgia Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.   The Medicare laws, regulations, and program instructions are available through the Medicare contractor.   I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

92.     Each Georgia Defendant was also enrolled as participating provider in Georgia's Medicaid program at all times relevant hereto and had signed a Statement of Participation agreeing to:

- Comply with all of requirements of Georgia's Division of Medical Assistance and Georgia Medicaid manuals;

- Certify each claim submitted for payment for truth, accuracy and completeness and be responsible for research and correction of billing discrepancies; and

- Render covered services that are medically necessary.

In addition, each Georgia Defendant had entered into a Georgia Medicaid EDI Trading Partner Agreement for the electronic submission of claims, in which it:

- Expressed understanding that the claims were being paid from federal and state funds;

- Agreed to safeguard the Medicaid program against abuse in their submission of electronic claims;

- Agreed to certify the data entered on their electronic claims was correct;

- Agreed to abide by all Federal and State statutes, rules, regulations and manuals governing the Georgia Medicaid program; and

- Agreed to adhere to all conditions of the Medicaid Provider Agreement.

93.	Additionally, Defendant Blue Ridge Georgia Hospital Company, LLC was also enrolled as participating provider in Tennessee's Medicaid program at all times relevant hereto and had entered into a Medical Assistance Participation Agreement (Medicaid/Tenn Care Title XIX Program) for Inpatient and Outpatient Hospital Services with the State of Tennessee agreeing to comply with all applicable statutes, regulations, policies and rules government Medicaid.

94.	Defendant Bluffton Health System, LLC is a Delaware Limited Liability Company, File #3089523, authorized to do business in Indiana, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

95.	Defendant Bluffton Health System, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Bluffton, Indiana, under the name Bluffton Regional Medical Center.

96.	Defendant Dukes Health System, LLC is a Delaware Limited Liability Company, File #3575662, authorized to do business in Indiana, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

97.     Defendant Dukes Health System, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Peru, Indiana, under the name Dukes Memorial Hospital.

98.     Defendant DuPont Hospital, LLC is a Delaware Limited Liability Company, File #3129349, authorized to do business in Indiana, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

99.     Defendant DuPont Hospital, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Fort Wayne, Indiana, under the name DuPont Hospital.

100.    Defendant IOM Health System, L.P. is an Indiana Limited Partnership, File #LP95090037, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

101.    Defendant IOM Health System, L.P. is an Affiliate of Defendant CHS and operates a full service medical center in Fort Wayne, Indiana, under the name Lutheran Hospital.

102.    Defendant Porter Hospital, LLC is a Delaware Limited Liability Company, File #4296736, authorized to do business in Indiana, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

103.    Defendant Porter Hospital, LLC is an Affiliate of Defendant CHS and operates full service medical centers in Portage, Indiana and Valparaiso, Indiana, under the names Porter Portage Hospital Campus and Porter Valparaiso Hospital Campus, respectively.

104.     Defendant St. Joseph Health System, LLC is a Delaware Limited Liability Company, File #2909376, authorized to do business in Indiana, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

105.     Defendant St. Joseph Health System, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Fort Wayne, Indiana, under the name St. Joseph Hospital.

106.     Defendant Warsaw Health System, LLC is a Delaware Limited Liability Company, File #2987604, authorized to do business in Indiana, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

107.     Defendant Warsaw Health System, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Warsaw, Indiana, under the name Kosciusko Community Hospital.

108.     At all times relevant hereto, Defendant Bluffton Health System, LLC (NPI #1376594366), Defendant Dukes Health System, LLC (NPI #1619920949), Defendant DuPont Hospital, LLC (NPI #1538110556), IOM Health System, L.P. (NPI #1306897335), Defendant Porter Hospital, LLC (NPI #1215151154), Defendant St. Joseph Health System, LLC (NPI #1023060472), Defendant Warsaw Health System, LLC (NPI #1164475711)(collectively "Indiana Defendants") were enrolled as participating providers in the Medicare program.   In order to enroll in the Medicare Program, each Indiana Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.   The Medicare laws, regulations, and program instructions are available through the Medicare contractor.   I understand that payment of a claim by

Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.

I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

109. Each Indiana Defendant was also enrolled as participating provider in Indiana's Medicaid program at all times relevant hereto and had signed a Statement of Participation agreeing to:

- Comply with all federal and state statues and regulations pertaining to the Indiana Medicaid program;

- Provide Medicaid covered services pursuant to all applicable federal and state statutes and regulations;

- Abide by the Indiana Health Coverage Programs Provider Manual;

- Be responsible for the completion, accuracy and validity of all claims filed under the provider number issued; and

- Submit claims only for services which are medically necessary and compensation the provider is legally entitled to receive.

In addition, each Indiana Defendant had executed a Claim Certification Statement for Signature on File for the electronic submission of claims, in which each Indiana Defendant certified that all information contained on any billings submitted electronically on its behalf are true, accurate and company and accepted total responsibility for the accuracy of all information contained on its billings.

110. Defendant Hospital of Louisa, Inc. is a Kentucky Corporation, File #0314079, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

111.    Defendant Hospital of Louisa, Inc. is an Affiliate of Defendant CHS and operates a full service medical center in Louisa, Kentucky, under the name Three Rivers Medical Center.

112.    Defendant Hospital of Fulton, Inc. is a Kentucky Corporation, File #0299733, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

113.    Defendant Hospital of Fulton, Inc. is an Affiliate of Defendant CHS and operates a full service medical center in Fulton, Kentucky, under the name Parkway Regional Hospital.

114.    Defendant Jackson Hospital Corporation is a Kentucky Corporation, File #0402625, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

115.    Defendant Jackson Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Jackson, Kentucky, under the name Kentucky River Medical Center.

116.    At all times relevant hereto, Defendant Hospital of Louisa, Inc. (NPI #10634894483), Defendant Hospital of Fulton, Inc. (NPI #1427029941), and Kentucky River Medical Center (NPI #1346247962)(collectively "Kentucky Defendants") were enrolled as participating providers in the Medicare program.  In order to enroll in the Medicare Program, each Kentucky Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.  The Medicare laws, regulations, and program instructions are available through the Medicare contractor.  I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback

statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.

I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

117.    Defendant Hospital of Fulton, Inc. was also enrolled as participating provider in Tennessee's Medicaid program at all times relevant hereto and had entered into a Medical Assistance Participation Agreement (Medicaid/Tenn Care Title XIX Program) for Inpatient and Outpatient Hospital Services with the State of Tennessee agreeing to comply with all applicable statutes, regulations, policies and rules government Medicaid.

118.    Defendant National Healthcare of Leesville, Inc. is a Delaware Corporation, File #2101020, authorized to do business in Louisiana, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

119.    Defendant National Healthcare of Leesville, Inc. is an Affiliate of Defendant CHS and operates a full service medical center in Leesville, Louisiana under the name Byrd Regional Hospital.

120.    Defendant Ruston Louisiana Hospital Company, LLC is a Delaware Limited Liability Company, File #4270657, authorized to do business in Louisiana, with its principal office located at 4000 Meridian Blvd., Franklin, Tennessee.

121.    Defendant Ruston Louisiana Hospital Company, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Ruston, Louisiana, under the name Northern Louisiana Medical Center.

122.    Defendant Women & Children's Hospital, LLC is a Delaware Limited Liability Company, File #2964655, authorized to do business in Louisiana, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

123. Defendant Women & Children's Hospital is an Affiliate of Defendant CHS and operates a full service medical center in Lake Charles, Louisiana, under the name Women & Children's Hospital.

124. At all times relevant hereto, Defendant National Healthcare of Leesville, Inc. (NPI #1881665164), Defendant Ruston Louisiana Hospital Company, LLC (NPI #1285765107) and Defendant Women & Children's Hospital, LLC (NPI #1801849104) (collectively "Louisiana Defendants") were enrolled as participating providers in the Medicare program. In order to enroll in the Medicare Program, each Louisiana Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier. The Medicare laws, regulations, and program instructions are available through the Medicare contractor. I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.

> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

125. Each Louisiana Defendant was also enrolled as participating provider in Louisiana's Medicaid program at all times relevant hereto and had signed a Provider Agreement agreeing to:

- Comply with Louisiana's Medical Assistance Program Integrity Law; La R.S. 46:437.1, *et seq.*;

- Provide only medically necessary services to recipients; and

- Be responsible for all claims submitted under its Medicaid provider number.

By signing the Provider Agreement, each Louisiana Defendant also entered into a Certification of Claims (Paper & Electronic) in which each Louisiana Defendant certified that:

- All claims provided to Louisiana Medicaid recipients will be necessary and medically needed;

- It understood payment of its claims was being made by federal and state funds; and

- All claims submitted are certified to be true, accurate and complete.

Additionally, at the end of each year, each Louisiana Provider submits a EDI Annual Certificate of Electronically-Submitted Medicaid Claims to certify that the claims it will submit for the upcoming year will be only for necessary, medically indicated services and the claim information is true, accurate and complete.

126. Defendant Vicksburg Healthcare, LLC is a Delaware Limited Liability Company, File #2939229, authorized to do business in Mississippi, with its principal office located at 1013 Centre Road, Wilmington, Delaware.

127. Defendant Vicksburg Healthcare, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Vicksburg, Mississippi, under the name River Region Health System.

128. Defendant Wesley Health System, LLC is a Delaware Limited Liability Company, File #2770969, authorized to do business in Mississippi, with its principal office located at 5001 W. Hardy St., Hattiesburg, Mississippi.

129.     Defendant Wesley Health System, LLC is an Affiliate of Defendant CHS and operates a full service medical center at it principal office in Hattiesburg, Mississippi, under the name Wesley Medical Center.

130.     At all times relevant hereto, Defendant Vicksburg Healthcare, LLC (NPI #1215981303) and Defendant Wesley Health System, LLC (NPI #1841241841)(collectively "Mississippi Defendants") were enrolled as participating providers in the Medicare program.  In order to enroll in the Medicare Program, each Mississippi Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.  The Medicare laws, regulations, and program instructions are available through the Medicare contractor.  I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

131.     Defendant Kirksville Missouri Hospital Company, LLC is a Missouri Limited Liability Company, File #LC0043450, with its principal office located in Missouri.

132.     Defendant Kirksville Missouri Hospital Company, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Kirksville, Missouri, under the name Northeast Regional Medical Center.

133.     Defendant Moberly Hospital Company, LLC is a Delaware Limited Liability Company, File #4447851, authorized to do business in Missouri, with its principal place of business located at 4000 Meridian Blvd, Franklin, Tennessee.

134.     Defendant Moberly Hospital Company, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Moberly, Missouri, under the name Moberly Regional Medical Center.

135.     At all times relevant hereto, Defendant Kirksville Missouri Hospital Company, LLC (NPI #1104899442) and Defendant Moberly Hospital Company, LLC (NPI #1770554305)(collectively "Missouri Defendants") were enrolled as participating providers in the Medicare program.   In order to enroll in the Medicare Program, each Missouri Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.   The Medicare laws, regulations, and program instructions are available through the Medicare contractor.   I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

136.     Defendant MMC of Nevada, LLC is a Delaware Limited Liability Company, File #3540578, authorized to do business in Nevada, with its principal place of business located at 4000 Meridian Blvd, Franklin, Tennessee.

137. Defendant MMC of Nevada, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Mesquite, Nevada, under the name Mesa View Regional Hospital.

138. At all times relevant hereto, Defendant MMC of Nevada, LLC (NPI #1275588782) was enrolled as a participating provider in the Medicare program. In order to enroll in the Medicare Program, Defendant MMC of Nevada, LLC had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which Defendant MMC of Nevada, LLC certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier. The Medicare laws, regulations, and program instructions are available through the Medicare contractor. I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

139. MMC of Nevada, LLC was also enrolled as participating provider in Nevada's Medicaid program at all times relevant hereto and had signed a Nevada Medicaid and Nevada Check Up Provider Contract agreeing to:

- Adhere to standards of practice, professional standards and levels of service set forth in all applicable laws, regulations and administrative policies/procedures;

- Comply with protocols set forth in the Nevada Medicaid Services Manuals, including submission of accurate claims; and

- Be responsible for the validity and accuracy of claims.

140. Additionally, Defendant MMC of Nevada, LLC was enrolled as participating provider in California's Medicaid program, commonly known as Medi-Cal, all times relevant hereto and had signed a Medi-Cal Provider Agreement (Institutional Provider) agreeing to:

- Comply with all federal and state laws and regulations regarding Medicaid providers;

- Not engage in conduct inimical to the fiscal integrity of the Medi-Cal program;

- Not engage in or commit fraud and abuse; and

- Comply with all California Welfare regulations and Medi-Cal Manuals.

In addition, Defendant MMC of Nevada, LLC had entered into a Medi-Cal Telecommunications Provider and Biller Application/Agreement through which each California Defendant:

- Agreed and certified that all claims for services submitted electronically have been provided to the patient, and the services were medically necessary for the health of the patient;

- Certified that all claim information would be accurate and complete;

- Agreed to retain personal responsibility for the claim information and verification of the submitted claims with sourced documents; and

- Agreed to be responsible for the review and verification of accuracy of claims payment upon receipt for the same and seek corrections as appropriate.

141. Defendant Salem Hospital Corporation is a New Jersey Corporation, File #0100863665, with its principal place of business located at 4000 Meridian Blvd, Franklin, Tennessee.

142.    Defendant Salem Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Salem, New Jersey, under the name Memorial Hospital of Salem County.

143.    At all times relevant hereto, Defendant Salem Hospital Corporation (NPI #1306817978) was enrolled as a participating provider in the Medicare program.  In order to enroll in the Medicare Program, Defendant Salem Hospital Corporation had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which Defendant Salem Hospital Corporation certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.  The Medicare laws, regulations, and program instructions are available through the Medicare contractor.  I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

144.    Defendant Salem Hospital Corporation was also enrolled as participating provider in New Jersey's Medicaid program at all times relevant hereto and had signed a Provider Agreement with the State of New Jersey agreeing to comply with all applicable State and Federal Medicaid laws, policies, rules and regulations promulgated pursuant thereto.

145.    Defendant Carlsbad Medical Center, LLC is a Delaware Limited Liability Company, File #2964276, authorized to do business in New Mexico, with its principal place of business located at 1013 Centre Rd, Wilmington, Delaware.

146. Defendant Carlsbad Medical Center, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Carlsbad, New Mexico, under the name Carlsbad Medical Center.

147. Defendant Deming Hospital Corporation is a New Mexico Corporation, File #1773365, with its principal place of business located at 4000 Meridian Blvd., Franklin, TN 37067.

148. Defendant Deming Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Deming, New Mexico, under the name Mimbres Memorial Hospital.

149. Defendant Las Cruces Medical Center, LLC is a Delaware Limited Liability Company, File #3306969, authorized to do business in New Mexico, with its principal office located at 2711 Centerville Road, Ste. 400, Wilmington, Delaware.

150. Defendant Las Cruces Medical Center, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Las Cruces, New Mexico, under the name Mountainview Regional Medical Center.

151. Defendant Lea Regional Hospital, LLC is a Delaware Limited Liability Company, File #2964402, authorized to do business in New Mexico, with its principal office located at 1013 Centre Rd, Wilmington, Delaware.

152. Defendant Lea Regional Hospital, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Hobbs, New Mexico, under the name Lea Regional Medical Center.

153. Defendant Roswell Hospital Corporation is a New Mexico Corporation, File #1913540, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

154.    Defendant Roswell Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Roswell, New Mexico, under the name Eastern New Mexico Medical Center.

155.    Defendant San Miguel Hospital Corporation is a New Mexico Corporation, File #2027670, with its principal office located at 4000 Meridian Blvd., Franklin, Tennessee.

156.    Defendant San Miguel Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Las Vegas, New Mexico, under the name Alta Vista Regional Hospital.

157.    At all times relevant hereto, Defendant Carlsbad Medical Center, LLC (NPI #1790722346), Defendant Deming Hospital Corporation (NPI #1881665594), Defendant Las Cruces Medical Center, LLC (NPI #1205882503), Defendant Lea Regional Hospital, LLC (NPI #1285688697), Defendant Roswell Hospital Corporation (NPI #1447221742) and Defendant San Miguel Hospital Corporation (NPI #1396716643)(collectively "New Mexico Defendants") were enrolled as participating providers in the Medicare program.  In order to enroll in the Medicare Program, each New Mexico Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.  The Medicare laws, regulations, and program instructions are available through the Medicare contractor.  I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.

I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

158.    Each New Mexico Defendant was also enrolled as participating provider in New Mexico's Medicaid program at all times relevant hereto and had signed a Provider Participation Agreement with the State of New Mexico agreeing to:

- Abide by and be held to all federal, state and local laws, rules and regulations and policies applicable to Medicaid services;

- Comply with all billing instructions distributed by New Mexico Medicaid; and

- Assume responsibility for all claims submitted under their specific provider numbers.

159.    Defendant Williamston Hospital Corporation is a North Carolina Corporation, File #0466901, with its principal place of business located at 4000 Meridian Blvd, Franklin, Tennessee.

160.    Defendant Williamston Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Williamston, North Carolina, under the name Martin General Hospital.

161.    At all times relevant hereto, Defendant Williamston Hospital Corporation (NPI # 538357611) was enrolled as a participating provider in the Medicare program.  In order to enroll in the Medicare Program, Defendant Williamston Hospital Corporation had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which Defendant Williamston Hospital Corporation certified that:

I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.  The Medicare laws, regulations, and program instructions are available through the Medicare contractor.  I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying

transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.

I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

162. Defendant Williamston Hospital Corporation was also enrolled as participating provider in North Carolina's Medicaid program at all times relevant hereto and had signed a Provider Administrative Participation Agreement with the State of North Carolina agreeing:

- To operate and provide services in accordance with all federal, state and local laws, rules and regulations and policies applicable to Medicaid services;

- To submit claims for services rendered in accordance with rules and billing instructions in effect at the time the service was rendered;

- That Medicaid payment is limited to only those services which are medically necessary; and

- That all claims submitted will be true, accurate and complete.

Defendant Williamston Hospital Corporation also entered into an Electronic Claims Submission Agreement with the State of North Carolina, agreeing:

- To abide by all applicable federal and statue statutes, rules, regulations and policies as well as the conditions of the Provider Administrative Participation Agreement; and

- That signature on the agreement serves as a binding certification of the Provider's compliance with all applicable statutes, rules, regulations and policies governing electronic claims submission.

Additionally, Defendant Williamston Hospital Corporation executed a Provider Certificate for Signature on File in regard to its submission of Medicaid claims electronically, in which

it certified that all claims submitted will be true, accurate and complete and that it agreed to abide by the terms of its Provider Administrative Participation Agreement.

163. Defendant DHSC, LLC is a Delaware Limited Liability Company, File #3973263, authorized to do business in Ohio, with its principal office located at 5800 Tennyson Parkway, Plano, Texas.

164. Defendant DHSC, LLC is an Affiliate of CHS and operates a full service medical center in Massilion, Ohio, under the name Affinity Medical Center.

165. Defendant Warren Ohio Hospital Company, LLC is a Delaware Limited Liability Company, File #4856127, authorized to do business in Ohio, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

166. Defendant Warren Ohio Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Warren, Ohio, under the name Trumbell Memorial Hospital.

167. Defendant Youngstown Ohio Hospital Company, LLC is a Delaware Limited Liability Company, File #4848328, authorized to do business in Ohio, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

168. Defendant Youngstown Ohio Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Youngstown, Ohio, under the name Northside Medical Center.

169. At all times relevant hereto, Defendants DHSC, LLC (NPI #1215980560), Defendant Warren Ohio Hospital Company, LLC (NPI #1043526023) and Defendant Youngstown Ohio Hospital Company, LLC (NPI #1497061097)(hereafter collectively the "Ohio Defendants') were enrolled as participating providers in the Medicare program.  In

order to enroll in the Medicare Program, each Ohio Defendant had submitted a Medicare

Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier. The Medicare laws, regulations, and program instructions are available through the Medicare contractor. I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.

> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

170.    Defendant Claremore Regional Hospital, LLC is a Delaware Limited Liability Company, File #2955684, authorized to do business in Oklahoma.

171.    Defendant Claremore Regional Hospital, LLC is an Affiliate of CHS and operates a full service medical center in Claremore, Oklahoma, under the name Claremore Regional Hospital.

172.    Defendant Deaconess Health System, LLC is a Delaware Limited Liability Company, File #3918793, authorized to do business in Oklahoma.

173.    Defendant Deaconess Health System, LLC is an Affiliate of CHS and operates a full service medical center in Oklahoma City, Oklahoma, under the name Deaconess Hospital.

174.    Defendant Kay County Oklahoma Hospital Company, LLC is an Oklahoma Limited Liability Company, File #3512092198.

175.    Defendant Kay County Oklahoma Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Ponca City, Oklahoma, under the name Ponca City Medical Center.

176.    Defendant Southcrest, L.L.C. is an Oklahoma Limited Liability Company, File #3500580138.

177.    Defendant Southcrest, L.L.C. is an Affiliate of CHS and operates a full service medical center in Tulsa, Oklahoma, under the name South Crest Hospital.

178.    Defendant Woodward Health System, LLC is a Delaware Limited Liability Company, File #2964411, authorized to do business in Oklahoma.

179.    Defendant Woodward Health System, LLC is an Affiliate of CHS and operates a full service medical center in Woodward, Oklahoma, under the name Woodward Regional Hospital.

180.    At all times relevant hereto, Defendant Claremore Regional Hospital, LLC (NPI #1003873811), Defendant Deaconess Health System, LLC (NPI #1740231752), Defendant Kay County Oklahoma Hospital Company, LLC (NPI #1225077035), Defendant Southcrest, L.L.C. (NPI # 1023069028), Defendant Woodward Health System, LLC (NPI # 1558312553)(collectively "Oklahoma Defendants") were enrolled as participating providers in the Medicare program.   In order to enroll in the Medicare Program, each Oklahoma Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.   The Medicare laws, regulations, and program instructions are available through the Medicare contractor.   I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program

instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.

I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

181. Each Oklahoma Defendant was also enrolled as participating provider in Oklahoma's Medicaid program, known as Soonercare, at all times relevant hereto and had entered into a Soonercare General Provider Agreement with the State of Oklahoma:

- Agreeing to comply with all applicable statutes, regulations, policies and rules government Medicaid;

- Agreeing to furnish services within the scope of Medicaid rules; and

- Certifying that claims will be submitted for only medically necessary services.

182. Defendant McKenzie-Willamette Regional Medical Center Associates, LLC is a Delaware Limited Liability Company, File #3699827, authorized to do business in Oregon, with its principal place of business located at 4000 Meridian Blvd, Franklin, Tennessee.

183. Defendant McKenzie-Willamette Regional Medical Center Associates, LLC is an Affiliate of Defendant CHS and operates a full service medical center in Springfield, Oregon, under the name McKenzie-Willamette Regional Medical Center.

184. At all times relevant hereto, Defendant McKenzie-Willamette Regional Medical Center Associates, LLC (NPI #1568413573) was enrolled as a participating provider in the Medicare program. In order to enroll in the Medicare Program, Defendant McKenzie-Willamette Regional Medical Center Associates, LLC had submitted a Medicare

Enrollment Application, Institutional Providers, CMS 855A, in which Defendant McKenzie-Willamette Regional Medical Center Associates, LLC certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier. The Medicare laws, regulations, and program instructions are available through the Medicare contractor. I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

185.    Defendant Berwick Hospital Company, LLC is a Delaware Limited Liability Company, File #4447833, authorized to do business in Pennsylvania, with its principal office located at 4000 Meridian Blvd., Franklin, Tennessee.

186.    Defendant Berwick Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Berwick, Pennsylvania under the name Berwick Hospital Center.

187.    Defendant CHHS Hospital Company, LLC is a Delaware Limited Liability Company, File #3917580, authorized to do business in Pennsylvania.

188.    Defendant CHHS Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Philadelphia, Pennsylvania under the name Chestnut Hill Hospital.

189.    Defendant Clinton Hospital Corporation is a Pennsylvania Corporation, File #3049114.

190.     Defendant Clinton Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Lock Haven, Pennsylvania under the name Lock Haven Hospital.

191.     Defendant Coatesville Hospital Corporation is a Pennsylvania Corporation, File #2987105.

192.     Defendant Coatesville Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Coatesville, Pennsylvania under the name Brandywine Hospital.

193.     Defendant Northampton Hospital Company, LLC is a Delaware Limited Liability Company, File #4442353, authorized to do business in Pennsylvania, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

194.     Defendant Northampton Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Easton, Pennsylvania, under the name Easton Hospital.

195.     Defendant Phoenixville Hospital Company, LLC is a Delaware Limited Liability Company, File #3796004, authorized to do business in Pennsylvania.

196.     Defendant Phoenixville Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Phoenixville, Pennsylvania under the name Phoenixville Hospital.

197.     Defendant Pottstown Hospital Company, LLC is a Delaware Limited Liability Company, File #3657514, authorized to do business in Pennsylvania.

198.     Defendant Pottstown Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Pottstown, Pennsylvania under the name Pottstown Memorial Medical Center.

199.     Defendant Sunbury Hospital Company, LLC is a Delaware Limited Liability Company, File #4442354, authorized to do business in Pennsylvania.

200.     Defendant Sunbury Hospital, LLC is an Affiliate of CHS and operates a full service medical center in Sunbury, Pennsylvania under the name Sunbury Community Hospital.

201.     Defendant West Grove Hospital Company, LLC is a Delaware Limited Liability Company, File #4442356, authorized to do business in Pennsylvania, with its principal place of business located at 4000 Meridian Blvd, Franklin, Tennessee.

202.     Defendant West Grove Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in West Grove, Pennsylvania under the name Jennersville Regional Hospital.

203.     Defendant Wilkes-Barre Hospital Company, LLC is a Delaware Limited Liability Company, File #4617619, authorized to do business in Pennsylvania, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

204.     Defendant Wilkes-Barre Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Wilkes-Barre, Pennsylvania under the name Wilkes-Barr General Hospital.

205.     At all times relevant hereto, Defendant Berwick Hospital Company, LLC (NPI #1316919699), Defendant CHHS Hospital Company, LLC (NPI #1356313464), Defendant Clinton Hospital Corporation (NPI #1144291840), Defendant Coatesville Hospital

Corporation (NPI #1083685622), Defendant Northampton Hospital Company, LLC (NPI # 1740252964), Defendant Phoenixville Hospital Company, LLC (NPI #1528039039), Defendant Pottstown Hospital Company, LLC (NPI #1891768099), Defendant Sunbury Hospital Company, LLC (NPI #1467424820), Defendant West Grove Hospital Company, LLC (NPI #1336110287) and Defendant Wilkes-Barre Hospital Company, LLC (NPI #1255585303)(collectively "Pennsylvania Defendants") were enrolled as participating providers in the Medicare program.  In order to enroll in the Medicare Program, each Pennsylvania Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.  The Medicare laws, regulations, and program instructions are available through the Medicare contractor.  I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

206.    Defendant Chesterfield/Marlboro, L.P. is a Delaware Limited Partnership, File #2484564, authorized to do business in South Carolina.

207.    Defendant Chesterfield/Marlboro, L.P. is an Affiliate of CHS and operates full service medical centers in Cheraw, South Carolina and Bennettsville, South Carolina under the names Chesterfield General Hospital and Marlboro Park Hospital, respectively.

208.    Defendant Lancaster Hospital Corporation is a Delaware Corporation, File #2436981, authorized to do business in South Carolina.

209.     Defendant Lancaster Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Lancaster, South Carolina, under the name Springs Memorial Hospital.

210.     Defendant Mary Black Health System, LLC is a Delaware Limited Liability Company, File #2623318, authorized to do business in South Carolina.

211.     Defendant Mary Black Health System, LLC is an Affiliate of CHS and operates a full service medical center in Spartanburg, South Carolina, under the name Mary Black Health System.

212.     Defendant QHG of South Carolina, Inc. is a South Carolina Corporation.

213.     Defendant QHG of South Carolina, Inc. is an Affiliate of CHS and operates full service medical centers in Florence, South Carolina and Mullins, South Carolina, under the names Carolinas Hospital System and Marion Regional Healthcare System, respectively.

214.     At all times relevant hereto, Defendant Chesterfield/Marlboro, L.P. (NPI #1891768842, 1437121951, 1073788568), Defendant Lancaster Hospital Corporation (NPI #1437122926, 1316124597), Defendant Mary Black Health System, LLC (NPI #1669425963) and Defendant QHG of South Carolina, Inc. (NPI #1235183328, 1831418862)(collectively "South Carolina Defendants") were enrolled as participating providers in the Medicare program.   In order to enroll in the Medicare Program, each South Carolina Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which each it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.   The Medicare laws, regulations, and program instructions are available through the Medicare contractor.   I understand that payment of a claim by

Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.

I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

215.    Defendant Brownsville Hospital Corporation is a Tennessee Corporation, File #435829, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

216.    Defendant Brownsville Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Brownsville, Tennessee, under the name Haywood Park Community Hospital.

217.    Defendant Clarksville Health System, G.P. is a Tennessee General Partnership, File #645301, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

218.    Defendant Clarksville Health System, G.P. is an Affiliate of CHS and operates a full service medical center in Clarksville, Tennessee, under the name Gateway Medical Center.

219.    Defendant Cleveland Tennessee Hospital Company, LLC is a Delaware Limited Liability Company, File #4589625, authorized to do business in Tennessee, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

220.    Defendant Cleveland Tennessee Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Cleveland, Tennessee, under the name Skyridge Medical Center.

221.    Defendant Dyersburg Hospital Corporation is a Tennessee Corporation, File #435828, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

222.    Defendant Dyersburg Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Dyersburg, Tennessee, under the name Dyersburg Regional Medical Center.

223.    Defendant Hospital of Morristown, Inc. is a Tennessee Corporation, File #264618, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

224.    Defendant Hospital of Morristown, Inc. is an Affiliate of CHS and operates a full service medical center in Morristown, Tennessee, under the name Lakeway Regional Hospital.

225.    Defendant Jackson, Tennessee Hospital Company, LLC is a Tennessee Limited Liability Company, File #435835, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

226.    Defendant Jackson, Tennessee Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Jackson, Tennessee, under the name Regional Hospital of Jackson.

227.    Defendant Lexington Hospital Corporation is a Tennessee Corporation, File #435830, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

228.    Defendant Lexington Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Lexington, Tennessee, under the name Henderson County Community Hospital.

229.    Defendant Martin Hospital Corporation is a Tennessee Corporation, File #435833, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

230.    Defendant Martin Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Martin, Tennessee, under the name Volunteer Community Hospital.

231.    Defendant McKenzie Tennessee Hospital Company, LLC is a Delaware Limited Liability Company, File #4455045, authorized to do business in Tennessee, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

232.    Defendant McKenzie Tennessee Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in McKenzie Tennessee, under the name McKenzie Regional Hospital.

233.    Defendant McNairy Hospital Corporation is a Tennessee Corporation, File #435832, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

234.    Defendant McNairy Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Selmer, Tennessee, under the name McNairy Regional Hospital.

235.    Defendant Shelbyville Hospital Corporation is a Tennessee Corporation, File #494640, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

236.    Defendant Shelbyville Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Shelbyville, Tennessee, under the name Heritage Medical Center.

237.    At all times relevant hereto, Defendant Brownsville Hospital Corporation (NPI #1053382960), Defendant Clarksville Health System, G.P. (NPI #1285689794), Defendant Cleveland Tennessee Hospital Company, LLC (NPI #1790756203), Defendant Dyersburg Hospital Corporation (NPI #1043282338), Defendant Hospital of Morristown,

Inc. (NPI #1689645004); Defendant Jackson, Tennessee Hospital Company, LLC (NPI #1023089984), Defendant Lexington Hospital Corporation (NPI #1255302923), Defendant Martin Hospital Corporation (NPI #1275505372), Defendant McKenzie Tennessee Hospital Company, LLC (NPI #1407827157), Defendant McNairy Hospital Corporation (NPI #1154392710), Defendant Shelbyville Hospital Corporation (NPI #1932170750) (collectively "Tennessee Defendants") were enrolled as participating providers in the Medicare program. In order to enroll in the Medicare Program, each Tennessee Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier. The Medicare laws, regulations, and program instructions are available through the Medicare contractor. I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

238. Each Tennessee Defendant was also enrolled as participating provider in Tennessee's Medicaid program at all times relevant hereto and had entered into a Medical Assistance Participation Agreement (Medicaid/Tenn Care Title XIX Program) for Inpatient and Outpatient Hospital Services with the State of Tennessee agreeing to comply with all applicable statutes, regulations, policies and rules government Medicaid.

239.   Additionally, Cleveland Tennessee Hospital Company, LLC was also enrolled as a participating provider in Georgia's Medicaid program at all times relevant hereto and had signed a Statement of Participation agreeing to:

- Comply with all of requirements of Georgia's Division of Medical Assistance and Georgia Medicaid manuals;

- Certify each claim submitted for payment for truth, accuracy and completeness and be responsible for research and correction of billing discrepancies; and

- Render covered services that are medically necessary.

In addition, Defendant Cleveland Tennessee Hospital Company, LLC had entered into a Georgia Medicaid EDI Trading Partner Agreement for the electronic submission of claims, in which Defendant Cleveland Tennessee Hospital Company, LLC:

- Expressed understanding that the claims were being paid from federal and state funds;

- Agreed to safeguard the Medicaid program against abuse in their submission of electronic claims;

- Agreed to certify the data entered on their electronic claims was correct;

- Agreed to abide by all Federal and State statutes, rules, regulations and manuals governing the Georgia Medicaid program; and

- Agreed to adhere to all conditions of the Medicaid Provider Agreement.

240.   Defendant ARMC, L.P. is a Delaware Limited Partnership, File #3561898, authorized to do business in Texas, with its principal office located at 5800 Tennyson Parkway, Plano, Texas.

241.   Defendant ARMC, L.P. is an Affiliate of CHS and operates a full service medical center in Abilene, Texas, under the name Abilene Regional Medical Center.

242.     Defendant Big Bend Hospital Corporation is a Texas Corporation, File #3561898, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

243.     Defendant Big Bend Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Alpine, Texas, under the name Big Bend Regional Medical Center.

244.     Defendant Big Spring Hospital Corporation is a Texas Corporation, File #133735500, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

245.     Defendant Big Spring Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Big Springs, Texas, under the name Scenic Mountain Medical Center.

246.     Defendant Brownwood Hospital, L.P. is a Delaware Limited Partnership, File #2967928, authorized to do business in Texas, with its principal office located at 5800 Tennyson Parkway, Plano, Texas.

247.     Defendant Brownwood Hospital, L.P. is an Affiliate of CHS and operates a full service medical center in Brownwood, Texas, under the name Brownwood Regional Medical Center.

248.     Defendant Cedar Park Health System, L.P. is a Delaware Limited Partnership, File #4072306, authorized to do business in Texas, with its principal office located at 5800 Tennyson Parkway, Plano, Texas.

249.     Defendant Cedar Park Health System, L.P. is an Affiliate of CHS and operates a full service medical center in Cedar Park, Texas, under the name Cedar Park Regional Medical Center.

250.     Defendant Cleveland Regional Medical Center, L.P. is a Delaware Limited Partnership, File #2364708, authorized to do business in Texas, with its principal office located at 7100 Commerce Way, Ste. 100, Brentwood, Tennessee.

251.     Defendant Cleveland Regional Medical Center, L.P. is an Affiliate of CHS and operates a full service medical center in Cleveland, Texas, under the name Cleveland Regional Medical Center.

252.     Defendant College Station Hospital, L.P. is a Delaware Limited Partnership, File #2967943, authorized to do business in Texas, with its principal office located at 5800 Tennyson Parkway, Plano, Texas.

253.     Defendant College Station Hospital, L.P. is an Affiliate of CHS and operates a full service medical center in College Station, Texas, under the name College Station Medical Center.

254.     Defendant Granbury Hospital Corporation is a Texas Corporation, File #142527600, with its principal place of business located at 4000 Meridian Blvd, Franklin, Tennessee.

255.     Defendant Granbury Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Granbury, Texas, under the name Lake Granbury Medical Center.

256.     Defendant Jourdanton Hospital Corporation is a Texas Corporation, File #800001865, with its principal place of business located at 4000 Meridian Blvd, Franklin, Tennessee.

257.     Defendant Jourdanton Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Jourdanton, Texas, under the name South Texas Regional Medical Center.

258.     Defendant Laredo Texas Hospital Company, L.P. is a Texas Corporation, File #800237874, with its principal place of business located at 4000 Meridian Blvd, Franklin, Tennessee.

259.     Defendant Laredo Texas Hospital Company, L.P. is an Affiliate of CHS and operates a full service medical center in Laredo, Texas, under the name Laredo Medical Center.

260.     Defendant Longview Medical Center, L.P. is a Delaware Limited Partnership, File #2964553, authorized to do business in Texas, with its principal office located at 5800 Tennyson Parkway, Plano, Texas.

261.     Defendant Longview Medical Center, L.P. is an Affiliate of CHS and operates a full service medical center in Longview, Texas, under the name Longview Regional Medical Center.

262.     Defendant Navarro Hospital, L.P. is a Delaware Limited Partnership, File #2964396, authorized to do business in Texas, with its principal office located at 5800 Tennyson Parkway, Plano, Texas.

263.     Defendant Navarro Hospital, L.P. is an Affiliate of CHS and operates a full service medical center in Corsicana, Texas under the name Navarro Regional Hospital.

264.     Defendant NHCI of Hillsboro, Inc. is a Texas Corporation, File #100552700, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

265.     Defendant NHCI of Hillsboro, Inc. is an Affiliate of CHS and operates a full service medical center in Hillsboro, Texas, under the name Hill Regional Hospital.

266.     Defendant Piney Woods Healthcare System, L.P. is a Delaware Limited Partnership, File #2964618, authorized to do business in Texas, with its principal office located at 5800 Tennyson Parkway, Plano, Texas.

267.     Defendant Piney Woods Healthcare System, L.P. is an Affiliate of CHS and operates a full service medical center in Luftkin, Texas, under the name Woodland Heights Medical Center.

268.     Defendant San Angelo Hospital, L.P. is a Delaware Limited Partnership, File #2964591, authorized to do business in Texas, with its principal office located at 5800 Tennyson Parkway, Plano, Texas.

269.     Defendant San Angelo Hospital, L.P. is an Affiliate of CHS and operates a full service medical center in San Angelo, Texas, under the name San Angelo Community Medical Center.

270.     Defendant Victoria of Texas, L.P. is a Delaware Limited Partnership, File #2949026, authorized to do business in Texas, with its principal office located at 5800 Tennyson Parkway, Plano, Texas.

271.     Defendant Victoria of Texas, L.P. is an Affiliate of CHS and operates two full service medical centers in Victoria, Texas (DeTar Hospital Navarro and DeTar Hospital North) under the name DeTar Healthcare System.

272.     Defendant Weatherford Texas Hospital Company, LLC is a Texas Limited Liability Company, File #800718224, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

273.   Defendant Weatherford Texas Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Weatherford, Texas, under the name Weatherford Regional Medical Center.

274.   At all times relevant hereto, Defendant ARMC, L.P. (NPI #1851344162), Defendant Big Bend Hospital Corporation (NPI #1356312243), Defendant Big Spring Hospital Corporation (NPI #1831160423), Defendant Brownwood Hospital, L.P. (NPI #1679526982), Defendant Cedar Park Health System, L.P. (NPI #1376662296), Defendant Cleveland Regional Medical Center, L.P. (NPI #1043281330), Defendant College Station Hospital, L.P. (NPI #1467403477), Defendant Granbury Hospital Corporation (NPI #1114998911), Defendant Jourdanton Hospital Corporation (NPI #1184695785), Defendant Laredo Medical Center (NPI #1548232044), Defendant Longview Medical Center, L.P. (NPI #1528026267), Defendant Navarro Hospital, L.P. (NPI #1144274226), Defendant NHCI of Hillsboro, Inc. (NPI #1093786204), Defendant Piney Woods Healthcare System, L.P. (NPI #1487607792), Defendant San Angelo Hospital, L.P. (NPI #1194776104), Defendant Victoria of Texas, L.P. (NPI #1851343909, 1003141128), Defendant Weatherford Texas Hospital Company, LLC (NPI # 1982781852)(collectively "Texas Defendants") were enrolled as participating providers in the Medicare program.  In order to enroll in the Medicare Program, each Texas Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.  The Medicare laws, regulations, and program instructions are available through the Medicare contractor.  I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program

instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.

I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

275.     Each Texas Defendant was also enrolled as a participating provider in Texas' Medicaid program at all times relevant hereto and had signed a Medicaid Provider Agreement with the State of Texas agreeing to:

- Comply with all requirements of the Texas Medicaid Provider Procedures Manual and all state and federal laws governing or regulating Medicaid;

- Submit claims for payment in accordance with billing guidelines and procedures promulgated by the Texas Health and Human Service Commission; and

- Certify the information submitted regarding claims will be true, accurate and complete and have records that validate the services and need for services billed.

Each Texas Defendant also executed an Electronic Funds Transfer Notification wherein each Texas Defendant agreed to comply with all certification requirements of the applicable program regulations, rules, handbooks, bulletins, standards and guidelines for Texas Medicaid.

276.     Additionally, Defendant Big Bend Hospital Corporation was also enrolled as participating provider in New Mexico's Medicaid program at all times relevant hereto and had signed a Provider Participation Agreement with the State of New Mexico agreeing to:

- Abide by and be held to all federal, state and local laws, rules and regulations and policies applicable to Medicaid services;

- Comply with all billing instructions distributed by New Mexico Medicaid; and

- Assume responsibility for all claims submitted under their specific provider numbers.

277.     NHCI of Hillsboro, Inc. was also enrolled as participating provider in Oklahoma's Medicaid program, known as Soonercare, at all times relevant hereto and had entered into a Soonercare General Provider Agreement with the State of Oklahoma:

- Agreeing to comply with all applicable statutes, regulations, policies and rules government Medicaid;

- Agreeing to furnish services within the scope of Medicaid rules; and

- Certifying that claims will be submitted for only medically necessary services.

278.     Defendant Tooele Hospital Corporation is a Utah Corporation, File #1424668-0142, with its principal place of business located at 4000 Meridian Blvd, Franklin, Tennessee.

279.     Defendant Tooele Hospital Corporation is an Affiliate of Defendant CHS and operates a full service medical center in Tooele, Utah, under the name Mountain West Medical Center.

280.     At all times relevant hereto, Defendant Tooele Hospital Corporation (NPI #1124090659) was enrolled as a participating provider in the Medicare program.  In order to enroll in the Medicare Program, Defendant Tooele Hospital Corporation had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which Defendant Tooele Hospital Corporation certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.  The Medicare laws, regulations, and program instructions are available through the Medicare contractor.  I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback

statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.

I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

281. Defendant Tooele Hospital Corporation was also enrolled as participating provider in California's Medicaid program, commonly known as Medi-Cal, at all times relevant hereto, and had signed a Medi-Cal Provider Agreement (Institutional Provider) agreeing to:

- Comply with all federal and state laws and regulations regarding Medicaid providers;

- Not engage in conduct inimical to the fiscal integrity of the Medi-Cal program;

- Not engage in or commit fraud and abuse; and

- Comply with all California Welfare regulations and Medi-Cal Manuals.

In addition, Defendant Tooele Hospital Corporation had entered into a Medi-Cal Telecommunications Provider and Biller Application/Agreement through which it:

- Agreed and certified that all claims for services submitted electronically have been provided to the patient, and the services were medically necessary for the health of the patient;

- Certified that all claim information would be accurate and complete;

- Agreed to retain personal responsibility for the claim information and verification of the submitted claims with sourced documents; and

- Agreed to be responsible for the review and verification of accuracy of claims payment upon receipt for the same and seek corrections as appropriate.

282. Defendant Emporia Hospital Corporation is a Virginia Corporation, File #05144894, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

283.    Defendant Emporia Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Emporia, Virginia, under the name Southern Virginia Regional Medical Center.

284.    Defendant Franklin Hospital Corporation is a Virginia Corporation, File #05290598, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

285.    Defendant Franklin Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Franklin, Virginia, under the name Southampton Memorial Hospital.

286.    Defendant Petersburg Hospital Company, LLC is a Virginia Limited Liability Company, File #S096843, with its principal office located at 155 Franklin Rd, Suite 400, Brentwood, Tennessee.

287.    Defendant Petersburg Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Petersburg, Virginia, under the name Southside Regional Medical Center.

288.    At all times relevant hereto, Defendant Emporia Hospital Corporation (NPI #1770554214), Defendant Franklin Hospital Corporation (NPI #1902878341) and Defendant Petersburg Hospital Company, LLC (NPI #1104899319)(collectively "Virginia Defendants") were enrolled as participating providers in the Medicare program.  In order to enroll in the Medicare Program, each Virginia Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.  The Medicare laws, regulations, and program instructions are available through the Medicare contractor.  I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program

instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.

I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

289. Each Virginia Defendant was also enrolled as a predicating provide in Virginia's Medicaid program at all times relevant hereto and had each signed a Hospital Participation Agreement with the State of Virginia agreeing:

- That all requests for payment will comply in all respects with Medicaid policies for the submission of claims; and

- To comply with all applicable state and federal laws, as well as administrative policies and procedures.

290. Additionally, Defendants Emporia Hospital Corporation and Petersburg Hospital Company, LLC were enrolled as participating providers in North Carolina's Medicaid program at all times relevant hereto and had each signed a Provider Administrative Participation Agreement with the State of North Carolina agreeing:

- To operate and provide services in accordance with all federal, state and local laws, rules and regulations and policies applicable to Medicaid services;

- To submit claims for services rendered in accordance with rules and billing instructions in effect at the time the service was rendered;

- That Medicaid payment is limited to only those services which are medically necessary; and

- That all claims submitted will be true, accurate and complete.

Defendants Emporia Hospital Corporation and Petersburg Hospital Company, LLC also each entered into an Electronic Claims Submission Agreement with the State of North Carolina, agreeing:

- To abide by all applicable federal and statue statutes, rules, regulations and policies as well as the conditions of the Provider Administrative Participation Agreement; and

- That signature on the agreement served as a binding certification of the Provider's compliance with all applicable statutes, rules, regulations and policies governing electronic claims submission.

Further, Defendants Emporia Hospital Corporation and Petersburg Hospital Company, LLC each executed a Provider Certificate for Signature on File in regard to its submission of Medicaid claims electronically, in which it certified that all claims submitted will be true, accurate and complete and that it agreed to abide by the terms of its Provider Administrative Participation Agreement.

291.    Defendant Spokane Valley Washington Hospital Company, LLC is a Delaware Limited Liability Company, File #447178, authorized to do business in Washington.

292.    Defendant Spokane Valley Washington Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Spokane Valley, Washington, under the name Valley Hospital & Medical Center.

293.    Defendant Spokane Washington Hospital Company, LLC is a Delaware Limited Liability Company, File #4436798, authorized to do business in Washington.

294.    Defendant Spokane Washington Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Spokane, Washington, under the name Deaconess Medical Center.

295.    At all times relevant hereto, Defendant Spokane Valley Washington Hospital Company, LLC (NPI #1770554214) and Defendant Spokane Washington Hospital Company, LLC (NPI #1356528269)(collectively "Washington Defendants") were enrolled

as participating providers in the Medicare program. In order to enroll in the Medicare Program, each Washington Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier. The Medicare laws, regulations, and program instructions are available through the Medicare contractor. I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

296. Defendant Bluefield Hospital Company, LLC is a Delaware Limited Liability Company, File #4812810, authorized to do business in West Virginia, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

297. Defendant Bluefield Hospital Company, LLC is an Affiliate of CHS and operates a full service medical center in Bluefield, West Virginia, under the name Bluefield Regional Medical Center.

298. Defendant Greenbrier VMC, LLC is a Delaware Limited Liability Company, File #3249745, authorized to do business in West Virginia, with its principal office located at 4000 Meridian Blvd, Franklin, Tennessee.

299. Defendant Greenbrier VMC, LLC is an Affiliate of CHS and operates a full service medical center in Ronceverte, West Virginia, under the name Greenbrier Valley Medical Center.

300.    Defendant Oak Hill Hospital Corporation is a West Virginia Corporation, File #46241, with its principal office located at 4000 Meridian Blvd., Franklin, Tennessee.

301.    Defendant Oak Hill Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Oak Hill, West Virginia, under the name Plateau Medical Center.

302.    At all times relevant hereto, Defendant Bluefield Hospital Company, LLC (NPI #1477869295), Defendant Greenbrier VMC, LLC (NPI #1639124142) and Defendant Oak Hill Hospital Corporation (NPI #1598736159)(collectively "West Virginia Defendants") were enrolled as participating providers in the Medicare program.  In order to enroll in the Medicare Program, each West Virginia Defendant had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.  The Medicare laws, regulations, and program instructions are available through the Medicare contractor.  I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

303.    Defendant Evanston Hospital Corporation, is a Wyoming corporation, File #1999-000349020, with its principal office located at 4000 Meridian Blvd., Franklin, Tennessee.

304.     Defendant Evanston Hospital Corporation is an Affiliate of CHS and operates a full service medical center in Evanston, Wyoming, under the name Evanston Regional Hospital.

305.     At all times relevant hereto, Defendant Evanston Hospital Corporation (NPI #1639140015) was enrolled as a participating provider in the Medicare program.  In order to enroll in the Medicare Program, Defendant Evanston Hospital Corporation had submitted a Medicare Enrollment Application, Institutional Providers, CMS 855A, in which it certified that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier.  The Medicare laws, regulations, and program instructions are available through the Medicare contractor.  I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.
>
> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

306.     Subject matter jurisdiction for the underlying action alleged in Counts I – CXXV and CCXXXVI of this Complaint arises under the False Claims Act, 31 U.S.C. §§ 3729-3733, as amended, and jurisdiction over the underlying matter is conferred on the Court by authority of 31 U.S.C. §§ 3732(a).

307.     As hereinafter more clearly appears, Counts CXXVI – CCXXXV and CCXXXVII of this Complaint are so related to the claims alleged in Counts I – CXXV and CCXXXVI that the claims in Counts CXXVI – CCXXXV and CCXXXVII form part of the same case or controversy under Article III of the United States Constitution.

308.    Counts CXXVI – CCXXXV and CCXXXVII of this Complaint neither raise a novel or complex issue of state law nor substantially predominate over the underlying False Claims Act matter alleged in Counts I – C XXV and CCXXXVIof this Complaint.

309.    There are no compelling reasons for the court to decline subject matter jurisdiction over Count  CXXVI – CCXXXV and CCXXXVII of this Complaint.

310.    This Court has subject matter jurisdiction over Counts CXXVI – CCXXXV and CCXXXVII of this Complaint as supplemental jurisdiction in accordance with 28 U.S.C. §1367.

311.    This Court has personal jurisdiction over Defendants because they reside in, transact business in, and can be found in the Southern District of Illinois and because a portion of the acts complained of herein occurred in the Southern District of Illinois.

312.    Venue is proper in the Southern District of Illinois pursuant to 31 U.S.C. §3732(a) because Defendants can be found in, reside in and transact business in the Southern District of Illinois, and because acts alleged herein to be in violation of 31 U.S.C. §3729 occurred in the Southern District of Illinois.

313.    None of the allegations set forth in this complaint are based on a public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or General Accounting office report, hearing, audit, or investigation, or from the news media.

314.    Relator has direct and independent knowledge, within the meaning of 31 U.S.C. §3730(e)(4)(B), 740 ILCS 175/4(e)(4)(B) and other applicable state statutes, of the information on which the allegations set forth in this complaint are based, derived through

either employment or business or personal relationships with Defendant MHC and Defendant CHS.

315.   Relator is the original source of the allegations herein as defined in 31 U.S.C. §3730(e)(4)(B), 740 ILCS 175/4(e)(4)(B) and other applicable state statutes. Relator has knowledge of the false statements, records and claims that Defendant s knowingly submitted, or caused to be submitted, to the Government as alleged herein.

316.   Relator made a pre-filing disclosure to the United States of America in June 2009 through his reporting of Defendants' fraud to the United States Attorney for the Southern District of Illinois and providing all information regarding the fraud in his possession to the United States Attorney for the Southern District of Illinois.

317.   To the extent, if any, that this case is deemed to be a related action and that facts set forth herein are deemed to be the same as facts underlying an existing *qui tam* Federal False Claims Act,  Illinois Illinois False Claims Act or any other state False Claims Act action pending at the time of filing of this action, as prohibited in 31 U.S.C. §3730(e), 740 ILCS 175/4(b)(5) and other applicable statutes, said factual allegations in common with either pending action, which would cause this to be a related cause of action, are hereby expressly excluded from this action, but only to the limited extent necessary to exclude such preemption.

318.   Furthermore, to the extent that the allegations or transactions set forth herein are based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the United States and/or the State(s) of California, Florida, Georgia, Illinois, Indiana, Louisiana, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Tennessee, Texas and/or Virginia is already a

party, if any such proceedings exist, then the allegations or transactions referred to herein that the Court deems are based upon allegations or transactions which are the subject of any such civil suit or administrative civil money penalty proceeding are expressly excluded herefrom, but only for the specific time periods, specific companies or persons, and specific allegations or transactions as necessary.

<u>Regulatory Scheme</u>
<u>Medicare Payment for Emergency Department Services</u>
<u>and Inpatient Hospital Services</u>

319.    The United States Medicare Healthcare Program (hereafter "Medicare") is a federal health insurance program for persons 65 or older, persons with permanent kidney failure, and persons receiving Social Security disability benefits. 42 U.S.C. §426; 42 U.S.C. §1395c.

320.    Overall responsibility for the administration of Medicare, as authorized by 42 U.S.C. §401, *et seq.*, (hereafter "Social Security Act"), resides with the Secretary of the Department of Health and Human Services (hereafter "HHS").    Within HHS, the responsibility for administration of the Medicare program has been delegated to the Center for Medicare and Medicaid Services (hereafter "CMS").

321.    In accordance with Title XVIII of the Social Security Act, as amended, 42 U.S.C. § 301, *et seq.*, CMS contracts with private insurers to process Medicare claims and to make benefit payments on behalf of the Government.   42 U.S.C. §1395u.

322.    Medicare provides two basic types of coverage - hospitalization insurance (commonly known as Medicare Part A) and medical insurance (commonly known as Medicare Part B).  Regardless of the type of service rendered, Medicare will only pay for

the service if it is "reasonable and necessary" for the "diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member." 42 CFR §411.15(k)(1).

323.    Part A hospital insurance provides coverage for inpatient hospital admissions for up to 150 days, post-hospital extended care for 100 days following hospital discharge, and hospice care. 42 U.S.C. §1395d.

324.    Inpatient hospital services covered by Part A include, but are not limited to, bed and board, nursing services, social services, medication, supplies, equipment, diagnostic services, therapeutic services, surgical services and transportation services. 42 CRF 409.10.

325.    Payment for inpatient hospital services under Part A is made by Medicare through an Inpatient Prospective Payment System ("Inpatient PPS"). 42 CFR 412. Under the Inpatient PPS, hospitals are paid a predetermined amount by Medicare for each inpatient discharge of a Medicare beneficiary. 42 CFR 412.2.

326.    The per discharge Inpatient PPS amount is payable for each inpatient stay were there is at least one Medicare payable day of care. 42 CFR 412.2(b)(2).

327.    Payments are made for each Medicare inpatient discharge in two ways:  (1) upon submission of a discharge bill for each patient; or (2) periodic interim payments made bi-weekly based upon the total estimated Medicare discharges for a specific reporting period. 42 CFR §412.116(a)(1), (b)(1), (b)(3).

328.    Private insurers handling Medicare Part A claims are known as Medicare Intermediaries.

329.    Medicare Part A claims are submitted to the Medicare Intermediary for payment electronically utilizing the CMS 1450/UB-04.  Medicare Claims Processing

Manual, Chapter 1, §10.1.

330. Hospitals are required to file an annual Cost Report ("Cost Report") utilizing HCFA forms such as 2540 or 2552. 42 CFR §413. On the Cost Report, the provider lists information including but not limited to, all incurred costs, all routine and ancillary charges, the days of service provided to Medicare beneficiaries, the amount of Part B reimbursement received, and the amount of Part A Inpatient PPS payments received during that fiscal year.

331. Medicare Part B medical insurance covers physician services, home health services, most skilled nursing home services, other non-hospital related medical services and services and supplies for hospital outpatient services. 42 U.S.C. §1395k.; 42 CFR §410.10.

332. Payment for inpatient hospital services under Part B is made by Medicare through a Prospective Payment System for Hospital Outpatient Department Services ("Outpatient PPPS"). 42 CFR §419. Under the Outpatient PPS, hospitals are paid a predetermined amount by Medicare for specific services provided to Medicare beneficiaries. 42 CFR §419.2(a).

333. Claims are submitted to the Medicare Carrier for payment electronically utilizing the CMS-1500.

334. CMS mandates that hospitals utilize the Healthcare Common Procedure Coding System ("HCPCS") to indicate the medical services rendered when submitting claims to Medicare. HCPCS are a uniform method for health care providers and medical suppliers to report professional services, procedures, and supplies. The medical services codes of the HCPCS are known as "Common Procedure Terminology" Codes a/k/a "CPT

Codes".

335.     Emergency room services are covered by Part B as hospital outpatient services.  42 CFR §410.27.

336.     During all relevant times hereto, emergency room outpatient hospital services were billed to Medicare Part B utilizing HCPCS G0380-G0384.

Regulatory Scheme
for Medicaid Payment for
Hospital Inpatient Services and Outpatient Services

337.     Medicaid is a state-run program of medical care and rehabilitative services for persons receiving basic state maintenance grants and for other persons who are unable to meet their essential medical needs because of inadequate resources.  305 ILCS 5/5-1.

338.     Funding for Medicaid is shared between the federal government and those state governments that choose to participate in the program, in accordance with Title XIX of the Social Security Act, as amended, 42 U.S.C. §1396, *et seq.* The Federal Government grants funds to the individual states for Medical Assistance Programs to furnish medical assistance to families with dependent children and to aged, blind, or disabled individuals whose income and resources are insufficient to meet the costs of necessary medical services. The benefits paid by the individual state agencies contain a certain percentage of federal funds. Id.

339.     The States of Illinois, California, Florida, Georgia, Indiana, Louisiana, Nevada, New Mexico, North Carolina, Oklahoma, Tennessee, Texas and Virginia participate in the Medicaid program and provides medical insurance to eligible recipients.

340.     In Illinois, the percentage of federal funds involved in Illinois Medicaid's total

funding during the relevant time period has been: FY 2005 – FY 2008 – 50%; FY 2009 – FY 2011(1st Qtr) – 61.88%; 2011(Remainder) – 50%.

341. Illinois Medicaid provides medical coverage for inpatient hospital services as well as hospital emergency room visits which are reasonable and necessary for the health of a beneficiary. 89 Ill.Adm.Code §140.3(b), §148.50(a). Claims for both inpatient and outpatient hospital services are submitted to Illinois Medicaid electronically utilizing CMS Standard Form UB-04.

342. In California, the percentage of federal funds involved in the Medi-Cal's total funding during the relevant time period has been: FY 2005 – FY 2008 – 50%; FY 2009 – 2011 (1st Qtr) – 61.59%; FY 2011 (Remainder) 50%.

343. Medi-Cal provides coverage for medically necessary hospital emergency room and inpatient treatment. 22 CCR §51056, 51303, 51327, 51331. Claims for both inpatient and outpatient hospital services are submitted to Medi-Cal electronically utilizing an electronic version of CMS Standard Form UB-04.

344. The percentage of federal funds involved in Florida Medicaid's total funding during the relevant time period has been as follows: FY 2005 – 58.90%; FY 2006 – 58.89%; FY 2007 – 58.76%; FY 2008 – 56.83%; FY 2009 – FY 2011 (1st Qtr) – 67.64%; FY 2011 (Remainder) – 55.45%.

345. Florida Medicaid provides coverage for medically necessary hospital emergency room and inpatient treatment. Fla Stat. 49.905. Claims for both type services are submitted to Florida Medicaid electronically utilizing an electronic version of CMS Standard Form UB-04.

346. The percentage of federal funds involved in Georgia Medicaid's total funding

during the relevant time period has been as follows: FY 2005 – 60.44%; FY 2006 – 60.60%; FY 2007 – 61.97%; FY 2008 – 63.10%; FY 2009 – 74.42%; FY 2010 – 74.96%; FY 2011 (1st Qtr) – 75.16%; FY 2011 (Remainder) – 65.33%.

347. Georgia Medicaid, pursuant to the Georgia Public Assistance Act of 1965, O.C.G.A. §49-4-1, *et seq.*, provides for medical services, including emergency room and hospital inpatient treatment, for the indigent in Georgia. Claims for services rendered to Georgia Medicaid recipients are submitted to Georgia Medicaid electronically utilizing an electronic version of CMS Standard Form UB-04.

348. The percentage of federal funds involved in Indiana Medicaid's total funding during the relevant time period has been as follows: FY 2005 – 62.78%; FY 2006 – 62.98%; FY 2007 – 62.61%; FY 2008 – 62.69%; FY 2009 – 74.21%; FY 2010 – 75.69%; FY 2011 (1st Qtr) – 76.21%; FY 2011 (Remainder) 66.52%.

349. Indiana Medicaid provides coverage for medically necessary inpatient and outpatient hospital services when the services are provided or prescribed and documented by a physician. 405 IAC 5-17-1(a). Claims for services rendered to Indiana Medicaid recipients are submitted to Indiana Medicaid electronically utilizing an electronic version of CMS Standard Form UB-04.

350. The percentage of federal funds involved in Louisiana Medicaid's total funding during the relevant time period has been as follows: FY 2005 – 71.04%; FY 2006 – 69.79%; FY 2007 – 69.69%; FY 2008 – 72.47%; FY 2009 – 80.75%; FY 2010 – FY 2011 (1st Qtr) – 81.48%; FY 2011 (Remainder) – 63.61%.

351. Louisiana Medicaid provides payment for medically necessary medical care, including inpatient and outpatient hospital services, for qualifying Louisiana residents. La

R.S. 46:153; La Administrative Code, Title 50. Claims for services rendered to Louisiana Medicaid recipients are submitted to Louisiana Medicaid electronically utilizing an electronic version of CMS Standard Form UB-04.

352.    The percentage of federal funds involved in Nevada Medicaid's total funding during the relevant time period has been as follows:  FY 2005 – 55.90%; FY 2006 – 54.76%; FY 2007 – 54%; FY 2008 – 52.64%; FY 2009 – FY 2011 (1st Qtr) – 63.93%; FY 2011 (Remainder) – 51.61%.

353.    Nevada Medicaid provides payment for medically necessary medical care as part of its public assistance benefits.  Hospital inpatient and outpatient service are included in the services covered.  Nevada Revised Statutes, Chapter 422; Nevada Medicaid Services Manual, Chapters 100 and 200. Claims for services rendered to Nevada Medicaid recipients are submitted to Nevada Medicaid electronically utilizing an electronic version of CMS Standard Form UB-04.

354.    The percentage of federal funds involved in New Jersey Medicaid's total funding during the relevant time period has been as follows:  FY 2005 – FY 2008 – 50%; FY 2009 – FY 2011 (1st Qtr) – 61.59%; FY 2011 – 50%.

355.    New Jersey Medicaid provides payment for inpatient hospital services to any beneficiary for whom professionally developed criteria and standards of care were used to determine that the beneficiary warranted an appropriate level of hospital care for a given medical problem.  N.J. Admin. Code §10:52-1.6(a).  It also provides payment for medically necessary hospital outpatient services.   N.J. Admin. Code §10:52-1.6(d). Claims for services rendered to New Jersey Medicaid recipients are submitted to New Jersey Medicaid electronically utilizing an electronic version of CMS Standard Form UB-04.

356.   The percentage of federal funds involved in New Mexico Medicaid's total funding during the relevant time period has been as follows:  FY 2005 – 74.30%; FY 2006 – 71.15%; FY 2007 – 71.93%; FY 2008 – 71.04%; FY 2009 – 79.44%; FY 2010 – FY 2011 (1st Qtr) – 80.49%; FY 2011 – 69.78%.

357.   New Mexico Medicaid pays for medically necessary health care services provided by participating medical providers, including medically necessary inpatient, outpatient and emergency services furnished by hospitals.  N.M. Admin. Code §8.301.2.9., §8.311.2.9; N.M. Stat §27-3-9. Claims for services rendered to New Mexico Medicaid recipients are submitted to New Mexico Medicaid electronically utilizing an electronic version of CMS Standard Form UB-04.

358.   The percentage of federal funds involved in North Carolina Medicaid's total funding during the relevant time period has been as follows:  FY 2005 – 63.63%; FY 2006 – 63.49%; FY 2007 – 65.00%; FY 2008 – 64.05%; FY 2009 – 74.51%; FY 2010 – FY 2011 (1st Qtr) – 74.98%; FY 2011 – 64.71%.

359.   North Carolina Medicaid provides payment for medical care when it is essential to the health and welfare of a person who does not have the resources to provide the necessary care themselves.    N.C. Gen. State. §108A-55(a).    Medically necessary inpatient and outpatient hospital services are both covered by North Carolina Medicaid.  North Carolina Hospital Services Provider Manual, Chap 5, p. 5-1 – 5-4 and Chap 6, p. 6-1 – 6-3.  Claims for services rendered to North Carolina Medicaid recipients are submitted to North Carolina Medicaid electronically utilizing an electronic version of CMS Standard Form UB-04.

360.   The percentage of federal funds involved in Oklahoma Medicaid's total

funding during the relevant time period has been as follows: FY 2005 – 70.18%; FY 2006 – 67.91%; FY 2007 – 68.14%; FY 2008 – 67.10%; FY 2009 – 75.83%; FY 2010 – FY 2011 (1st Qtr) – 76.73%; FY 2011 (Remainder) – 64.94%.

361. Oklahoma Medicaid provides payment for medically necessary medical services that are essential to the diagnosis and treatment of the recipient's presenting medical problem, including inpatient and outpatient hospital services. Okla. Admin. Code §371:30-3-1(d). Claims for services rendered to Oklahoma Medicaid recipients are submitted to Oklahoma Medicaid electronically utilizing an electronic version of CMS Standard Form UB-04.

362. The percentage of federal funds involved in Tennessee Medicaid's total funding during the relevant time period has been as follows: FY 2005 – 64.81%; FY 2006 – 63.99%; FY 2007 – 63.65%; FY 2008 – 63.71%; FY 2009 – 74.23%; FY 2010 – 75.37%; FY 2011 (1st Qtr) – 75.62%; FY 2011 (Remainder) – 65.85%.

363. Tennessee Medicaid provides coverage for both inpatient and outpatient hospital services for its recipients. Tenn Code. §71-5-107(a). Claims for services rendered to Tennessee Medicaid recipients are submitted to Tennessee Medicaid electronically utilizing an electronic version of CMS Standard Form UB-04.

364. The percentage of federal funds involved in Texas Medicaid's total funding during the relevant time period has been as follows: FY 2005 – 60.87%; FY 2006 – 60.66%; FY 2007 – 60.78%; FY 2008 – 60.53%; FY 2009 – 69.85%; FY 2010 – FY 2011 (1st Qtr) – 70.94%; FY 2011 – 60.56%.

365. Texas Medicaid makes medical payments on behalf of eligible recipients for medical services which are medically necessary for the diagnosis or treatment of illness or

injury. 1 TAC §354.1131. Both inpatient and outpatient hospital services are included in this medical coverage. 1 TAC §354.1072, §354.1073. Claims for services rendered to Tennessee Medicaid recipients are submitted to Tennessee Medicaid electronically utilizing an electronic version of CMS Standard Form UB-04.

366. The percentage of federal funds involved in Virginia Medicaid's total funding during the relevant time period has been as follows: FY 2005 – FY 2008 – 50%; FY 2009 – FY 2011 (1st Qtr) – 61.59%; FY 2011 – 50%.

367. Virginia Medicaid provides both inpatient and outpatient hospital services to its recipients. 12 VAC 30-50-50. Claims for services rendered to Tennessee Medicaid recipients are submitted to Tennessee Medicaid electronically utilizing an electronic version of CMS Standard Form UB-04.

## Allegations Applicable to All Defendants

368. Defendant CHSPSC enters into management and consulting services agreements with all Defendant CHS' Affiliates to provide management services to the hospital entities operated by the Affiliates ("CHS Affiliate Hospitals"). Accordingly, Defendant CHSPSC controls the daily operations of all CHS Affiliate Hospitals, including those named as Defendants herein.

369. Due to the number of CHS Affiliates Hospitals and volume of work involved, Defendant CHS has divided its subsidiaries into geographical management divisions, with specific CHSPSC personnel assigned to provide management services to each division:

Division I:     Affiliates in Alabama, Florida, Georgia, Mississippi, North Carolina, South Carolina, Virginia

Division II:    Affiliates in Arkansas, Louisiana, Texas

Division III:   Affiliates in New Jersey, Pennsylvania, Tennessee, West Virginia

Division IV:     Affiliates in Alaska, Arizona, California, Nevada, New Mexico, Oklahoma, Oregon, Utah, Washington, Wyoming

Division V:     Affiliates in Illinois, Indiana, Kentucky, Missouri, Ohio

370.    From at least 2005 to the present, Defendant CHSPSC has directed each CHS Affiliate Hospitals to admit all Medicare beneficiaries presenting for emergency medical services as hospital inpatients regardless of whether such admissions were reasonable and necessary for their diagnosis or treatment.

371.    Defendant CHSPSC also directed each CHS Affiliate Hospital to admit as many as possible Medicaid beneficiaries presenting for emergency medical services as hospital inpatients regardless of whether such admissions were reasonable and necessary for their diagnosis or treatment.

372.    These instructions were given to each Affiliate Hospital at Division meetings held by Defendant CHSPSC at Defendant CHS' headquarters at 4000 Meridian Blvd., Franklin, Tennessee.

373.    Defendant CHSPSC places daily inpatient admissions requirements on all CHS Affiliate Hospital emergency departments.  The inpatient admission requirement of 100% of Medicare beneficiaries that seek emergency medical treatment has been put in place over all CHS Affiliate Hospitals. The inpatient admission requirements for Medicaid beneficiaries for CHS Affiliate Hospitals are lower.

374.    CHS Affiliate Hospitals are required to justify the reasoning for the Emergency Department release of any Medicare beneficiary who was not admitted as an inpatient.  For example, if Defendant MHC's hospital facility does not reach the daily goal of admitting 100% of Medicare beneficiaries seeking emergency medical treatment,

Defendant MHC's Director of the Emergency Department is required to justify to the Hospital CEO (an employee of Defendant CHSPSC) the reasoning for not admitting each Medicare beneficiary that was treated and released by the Emergency Department.

375. Defendant MHC employees were told in 2006 by its hospital CEO, Timothy Schmidt, (an employee of Defendant CHSPSC) that the admissions of Medicare beneficiaries could be justified because "you can always find a reason to admit someone of that age" and instructed Defendant MHC's Emergency Department personnel to contact the personal physician of all Medicare beneficiaries presenting for emergency treatment to compel admission of the beneficiary as a hospital inpatient.

376. Defendant CHSPSC required CHS Affiliate Hospitals to force these hospital admissions so that the CHS Affiliate Hospitals could recover both the Outpatient PPS fee for emergency room services and the Inpatient PPS payments for inpatient services regardless of whether there was an actual need for inpatient treatment.

<u>COUNT I</u>
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A)&(B)**
**(False Claims Caused to Submitted to Medicare for**
**Medically Unnecessary Services by Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

377. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

378. Defendant Community Health Systems, Inc. has shared in the profits received by CHS Affiliate Hospitals as a result of Medicare's reimbursement of their false claims.

379. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

380. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused false statements to be made or used to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

381. The United States, unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc., paid for claims through the Medicare program that would otherwise have not been paid or have been paid at a lower amount.

382. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

383. By virtue of the acts described above, Defendant Community Health Systems, Inc. has defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A)&(B).

384. Defendant Community Health Systems, Inc. has not notified the United States of the violations of the False Claims Act alleged herein.

385. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health

Systems, Inc. and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A.     Order Defendant Community Health Systems, Inc. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.     Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.     Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

<u>**COUNT II**</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A)&(B)**
**(False Claims Caused to Submitted to Medicare for**
**Medically Unnecessary Services by CHS/Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

386.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

387.    Defendant CHS/Community Health Systems, Inc. has shared in the profits received by CHS Affiliate Hospitals as a result of Medicare's reimbursement of their false claims.

388.    By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

389.    By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused false statements to be made or used to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

390.    The United States, unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHS/Community Health Systems, Inc., paid for claims through the Medicare program that would otherwise have not been paid or have been paid at a lower amount.

391.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

392. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. has defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A)&(B).

393. Defendant CHS/Community Health Systems, Inc. has not notified the United States of the violations of the False Claims Act alleged herein.

394. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health Systems, Inc. and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A. Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

**REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

**COUNT III**
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A)&(B)**
**(False Claims Caused to Submitted to Medicare for Medically Unnecessary Services by Community Health Investment Company, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

395. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

396. Defendant Community Health Investment Company, LLC has shared in the profits received by CHS Affiliate Hospitals as a result of Medicare's reimbursement of their false claims.

397. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to

the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

398. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

399. The United States, unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

400. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

401. By virtue of the acts described above, Defendant Community Health Investment Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A)&(B).

402. Defendant Community Health Investment Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

403. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health

Investment Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A. Order Defendant Community Health Investment Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

/s/ Ronald E. Osman

BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

**False Claims Act, 31 U.S.C. § 3729 (a)(1)(B)**
**(False Claims Caused to Submitted to Medicare for Medically Unnecessary**
**Services by Community Health Systems Professional Service Corporation)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems Professional Service Corporation as follows:

404.	Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

405.	Defendant CHSPSC has shared in the profits received by CHS Affiliate Hospitals as a result of Medicare's reimbursement of their false claims.

406.	By virtue of the acts described above, Defendant CHSPSC knowingly caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

407.	By virtue of the acts described above, Defendant CHSPSC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

408.	The United States, unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHSPSC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

409.	By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

410. By virtue of the acts described above, Defendant CHSPSC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A)&(B).

411. Defendant CHSPSC has not notified the United States of the violations of the False Claims Act alleged herein.

412. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHSPSC and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A. Order Defendant CHSPSC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant CHSPSC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant CHSPSC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT V
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services By Marion Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Marion Hospital Corporation as follows:

413.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

414.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant MHC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant MHC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

415.    Said claims were submitted by Defendant MHC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

416.     As a result of Defendant MHC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant MHC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

417.     By virtue of the acts described above, Defendant MHC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

418.     By virtue of the acts described above, Defendant MHC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

419.     The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant MHC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

420.     By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

421.     By virtue of the acts described above, Defendant MHC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

422.     Defendant MHC has not notified the United States of the violations of the False Claims Act alleged herein.

423.     Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Marion Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A.      Order Defendant MHC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.      Order Defendant MHC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a)(1);

C.      Order Defendant MHC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

### <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

## COUNT VI
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### By Anna Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Anna Hospital Corporation as follows:

424.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

425.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Anna Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Anna Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

426.    Said claims were submitted by Defendant Anna Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

427.    As a result of Defendant Anna Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Anna Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

428. By virtue of the acts described above, Defendant Anna Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

429. By virtue of the acts described above, Defendant Anna Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

430. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Anna Hospital Corporation paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

431. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

432. By virtue of the acts described above, Defendant Anna Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

433. Defendant Anna Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

434. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Anna Hospital

Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A.     Order Defendant Anna Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.     Order Defendant Anna Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.     Order Defendant Anna Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services by**
**Galesburg Hospital Corporation)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Galesburg Hospital Corporation as follows:

435.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

436.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Galesburg Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Galesburg Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

437.    Said claims were submitted by Defendant Galesburg Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

438.    As a result of Defendant Galesburg Hospital Corporation knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Galesburg Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

439.    By virtue of the acts described above, Defendant Galesburg Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

440.    By virtue of the acts described above, Defendant Galesburg Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

441.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Galesburg Hospital Corporation paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

442.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

443.    By virtue of the acts described above, Defendant Galesburg Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

444.    Defendant Galesburg Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

445.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Galesburg Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A.　Order Defendant Galesburg Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.　Order Defendant Galesburg Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.　Order Defendant Galesburg Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.　Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.　Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

_/s/ Ronald E. Osman_

BY:　Ronald E. Osman
　　　Attorney for Relator, Bryan Carnithan

## COUNT VIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Granite City Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Granite City Hospital Company, LLC as follows:

446.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

447.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Granite City Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Granite City Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

448.    Said claims were submitted by Defendant Granite City Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

449.    As a result of Defendant Granite City Hospital Company, LLC knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Granite City Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

450.     By virtue of the acts described above, Defendant Granite City Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

451.     By virtue of the acts described above, Defendant Granite City Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

452.     The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Granite City Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

453.     By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

454.     By virtue of the acts described above, Defendant Granite City Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

455.     Defendant Granite City Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

456.     Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Granite City Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.     Order Defendant Granite City Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.     Order Defendant Granite City Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.     Order Defendant Granite City Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT IX
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by National Healthcare of Mt. Vernon, Inc.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant National Healthcare of Mt. Vernon, Inc. as follows:

457.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

458.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant National Healthcare of Mt. Vernon, Inc. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant National Healthcare of Mt. Vernon, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

459.    Said claims were submitted by Defendant National Healthcare of Mt. Vernon, Inc. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

460.    As a result of Defendant National Healthcare of Mt. Vernon, Inc. knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant National Healthcare of Mt. Vernon, Inc. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

461. By virtue of the acts described above, Defendant National Healthcare of Mt. Vernon, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

462. By virtue of the acts described above, Defendant National Healthcare of Mt. Vernon, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

463. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant National Healthcare of Mt. Vernon, Inc. paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

464. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

465. By virtue of the acts described above, Defendant National Healthcare of Mt. Vernon, Inc. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

466. Defendant National Healthcare of Mt. Vernon, Inc. has not notified the United States of the violations of the False Claims Act alleged herein.

467. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant National Healthcare of Mt. Vernon, Inc. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.     Order Defendant National Healthcare of Mt. Vernon, Inc. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.     Order Defendant National Healthcare of Mt. Vernon, Inc. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.     Order Defendant National Healthcare of Mt. Vernon, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman

BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

<u>**COUNT X**</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Red Bud Illinois Hospital Company, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Red Bud Illinois Hospital Company, LLC as follows:

468.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

469.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Red Bud Illinois Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Red Bud Illinois Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

470.    Said claims were submitted by Defendant Red Bud Illinois Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

471.    As a result of Defendant Red Bud Illinois Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Red Bud Illinois Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

472.     By virtue of the acts described above, Defendant Red Bud Illinois Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

473.     By virtue of the acts described above, Defendant Red Bud Illinois Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

474.     The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Red Bud Illinois Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

475.     By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

476.     By virtue of the acts described above, Defendant Red Bud Illinois Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

477.     Defendant Red Bud Illinois Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

478.     Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Red Bud Illinois Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.     Order Defendant Red Bud Illinois Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.     Order Defendant Red Bud Illinois Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.     Order Defendant Red Bud Illinois Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

<u>**COUNT XI**</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Waukegan Illinois Hospital Company, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Waukegan Illinois Hospital Company, LLC as follows:

479.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

480.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Waukegan Illinois Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Waukegan Illinois Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

481.    Said claims were submitted by Defendant Waukegan Illinois Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

482.    As a result of Defendant Waukegan Illinois Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Waukegan Illinois Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

483.    By virtue of the acts described above, Defendant Waukegan Illinois Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

484.    By virtue of the acts described above, Defendant Waukegan Illinois Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

485.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Waukegan Illinois Hospital Company, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

486.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

487.    By virtue of the acts described above, Defendant Waukegan Illinois Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

488.    Defendant Waukegan Illinois Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

489.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Waukegan Illinois Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Waukegan Illinois Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Waukegan Illinois Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Waukegan Illinois Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Affinity Hospital, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Affinity Hospital, LLC as follows:

490.     Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

491.     Said emergency room claims and inpatient hospital services claims were submitted by Defendant Affinity Hospital, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Affinity Hospital, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

492.     Said claims were submitted by Defendant Affinity Hospital, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

493.     As a result of Defendant Affinity Hospital, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Affinity Hospital, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

494.  By virtue of the acts described above, Defendant Affinity Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

495.  By virtue of the acts described above, Defendant Affinity Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

496.  The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Affinity Hospital, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

497.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

498.  By virtue of the acts described above, Defendant Affinity Hospital, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

499.  Defendant Affinity Hospital, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

500.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Affinity Hospital, LLC

and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Affinity Hospital, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Affinity Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Affinity Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
           Attorney for Relator, Bryan Carnithan

## <u>COUNT XIII</u>
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Centre Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Centre Hospital Corporation as follows:

501.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

502.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Centre Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Centre Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

503.    Said claims were submitted by Defendant Centre Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

504.    As a result of Defendant Centre Hospital Corporation knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Centre Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

505.     By virtue of the acts described above, Defendant Centre Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

506.     By virtue of the acts described above, Defendant Centre Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

507.     The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Centre Hospital Corporation paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

508.     By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

509.     By virtue of the acts described above, Defendant Centre Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

510.     Defendant Centre Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

511.     Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Affinity Hospital, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.   Order Defendant Centre Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.   Order Defendant Centre Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.   Order Defendant Centre Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.   Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Crestwood Healthcare, L.P.)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Crestwood Healthcare, L.P. as follows:

512.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

513.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Crestwood Healthcare, L.P. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Crestwood Healthcare, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

514.    Said claims were submitted by Defendant Crestwood Healthcare, L.P. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

515.    As a result of Defendant Crestwood Healthcare, L.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Crestwood Healthcare, L.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

516. By virtue of the acts described above, Defendant Crestwood Healthcare, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

517. By virtue of the acts described above, Defendant Crestwood Healthcare, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

518. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Crestwood Healthcare, L.P. paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

519. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

520. By virtue of the acts described above, Defendant Crestwood Healthcare, L.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

521. Defendant Crestwood Healthcare, L.P. has not notified the United States of the violations of the False Claims Act alleged herein.

522. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Crestwood Healthcare,

L.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Crestwood Healthcare, L.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Crestwood Healthcare, L.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Crestwood Healthcare, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

<u>**COUNT XV**</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Foley Hospital Corporation)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Foley Hospital Corporation as follows:

523.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

524.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Foley Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Foley Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

525.    Said claims were submitted by Defendant Foley Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

526.    As a result of Defendant Foley Hospital Corporation knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Foley Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

527. By virtue of the acts described above, Defendant Foley Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

528. By virtue of the acts described above, Defendant Foley Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

529. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Foley Hospital Corporation paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

530. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

531. By virtue of the acts described above, Defendant Foley Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

532. Defendant Foley Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

533. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Foley Hospital

Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A. Order Defendant Foley Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Foley Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Foley Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

## COUNT XVI
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Fort Payne Hospital Corporation)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Fort Payne Hospital Corporation as follows:

534. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

535. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Fort Payne Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Fort Payne Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

536. Said claims were submitted by Defendant Fort Payne Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

537. As a result of Defendant Fort Payne Hospital Corporation knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Fort Payne Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

538.    By virtue of the acts described above, Defendant Fort Payne Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

539.    By virtue of the acts described above, Defendant Fort Payne Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

540.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Fort Payne Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

541.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

542.    By virtue of the acts described above, Defendant Fort Payne Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

543.    Defendant Fort Payne Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

544.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Fort Payne Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Fort Payne Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Fort Payne Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Fort Payne Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT XVII
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Gadsden Regional Medical Center, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Gadsden Regional Medical Center, LLC as follows:

545.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

546.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Gadsden Regional Medical Center, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Gadsden Regional Medical Center, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

547.    Said claims were submitted by Defendant Gadsden Regional Medical Center, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

548.    As a result of Defendant Gadsden Regional Medical Center, LLC knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Gadsden Regional Medical Center, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

549.    By virtue of the acts described above, Defendant Gadsden Regional Medical Center, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

550.    By virtue of the acts described above, Defendant Gadsden Regional Medical Center, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

551.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Gadsden Regional Medical Center, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

552.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

553.    By virtue of the acts described above, Defendant Gadsden Regional Medical Center, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

554.    Defendant Gadsden Regional Medical Center, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

555.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Gadsden Regional Medical Center, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A. Order Defendant Gadsden Regional Medical Center, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Gadsden Regional Medical Center, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Gadsden Regional Medical Center, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

### **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

<u>COUNT XVIII</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Greenville Hospital Corporation)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Greenville Hospital Corporation as follows:

556.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

557.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Greenville Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Greenville Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

558.    Said claims were submitted by Defendant Greenville Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

559.    As a result of Defendant Greenville Hospital Corporation knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Greenville Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

560.    By virtue of the acts described above, Defendant Greenville Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

561.    By virtue of the acts described above, Defendant Greenville Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

562.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Greenville Hospital Corporation paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

563.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

564.    By virtue of the acts described above, Defendant Greenville Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

565.    Defendant Greenville Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

566.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Greenville Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A.  Order Defendant Greenville Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant Greenville Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant Greenville Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.  Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT XIX
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by QHG of Enterprise, Inc.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant QHG of Enterprise, Inc. as follows:

567. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

568. Said emergency room claims and inpatient hospital services claims were submitted by Defendant QHG of Enterprise, Inc. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant QHG of Enterprise, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

569. Said claims were submitted by Defendant QHG of Enterprise, Inc. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

570. As a result of Defendant QHG of Enterprise, Inc.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant QHG of Enterprise, Inc. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

571.    By virtue of the acts described above, Defendant QHG of Enterprise, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

572.    By virtue of the acts described above, Defendant QHG of Enterprise, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

573.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant QHG of Enterprise, Inc. paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

574.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

575.    By virtue of the acts described above, Defendant QHG of Enterprise, Inc. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

576.    Defendant QHG of Enterprise, Inc. has not notified the United States of the violations of the False Claims Act alleged herein.

577.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant QHG of Enterprise, Inc.

and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A. Order Defendant QHG of Enterprise, Inc. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant QHG of Enterprise, Inc. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant QHG of Enterprise, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

     Respectfully submitted,

     /s/ Ronald E. Osman
     BY: Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

<u>**COUNT XX**</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**By Triad of Alabama, Inc.)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Triad of Alabama, Inc. as follows:

578.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

579.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Triad of Alabama, Inc. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Triad of Alabama, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

580.    Said claims were submitted by Defendant Triad of Alabama, Inc. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

581.    As a result of Defendant Triad of Alabama, Inc. knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Triad of Alabama, Inc. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

582.    By virtue of the acts described above, Defendant Triad of Alabama, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

583.    By virtue of the acts described above, Defendant Triad of Alabama, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

584.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Triad of Alabama, Inc. paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

585.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

586.    By virtue of the acts described above, Defendant Triad of Alabama, Inc. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

587.    Defendant Triad of Alabama, Inc. has not notified the United States of the violations of the False Claims Act alleged herein.

588.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Triad of Alabama, Inc.

and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A.  Order Defendant Triad of Alabama, Inc. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729. *et seq.*;

B.  Order Defendant Triad of Alabama, Inc. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant Triad of Alabama, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.  Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT XXI
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Mat-Su Valley Medical Center, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Mat-Su Valley Medical Center, LLC as follows:

589.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

590.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Mat-Su Valley Medical Center, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Mat-Su Valley Medical Center, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

591.    Said claims were submitted by Defendant Mat-Su Valley Medical Center, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

592.    As a result of Defendant Mat-Su Valley Medical Center, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Mat-Su Valley Medical Center, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

593.     By virtue of the acts described above, Defendant Mat-Su Valley Medical Center, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

594.     By virtue of the acts described above, Defendant Mat-Su Valley Medical Center, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

595.     The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Mat-Su Valley Medical Center, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

596.     By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

597.     By virtue of the acts described above, Defendant Mat-Su Valley Medical Center, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

598.     Defendant Mat-Su Valley Medical Center, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

599.     Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Mat-Su Valley Medical Center, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.     Order Defendant Mat-Su Valley Medical Center, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.     Order Defendant Mat-Su Valley Medical Center, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.     Order Defendant Mat-Su Valley Medical Center, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

<u>**COUNT XXII**</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Bullhead City Hospital Corporation)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Bullhead City Hospital Corporation as follows:

600.     Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

601.     Said emergency room claims and inpatient hospital services claims were submitted by Defendant Bullhead City Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Bullhead City Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

602.     Said claims were submitted by Defendant Bullhead City Hospital Corporation' to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

603.     As a result of Defendant Bullhead City Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Bullhead City Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

604.     By virtue of the acts described above, Defendant Bullhead City Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

605.     By virtue of the acts described above, Defendant Bullhead City Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

606.     The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Bullhead City Hospital Corporation paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

607.     By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

608.     By virtue of the acts described above, Defendant Bullhead City Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

609.     Defendant Bullhead City Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

610.     Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Bullhead City Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A. Order Defendant Bullhead City Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Bullhead City Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Bullhead City Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman

BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

**COUNT XXIII**
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Northwest Hospital, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Northwest Hospital, LLC as follows:

611.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

612.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Northwest Hospital, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Northwest Hospital, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

613.  Said claims were submitted by Defendant Northwest Hospital, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

614.  As a result of Defendant Northwest Hospital, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Northwest Hospital, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

615.    By virtue of the acts described above, Defendant Northwest Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

616.    By virtue of the acts described above, Defendant Northwest Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

617.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Northwest Hospital, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

618.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

619.    By virtue of the acts described above, Defendant Northwest Hospital, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

620.    Defendant Northwest Hospital, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

621.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Northwest Hospital, LLC

and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.   Order Defendant Northwest Hospital, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.   Order Defendant Northwest Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.   Order Defendant Northwest Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT XXIV
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Oro Valley Hospital, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Oro Valley Hospital, LLC as follows:

622.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

623.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Oro Valley Hospital, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Oro Valley Hospital, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

624.    Said claims were submitted by Defendant Oro Valley Hospital, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

625.    As a result of Defendant Oro Valley Hospital, LLC knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Oro Valley Hospital, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

626.    By virtue of the acts described above, Defendant Oro Valley Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

627.    By virtue of the acts described above, Defendant Oro Valley Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

628.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Oro Valley Hospital, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

629.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

630.    By virtue of the acts described above, Defendant Oro Valley Hospital, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

631.    Defendant Oro Valley Hospital, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

632.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Oro Valley Hospital, LLC

and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A.   Order Defendant Oro Valley Hospital, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.   Order Defendant Oro Valley Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.   Order Defendant Oro Valley Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.   Order such other and further relief as this Court deems just and proper.

### **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

<u>**COUNT XXV**</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Payson Hospital Corporation)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Payson Hospital Corporation as follows:

633.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

634.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Payson Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Payson Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

635.    Said claims were submitted by Defendant Payson Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

636.    As a result of Defendant Payson Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Payson Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

637. By virtue of the acts described above, Defendant Payson Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

638. By virtue of the acts described above, Defendant Payson Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

639. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Payson Hospital Corporation paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

640. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

641. By virtue of the acts described above, Defendant Payson Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

642. Defendant Payson Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

643. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Payson Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.   Order Defendant Payson Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.   Order Defendant Payson Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.   Order Defendant Payson Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT XXVI
## False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Forrest City Arkansas Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Forrest City Arkansas Hospital Company, LLC as follows:

644.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

645.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Forrest City Arkansas Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Forrest City Arkansas Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

646.    Said claims were submitted by Defendant Forrest City Arkansas Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

647.    As a result of Defendant Forrest City Arkansas Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Forrest City Arkansas Hospital Company, LLC for both emergency room services under

Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

648.    By virtue of the acts described above, Defendant Forrest City Arkansas Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

649.    By virtue of the acts described above, Defendant Forrest City Arkansas Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

650.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Forrest City Arkansas Hospital Company, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

651.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

652.    By virtue of the acts described above, Defendant Forrest City Arkansas Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

653.    Defendant Forrest City Arkansas Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

654.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Forrest City Arkansas Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Forrest City Arkansas Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Forrest City Arkansas Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Forrest City Arkansas Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT XXVII
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by MCSA, L.L.C.)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant MCSA, L.L.C. as follows:

655.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

656.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant MCSA, L.L.C. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant MCSA, L.L.C. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

657.    Said claims were submitted by Defendant MCSA, L.L.C. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

658.    As a result of Defendant MCSA, L.L.C.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant MCSA, L.L.C. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the

inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

659. By virtue of the acts described above, Defendant MCSA, L.L.C. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

660. By virtue of the acts described above, Defendant MCSA, L.L.C. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

661. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant MCSA, L.L.C., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

662. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

663. By virtue of the acts described above, Defendant MCSA, L.L.C. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

664. Defendant MCSA, L.L.C. has not notified the United States of the violations of the False Claims Act alleged herein.

665. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant MCSA, L.L.C. and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A.    Order Defendant MCSA, L.L.C. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant MCSA, L.L.C. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant MCSA, L.L.C. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

<u>**COUNT XXVIII**</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by National Healthcare of Newport, Inc.)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant National Healthcare of Newport, Inc. as follows:

666.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

667.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant National Healthcare of Newport, Inc. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant National Healthcare of Newport, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

668.    Said claims were submitted by Defendant National Healthcare of Newport, Inc. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

669.    As a result of Defendant National Healthcare of Newport, Inc.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant National Healthcare of Newport, Inc. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

670. By virtue of the acts described above, Defendant National Healthcare of Newport, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

671. By virtue of the acts described above, Defendant National Healthcare of Newport, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

672. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant National Healthcare of Newport, Inc., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

673. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

674. By virtue of the acts described above, Defendant National Healthcare of Newport, Inc. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

675. Defendant National Healthcare of Newport, Inc. has not notified the United States of the violations of the False Claims Act alleged herein.

676. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant National Healthcare of Newport, Inc. and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A.    Order Defendant National Healthcare of Newport, Inc. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant National Healthcare of Newport, Inc. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant National Healthcare of Newport, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

**COUNT XXIX**
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Northwest Arkansas Hospitals, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Northwest Arkansas Hospitals, LLC as follows:

677.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

678.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Northwest Arkansas Hospitals, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Northwest Arkansas Hospitals, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

679.    Said claims were submitted by Defendant Northwest Arkansas Hospitals, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

680.    As a result of Defendant Northwest Arkansas Hospitals, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Northwest Arkansas Hospitals, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

681.	By virtue of the acts described above, Defendant Northwest Arkansas Hospitals, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

682.	By virtue of the acts described above, Defendant Northwest Arkansas Hospitals, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

683.	The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Northwest Arkansas Hospitals, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

684.	By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

685.	By virtue of the acts described above, Defendant Northwest Arkansas Hospitals, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

686.	Defendant Northwest Arkansas Hospitals, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

687.	Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Northwest Arkansas Hospitals, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729 *et seq.*, specifically as follows:

A.  Order Defendant Northwest Arkansas Hospitals, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant Northwest Arkansas Hospitals, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant Northwest Arkansas Hospitals, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.  Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Phillips Hospital Corporation)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Phillips Hospital Corporation as follows:

688.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

689.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Phillips Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Phillips Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

690.    Said claims were submitted by Defendant Phillips Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

691.    As a result of Defendant Phillips Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Phillips Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

692.  By virtue of the acts described above, Defendant Phillips Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

693.  By virtue of the acts described above, Defendant Phillips Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

694.  The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Phillips Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

695.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

696.  By virtue of the acts described above, Defendant Phillips Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

697.  Defendant Phillips Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

698.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Phillips Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Phillips Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Phillips Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Phillips Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

### **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

_/s/ Ronald E. Osman_____
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Siloam Springs Arkansas Hospital Company, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Siloam Springs Arkansas Hospital Company, LLC as follows:

699.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

700.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Siloam Springs Arkansas Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Siloam Springs Arkansas Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

701.    Said claims were submitted by Defendant Siloam Springs Arkansas Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

702.    As a result of Defendant Siloam Springs Arkansas Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Siloam Springs Arkansas Hospital Company, LLC for both emergency room services under

Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

703. By virtue of the acts described above, Defendant Siloam Springs Arkansas Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

704. By virtue of the acts described above, Defendant Siloam Springs Arkansas Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

705. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Siloam Springs Arkansas Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

706. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

707. By virtue of the acts described above, Defendant Siloam Springs Arkansas Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

708. Defendant Siloam Springs Arkansas Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

709.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Siloam Springs Arkansas Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A.    Order Defendant Siloam Springs Arkansas Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Siloam Springs Arkansas Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Siloam Springs Arkansas Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT XXXII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Fallbrook Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Fallbrook Hospital Corporation as follows:

710.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

711.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Fallbrook Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Fallbrook Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

712.    Said claims were submitted by Defendant Fallbrook Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services

provided to the patients were not reasonable and necessary for their diagnosis or treatment.

713.    As a result of Defendant Fallbrook Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Fallbrook Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

714.    By virtue of the acts described above, Defendant Fallbrook Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

715.    By virtue of the acts described above, Defendant Fallbrook Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

716.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Fallbrook Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

717.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

718. By virtue of the acts described above, Defendant Fallbrook Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

719. Defendant Fallbrook Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

720. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Fallbrook Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A. Order Defendant Fallbrook Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Fallbrook Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Fallbrook Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

## COUNT XXXIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Hospital of Barstow, Inc.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Hospital of Barstow, Inc. as follows:

721. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

722. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Hospital of Barstow, Inc. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Hospital of Barstow, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

723. Said claims were submitted by Defendant Hospital of Barstow, Inc. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

724. As a result of Defendant Hospital of Barstow, Inc.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Hospital of Barstow, Inc. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

725. By virtue of the acts described above, Defendant Hospital of Barstow, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

726. By virtue of the acts described above, Defendant Hospital of Barstow, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

727. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Hospital of Barstow, Inc., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

728. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

729.    By virtue of the acts described above, Defendant Hospital of Barstow, Inc. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

730.    Defendant Hospital of Barstow, Inc. has not notified the United States of the violations of the False Claims Act alleged herein.

731.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Hospital of Barstow, Inc. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Hospital of Barstow, Inc. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Hospital of Barstow, Inc. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Hospital of Barstow, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

/s/ Ronald E. Osman
BY:      Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT XXXIV
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Watsonville Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Watsonville Hospital Corporation as follows:

732.      Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

733.      Said emergency room claims and inpatient hospital services claims were submitted by Defendant Watsonville Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Watsonville Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

734.    Said claims were submitted by Defendant Watsonville Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

735.    As a result of Defendant Watsonville Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Watsonville Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

736.    By virtue of the acts described above, Defendant Watsonville Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

737.    By virtue of the acts described above, Defendant Watsonville Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

738.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Watsonville Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

739.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

740. By virtue of the acts described above, Defendant Watsonville Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

741. Defendant Watsonville Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

742. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Watsonville Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Watsonville Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Watsonville Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Watsonville Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

## COUNT XXXV
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Crestview Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Crestview Hospital Corporation as follows:

743.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

744.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Crestview Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Crestview Hospital Corporation certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

745.    Said claims were submitted by Defendant Crestview Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

746.    As a result of Defendant Crestview Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Crestview Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

747.    By virtue of the acts described above, Defendant Crestview Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

748.    By virtue of the acts described above, Defendant Crestview Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

749.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Crestview Hospital Corporation paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

750.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

751. By virtue of the acts described above, Defendant Crestview Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

752. Defendant Crestview Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

753. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Crestview Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.     Order Defendant Crestview Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.     Order Defendant Crestview Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.     Order Defendant Crestview Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

## COUNT XXXVI
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Lake Wales Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Lake Wales Hospital Corporation as follows:

754.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

755.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Lake Wales Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Lake Wales Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

756. Said claims were submitted by Defendant Lake Wales Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

757. As a result of Defendant Lake Wales Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Lake Wales Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

758. By virtue of the acts described above, Defendant Lake Wales Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

759. By virtue of the acts described above, Defendant Lake Wales Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

760. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Lake Wales Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

761. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

762.    By virtue of the acts described above, Defendant Lake Wales Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

763.    Defendant Lake Wales Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

764.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Lake Wales Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Lake Wales Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Lake Wales Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Lake Wales Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

/s/ Ronald E. Osman
BY:     Ronald E. Osman
Attorney for Relator, Bryan Carnithan

## COUNT XXXVII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Augusta Hospital, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Augusta Hospital, LLC as follows:

765.     Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

766.     Said emergency room claims and inpatient hospital services claims were submitted by Defendant Augusta Hospital, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Augusta Hospital, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

767. Said claims were submitted by Defendant Augusta Hospital, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

768. As a result of Defendant Augusta Hospital, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Augusta Hospital, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

769. By virtue of the acts described above, Defendant Augusta Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

770. By virtue of the acts described above, Defendant Augusta Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

771. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Augusta Hospital, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

772. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

773. By virtue of the acts described above, Defendant Augusta Hospital, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

774. Defendant Augusta Hospital, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

775. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Augusta Hospital, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Augusta Hospital, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Augusta Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Augusta Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT XXXVIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Blue Ridge Georgia Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Blue Ridge Georgia Hospital Company, LLC as follows:

776.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

777.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Blue Ridge Georgia Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Blue Ridge Georgia Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

778.    Said claims were submitted by Defendant Blue Ridge Georgia Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient

hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

779.    As a result of Defendant Blue Ridge Georgia Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Blue Ridge Georgia Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

780.    By virtue of the acts described above, Defendant Blue Ridge Georgia Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

781.    By virtue of the acts described above, Defendant Blue Ridge Georgia Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

782.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Blue Ridge Georgia Hospital Company, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

783.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

784.     By virtue of the acts described above, Defendant Blue Ridge Georgia Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

785.     Defendant Blue Ridge Georgia Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

786.     Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Blue Ridge Georgia Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.     Order Defendant Blue Ridge Georgia Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.     Order Defendant Blue Ridge Georgia Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.     Order Defendant Blue Ridge Georgia Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

### COUNT XXXIX
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Bluffton Health System, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Bluffton Health System, LLC as follows:

787.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

788.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Bluffton Health System, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Bluffton Health System, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

789.	Said claims were submitted by Defendant Bluffton Health System, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

790.	As a result of Defendant Bluffton Health System, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Bluffton Health System, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

791.	By virtue of the acts described above, Defendant Bluffton Health System, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

792.	By virtue of the acts described above, Defendant Bluffton Health System, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

793.	The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Bluffton Health System, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

794.	By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

795.     By virtue of the acts described above, Defendant Bluffton Health System, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

796.     Defendant Bluffton Health System, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

797.     Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Bluffton Health System, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.     Order Defendant Bluffton Health System, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.     Order Defendant Bluffton Health System, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.     Order Defendant Bluffton Health System, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT XL
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Dukes Health System, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Dukes Health System, LLC as follows:

798.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

799.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Dukes Health System, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Dukes Health System, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

800.    Said claims were submitted by Defendant Dukes Health System, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

801.    As a result of Defendant Dukes Health System, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Dukes Health System, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

802.    By virtue of the acts described above, Defendant Dukes Health System, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

803.    By virtue of the acts described above, Defendant Dukes Health System, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

804.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Dukes Health System, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

805.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

806. By virtue of the acts described above, Defendant Dukes Health System, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

807. Defendant Dukes Health System, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

808. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Dukes Health System, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Dukes Health System, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Dukes Health System, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Dukes Health System, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

_/s/ Ronald E. Osman_____
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT XLI
## False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
## (False Claims Submitted to Medicare for Medically Unnecessary Services
## by DuPont Hospital, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant DuPont Hospital, LLC as follows:

809.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

810.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant DuPont Hospital, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant DuPont Hospital, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

811. Said claims were submitted by Defendant DuPont Hospital, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

812. As a result of Defendant DuPont Hospital, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant DuPont Hospital, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

813. By virtue of the acts described above, Defendant DuPont Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

814. By virtue of the acts described above, Defendant DuPont Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

815. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant DuPont Hospital, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

816. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

817. By virtue of the acts described above, Defendant DuPont Hospital, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

818.    Defendant DuPont Hospital, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

819.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant DuPont Hospital, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant DuPont Hospital, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant DuPont Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant DuPont Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT XLII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by IOM Health System, L.P.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant IOM Health System, L.P. as follows:

820.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

821.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant IOM Health System, L.P. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant IOM Health System, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

822.    Said claims were submitted by Defendant IOM Health System, L.P. to Medicare with the knowledge by it that the claims were false as inpatient hospital services

provided to the patients were not reasonable and necessary for their diagnosis or treatment.

823.    As a result of Defendant IOM Health System, L.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant IOM Health System, L.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

824.    By virtue of the acts described above, Defendant IOM Health System, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

825.    By virtue of the acts described above, Defendant IOM Health System, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

826.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant IOM Health System, L.P., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

827.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

828.    By virtue of the acts described above, Defendant IOM Health System, L.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

829.    Defendant IOM Health System, L.P. has not notified the United States of the violations of the False Claims Act alleged herein.

830.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant IOM Health System, L.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant IOM Health System, L.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant IOM Health System, L.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant IOM Health System, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT XLIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Porter Hospital, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Porter Hospital, LLC as follows:

831.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

832.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Porter Hospital, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Porter Hospital, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

833.    Said claims were submitted by Defendant Porter Hospital, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

834.    As a result of Defendant Porter Hospital, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Porter Hospital, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

835.    By virtue of the acts described above, Defendant Porter Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

836.    By virtue of the acts described above, Defendant Porter Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

837.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Porter Hospital, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

838.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

839.    By virtue of the acts described above, Defendant Porter Hospital, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

840.    Defendant Porter Hospital, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

841. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Porter Hospital, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Porter Hospital, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Porter Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Porter Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan


## COUNT XLIV
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by St. Joseph Health System, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant St. Joseph Health System, LLC as follows:

842.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

843.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant St. Joseph Health System, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant St. Joseph Health System, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

844.    Said claims were submitted by Defendant St. Joseph Health System, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

845.    As a result of Defendant St. Joseph Health System, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant St. Joseph

Health System, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

846. By virtue of the acts described above, Defendant St. Joseph Health System, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

847. By virtue of the acts described above, Defendant St. Joseph Health System, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

848. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant St. Joseph Health System, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

849. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

850. By virtue of the acts described above, Defendant St. Joseph Health System, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

851. Defendant St. Joseph Health System, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

852. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant St. Joseph Health System, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant St. Joseph Health System, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant St. Joseph Health System, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant St. Joseph Health System, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
           Attorney for Relator, Bryan Carnithan


**COUNT XLV**
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Warsaw Health System, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Warsaw Health System, LLC as follows:

853.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

854.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Warsaw Health System, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Warsaw Health System, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

855.    Said claims were submitted by Defendant Warsaw Health System, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

856.    As a result of Defendant Warsaw Health System, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Warsaw Health System, LLC

for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

857.    By virtue of the acts described above, Defendant Warsaw Health System, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

858.    By virtue of the acts described above, Defendant Warsaw Health System, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

859.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Warsaw Health System, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

860.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

861.    By virtue of the acts described above, Defendant Warsaw Health System, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

862.    Defendant Warsaw Health System, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

863. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Warsaw Health System, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Warsaw Health System, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Warsaw Health System, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Warsaw Health System, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


### COUNT XLVI
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Hospital of Louisa, Inc.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Hospital of Louisa, Inc. as follows:

864.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

865.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Hospital of Louisa, Inc. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Hospital of Louisa, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

866.    Said claims were submitted by Defendant Hospital of Louisa, Inc. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

867.    As a result of Defendant Hospital of Louisa, Inc.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Hospital of Louisa, Inc. for both

emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

868.    By virtue of the acts described above, Defendant Hospital of Louisa, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

869.    By virtue of the acts described above, Defendant Hospital of Louisa, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

870.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Hospital of Louisa, Inc., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

871.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

872.    By virtue of the acts described above, Defendant Hospital of Louisa, Inc. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

873.    Defendant Hospital of Louisa, Inc. has not notified the United States of the violations of the False Claims Act alleged herein.

874.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Hospital of Louisa, Inc. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Hospital of Louisa, Inc. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Hospital of Louisa, Inc. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Hospital of Louisa, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
           Attorney for Relator, Bryan Carnithan

**COUNT XLVII**
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Hospital of Fulton, Inc.)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Hospital of Fulton, Inc. as follows:

875.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

876.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Hospital of Fulton, Inc. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Hospital of Fulton, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

877.    Said claims were submitted by Defendant Hospital of Fulton, Inc. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

878.    As a result of Defendant Hospital of Fulton, Inc.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Hospital of Fulton, Inc. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

879.    By virtue of the acts described above, Defendant Hospital of Fulton, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

880.    By virtue of the acts described above, Defendant Hospital of Fulton, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

881.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Hospital of Fulton, Inc., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

882.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

883.    By virtue of the acts described above, Defendant Hospital of Fulton, Inc. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

884.    Defendant Hospital of Fulton, Inc. has not notified the United States of the violations of the False Claims Act alleged herein.

885.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Hospital of Fulton, Inc.

and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.      Order Defendant Hospital of Fulton, Inc. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.      Order Defendant Hospital of Fulton, Inc. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.      Order Defendant Hospital of Fulton, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman             
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

## COUNT XLVIII
## False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
## (False Claims Submitted to Medicare for Medically Unnecessary Services
## by Jackson Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Jackson Hospital Corporation as follows:

886.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

887.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Jackson Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Jackson Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

888.    Said claims were submitted by Defendant Jackson Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

889.    As a result of Defendant Jackson Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Jackson Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

890. By virtue of the acts described above, Defendant Jackson Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

891. By virtue of the acts described above, Defendant Jackson Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

892. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Jackson Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

893. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

894. By virtue of the acts described above, Defendant Jackson Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

895. Defendant Jackson Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

896. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Jackson Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A.  Order Defendant Jackson Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant Jackson Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant Jackson Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.  Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT XLIX
## False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by National Healthcare of Leesville, Inc.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant National Healthcare of Leesville, Inc. as follows:

897.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

898.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant National Healthcare of Leesville, Inc. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant National Healthcare of Leesville, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

899.    Said claims were submitted by Defendant National Healthcare of Leesville, Inc. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

900.    As a result of Defendant National Healthcare of Leesville, Inc.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant National Healthcare of Leesville, Inc. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

901. By virtue of the acts described above, Defendant National Healthcare of Leesville, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

902. By virtue of the acts described above, Defendant National Healthcare of Leesville, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

903. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant National Healthcare of Leesville, Inc., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

904. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

905. By virtue of the acts described above, Defendant National Healthcare of Leesville, Inc. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

906. Defendant National Healthcare of Leesville, Inc. has not notified the United States of the violations of the False Claims Act alleged herein.

907. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant National Healthcare of Leesville, Inc. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.  Order Defendant National Healthcare of Leesville, Inc. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant National Healthcare of Leesville, Inc. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant National Healthcare of Leesville, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.  Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT L
## False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Ruston Louisiana Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Ruston Louisiana Hospital Company, LLC as follows:

908.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

909.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Ruston Louisiana Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Ruston Louisiana Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

910.    Said claims were submitted by Defendant Ruston Louisiana Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

911.    As a result of Defendant Ruston Louisiana Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Ruston Louisiana Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

912.    By virtue of the acts described above, Defendant Ruston Louisiana Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

913.    By virtue of the acts described above, Defendant Ruston Louisiana Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

914.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Ruston Louisiana Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

915.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

916.    By virtue of the acts described above, Defendant Ruston Louisiana Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

917.    Defendant Ruston Louisiana Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

918.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Ruston Louisiana Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Ruston Louisiana Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Ruston Louisiana Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Ruston Louisiana Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

<u>COUNT LI</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Women & Children's Hospital, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Women & Children's Hospital, LLC as follows:

919. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

920. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Women & Children's Hospital, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Women & Children's Hospital, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

921. Said claims were submitted by Defendant Women & Children's Hospital, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

922. As a result of Defendant Women & Children's Hospital, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Women & Children's Hospital, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

923. By virtue of the acts described above, Defendant Women & Children's Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

924. By virtue of the acts described above, Defendant Women & Children's Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

925. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Women & Children's Hospital, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

926. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

927. By virtue of the acts described above, Defendant Women & Children's Hospital, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

928. Defendant Women & Children's Hospital, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

929. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Women & Children's Hospital, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Women & Children's Hospital, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Women & Children's Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Women & Children's Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

<u>**COUNT LII**</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Vicksburg Healthcare, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Vicksburg Healthcare, LLC as follows:

930.   Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

931.   Said emergency room claims and inpatient hospital services claims were submitted by Defendant Vicksburg Healthcare, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Vicksburg Healthcare, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

932.   Said claims were submitted by Defendant Vicksburg Healthcare, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

933.   As a result of Defendant Vicksburg Healthcare LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Vicksburg Healthcare, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

934. By virtue of the acts described above, Defendant Vicksburg Healthcare, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

935. By virtue of the acts described above, Defendant Vicksburg Healthcare, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

936. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Vicksburg Healthcare, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

937. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

938. By virtue of the acts described above, Defendant Vicksburg Healthcare, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

939. Defendant Vicksburg Healthcare, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

940. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Vicksburg Healthcare,

LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Vicksburg Healthcare, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Vicksburg Healthcare, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Vicksburg Healthcare, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

### <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
           Attorney for Relator, Bryan Carnithan

<u>**COUNT LIII**</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Wesley Health System, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Wesley Health System, LLC as follows:

941.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

942.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Wesley Health System, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Wesley Health System, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

943.    Said claims were submitted by Defendant Wesley Health System, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

944.    As a result of Defendant Wesley Health System, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Wesley Health System, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

945. By virtue of the acts described above, Defendant Wesley Health System, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

946. By virtue of the acts described above, Defendant Wesley Health System, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

947. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Wesley Health System, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

948. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

949. By virtue of the acts described above, Defendant Wesley Health System, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

950. Defendant Wesley Health System, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

951. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Wesley Health System,

LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.  Order Defendant Wesley Health System, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant Wesley Health System, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant Wesley Health System, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.  Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT LIV
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Kirksville Missouri Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Kirksville Missouri Hospital Company, LLC as follows:

952. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

953. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Kirksville Missouri Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Kirksville Missouri Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

954. Said claims were submitted by Defendant Kirksville Missouri Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

955. As a result of Defendant Kirksville Missouri Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Kirksville Missouri Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

956. By virtue of the acts described above, Defendant Kirksville Missouri Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

957. By virtue of the acts described above, Defendant Kirksville Missouri Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

958. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Kirksville Missouri Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

959. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

960. By virtue of the acts described above, Defendant Kirksville Missouri Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

961. Defendant Kirksville Missouri Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

962. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Kirksville Missouri Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Kirksville Missouri Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Kirksville Missouri Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Kirksville Missouri Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
           Attorney for Relator, Bryan Carnithan

**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Moberly Hospital Company, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Moberly Hospital Company, LLC as follows:

963.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

964.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Moberly Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Moberly Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

965.    Said claims were submitted by Defendant Moberly Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

966.    As a result of Defendant Moberly Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Moberly Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

967.    By virtue of the acts described above, Defendant Moberly Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

968.    By virtue of the acts described above, Defendant Moberly Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

969.    The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Moberly Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

970.    By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

971.    By virtue of the acts described above, Defendant Moberly Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

972.    Defendant Moberly Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

973.    Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Moberly Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.   Order Defendant Moberly Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.   Order Defendant Moberly Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.   Order Defendant Moberly Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.   Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT LVI
## False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
## (False Claims Submitted to Medicare for Medically Unnecessary Services
## by MMC of Nevada, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant MMC of Nevada, LLC as follows:

974. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

975. Said emergency room claims and inpatient hospital services claims were submitted by Defendant MMC of Nevada, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant MMC of Nevada, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

976. Said claims were submitted by Defendant MMC of Nevada, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

977. As a result of Defendant MMC of Nevada, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant MMC of Nevada, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

978.     By virtue of the acts described above, Defendant MMC of Nevada, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

979.     By virtue of the acts described above, Defendant MMC of Nevada, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

980.     The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant MMC of Nevada, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

981.     By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

982.     By virtue of the acts described above, Defendant MMC of Nevada, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

983.     Defendant MMC of Nevada, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

984.     Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant MMC of Nevada, LLC

and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant MMC of Nevada, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant MMC of Nevada, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant MMC of Nevada, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

<u>COUNT LVII</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Salem Hospital Corporation)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Salem Hospital Corporation as follows:

985.    Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

986.    Said emergency room claims and inpatient hospital services claims were submitted by Defendant Salem Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Salem Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

987.    Said claims were submitted by Defendant Salem Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

988.    As a result of Defendant Salem Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Salem Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

989. By virtue of the acts described above, Defendant Salem Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

990. By virtue of the acts described above, Defendant Salem Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

991. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Salem Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

992. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

993. By virtue of the acts described above, Defendant Salem Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

994. Defendant Salem Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

995. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Salem Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Salem Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Salem Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Salem Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

### <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

<u>COUNT LVIII</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Carlsbad Medical Center, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Carlsbad Medical Center, LLC as follows:

996. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

997. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Carlsbad Medical Center, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Carlsbad Medical Center, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

998. Said claims were submitted by Defendant Carlsbad Medical Center, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

999. As a result of Defendant Carlsbad Medical Center, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Carlsbad Medical Center, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1000.  By virtue of the acts described above, Defendant Carlsbad Medical Center, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1001.  By virtue of the acts described above, Defendant Carlsbad Medical Center, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1002.  The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Carlsbad Medical Center, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1003.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1004.  By virtue of the acts described above, Defendant Carlsbad Medical Center, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1005.  Defendant Carlsbad Medical Center, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1006.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Carlsbad Medical

Center, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Carlsbad Medical Center, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Carlsbad Medical Center, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Carlsbad Medical Center, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

<u>**COUNT LIX**</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Deming Hospital Corporation)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Deming Hospital Corporation as follows:

1007.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1008.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Deming Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Deming Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1009.  Said claims were submitted by Defendant Deming Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1010.  As a result of Defendant Deming Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Deming Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1011. By virtue of the acts described above, Defendant Deming Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1012. By virtue of the acts described above, Defendant Deming Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1013. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Deming Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1014. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1015. By virtue of the acts described above, Defendant Deming Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1016. Defendant Deming Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1017. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Deming Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A.    Order Defendant Deming Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Deming Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Deming Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

<u>**COUNT LX**</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Las Cruces Medical Center, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Las Cruces Medical Center, LLC as follows:

1018. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1019. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Las Cruces Medical Center, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Las Cruces Medical Center, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1020. Said claims were submitted by Defendant Las Cruces Medical Center, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1021. As a result of Defendant Las Cruces Medical Center, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Las Cruces Medical Center, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1022. By virtue of the acts described above, Defendant Las Cruces Medical Center, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1023. By virtue of the acts described above, Defendant Las Cruces Medical Center, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1024. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Las Cruces Medical Center, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1025. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1026. By virtue of the acts described above, Defendant Las Cruces Medical Center, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1027. Defendant Las Cruces Medical Center, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1028. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Las Cruces Medical Center, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.      Order Defendant Las Cruces Medical Center, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.      Order Defendant Las Cruces Medical Center, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.      Order Defendant Las Cruces Medical Center, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Lea Regional Hospital, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Lea Regional Hospital, LLC as follows:

1029. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1030. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Lea Regional Hospital, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Lea Regional Hospital, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1031. Said claims were submitted by Defendant Lea Regional Hospital, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1032. As a result of Defendant Lea Regional Hospital, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Lea Regional Hospital, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1033. By virtue of the acts described above, Defendant Lea Regional Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1034. By virtue of the acts described above, Defendant Lea Regional Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1035. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Lea Regional Hospital, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1036. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1037. By virtue of the acts described above, Defendant Lea Regional Hospital, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1038. Defendant Lea Regional Hospital, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1039. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Lea Regional Hospital,

LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.     Order Defendant Lea Regional Hospital, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.     Order Defendant Lea Regional Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.     Order Defendant Lea Regional Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

<u>COUNT LXII</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Roswell Hospital Corporation)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Roswell Hospital Corporation as follows:

1040.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1041.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Roswell Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Roswell Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1042.  Said claims were submitted by Defendant Roswell Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1043.  As a result of Defendant Roswell Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Roswell Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1044. By virtue of the acts described above, Defendant Roswell Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1045. By virtue of the acts described above, Defendant Roswell Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1046. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Roswell Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1047. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1048. By virtue of the acts described above, Defendant Roswell Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1049. Defendant Roswell Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1050. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Roswell Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Roswell Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Roswell Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Roswell Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

### **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY: Ronald E. Osman
Attorney for Relator, Bryan Carnithan

## COUNT LXIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by San Miguel Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant San Miguel Hospital Corporation as follows:

1051.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1052.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant San Miguel Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant San Miguel Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1053.  Said claims were submitted by Defendant San Miguel Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1054. As a result of Defendant San Miguel Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant San Miguel Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1055. By virtue of the acts described above, Defendant San Miguel Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1056. By virtue of the acts described above, Defendant San Miguel Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1057. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant San Miguel Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1058. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1059. By virtue of the acts described above, Defendant San Miguel Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1060. Defendant San Miguel Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1061. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant San Miguel Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant San Miguel Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant San Miguel Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant San Miguel Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Williamston Hospital Corporation)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Williamston Hospital Corporation as follows:

1062.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1063.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Williamston Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Williamston Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1064.  Said claims were submitted by Defendant Williamston Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1065.  As a result of Defendant Williamston Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Williamston Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1066. By virtue of the acts described above, Defendant Williamston Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1067. By virtue of the acts described above, Defendant Williamston Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1068. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Williamston Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1069. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1070. By virtue of the acts described above, Defendant Williamston Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1071. Defendant Williamston Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1072. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Williamston Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Williamston Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Williamston Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Williamston Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY: Ronald E. Osman
Attorney for Relator, Bryan Carnithan

**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by DHSC, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant DHSC, LLC as follows:

1073.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1074.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant DHSC, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant DHSC, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1075.  Said claims were submitted by Defendant DHSC, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1076.  As a result of Defendant DHSC, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant DHSC, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1077. By virtue of the acts described above, Defendant DHSC, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1078. By virtue of the acts described above, Defendant DHSC, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1079. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant DHSC, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1080. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1081. By virtue of the acts described above, Defendant DHSC, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1082. Defendant DHSC, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1083. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant DHSC, LLC and issue

orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.      Order Defendant DHSC, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.      Order Defendant DHSC, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.      Order Defendant DHSC, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

<u>COUNT LXVI</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Warren Ohio Hospital Company, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Warren Ohio Hospital Company, LLC as follows:

1084. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1085. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Warren Ohio Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Warren Ohio Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1086. Said claims were submitted by Defendant Warren Ohio Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1087. As a result of Defendant Warren Ohio Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Warren Ohio Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1088. By virtue of the acts described above, Defendant Warren Ohio Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1089. By virtue of the acts described above, Defendant Warren Ohio Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1090. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Warren Ohio Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1091. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1092. By virtue of the acts described above, Defendant Warren Ohio Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1093. Defendant Warren Ohio Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1094. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Warren Ohio Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.      Order Defendant Warren Ohio Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.      Order Defendant Warren Ohio Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.      Order Defendant Warren Ohio Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

### **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

**COUNT LXVII**
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Youngstown Ohio Hospital Company, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Youngstown Ohio Hospital Company, LLC as follows:

1095. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1096. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Youngstown Ohio Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Youngstown Ohio Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1097. Said claims were submitted by Defendant Youngstown Ohio Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1098. As a result of Defendant Youngstown Ohio Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Youngstown Ohio Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1099. By virtue of the acts described above, Defendant Youngstown Ohio Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1100. By virtue of the acts described above, Defendant Youngstown Ohio Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1101. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Youngstown Ohio Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1102. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1103. By virtue of the acts described above, Defendant Youngstown Ohio Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1104. Defendant Youngstown Ohio Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1105. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Youngstown Ohio Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Youngstown Ohio Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Youngstown Ohio Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Youngstown Ohio Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT LXVIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Claremore Regional Hospital, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Claremore Regional Hospital, LLC as follows:

1106.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1107.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Claremore Regional Hospital, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Claremore Regional Hospital, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1108.  Said claims were submitted by Defendant Claremore Regional Hospital, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1109.  As a result of Defendant Claremore Regional Hospital, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Claremore Regional Hospital, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1110. By virtue of the acts described above, Defendant Claremore Regional Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1111. By virtue of the acts described above, Defendant Claremore Regional Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1112. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Claremore Regional Hospital, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1113. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1114. By virtue of the acts described above, Defendant Claremore Regional Hospital, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1115. Defendant Claremore Regional Hospital, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1116. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Claremore Regional Hospital, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.  Order Defendant Claremore Regional Hospital, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant Claremore Regional Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant Claremore Regional Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.  Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT LXIX
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Deaconess Health System, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Deaconess Health System, LLC as follows:

1117.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1118.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Deaconess Health System, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Deaconess Health System, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1119.  Said claims were submitted by Defendant Deaconess Health System, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1120.  As a result of Defendant Deaconess Health System, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Deaconess Health System, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1121. By virtue of the acts described above, Defendant Deaconess Health System, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1122. By virtue of the acts described above, Defendant Deaconess Health System, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1123. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Deaconess Health System, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1124. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1125. By virtue of the acts described above, Defendant Deaconess Health System, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1126. Defendant Deaconess Health System, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1127. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Deaconess Health

System, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.  Order Defendant Deaconess Health System, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant Deaconess Health System, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant Deaconess Health System, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.  Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
           Attorney for Relator, Bryan Carnithan

**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Kay County Oklahoma Hospital Company, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Kay County Oklahoma Hospital Company, LLC as follows:

1128.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1129.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Kay County Oklahoma Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Kay County Oklahoma Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1130.  Said claims were submitted by Defendant Kay County Oklahoma Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1131.  As a result of Defendant Kay County Oklahoma Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Kay County Oklahoma Hospital Company, LLC for both emergency room services under

Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1132. By virtue of the acts described above, Defendant Kay County Oklahoma Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1133. By virtue of the acts described above, Defendant Kay County Oklahoma Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1134. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Kay County Oklahoma Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1135. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1136. By virtue of the acts described above, Defendant Kay County Oklahoma Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1137. Defendant Kay County Oklahoma Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1138. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Kay County Oklahoma Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Kay County Oklahoma Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Kay County Oklahoma Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Kay County Oklahoma Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


## COUNT LXXI
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Southcrest, L.L.C.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Southcrest, L.L.C. as follows:

1139.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1140.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Southcrest, L.L.C. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Southcrest, L.L.C. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1141.  Said claims were submitted by Defendant Southcrest, L.L.C. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1142.  As a result of Defendant Southcrest, L.L.C.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Southcrest, L.L.C. for both emergency room services under Outpatient PPS and inpatient services under Inpatient

PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1143. By virtue of the acts described above, Defendant Southcrest, L.L.C. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1144. By virtue of the acts described above, Defendant Southcrest, L.L.C. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1145. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Southcrest, L.L.C., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1146. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1147. By virtue of the acts described above, Defendant Southcrest, L.L.C. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1148. Defendant Southcrest, L.L.C. has not notified the United States of the violations of the False Claims Act alleged herein.

1149. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Southcrest, L.L.C. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Southcrest, L.L.C. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Southcrest, L.L.C. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Southcrest, L.L.C. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

<u>COUNT LXXII</u>
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Woodward Health System, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Woodward Health System, LLC as follows:

1150. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1151. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Woodward Health System, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Woodward Health System, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1152. Said claims were submitted by Defendant Woodward Health System, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1153. As a result of Defendant Woodward Health System, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Woodward Health System, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1154.  By virtue of the acts described above, Defendant Woodward Health System, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1155.  By virtue of the acts described above, Defendant Woodward Health System, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1156.  The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Woodward Health System, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1157.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1158.  By virtue of the acts described above, Defendant Woodward Health System, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1159.  Defendant Woodward Health System, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1160.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Woodward Health

System, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Woodward Health System, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Woodward Health System, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Woodward Health System, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by McKenzie-Willamette Regional Medical Center Associates, LLC)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant McKenzie-Willamette Regional Medical Center Associates, LLC as follows:

1161.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1162.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant McKenzie-Willamette Regional Medical Center Associates, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant McKenzie-Willamette Regional Medical Center Associates, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1163.  Said claims were submitted by Defendant McKenzie-Willamette Regional Medical Center Associates, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1164.  As a result of Defendant McKenzie-Willamette Regional Medical Center Associates, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant McKenzie-Willamette Regional Medical Center Associates, LLC for both

emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1165. By virtue of the acts described above, Defendant McKenzie-Willamette Regional Medical Center Associates, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1166. By virtue of the acts described above, Defendant McKenzie-Willamette Regional Medical Center Associates, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1167. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant McKenzie-Willamette Regional Medical Center Associates, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1168. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1169. By virtue of the acts described above, Defendant McKenzie-Willamette Regional Medical Center Associates, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1170. Defendant McKenzie-Willamette Regional Medical Center Associates, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1171. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant McKenzie-Willamette Regional Medical Center Associates, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant McKenzie-Willamette Regional Medical Center Associates, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant McKenzie-Willamette Regional Medical Center Associates, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant McKenzie-Willamette Regional Medical Center Associates, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

## COUNT LXXIV
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Berwick Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Berwick Hospital Company, LLC as follows:

1172.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1173.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Berwick Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Berwick Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1174.  Said claims were submitted by Defendant Berwick Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital

services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1175. As a result of Defendant Berwick Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Berwick Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1176. By virtue of the acts described above, Defendant Berwick Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1177. By virtue of the acts described above, Defendant Berwick Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1178. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Berwick Hospital Company, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1179. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1180. By virtue of the acts described above, Defendant Berwick Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1181. Defendant Berwick Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1182. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Berwick Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.   Order Defendant Berwick Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.   Order Defendant Berwick Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.   Order Defendant Berwick Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

/s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

## COUNT LXXV
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by CHHS Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHHS Hospital Company, LLC as follows:

1183.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1184.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant CHHS Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant CHHS Hospital Company, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1185. Said claims were submitted by Defendant CHHS Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1186. As a result of Defendant CHHS Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant CHHS Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1187. By virtue of the acts described above, Defendant CHHS Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1188. By virtue of the acts described above, Defendant CHHS Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1189. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant CHHS Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1190. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1191. By virtue of the acts described above, Defendant CHHS Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1192. Defendant CHHS Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1193. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant CHHS Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant CHHS Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant CHHS Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant CHHS Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

_/s/ Ronald E. Osman_____
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT LXXVI
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Clinton Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Clinton Hospital Corporation as follows:

1194.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1195.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Clinton Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Clinton Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1196. Said claims were submitted by Defendant Clinton Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1197. As a result of Defendant Clinton Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Clinton Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1198. By virtue of the acts described above, Defendant Clinton Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1199. By virtue of the acts described above, Defendant Clinton Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1200. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Clinton Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1201. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1202. By virtue of the acts described above, Defendant Clinton Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1203. Defendant Clinton Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1204. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Clinton Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Clinton Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Clinton Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Clinton Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman_____
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT LXXVII
## False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Coatesville Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Coatesville Hospital Corporation as follows:

1205.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1206.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Coatesville Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Coatesville Hospital Corporation certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1207. Said claims were submitted by Defendant Coatesville Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1208. As a result of Defendant Coatesville Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Coatesville Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1209. By virtue of the acts described above, Defendant Coatesville Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1210. By virtue of the acts described above, Defendant Coatesville Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1211. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Coatesville Hospital Corporation paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1212. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1213. By virtue of the acts described above, Defendant Coatesville Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1214. Defendant Coatesville Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1215. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Coatesville Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

    A.    Order Defendant Coatesville Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

    B.    Order Defendant Coatesville Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

    C.    Order Defendant Coatesville Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman                              
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT LXXVIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Northampton Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Northampton Hospital Company, LLC as follows:

1216.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1217.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Northampton Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Northampton Hospital Company, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1218. Said claims were submitted by Defendant Northampton Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1219. As a result of Defendant Northampton Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Northampton Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1220. By virtue of the acts described above, Defendant Northampton Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1221. By virtue of the acts described above, Defendant Northampton Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1222. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Northampton Hospital Company, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1223. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1224. By virtue of the acts described above, Defendant Northampton Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1225. Defendant Northampton Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1226. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Northampton Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Northampton Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Northampton Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Northampton Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT LXXIX
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Phoenixville Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Phoenixville Hospital Company, LLC as follows:

1227.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1228.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Phoenixville Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Phoenixville Hospital Company, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1229. Said claims were submitted by Defendant Phoenixville Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1230. As a result of Defendant Phoenixville Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Phoenixville Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1231. By virtue of the acts described above, Defendant Phoenixville Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1232. By virtue of the acts described above, Defendant Phoenixville Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1233. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Phoenixville Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1234. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1235. By virtue of the acts described above, Defendant Phoenixville Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1236. Defendant Phoenixville Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1237. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Phoenixville Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

  A.  Order Defendant Phoenixville Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

  B.  Order Defendant Phoenixville Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

  C.  Order Defendant Phoenixville Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman

BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan


## COUNT LXXX
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Pottstown Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Pottstown Hospital Company, LLC as follows:

1238.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1239.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Pottstown Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Pottstown Hospital Company, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1240. Said claims were submitted by Defendant Pottstown Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1241. As a result of Defendant Pottstown Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Pottstown Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1242. By virtue of the acts described above, Defendant Pottstown Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1243. By virtue of the acts described above, Defendant Pottstown Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1244. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Pottstown Hospital Company, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1245. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1246. By virtue of the acts described above, Defendant Pottstown Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1247. Defendant Pottstown Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1248. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Pottstown Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Pottstown Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Pottstown Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Pottstown Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

### COUNT LXXXI
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Sunbury Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Sunbury Hospital Company, LLC as follows:

1249.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1250.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Sunbury Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Sunbury Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1251.  Said claims were submitted by Defendant Sunbury Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1252.  As a result of Defendant Sunbury Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Sunbury Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1253.  By virtue of the acts described above, Defendant Sunbury Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1254.  By virtue of the acts described above, Defendant Sunbury Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1255.  The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Sunbury Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1256.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1257. By virtue of the acts described above, Defendant Sunbury Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1258. Defendant Sunbury Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1259. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Sunbury Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.   Order Defendant Sunbury Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.   Order Defendant Sunbury Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.   Order Defendant Sunbury Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

  /s/ Ronald E. Osman_____
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

### COUNT LXXXII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by West Grove Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant West Grove Hospital Company, LLC as follows:

1260.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1261.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant West Grove Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant West Grove Hospital Company, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1262. Said claims were submitted by Defendant West Grove Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1263. As a result of Defendant West Grove Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant West Grove Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1264. By virtue of the acts described above, Defendant West Grove Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1265. By virtue of the acts described above, Defendant West Grove Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1266. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant West Grove Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1267. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1268. By virtue of the acts described above, Defendant West Grove Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1269. Defendant West Grove Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1270. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant West Grove Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant West Grove Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant West Grove Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant West Grove Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

## COUNT LXXXIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Wilkes-Barre Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Wilkes-Barre Hospital Company, LLC as follows:

1271.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1272.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Wilkes-Barre Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Wilkes-Barre Hospital Company, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1273.  Said claims were submitted by Defendant Wilkes-Barre Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1274.  As a result of Defendant Wilkes-Barre Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Wilkes-Barre Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1275.  By virtue of the acts described above, Defendant Wilkes-Barre Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1276.  By virtue of the acts described above, Defendant Wilkes-Barre Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1277.  The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Wilkes-Barre Hospital Company, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1278.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1279. By virtue of the acts described above, Defendant Wilkes-Barre Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1280. Defendant Wilkes-Barre Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1281. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Wilkes-Barre Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.  Order Defendant Wilkes-Barre Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant Wilkes-Barre Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant Wilkes-Barre Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

### COUNT LXXXIV
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Chesterfield/Marlboro, L.P.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Chesterfield/Marlboro, L.P. as follows:

1282.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1283.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Chesterfield/Marlboro, L.P. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Chesterfield/Marlboro, L.P. certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1284. Said claims were submitted by Defendant Chesterfield/Marlboro, L.P. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1285. As a result of Defendant Chesterfield/Marlboro, L.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Chesterfield/Marlboro, L.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1286. By virtue of the acts described above, Defendant Chesterfield/Marlboro, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1287. By virtue of the acts described above, Defendant Chesterfield/Marlboro, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1288. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Chesterfield/Marlboro, L.P., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1289. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1290. By virtue of the acts described above, Defendant Chesterfield/Marlboro, L.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1291. Defendant Chesterfield/Marlboro, L.P. has not notified the United States of the violations of the False Claims Act alleged herein.

1292. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Chesterfield/Marlboro, L.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Chesterfield/Marlboro, L.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Chesterfield/Marlboro, L.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Chesterfield/Marlboro, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

/s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT LXXXV
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Lancaster Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Lancaster Hospital Corporation as follows:

1293.   Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1294.   Said emergency room claims and inpatient hospital services claims were submitted by Defendant Lancaster Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Lancaster Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1295.  Said claims were submitted by Defendant Lancaster Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1296.  As a result of Defendant Lancaster Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Lancaster Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1297.  By virtue of the acts described above, Defendant Lancaster Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1298.  By virtue of the acts described above, Defendant Lancaster Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1299.  The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Lancaster Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1300.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1301. By virtue of the acts described above, Defendant Lancaster Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1302. Defendant Lancaster Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1303. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Lancaster Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

    A.    Order Defendant Lancaster Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

    B.    Order Defendant Lancaster Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

    C.    Order Defendant Lancaster Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

## COUNT LXXXVI
## False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
## (False Claims Submitted to Medicare for Medically Unnecessary Services
## by Mary Black Health System, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Mary Black Health System, LLC as follows:

1304.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1305.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Mary Black Health System, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Mary Black Health System, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1306. Said claims were submitted by Defendant Mary Black Health System, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1307. As a result of Defendant Mary Black Health System, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Mary Black Health System, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1308. By virtue of the acts described above, Defendant Mary Black Health System, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1309. By virtue of the acts described above, Defendant Mary Black Health System, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1310. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Mary Black Health System, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1311. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1312.  By virtue of the acts described above, Defendant Mary Black Health System, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1313.  Defendant Mary Black Health System, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1314.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Mary Black Health System, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.  Order Defendant Mary Black Health System, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant Mary Black Health System, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant Mary Black Health System, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman                              
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


## COUNT LXXXVII
## False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by QHG of South Carolina, Inc.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant QHG of South Carolina, Inc. as follows:

1315.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1316.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant QHG of South Carolina, Inc. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant QHG of South Carolina, Inc. certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1317. Said claims were submitted by Defendant QHG of South Carolina, Inc. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1318. As a result of Defendant QHG of South Carolina, Inc.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant QHG of South Carolina, Inc. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1319. By virtue of the acts described above, Defendant QHG of South Carolina, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1320. By virtue of the acts described above, Defendant QHG of South Carolina, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1321. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant QHG of South Carolina, Inc., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1322. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1323. By virtue of the acts described above, Defendant QHG of South Carolina, Inc. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1324. Defendant QHG of South Carolina, Inc. has not notified the United States of the violations of the False Claims Act alleged herein.

1325. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant QHG of South Carolina, Inc. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.  Order Defendant QHG of South Carolina, Inc. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant QHG of South Carolina, Inc. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant QHG of South Carolina, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT LXXXVIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Brownsville Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Brownsville Hospital Corporation as follows:

1326.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1327.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Brownsville Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Brownsville Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1328. Said claims were submitted by Defendant Brownsville Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1329. As a result of Defendant Brownsville Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Brownsville Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1330. By virtue of the acts described above, Defendant Brownsville Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1331. By virtue of the acts described above, Defendant Brownsville Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1332. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Brownsville Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1333. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1334. By virtue of the acts described above, Defendant Brownsville Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1335. Defendant Brownsville Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1336. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Brownsville Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Brownsville Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Brownsville Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Brownsville Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman_____
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT LXXXIX
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Clarksville Health System, G.P.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Clarksville Health System, G.P. as follows:

1337.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1338.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Clarksville Health System, G.P. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Clarksville Health System, G.P. certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1339.  Said claims were submitted by Defendant Clarksville Health System, G.P. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1340.  As a result of Defendant Clarksville Health System, G.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Clarksville Health System, G.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1341.  By virtue of the acts described above, Defendant Clarksville Health System, G.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1342.  By virtue of the acts described above, Defendant Clarksville Health System, G.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1343.  The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Clarksville Health System, G.P., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1344.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1345.  By virtue of the acts described above, Defendant Clarksville Health System, G.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1346.  Defendant Clarksville Health System, G.P. has not notified the United States of the violations of the False Claims Act alleged herein.

1347.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Clarksville Health System, G.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729 *et seq.*, specifically as follows:

A.    Order Defendant Clarksville Health System, G.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Clarksville Health System, G.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Clarksville Health System, G.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT XC
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Cleveland Tennessee Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Cleveland Tennessee Hospital Company, LLC as follows:

1348.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1349.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Cleveland Tennessee Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Cleveland Tennessee Hospital Company, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and

complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1350. Said claims were submitted by Defendant Cleveland Tennessee Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1351. As a result of Defendant Cleveland Tennessee Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Cleveland Tennessee Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1352. By virtue of the acts described above, Defendant Cleveland Tennessee Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1353. By virtue of the acts described above, Defendant Cleveland Tennessee Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1354. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Cleveland Tennessee Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1355.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1356.  By virtue of the acts described above, Defendant Cleveland Tennessee Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1357.  Defendant Cleveland Tennessee Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1358.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Cleveland Tennessee Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.     Order Defendant Cleveland Tennessee Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.     Order Defendant Cleveland Tennessee Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.     Order Defendant Cleveland Tennessee Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT XCI
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services by Dyersburg Hospital Corporation)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Dyersburg Hospital Corporation as follows:

1359.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1360. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Dyersburg Hospital Corporation on CMS-1450/UB-04 forms, or

the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Dyersburg Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1361. Said claims were submitted by Defendant Dyersburg Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1362. As a result of Defendant Dyersburg Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Dyersburg Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1363. By virtue of the acts described above, Defendant Dyersburg Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1364. By virtue of the acts described above, Defendant Dyersburg Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1365. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Dyersburg Hospital Corporation, paid for

claims through the Medicare program that would otherwise have been paid at a lower amount.

1366. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1367. By virtue of the acts described above, Defendant Dyersburg Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1368. Defendant Dyersburg Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1369. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Dyersburg Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Dyersburg Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Dyersburg Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.     Order Defendant Dyersburg Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman         
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## **COUNT XCII**
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Hospital of Morristown, Inc.)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Hospital of Morristown, Inc. as follows:

1370.   Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1371. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Hospital of Morristown, Inc. on CMS-1450/UB-04 forms, or the

electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Hospital of Morristown, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1372. Said claims were submitted by Defendant Hospital of Morristown, Inc. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1373. As a result of Defendant Hospital of Morristown, Inc.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Hospital of Morristown, Inc. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1374. By virtue of the acts described above, Defendant Hospital of Morristown, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1375. By virtue of the acts described above, Defendant Hospital of Morristown, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1376. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Hospital of Morristown, Inc., paid for

claims through the Medicare program that would otherwise have been paid at a lower amount.

1377. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1378. By virtue of the acts described above, Defendant Hospital of Morristown, Inc. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1379. Defendant Hospital of Morristown, Inc. has not notified the United States of the violations of the False Claims Act alleged herein.

1380. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Hospital of Morristown, Inc. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

    A.    Order Defendant Hospital of Morristown, Inc. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

    B.    Order Defendant Hospital of Morristown, Inc. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.     Order Defendant Hospital of Morristown, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
           Attorney for Relator, Bryan Carnithan

## COUNT XCIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Jackson, Tennessee Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Jackson, Tennessee Hospital Company, LLC as follows:

1381.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1382.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Jackson, Tennessee Hospital Company, LLC on CMS-1450/UB-

04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Jackson, Tennessee Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1383. Said claims were submitted by Defendant Jackson, Tennessee Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1384. As a result of Defendant Jackson, Tennessee Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Jackson, Tennessee Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1385. By virtue of the acts described above, Defendant Jackson, Tennessee Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1386. By virtue of the acts described above, Defendant Jackson, Tennessee Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1387. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Jackson, Tennessee Hospital Company, LLC, paid

for claims through the Medicare program that would otherwise have been paid at a lower amount.

1388.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1389.  By virtue of the acts described above, Defendant Jackson, Tennessee Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1390.  Defendant Jackson, Tennessee Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1391.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Jackson, Tennessee Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.  Order Defendant Jackson, Tennessee Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant Jackson, Tennessee Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.   Order Defendant Jackson, Tennessee Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman_____

BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT XCIV
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Lexington Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Lexington Hospital Corporation as follows:

1392.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1393.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Lexington Hospital Corporation on CMS-1450/UB-04 forms, or the

electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Lexington Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1394. Said claims were submitted by Defendant Lexington Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1395. As a result of Defendant Lexington Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Lexington Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1396. By virtue of the acts described above, Defendant Lexington Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1397. By virtue of the acts described above, Defendant Lexington Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1398. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Lexington Hospital Corporation, paid for

claims through the Medicare program that would otherwise have been paid at a lower amount.

1399. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1400. By virtue of the acts described above, Defendant Lexington Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1401. Defendant Lexington Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1402. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Lexington Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A.      Order Defendant Lexington Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.      Order Defendant Lexington Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.      Order Defendant Lexington Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

## COUNT XCV
## False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
## (False Claims Submitted to Medicare for Medically Unnecessary Services by Martin Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Martin Hospital Corporation as follows:

1403.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1404. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Martin Hospital Corporation on CMS-1450/UB-04 forms, or the

electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Martin Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1405. Said claims were submitted by Defendant Martin Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1406. As a result of Defendant Martin Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Martin Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1407. By virtue of the acts described above, Defendant Martin Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1408. By virtue of the acts described above, Defendant Martin Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1409. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Martin Hospital Corporation, paid for

claims through the Medicare program that would otherwise have been paid at a lower amount.

1410.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1411.  By virtue of the acts described above, Defendant Martin Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1412.  Defendant Martin Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1413.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Martin Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. § 3729, *et seq.*, specifically as follows:

A. Order Defendant Martin Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Martin Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Martin Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

## COUNT XCVI
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by McKenzie Tennessee Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant McKenzie Tennessee Hospital Company, LLC as follows:

1414. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1415. Said emergency room claims and inpatient hospital services claims were submitted by Defendant McKenzie Tennessee Hospital Company, LLC on CMS-1450/UB-

04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant McKenzie Tennessee Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1416. Said claims were submitted by Defendant McKenzie Tennessee Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1417. As a result of Defendant McKenzie Tennessee Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant McKenzie Tennessee Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1418. By virtue of the acts described above, Defendant McKenzie Tennessee Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1419. By virtue of the acts described above, Defendant McKenzie Tennessee Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1420. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant McKenzie Tennessee Hospital

Company, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1421. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1422. By virtue of the acts described above, Defendant McKenzie Tennessee Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1423. Defendant McKenzie Tennessee Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1424. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant McKenzie Tennessee Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant McKenzie Tennessee Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant McKenzie Tennessee Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.     Order Defendant McKenzie Tennessee Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan


## COUNT XCVII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by McNairy Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant McNairy Hospital Corporation as follows:

1425.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1426.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant McNairy Hospital Corporation on CMS-1450/UB-04 forms, or the

electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant McNairy Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1427. Said claims were submitted by Defendant McNairy Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1428. As a result of Defendant McNairy Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant McNairy Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1429. By virtue of the acts described above, Defendant McNairy Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1430. By virtue of the acts described above, Defendant McNairy Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1431. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant McNairy Hospital Corporation, paid for

claims through the Medicare program that would otherwise have been paid at a lower amount.

1432.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1433.  By virtue of the acts described above, Defendant McNairy Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1434.  Defendant McNairy Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1435.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant McNairy Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant McNairy Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant McNairy Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant McNairy Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

## COUNT XCVIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Shelbyville Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Shelbyville Hospital Corporation as follows:

1436.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1437. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Shelbyville Hospital Corporation on CMS-1450/UB-04 forms, or

the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Shelbyville Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1438. Said claims were submitted by Defendant Shelbyville Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1439. As a result of Defendant Shelbyville Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Shelbyville Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1440. By virtue of the acts described above, Defendant Shelbyville Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1441. By virtue of the acts described above, Defendant Shelbyville Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1442. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Shelbyville Hospital Corporation paid for

claims through the Medicare program that would otherwise have been paid at a lower amount.

1443.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1444.  By virtue of the acts described above, Defendant Shelbyville Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1445.  Defendant Shelbyville Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1446.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Shelbyville Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Shelbyville Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Shelbyville Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Shelbyville Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan


### COUNT XCIX
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by ARMC, L.P.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant AMRC, L.P. as follows:

1447.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1448.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant ARMC, L.P. on CMS-1450/UB-04 forms, or the electronic

equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant ARMC, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1449. Said claims were submitted by Defendant ARMC, L.P. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1450. As a result of Defendant ARMC, L.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant ARMC, L.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1451. By virtue of the acts described above, Defendant ARMC, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1452. By virtue of the acts described above, Defendant ARMC, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1453. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant ARMC, L.P., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1454. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1455. By virtue of the acts described above, Defendant ARMC, L.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1456. Defendant ARMC, L.P. has not notified the United States of the violations of the False Claims Act alleged herein.

1457. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant ARMC, L.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant ARMC, L.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant ARMC, L.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant ARMC, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman             
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT C
## False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
## (False Claims Submitted to Medicare for Medically Unnecessary Services
## by Big Bend Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Big Bend Hospital Corporation as follows:

1458.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1459.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Big Bend Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Big Bend Hospital Corporation certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1460. Said claims were submitted by Defendant Big Bend Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1461. As a result of Defendant Big Bend Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Big Bend Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1462. By virtue of the acts described above, Defendant Big Bend Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1463. By virtue of the acts described above, Defendant Big Bend Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1464. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Big Bend Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1465. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1466. By virtue of the acts described above, Defendant Big Bend Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1467. Defendant Big Bend Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1468. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Big Bend Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.  Order Defendant Big Bend Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant Big Bend Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant Big Bend Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

### COUNT CI
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Big Spring Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Big Spring Hospital Corporation as follows:

1469.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1470.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Big Spring Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Big Spring Hospital Corporation certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1471.  Said claims were submitted by Defendant Big Spring Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1472. As a result of Defendant Big Spring Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Big Spring Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1473. By virtue of the acts described above, Defendant Big Spring Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1474. By virtue of the acts described above, Defendant Big Spring Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1475. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Big Spring Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1476.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1477. By virtue of the acts described above, Defendant Big Spring Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1478. Defendant Big Spring Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1479. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Big Spring Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Big Spring Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Big Spring Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Big Spring Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

### COUNT CII
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Brownwood Hospital, L.P.)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Brownwood Hospital, L.P. as follows:

1480. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1481. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Brownwood Hospital, L.P. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Brownwood Hospital, L.P. certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1482. Said claims were submitted by Defendant Brownwood Hospital, L.P. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1483. As a result of Defendant Brownwood Hospital, L.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Brownwood Hospital, L.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1484. By virtue of the acts described above, Defendant Brownwood Hospital, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1485. By virtue of the acts described above, Defendant Brownwood Hospital, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1486. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Brownwood Hospital, L.P., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1487. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1488.  By virtue of the acts described above, Defendant Brownwood Hospital, L.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1489.  Defendant Brownwood Hospital, L.P. has not notified the United States of the violations of the False Claims Act alleged herein.

1490.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Brownwood Hospital, L.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Brownwood Hospital, L.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Brownwood Hospital, L.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Brownwood Hospital, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.       Order that the Relator be awarded the statutory percentage of the amount

received by the government pursuant to 31 U.S.C. §3730(d); and,

E.       Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator

hereby demand trial by jury.

Respectfully submitted,

_/s/ Ronald E. Osman_____
BY:     Ronald E. Osman
         Attorney for Relator, Bryan Carnithan


## COUNT CIII
## False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
## (False Claims Submitted to Medicare for Medically Unnecessary Services
## by Cedar Park Health System, L.P)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan

Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd.,

and complains against Defendant Cedar Park Health System, L.P. as follows:

1491.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set

forth herein.

1492.  Said emergency room claims and inpatient hospital services claims were

submitted by Defendant Cedar Park Health System, L.P. on CMS-1450/UB-04 forms, or

the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare,

with Defendant Cedar Park Health System, L.P. certifying that:

> Submission of this claim constitutes certification that the billing
> information as shown on the face hereof is true, accurate and
> complete.  That the submitter did not knowingly or reckless disregard
> or misrepresent or conceal material facts.

1493.  Said claims were submitted by Defendant Cedar Park Health System, L.P. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1494. As a result of Defendant Cedar Park Health System, L.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Cedar Park Health System, L.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1495. By virtue of the acts described above, Defendant Cedar Park Health System, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1496. By virtue of the acts described above, Defendant Cedar Park Health System, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1497. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Cedar Park Health System, L.P. , paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1498.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1499. By virtue of the acts described above, Defendant Cedar Park Health System, L.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1500. Defendant Cedar Park Health System, L.P. has not notified the United States of the violations of the False Claims Act alleged herein.

1501. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Cedar Park Health System, L.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Cedar Park Health System, L.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Cedar Park Health System, L.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Cedar Park Health System, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman                                        
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CIV
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Cleveland Regional Medical Center, L.P.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Cleveland Regional Medical Center, L.P. as follows:

1502.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1503.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Cleveland Regional Medical Center, L.P. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Cleveland Regional Medical Center, L.P. certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1504. Said claims were submitted by Defendant Cleveland Regional Medical Center, L.P. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1505. As a result of Defendant Cleveland Regional Medical Center, L.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Cleveland Regional Medical Center, L.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1506. By virtue of the acts described above, Defendant Cleveland Regional Medical Center, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1507. By virtue of the acts described above, Defendant Cleveland Regional Medical Center, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1508. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Cleveland Regional Medical Center, L.P., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1509. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1510. By virtue of the acts described above, Defendant Cleveland Regional Medical Center, L.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1511. Defendant Cleveland Regional Medical Center, L.P. has not notified the United States of the violations of the False Claims Act alleged herein.

1512. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Cleveland Regional Medical Center, L.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729 *et seq.*, specifically as follows:

A.    Order Defendant Cleveland Regional Medical Center, L.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Cleveland Regional Medical Center, L.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Cleveland Regional Medical Center, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.  Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
      Attorney for Relator, Bryan Carnithan

## COUNT CV
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by College Station Hospital, L.P.)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant College Station Hospital, L.P. as follows:

1513.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1514.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant College Station Hospital, L.P. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant College Station Hospital, L.P. certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1515.  Said claims were submitted by Defendant College Station Hospital, L.P.  to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1516. As a result of Defendant College Station Hospital, L.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant College Station Hospital, L.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1517.  By virtue of the acts described above, Defendant College Station Hospital, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1518.  By virtue of the acts described above, Defendant College Station Hospital, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1519. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant College Station Hospital, L.P. , paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1520.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1521. By virtue of the acts described above, Defendant College Station Hospital, L.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1522. Defendant College Station Hospital, L.P. has not notified the United States of the violations of the False Claims Act alleged herein.

1523. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant College Station Hospital, L.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant College Station Hospital, L.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant College Station Hospital, L.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant College Station Hospital, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

### COUNT CVI
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Granbury Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Granbury Hospital Corporation as follows:

1524.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1525.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Granbury Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Granbury Hospital Corporation certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1526. Said claims were submitted by Defendant Granbury Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1527. As a result of Defendant Granbury Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Granbury Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1528. By virtue of the acts described above, Defendant Granbury Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1529. By virtue of the acts described above, Defendant Granbury Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1530. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Granbury Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1531. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1532. By virtue of the acts described above, Defendant Granbury Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1533. Defendant Granbury Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1534. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Granbury Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.  Order Defendant Granbury Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant Granbury Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant Granbury Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

/s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan


## COUNT CVII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Jourdanton Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Jourdanton Hospital Corporation as follows:

1535.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1536.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Jourdanton Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Jourdanton Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1537. Said claims were submitted by Defendant Jourdanton Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1538. As a result of Defendant Jourdanton Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Jourdanton Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1539. By virtue of the acts described above, Defendant Jourdanton Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1540. By virtue of the acts described above, Defendant Jourdanton Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1541. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Jourdanton Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1542. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1543. By virtue of the acts described above, Defendant Jourdanton Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1544. Defendant Jourdanton Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1545. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Jourdanton Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.      Order Defendant Jourdanton Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.      Order Defendant Jourdanton Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.      Order Defendant Jourdanton Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CVIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Laredo Texas Hospital Company, L.P.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Laredo Texas Hospital Company, L.P. as follows:

1546.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1547.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Laredo Texas Hospital Company, L.P. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Laredo Texas Hospital Company, L.P. certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1548.  Said claims were submitted by Defendant Laredo Texas Hospital Company, L.P. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1549.  As a result of Defendant Laredo Texas Hospital Company, L.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Laredo Texas Hospital Company, L.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1550.  By virtue of the acts described above, Defendant Laredo Texas Hospital Company, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1551.  By virtue of the acts described above, Defendant Laredo Texas Hospital Company, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1552.  The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Laredo Texas Hospital Company, L.P., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1553.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1554. By virtue of the acts described above, Defendant Laredo Texas Hospital Company, L.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1555. Defendant Laredo Texas Hospital Company, L.P. has not notified the United States of the violations of the False Claims Act alleged herein.

1556. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Laredo Texas Hospital Company, L.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.   Order Defendant Laredo Texas Hospital Company, L.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.   Order Defendant Laredo Texas Hospital Company, L.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.   Order Defendant Laredo Texas Hospital Company, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman_____
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

### COUNT CIX
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Longview Medical Center, L.P.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Longview Medical Center, L.P. as follows:

1557.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1558.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Longview Medical Center, L.P. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Longview Medical Center, L.P. certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1559. Said claims were submitted by Defendant Longview Medical Center, L.P. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1560. As a result of Defendant Longview Medical Center, L.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Longview Medical Center, L.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1561. By virtue of the acts described above, Defendant Longview Medical Center, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1562. By virtue of the acts described above, Defendant Longview Medical Center, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1563. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Longview Medical Center, L.P. , paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1564. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1565. By virtue of the acts described above, Defendant Longview Medical Center, L.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1566. Defendant Longview Medical Center, L.P. has not notified the United States of the violations of the False Claims Act alleged herein.

1567. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Longview Medical Center, L.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.   Order Defendant Longview Medical Center, L.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.   Order Defendant Longview Medical Center, L.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.   Order Defendant Longview Medical Center, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

_/s/ Ronald E. Osman_____
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


## COUNT CX
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Navarro Hospital, L.P.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Navarro Hospital, L.P. as follows:

1568.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1569.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Navarro Hospital, L.P. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Navarro Hospital, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1570. Said claims were submitted by Defendant Navarro Hospital, L.P. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1571. As a result of Defendant Navarro Hospital, L.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Navarro Hospital, L.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1572. By virtue of the acts described above, Defendant Navarro Hospital, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1573. By virtue of the acts described above, Defendant Navarro Hospital, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1574. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Navarro Hospital, L.P., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1575. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1576. By virtue of the acts described above, Defendant Navarro Hospital, L.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1577. Defendant Navarro Hospital, L.P. has not notified the United States of the violations of the False Claims Act alleged herein.

1578. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Navarro Hospital, L.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Navarro Hospital, L.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Navarro Hospital, L.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Navarro Hospital, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CXI
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by NHCI of Hillsboro, Inc.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant NHCI of Hillsboro, Inc. as follows:

1579.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1580.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant NHCI of Hillsboro, Inc. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant NHCI of Hillsboro, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1581. Said claims were submitted by Defendant NHCI of Hillsboro, Inc. to Medicare with the knowledge by it that the claims were false as inpatient hospital services

provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1582. As a result of Defendant NHCI of Hillsboro, Inc.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant NHCI of Hillsboro, Inc. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1583. By virtue of the acts described above, Defendant NHCI of Hillsboro, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1584. By virtue of the acts described above, Defendant NHCI of Hillsboro, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1585. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant NHCI of Hillsboro, Inc., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1586. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1587. By virtue of the acts described above, Defendant NHCI of Hillsboro, Inc. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1588. Defendant NHCI of Hillsboro, Inc. has not notified the United States of the violations of the False Claims Act alleged herein.

1589. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant NHCI of Hillsboro, Inc. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.  Order Defendant NHCI of Hillsboro, Inc. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant NHCI of Hillsboro, Inc. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant NHCI of Hillsboro, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.  Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Piney Woods Healthcare System, L.P.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Piney Woods Healthcare System, L.P. as follows:

1590.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1591. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Piney Woods Healthcare System, L.P. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Piney Woods Healthcare System, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1592.  Said claims were submitted by Defendant Piney Woods Healthcare System, L.P. to Medicare with the knowledge by it that the claims were false as inpatient hospital

services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1593. As a result of Defendant Piney Woods Healthcare System, L.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Piney Woods Healthcare System, L.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1594. By virtue of the acts described above, Defendant Piney Woods Healthcare System, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1595. By virtue of the acts described above, Defendant Piney Woods Healthcare System, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1596. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Piney Woods Healthcare System, L.P., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1597. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1598.  By virtue of the acts described above, Defendant Piney Woods Healthcare System, L.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1599.  Defendant Piney Woods Healthcare System, L.P. has not notified the United States of the violations of the False Claims Act alleged herein.

1600.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Piney Woods Healthcare System, L.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.   Order Defendant Piney Woods Healthcare System, L.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.   Order Defendant Piney Woods Healthcare System, L.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.   Order Defendant Piney Woods Healthcare System, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan


## COUNT CXIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by San Angelo Hospital, L.P.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant San Angelo Hospital, L.P. as follows:

1601.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1602.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant San Angelo Hospital, L.P. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant San Angelo Hospital, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1603. Said claims were submitted by Defendant San Angelo Hospital, L.P. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1604. As a result of Defendant San Angelo Hospital, L.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant San Angelo Hospital, L.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1605. By virtue of the acts described above, Defendant San Angelo Hospital, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1606. By virtue of the acts described above, Defendant San Angelo Hospital, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1607. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant San Angelo Hospital, L.P., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1608. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1609. By virtue of the acts described above, Defendant San Angelo Hospital, L.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1610. Defendant San Angelo Hospital, L.P. has not notified the United States of the violations of the False Claims Act alleged herein.

1611. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant San Angelo Hospital, L.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant San Angelo Hospital, L.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant San Angelo Hospital, L.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant San Angelo Hospital, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan


## COUNT CXIV
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Victoria of Texas, L.P.)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Victoria of Texas, L.P. as follows:

1612. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1613. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Victoria of Texas, L.P. on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Victoria of Texas, L.P. certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1614. Said claims were submitted by Defendant Victoria of Texas, L.P. to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1615. As a result of Defendant Victoria of Texas, L.P.'s knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Victoria of Texas, L.P. for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1616. By virtue of the acts described above, Defendant Victoria of Texas, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1617. By virtue of the acts described above, Defendant Victoria of Texas, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1618. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Victoria of Texas, L.P., paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1619. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1620. By virtue of the acts described above, Defendant Victoria of Texas, L.P. defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1621. Defendant Victoria of Texas, L.P. has not notified the United States of the violations of the False Claims Act alleged herein.

1622. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Victoria of Texas, L.P. and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.　　Order Defendant Victoria of Texas, L.P. to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.　　Order Defendant Victoria of Texas, L.P. to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.　　Order Defendant Victoria of Texas, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.　　Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan


## COUNT CXV
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Weatherford Texas Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Weatherford Texas Hospital Company, LLC as follows:

1623.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1624.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Weatherford Texas Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Weatherford Texas Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1625. Said claims were submitted by Defendant Weatherford Texas Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient

hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1626. As a result of Defendant Weatherford Texas Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Weatherford Texas Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1627. By virtue of the acts described above, Defendant Weatherford Texas Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1628. By virtue of the acts described above, Defendant Weatherford Texas Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1629. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Weatherford Texas Hospital Company, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1630. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1631. By virtue of the acts described above, Defendant Weatherford Texas Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1632. Defendant Weatherford Texas Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1633. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Weatherford Texas Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Weatherford Texas Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Weatherford Texas Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Weatherford Texas Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CXVI
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Tooele Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Tooele Hospital Corporation as follows:

1634. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1635. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Tooele Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Tooele Hospital Corporation certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1636.  Said claims were submitted by Defendant Tooele Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1637.  As a result of Defendant Tooele Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Tooele Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1638.  By virtue of the acts described above, Defendant Tooele Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1639.  By virtue of the acts described above, Defendant Tooele Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1640.  The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Tooele Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1641.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1642. By virtue of the acts described above, Defendant Tooele Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1643. Defendant Tooele Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1644. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Tooele Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.   Order Defendant Tooele Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.   Order Defendant Tooele Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.   Order Defendant Tooele Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman             
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXVII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Emporia Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Emporia Hospital Corporation as follows:

1645.   Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1646.   Said emergency room claims and inpatient hospital services claims were submitted by Defendant Emporia Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Emporia Hospital Corporation certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1647. Said claims were submitted by Defendant Emporia Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1648. As a result of Defendant Emporia Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Emporia Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1649. By virtue of the acts described above, Defendant Emporia Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1650. By virtue of the acts described above, Defendant Emporia Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1651. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Emporia Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1652. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1653. By virtue of the acts described above, Defendant Emporia Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1654. Defendant Emporia Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1655. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Emporia Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.  Order Defendant Emporia Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant Emporia Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.  Order Defendant Emporia Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXVIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Franklin Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Franklin Hospital Corporation as follows:

1656.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1657.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Franklin Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Franklin Hospital Corporation certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1658.  Said claims were submitted by Defendant Franklin Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1659.  As a result of Defendant Franklin Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Franklin Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1660.  By virtue of the acts described above, Defendant Franklin Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1661.  By virtue of the acts described above, Defendant Franklin Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1662.  The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Franklin Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1663.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1664. By virtue of the acts described above, Defendant Franklin Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1665. Defendant Franklin Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1666. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Franklin Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Franklin Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Franklin Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Franklin Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXIX
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Petersburg Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Petersburg Hospital Company, LLC as follows:

1667.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1668.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Petersburg Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Petersburg Hospital Company, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1669. Said claims were submitted by Defendant Petersburg Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1670. As a result of Defendant Petersburg Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Petersburg Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1671. By virtue of the acts described above, Defendant Petersburg Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1672. By virtue of the acts described above, Defendant Petersburg Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1673. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Petersburg Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1674. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1675. By virtue of the acts described above, Defendant Petersburg Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1676. Defendant Petersburg Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1677. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Petersburg Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Petersburg Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Petersburg Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Petersburg Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman_____
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CXX
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Spokane Valley Washington Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Spokane Valley Washington Hospital Company, LLC as follows:

1678.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1679.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Spokane Valley Washington Hospital Company, LLC on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Spokane Valley Washington Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1680. Said claims were submitted by Defendant Spokane Valley Washington Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1681. As a result of Defendant Spokane Valley Washington Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Spokane Valley Washington Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1682. By virtue of the acts described above, Defendant Spokane Valley Washington Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1683. By virtue of the acts described above, Defendant Spokane Valley Washington Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1684. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Spokane Valley Washington Hospital Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1685. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1686. By virtue of the acts described above, Defendant Spokane Valley Washington Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1687. Defendant Spokane Valley Washington Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1688. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Spokane Valley Washington Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Spokane Valley Washington Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Spokane Valley Washington Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Spokane Valley Washington Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E. Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


### COUNT CXXI
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Spokane Washington Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Spokane Washington Hospital Company, LLC as follows:

1689.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1690.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Spokane Washington Hospital Company, LLC on CMS-1450/UB-

04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Spokane Washington Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1691. Said claims were submitted by Defendant Spokane Washington Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1692. As a result of Defendant Spokane Washington Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Spokane Washington Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1693. By virtue of the acts described above, Defendant Spokane Washington Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1694. By virtue of the acts described above, Defendant Spokane Washington Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1695. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Spokane Washington Hospital

Company, LLC, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1696.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1697.  By virtue of the acts described above, Defendant Spokane Washington Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1698.  Defendant Spokane Washington Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1699.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Spokane Washington Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.  Order Defendant Spokane Washington Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.  Order Defendant Spokane Washington Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.      Order Defendant Spokane Washington Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman_____
BY:      Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

## COUNT CXXII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Bluefield Hospital Company, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Bluefield Hospital Company, LLC as follows:

1700.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1701. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Bluefield Hospital Company, LLC on CMS-1450/UB-04 forms, or

the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Bluefield Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1702. Said claims were submitted by Defendant Bluefield Hospital Company, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1703. As a result of Defendant Bluefield Hospital Company, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Bluefield Hospital Company, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1704. By virtue of the acts described above, Defendant Bluefield Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1705. By virtue of the acts described above, Defendant Bluefield Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1706. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Bluefield Hospital Company, LLC, paid

for claims through the Medicare program that would otherwise have been paid at a lower amount.

1707.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1708. By virtue of the acts described above, Defendant Bluefield Hospital Company, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1709. Defendant Bluefield Hospital Company, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1710. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Bluefield Hospital Company, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

   A.   Order Defendant Bluefield Hospital Company, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

   B.   Order Defendant Bluefield Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.      Order Defendant Bluefield Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman                                   
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

## COUNT CXXIII
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services by Greenbrier VMC, LLC)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Greenbrier VMC, LLC as follows:

1711.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1712. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Greenbrier VMC, LLC on CMS-1450/UB-04 forms, or the

electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Greenbrier VMC, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1713. Said claims were submitted by Defendant Greenbrier VMC, LLC to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1714. As a result of Defendant Greenbrier VMC, LLC's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Greenbrier VMC, LLC for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1715. By virtue of the acts described above, Defendant Greenbrier VMC, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1716. By virtue of the acts described above, Defendant Greenbrier VMC, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1717. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Greenbrier VMC, LLC paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1718.  By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1719.  By virtue of the acts described above, Defendant Greenbrier VMC, LLC defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1720.  Defendant Greenbrier VMC, LLC has not notified the United States of the violations of the False Claims Act alleged herein.

1721.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Greenbrier VMC, LLC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.   Order Defendant Greenbrier VMC, LLC to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.   Order Defendant Greenbrier VMC, LLC to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.   Order Defendant Greenbrier VMC, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXXIV
### False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)
### (False Claims Submitted to Medicare for Medically Unnecessary Services
### by Oak Hill Hospital Corporation)

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Oak Hill Hospital Corporation as follows:

1722.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1723.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Oak Hill Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Oak Hill Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1724. Said claims were submitted by Defendant Oak Hill Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1725. As a result of Defendant Oak Hill Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Oak Hill Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1726. By virtue of the acts described above, Defendant Oak Hill Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1727. By virtue of the acts described above, Defendant Oak Hill Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1728. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Oak Hill Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1729. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1730. By virtue of the acts described above, Defendant Oak Hill Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1731. Defendant Oak Hill Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1732. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Oak Hill Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A. Order Defendant Oak Hill Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B. Order Defendant Oak Hill Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C. Order Defendant Oak Hill Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

### COUNT CXXV
**False Claims Act, 31 U.S.C. § 3729 (a)(1)(A) & (B)**
**(False Claims Submitted to Medicare for Medically Unnecessary Services**
**by Evanston Hospital Corporation)**

NOW COMES the Plaintiff, the United States of America, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Evanston Hospital Corporation as follows:

1733.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1734.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Evanston Hospital Corporation on CMS-1450/UB-04 forms, or the electronic equivalent thereof, to the Medicare Intermediary for payment by Medicare, with Defendant Evanston Hospital Corporation certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1735. Said claims were submitted by Defendant Evanston Hospital Corporation to Medicare with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1736. As a result of Defendant Evanston Hospital Corporation's knowing submission of false CMS-1450/UB-04s, Medicare reimbursed Defendant Evanston Hospital Corporation for both emergency room services under Outpatient PPS and inpatient services under Inpatient PPS when the inpatient services were not reasonable and necessary to the Medicare beneficiary's treatment.

1737. By virtue of the acts described above, Defendant Evanston Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the United States for payment of benefits by Medicare in violation of 31 U.S.C. §3729(a)(1)(A).

1738. By virtue of the acts described above, Defendant Evanston Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medicare in violation of 31 U.S.C. §3729(a)(1)(B).

1739. The United States, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Evanston Hospital Corporation, paid for claims through the Medicare program that would otherwise have been paid at a lower amount.

1740. By reason of these payments, the United States has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1741. By virtue of the acts described above, Defendant Evanston Hospital Corporation defrauded the United States by getting false or fraudulent claims allowed and paid by Medicare in violation of 31 U.S.C. §3729(a)(1)(A) & (B).

1742. Defendant Evanston Hospital Corporation has not notified the United States of the violations of the False Claims Act alleged herein.

1743. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 31 U.S.C. §3730(d).

WHEREFORE, the United States of America, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against Defendant Evanston Hospital Corporation and issue orders in accordance with the False Claims Act, 31 U.S.C. §3729, *et seq.*, specifically as follows:

A.    Order Defendant Evanston Hospital Corporation to cease and desist from violating the False Claims Act, 31 U.S.C. §3729, *et seq.*;

B.    Order Defendant Evanston Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the United States of America has sustained for each false claim it submitted, plus a civil penalty of $11,000 for each false claim submitted and the costs of this action pursuant to 31 U.S.C. §3729(a);

C.    Order Defendant Evanston Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 31 U.S.C. §3730(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 31 U.S.C. §3730(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

_/s/ Ronald E. Osman_____

BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

## COUNT CXXVI
### Illinois False Claims Act
### 740 ILCS 175/3(a)(1)(A) & (B)
### (False Claims Submitted to Illinois Medicaid by
### Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of Illinois, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

1744. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1745. Defendant Community Health Systems, Inc. has shared in the profits received by the Illinois Defendants as a result of Illinois Medicaid's reimbursement of their false claims.

1746. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Illinois for payment of benefits by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A).

1747. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(B).

1748. The State of Illinois unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc. paid for claims through the Illinois Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1749. By reason of these payments, the State of Illinois has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1750. Defendant Community Health Systems, Inc. has not notified the State of Illinois of the violations of the Illinois False Claims Act alleged herein.

1751. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 740 ILCS 175/4(d).

WHEREFORE, the State of Illinois, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems, Inc. and issue orders in accordance with the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*, specifically as follows:

A.    Order Defendant Community Health Systems, Inc. to cease and desist from violating the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*;

B.    Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained

for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to 740 ILCS 175/3;

C.     Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 740 ILCS 175/4(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 740 ILCS 175/4(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXXVII
## Illinois False Claims Act
## 740 ILCS 175/3(a)(1)(A) & (B)
## (False Claims Submitted to Illinois Medicaid by
## CHS/Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of Illinois, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

1752.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1753.  Defendant CHS/Community Health Systems, Inc. has shared in the profits received by the Illinois Defendants of Illinois Medicaid's reimbursement as a result of their false claims.

1754.  By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Illinois for payment of benefits by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A).

1755.  By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(B).

1756.  The State of Illinois unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHS/Community Health Systems, Inc. paid for claims through the Illinois Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1757.  By reason of these payments, the State of Illinois has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1758.  Defendant CHS/Community Health Systems, Inc. has not notified the State of Illinois of the violations of the Illinois False Claims Act alleged herein.

1759.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 740 ILCS 175/4(d).

WHEREFORE, the State of Illinois, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health

Systems, Inc. and issue orders in accordance with the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*, specifically as follows:

A.    Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*;

B.    Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to 740 ILCS 175/3;

C.    Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 740 ILCS 175/4(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 740 ILCS 175/4(d)(1); and,

E.    Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CXXVIII
### Illinois False Claims Act
### 740 ILCS 175/3(a)(1)(A) & (B)
### (False Claims Submitted to Illinois Medicaid by
### Community Health Investment Company, LLC)

NOW COMES the Plaintiff, the State of Illinois, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

1760.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1761.  Defendant Community Health Investment Company, LLC has shared in the profits received by the Illinois Defendants as a result of Illinois Medicaid's reimbursement of their false claims.

1762. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to the State of Illinois for payment of benefits by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A).

1763. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(B).

1764. The State of Illinois unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC paid for claims through the Illinois Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1765. By reason of these payments, the State of Illinois has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1766. Defendant Community Health Investment Company, LLC has not notified the State of Illinois of the violations of the Illinois False Claims Act alleged herein.

1767. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 740 ILCS 175/4(d).

WHEREFORE, the State of Illinois, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Investment Company, LLC and issue orders in accordance with the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*, specifically as follows:

A. Order Defendant Community Health Investment Company, LLC to cease and desist from violating the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*;

B. Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to 740 ILCS 175/3;

C. Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 740 ILCS 175/4(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 740 ILCS 175/4(d); and,

E.    Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


### COUNT CXXIX
### Illinois False Claims Act
### 740 ILCS 175/3(a)(1)(A) & (B)
### (False Claims Submitted to Illinois Medicaid by
### Community Health Systems Professional Service Corporation)

NOW COMES the Plaintiff, the State of Illinois, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHSPSC as follows:

1768.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1769. Defendant CHSPSC has shared in the profits received by the Illinois Defendants as a result of Illinois Medicaid's reimbursement of their false claims.

1770. By virtue of the acts described above, Defendant CHSPSC knowingly caused to be submitted false or fraudulent claims to the State of Illinois for payment of benefits by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A).

1771. By virtue of the acts described above, Defendant CHSPSC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(B).

1772. The State of Illinois unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHSPSC paid for claims through the Illinois Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1773. By reason of these payments, the State of Illinois has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1774. Defendant CHSPSC has not notified the State of Illinois of the violations of the Illinois False Claims Act alleged herein.

1775. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 740 ILCS 175/4(d).

WHEREFORE, the State of Illinois, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHSPSC and issue orders in accordance with the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*, specifically as follows:

A.      Order Defendant CHSPSC to cease and desist from violating the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*;

B.      Order Defendant CHSPSC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false

claims submitted, and the costs of this action pursuant to 740 ILCS 175/3;

C.      Order Defendant CHSPSC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 740 ILCS 175/4(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 740 ILCS 175/4(d); and,

E.      Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
      Attorney for Relator,
      Bryan Carnithan

## **COUNT CXXX**
**Illinois False Claims Act**
**740 ILCS 175/3(a)(1)(A) & (B)**
**(False Claims Submitted to Illinois Medicaid by**
**Marion Hospital Corporation**

NOW COMES the Plaintiff, the State of Illinois, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Marion Hospital Corporation as follows:

1776.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1777.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant MHC to Illinois Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant MHC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1778.  Said claims were submitted by Defendant MHC to Illinois Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1779.  As a result of Defendant MHC's knowing submission of false UB-04s, Illinois Medicaid reimbursed Defendant MHC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Illinois Medicaid beneficiary's treatment.

1780.  By virtue of the acts described above, Defendant MHC defrauded the State of Illinois by getting false or fraudulent claims allowed and paid by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A) & (B).

1781.  By virtue of the acts described above, Defendant MHC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Illinois for payment of benefits by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A).

1782.  By virtue of the acts described above, Defendant MHC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(B).

1783. The State of Illinois, unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant MHC, paid for claims through the Illinois Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1784. By reason of these payments, the State of Illinois has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1785. Defendant MHC has not notified the State of Illinois of the violations of the Illinois False Claims Act alleged herein.

1786. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 740 ILCS 175/4(d).

WHEREFORE, the State of Illinois, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Marion Hospital Corporation and issue orders in accordance with the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*, specifically as follows:

A.  Order Defendant MHC to cease and desist from violating the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*;

B.  Order Defendant to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by the Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to 740 ILCS 175/3;

C.  Order Defendant MHC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 740 ILCS 175/4(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 740 ILCS 175/4(d); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

_/s/ Ronald E. Osman_____
BY: Ronald E. Osman
Attorney for Relator, Bryan Carnithan

## COUNT CXXXI
### Illinois False Claims Act
### 740 ILCS 175/3(a)(1)(A) & (B)
### (False Claims Submitted to Illinois Medicaid by
### Anna Hospital Corporation

NOW COMES the Plaintiff, the State of Illinois, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Anna Hospital Corporation as follows:

1787. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1788. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Anna Hospital Corporation to Illinois Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Anna Hospital Corporation certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and

complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1789. Said claims were submitted by Defendant Anna Hospital Corporation to Illinois Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1790. As a result of Defendant Anna Hospital Corporation's knowing submission of false UB-04s, Illinois Medicaid reimbursed Defendant Anna Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Illinois Medicaid beneficiary's treatment.

1791. By virtue of the acts described above, Defendant Anna Hospital Corporation defrauded the State of Illinois by getting false or fraudulent claims allowed and paid by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A) & (B).

1792. By virtue of the acts described above, Defendant Anna Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Illinois for payment of benefits by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A).

1793. By virtue of the acts described above, Defendant Anna Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(B).

1794. The State of Illinois unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Anna Hospital Corporation paid for claims through the Illinois Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1795. By reason of these payments, the State of Illinois has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1796. Defendant Anna Hospital Corporation has not notified the State of Illinois of the violations of the Illinois False Claims Act alleged herein.

1797. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 740 ILCS 175/4(d).

WHEREFORE, the State of Illinois, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Anna Hospital Corporation and issue orders in accordance with the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*, specifically as follows:

A. Order Defendant Anna Hospital Corporation to cease and desist from violating the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*;

B. Order Defendant Anna Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to 740 ILCS 175/3;

C. Order Defendant Anna Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 740 ILCS 175/4(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 740 ILCS 175/4(d); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXXXII
### Illinois False Claims Act
### 740 ILCS 175/3(a)(1)(A) & (B)
### (False Claims Submitted to Illinois Medicaid by
### Galesburg Hospital Corporation

NOW COMES the Plaintiff, the State of Illinois, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Galesburg Hospital Corporation as follows:

1798.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1799.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Galesburg Hospital Corporation to Illinois Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Galesburg Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1800. Said claims were submitted by Defendant Galesburg Hospital Corporation to Illinois Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1801. As a result of Defendant Galesburg Hospital Corporation's knowing submission of false UB-04s, Illinois Medicaid reimbursed Defendant Galesburg Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Illinois Medicaid beneficiary's treatment.

1802. By virtue of the acts described above, Defendant Galesburg Hospital Corporation defrauded the State of Illinois by getting false or fraudulent claims allowed and paid by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A) & (B).

1803. By virtue of the acts described above, Defendant Galesburg Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Illinois for payment of benefits by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A).

1804. By virtue of the acts described above, Defendant Galesburg Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(B).

1805. The State of Illinois unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Galesburg Hospital Corporation paid for

claims through the Illinois Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1806.  By reason of these payments, the State of Illinois has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1807. Defendant Galesburg Hospital Corporation has not notified the State of Illinois of the violations of the Illinois False Claims Act alleged herein.

1808. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 740 ILCS 175/4(d).

WHEREFORE, the State of Illinois, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Galesburg Hospital Corporation and issue orders in accordance with the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*, specifically as follows:

A.      Order Defendant Galesburg Hospital Corporation to cease and desist from violating the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*;

B.      Order Defendant Galesburg Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to 740 ILCS 175/3;

C.      Order Defendant Galesburg Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 740 ILCS 175/4(d);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 740 ILCS 175/4(d); and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
      Attorney for Relator, Bryan Carnithan

## COUNT CXXXIII
### Illinois False Claims Act
### 740 ILCS 175/3(a)(1)(A) & (B)
### (False Claims Submitted to Illinois Medicaid by
### Granite City Illinois Hospital Company, LLC)

NOW COMES the Plaintiff, the State of Illinois, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Granite City Illinois Hospital Company, LLC as follows:

1809.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1810.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Granite City Illinois Hospital Company, LLC to Illinois Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Granite City Illinois Hospital Company, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and

complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1811.  Said claims were submitted by Defendant Granite City Illinois Hospital Company, LLC to Illinois Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1812.  As a result of Defendant Granite City Illinois Hospital Company, LLC's knowing submission of false UB-04s, Illinois Medicaid reimbursed Defendant Granite City Illinois Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Illinois Medicaid beneficiary's treatment.

1813.  By virtue of the acts described above, Defendant Granite City Illinois Hospital Company, LLC defrauded the State of Illinois by getting false or fraudulent claims allowed and paid by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A) & (B).

1814.  By virtue of the acts described above, Defendant Granite City Illinois Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Illinois for payment of benefits by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A).

1815.  By virtue of the acts described above, Defendant Granite City Illinois Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(B).

1816.  The State of Illinois unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Granite City Illinois Hospital Company,

LLC paid for claims through the Illinois Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1817. By reason of these payments, the State of Illinois has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1818. Defendant Granite City Illinois Hospital Company, LLC has not notified the State of Illinois of the violations of the Illinois False Claims Act alleged herein.

1819. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 740 ILCS 175/4(d).

WHEREFORE, the State of Illinois, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Granite City Illinois Hospital Company, LLC and issue orders in accordance with the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*, specifically as follows:

A. Order Defendant Granite City Illinois Hospital Company, LLC to cease and desist from violating the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*;

B. Order Defendant Granite City Illinois Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to 740 ILCS 175/3;

C. Order Defendant Granite City Illinois Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 740 ILCS 175/4(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 740 ILCS 175/4(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman

BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXXXIV
## Illinois False Claims Act
## 740 ILCS 175/3(a)(1)(A) & (B)
## (False Claims Submitted to Illinois Medicaid by
## National Healthcare of Mt. Vernon, Inc.)

NOW COMES the Plaintiff, the State of Illinois, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant National Healthcare of Mt. Vernon, Inc. as follows:

1820.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1821.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant National Healthcare of Mt. Vernon, Inc. to Illinois Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant National Healthcare of Mt. Vernon, Inc. certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and

complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1822.  Said claims were submitted by Defendant National Healthcare of Mt. Vernon, Inc. to Illinois Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1823.  As a result of Defendant National Healthcare of Mt. Vernon, Inc.'s knowing submission of false UB-04s, Illinois Medicaid reimbursed Defendant National Healthcare of Mt. Vernon, Inc. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Illinois Medicaid beneficiary's treatment.

1824.  By virtue of the acts described above, Defendant National Healthcare of Mt. Vernon, Inc. defrauded the State of Illinois by getting false or fraudulent claims allowed and paid by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A) & (B).

1825.  By virtue of the acts described above, Defendant National Healthcare of Mt. Vernon, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Illinois for payment of benefits by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A).

1826.  By virtue of the acts described above, Defendant National Healthcare of Mt. Vernon, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(B).

1827.  The State of Illinois unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant National Healthcare of Mt. Vernon, Inc.

paid for claims through the Illinois Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1828. By reason of these payments, the State of Illinois has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1829. Defendant National Healthcare of Mt. Vernon, Inc. has not notified the State of Illinois of the violations of the Illinois False Claims Act alleged herein.

1830. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 740 ILCS 175/4(d).

WHEREFORE, the State of Illinois, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant National Healthcare of Mt. Vernon, Inc. and issue orders in accordance with the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*, specifically as follows:

A. Order Defendant National Healthcare of Mt. Vernon, Inc. to cease and desist from violating the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*;

B. Order Defendant National Healthcare of Mt. Vernon, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to 740 ILCS 175/3;

C. Order Defendant National Healthcare of Mt. Vernon, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 740 ILCS 175/4(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 740 ILCS 175/4(d); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXXXV
### Illinois False Claims Act
### 740 ILCS 175/3(a)(1)(A) & (B)
### (False Claims Submitted to Illinois Medicaid by
### Red Bud Illinois Hospital Company, LLC)

NOW COMES the Plaintiff, the State of Illinois, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Red Bud Illinois Hospital Company, LLC as follows:

1831. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1832. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Red Bud Illinois Hospital Company, LLC to Illinois Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Red Bud Illinois Hospital Company, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and

complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1833.  Said claims were submitted by Defendant Red Bud Illinois Hospital Company, LLC to Illinois Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1834.  As a result of Defendant Red Bud Illinois Hospital Company, LLC's knowing submission of false UB-04s, Illinois Medicaid reimbursed Defendant Red Bud Illinois Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Illinois Medicaid beneficiary's treatment.

1835.  By virtue of the acts described above, Defendant Red Bud Illinois Hospital Company, LLC defrauded the State of Illinois by getting false or fraudulent claims allowed and paid by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A) & (B).

1836.  By virtue of the acts described above, Defendant Red Bud Illinois Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Illinois for payment of benefits by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A).

1837.  By virtue of the acts described above, Defendant Red Bud Illinois Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(B).

1838.  The State of Illinois unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Red Bud Illinois Hospital Company, LLC

paid for claims through the Illinois Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1839.  By reason of these payments, the State of Illinois has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1840.  Defendant Red Bud Illinois Hospital Company, LLC has not notified the State of Illinois of the violations of the Illinois False Claims Act alleged herein.

1841.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 740 ILCS 175/4(d).

WHEREFORE, the State of Illinois, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Red Bud Illinois Hospital Company, LLC and issue orders in accordance with the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*, specifically as follows:

A.      Order Defendant Red Bud Illinois Hospital Company, LLC to cease and desist from violating the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*;

B.      Order Defendant Red Bud Illinois Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to 740 ILCS 175/3;

C.      Order Defendant Red Bud Illinois Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 740 ILCS 175/4(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 740 ILCS 175/4(d); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

/s/ Ronald E. Osman
BY:  Ronald E. Osman
Attorney for Relator, Bryan Carnithan

## COUNT CXXXVI
**Illinois False Claims Act**
**740 ILCS 175/3(a)(1)(A) & (B)**
**(False Claims Submitted to Illinois Medicaid by**
**Waukegan Illinois Hospital Company, LLC)**

NOW COMES the Plaintiff, the State of Illinois, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Waukegan Illinois Hospital Company, LLC as follows:

1842. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1843. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Waukegan Illinois Hospital Company, LLC to Illinois Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Red Bud Illinois Hospital Company, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and

complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1844. Said claims were submitted by Defendant Waukegan Illinois Hospital Company, LLC to Illinois Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1845. As a result of Defendant Waukegan Illinois Hospital Company, LLC's knowing submission of false UB-04s, Illinois Medicaid reimbursed Defendant Waukegan Illinois Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Illinois Medicaid beneficiary's treatment.

1846. By virtue of the acts described above, Defendant Waukegan Illinois Hospital Company, LLC defrauded the State of Illinois by getting false or fraudulent claims allowed and paid by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A) & (B).

1847. By virtue of the acts described above, Defendant Waukegan Illinois Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Illinois for payment of benefits by Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(A).

1848. By virtue of the acts described above, Defendant Waukegan Illinois Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Illinois Medicaid in violation of 740 ILCS 175/3(a)(1)(B).

1849. The State of Illinois unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Waukegan Illinois Hospital Company,

LLC paid for claims through the Illinois Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1850. By reason of these payments, the State of Illinois has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1851. Defendant Waukegan Illinois Hospital Company, LLC has not notified the State of Illinois of the violations of the Illinois False Claims Act alleged herein.

1852. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 740 ILCS 175/4(d).

WHEREFORE, the State of Illinois, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Waukegan Illinois Hospital Company, LLC and issue orders in accordance with the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*, specifically as follows:

A.  Order Defendant Waukegan Illinois Hospital Company, LLC to cease and desist from violating the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*;

B.  Order Defendant Waukegan Illinois Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to 740 ILCS 175/3;

C.  Order Defendant Waukegan Illinois Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 740 ILCS 175/4(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to 740 ILCS 175/4(d); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

_/s/ Ronald E. Osman_____
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


## COUNT CXXXVII
### California False Claims Act
### Cal. Gov. Code §12651(a)(1) & (2)
### (False Claims Submitted to Medi-Cal by
### Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of California, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

1853.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1854. Defendant Community Health Systems, Inc. has shared in the profits received by the California Defendants, MMC of Nevada, LLC and Tooele Hospital Corporation from Medi-Cal's reimbursement of their false claims.

1855. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of California for payment of benefits by Medi-Cal in violation of Cal. Gov. Code §12651(a)(1).

1856. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medi-Cal in violation of Cal. Gov. Code §12651(a)(2).

1857. The State of California unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc. paid for claims through the Medi-Cal program that would otherwise have not been paid or been paid at a lower amount.

1858. By reason of these payments, the State of California has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1859. Defendant Community Health Systems, Inc. has not notified the State of California of the violations of the California False Claims Act alleged herein.

1860. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Cal. Gov. Code §12652(g)(8).

WHEREFORE, the State of California, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems, Inc. and issue orders in accordance with the California False Claims Act, Cal. Gov. Code §12650, *et seq.*, specifically as follows:

A.      Order Defendant Community Health Systems, Inc. to cease and desist from violating the California False Claims Act, Cal. Gov. Code §12650, *et seq.*;

B.      Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained

for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Cal. Gov. Code §12651(a);

C.      Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Cal. Gov. Code §12652(g)(8);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Cal. Gov. Code §12652(g); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:      Ronald E. Osman
           Attorney for Relator, Bryan Carnithan


## COUNT CXXXVIII
### California False Claims Act
### Cal. Gov. Code §12651(a)(1) & (2)
### (False Claims Submitted to Medi-Cal by
### CHS/Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of California, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

1861.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1862. Defendant CHS/Community Health Systems, Inc. has shared in the profits received by the California Defendants, MMC of Nevada, LLC and Tooele Hospital Corporation from Medi-Cal's reimbursement of their false claims.

1863. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of California for payment of benefits by Medi-Cal in violation of Cal. Gov. Code §12651(a)(1).

1864. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medi-Cal in violation of Cal. Gov. Code §12651(a)(2).

1865. The State of California unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHS/Community Health Systems, Inc. paid for claims through the Medi-Cal program that would otherwise have not been paid or been paid at a lower amount.

1866. By reason of these payments, the State of California has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1867. Defendant CHS/Community Health Systems, Inc. has not notified the State of California of the violations of the California False Claims Act alleged herein.

1868. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Cal. Gov. Code §12652(g)(8).

WHEREFORE, the State of California, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health

Systems, Inc. and issue orders in accordance with the California False Claims Act, Cal. Gov. Code §12650, *et seq.*, specifically as follows:

A.      Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the California False Claims Act, Cal. Gov. Code §12650, *et seq.*;

B.      Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Cal. Gov. Code §12651(a);

C.      Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Cal. Gov. Code §12652(g)(8);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Cal. Gov. Code §12652(g); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

**COUNT CXXXIX**
**California False Claims Act**
**Cal. Gov. Code §12651(a)(1) & (2)**
**(False Claims Submitted to Medi-Cal by**
**Community Health Investment Company, LLC)**

NOW COMES the Plaintiff, the State of California, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

1869.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1870.  Defendant Community Health Investment Company, LLC has shared in the profits received by the California Defendants, MMC of Nevada, LLC and Tooele Hospital Corporation from Medi-Cal's reimbursement of their false claims.

1871. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to the State of California for payment of benefits by Medi-Cal in violation of Cal. Gov. Code §12651(a)(1).

1872. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medi-Cal in violation of Cal. Gov. Code §12651(a)(2).

1873. The State of California unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC paid for claims through the Medi-Cal program that would otherwise have not been paid or been paid at a lower amount.

1874. By reason of these payments, the State of California has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1875. Defendant Community Health Investment Company, LLC has not notified the State of California of the violations of the California False Claims Act alleged herein.

1876. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Cal. Gov. Code §12652(g)(8).

WHEREFORE, the State of California, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Investment Company, LLC and issue orders in accordance with the California False Claims Act, Cal. Gov. Code §12650, *et seq.*, specifically as follows:

A. Order Defendant Community Health Investment Company, LLC to cease and desist from violating the California False Claims Act, Cal. Gov. Code §12650, *et seq.*;

B. Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Cal. Gov. Code §12651(a);

C. Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Cal. Gov. Code §12652(g)(8);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Cal. Gov. Code §12652(g); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CXL
### California False Claims Act
### Cal. Gov. Code §12651(a)(1) & (2)
### (False Claims Submitted to Medi-Cal by
### Community Health Systems Professional Service Corporation)

NOW COMES the Plaintiff, the State of California, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHSPSC as follows:

1877.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1878. Defendant CHSPSC has shared in the profits received by the California Defendants, MMC of Nevada, LLC and Tooele Hospital Corporation from Medi-Cal's reimbursement of their false claims.

1879. By virtue of the acts described above, Defendant CHSPSC knowingly caused to be submitted false or fraudulent claims to the State of California for payment of benefits by Medi-Cal in violation of Cal. Gov. Code §12651(a)(1).

1880. By virtue of the acts described above, Defendant CHSPSC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medi-Cal in violation of Cal. Gov. Code §12651(a)(2).

1881. The State of California unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHSPSC paid for claims through the Medi-Cal program that would otherwise have not been paid or been paid at a lower amount.

1882. By reason of these payments, the State of California has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1883. Defendant CHSPSC has not notified the State of California of the violations of the California False Claims Act alleged herein.

1884. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Cal. Gov. Code §12652(g)(8).

WHEREFORE, the State of California, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHSPSC and issue orders in accordance with the California False Claims Act, Cal. Gov. Code §12650, *et seq.*, specifically as follows:

A.     Order Defendant CHSPSC to cease and desist from violating the California False Claims Act, Cal. Gov. Code §12650, *et seq.*;

B.     Order Defendant CHSPSC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Cal. Gov. Code

§12651(a);

C.    Order Defendant CHSPSC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Cal. Gov. Code §12652(g)(8);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Cal. Gov. Code §12652(g); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CXLI
### California False Claims Act
### Cal. Gov. Code §12651(a)(1) & (2)
### (False Claims Submitted to Medi-Cal by
### Hospital of Barstow, Inc.)

NOW COMES the Plaintiff, the State of California, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Hospital of Barstow, Inc. as follows:

1885.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1886. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Hospital of Barstow, Inc. to Medi-Cal on the UB-04 forms, or the electronic equivalent thereof, with Defendant Hospital of Barstow, Inc. certifying that:

502

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1887. Said claims were submitted by Defendant Hospital of Barstow, Inc. to Medi-Cal with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1888. As a result of Defendant Hospital of Barstow, Inc.'s knowing submission of false UB-04s, Medi-Cal reimbursed Defendant Hospital of Barstow, Inc. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Medi-Cal beneficiary's treatment.

1889. By virtue of the acts described above, Defendant Hospital of Barstow, Inc. defrauded the State of California by getting false or fraudulent claims allowed and paid by Medi-Cal in violation of Cal. Gov. Code §12651(a)(1) & (2).

1890. By virtue of the acts described above, Defendant Hospital of Barstow, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the State of California for payment of benefits by Medi-Cal in violation of Cal. Gov. Code §12651(a)(1).

1891. By virtue of the acts described above, Defendant Hospital of Barstow, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medi-Cal in violation of Cal. Gov. Code §12651(a)(2).

1892. The State of California unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Hospital of Barstow, Inc. paid for claims

through the Medi-Cal program that would otherwise have not been paid or been paid at a lower amount.

1893. By reason of these payments, the State of California has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1894. Defendant Hospital of Barstow, Inc. has not notified the State of California of the violations of the California False Claims Act alleged herein.

1895. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Cal. Gov. Code §12652(g)(8).

WHEREFORE, the State of California, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Hospital of Barstow, Inc. and issue orders in accordance with the California False Claims Act, Cal. Gov. Code §12650, *et seq.*, specifically as follows:

A. Order Defendant Hospital of Barstow, Inc. to cease and desist from violating the California False Claims Act, Cal. Gov. Code §12650, *et seq.*;

B. Order Defendant Hospital of Barstow, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Cal. Gov. Code §12651(a);

C. Order Defendant Hospital of Barstow, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Cal. Gov. Code §12652(g)(8);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to Cal Gov. Code §12652(g); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CXLII
### California False Claims Act
### Cal. Gov. Code §12651(a)(1) & (2)
### (False Claims Submitted to Medi-Cal by
### Fallbrook Hospital Corporation)

NOW COMES the Plaintiff, the State of California, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Fallbrook Hospital Corporation as follows:

1896.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1897.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Fallbrook Hospital Corporation to Medi-Cal on the UB-04 forms, or the electronic equivalent thereof, with Defendant Fallbrook Hospital Corporation certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and

complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1898.  Said claims were submitted by Defendant Fallbrook Hospital Corporation to Medi-Cal with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1899. As a result of Defendant Fallbrook Hospital Corporation's knowing submission of false UB-04s, Medi-Cal reimbursed Defendant Fallbrook Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Medi-Cal beneficiary's treatment.

1900. By virtue of the acts described above, Defendant Fallbrook Hospital Corporation defrauded the State of California by getting false or fraudulent claims allowed and paid by Medi-Cal in violation of Cal. Gov. Code §12651(a)(1) & (2).

1901. By virtue of the acts described above, Defendant Fallbrook Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of California for payment of benefits by Medi-Cal in violation of Cal. Gov. Code §12651(a)(1).

1902. By virtue of the acts described above, Defendant Fallbrook Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medi-Cal in violation of Cal. Gov. Code §12651(a)(2).

1903.  The State of California unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Fallbrook Hospital Corporation paid for

claims through the Medi-Cal program that would otherwise have not been paid or been paid at a lower amount.

1904. By reason of these payments, the State of California has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1905. Defendant Fallbrook Hospital Corporation has not notified the State of California of the violations of the California False Claims Act alleged herein.

1906. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Cal. Gov. Code §12652(g)(8).

WHEREFORE, the State of California, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Fallbrook Hospital Corporation and issue orders in accordance with the California False Claims Act, Cal. Gov. Code §12650, *et seq.*, specifically as follows:

A.　Order Defendant Fallbrook Hospital Corporation to cease and desist from violating the California False Claims Act, Cal. Gov. Code §12650, *et seq.*;

B.　Order Defendant Fallbrook Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Cal. Gov. Code §12651(a);

C.　Order Defendant Fallbrook Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Cal. Gov. Code §12652(g)(8);

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to Cal Gov. Code §12652(g); and,

E.  Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CXLIII
### California False Claims Act
### Cal. Gov. Code §12651(a)(1) & (2)
### (False Claims Submitted to Medi-Cal by
### Watsonville Hospital Corporation)

NOW COMES the Plaintiff, the State of California, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Watsonville Hospital Corporation as follows:

1907.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1908.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Watsonville Hospital Corporation to Medi-Cal on the UB-04 forms, or the electronic equivalent thereof, with Defendant Watsonville Hospital Corporation certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and

complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1909. Said claims were submitted by Defendant Watsonville Hospital Corporation to Medi-Cal with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1910. As a result of Defendant Watsonville Hospital Corporation's knowing submission of false UB-04s, Medi-Cal reimbursed Defendant Watsonville Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Medi-Cal beneficiary's treatment.

1911. By virtue of the acts described above, Defendant Watsonville Hospital Corporation defrauded the State of California by getting false or fraudulent claims allowed and paid by Medi-Cal in violation of Cal. Gov. Code §12651(a)(1) & (2).

1912. By virtue of the acts described above, Defendant Watsonville Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of California for payment of benefits by Medi-Cal in violation of Cal. Gov. Code §12651(a)(1).

1913. By virtue of the acts described above, Defendant Watsonville Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medi-Cal in violation of Cal. Gov. Code §12651(a)(2).

1914. The State of California unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Watsonville Hospital Corporation paid

for claims through the Medi-Cal program that would otherwise have been paid at a lower amount.

1915. By reason of these payments, the State of California has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1916. Defendant Watsonville Hospital Corporation has not notified the State of California of the violations of the California False Claims Act alleged herein.

1917. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Cal. Gov. Code §12652(g)(8).

WHEREFORE, the State of California, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Watsonville Hospital Corporation and issue orders in accordance with the California False Claims Act, Cal. Gov. Code §12650, *et seq.*, specifically as follows:

A. Order Defendant Watsonville Hospital Corporation to cease and desist from violating the California False Claims Act, Cal. Gov. Code §12650, *et seq.*;

B. Order Defendant Watsonville Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Cal. Gov. Code §12651(a);

C. Order Defendant Watsonville Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Cal. Gov. Code §12652(g)(8);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to Cal Gov. Code §12652(g); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan


## COUNT CXLIV
**California False Claims Act**
**Cal. Gov. Code §12651(a)(1) & (2)**
**(False Claims Submitted to Medi-Cal by**
**MMC of Nevada, LLC)**

NOW COMES the Plaintiff, the State of California, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant MMC of Nevada, LLC as follows:

1918.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1919.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant MMC of Nevada, LLC to Medi-Cal on the UB-04 forms, or the electronic equivalent thereof, with Defendant MMC of Nevada, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1920. Said claims were submitted by Defendant MMC of Nevada, LLC to Medi-Cal with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1921. As a result of Defendant MMC of Nevada, LLC's knowing submission of false UB-04s, Medi-Cal reimbursed Defendant MMC of Nevada, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Medi-Cal beneficiary's treatment.

1922. By virtue of the acts described above, Defendant MMC of Nevada, LLC defrauded the State of California by getting false or fraudulent claims allowed and paid by Medi-Cal in violation of Cal. Gov. Code §12651(a)(1) & (2).

1923. By virtue of the acts described above, Defendant MMC of Nevada, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of California for payment of benefits by Medi-Cal in violation of Cal. Gov. Code §12651(a)(1).

1924. By virtue of the acts described above, Defendant MMC of Nevada, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medi-Cal in violation of Cal. Gov. Code §12651(a)(2).

1925. The State of California unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant MMC of Nevada, LLC paid for claims through the Medi-Cal program that would otherwise have been paid at a lower amount.

1926. By reason of these payments, the State of California has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1927. Defendant MMC of Nevada, LLC has not notified the State of California of the violations of the California False Claims Act alleged herein.

1928. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Cal. Gov. Code §12652(g)(8).

WHEREFORE, the State of California, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant MMC of Nevada, LLC and issue orders in accordance with the California False Claims Act, Cal. Gov. Code §12650, *et seq.*, specifically as follows:

A.      Order Defendant MMC of Nevada, LLC to cease and desist from violating the California False Claims Act, Cal. Gov. Code §12650, *et seq.*;

B.      Order Defendant MMC of Nevada, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Cal. Gov. Code §12651(a);

C.      Order Defendant MMC of Nevada, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Cal. Gov. Code §12652(g)(8);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to Cal Gov. Code §12652(g); and,

E.      Order such other and further relief as this Court deems just and proper.

<u>**REQUEST FOR TRIAL BY JURY**</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

**COUNT CXLV**
**California False Claims Act**
**Cal. Gov. Code §12651(a)(1) & (2)**
**(False Claims Submitted to Medi-Cal by**
**Tooele Hospital Corporation)**

NOW COMES the Plaintiff, the State of California, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Tooele Hospital Corporation as follows:

1929.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1930. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Tooele Hospital Corporation to Medi-Cal on the UB-04 forms, or the electronic equivalent thereof, with Defendant Tooele Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1931. Said claims were submitted by Defendant Tooele Hospital Corporation to Medi-Cal with the knowledge by it that the claims were false as inpatient hospital services

provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1932.  As a result of Defendant Tooele Hospital Corporation's knowing submission of false UB-04s, Medi-Cal reimbursed Defendant Tooele Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Medi-Cal beneficiary's treatment.

1933. By virtue of the acts described above, Defendant Tooele Hospital Corporation defrauded the State of California by getting false or fraudulent claims allowed and paid by Medi-Cal in violation of Cal. Gov. Code §12651(a)(1) & (2).

1934. By virtue of the acts described above, Defendant Tooele Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of California for payment of benefits by Medi-Cal in violation of Cal. Gov. Code §12651(a)(1).

1935. By virtue of the acts described above, Defendant Tooele Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Medi-Cal in violation of Cal. Gov. Code §12651(a)(2).

1936.  The State of California unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Tooele Hospital Corporation paid for claims through the Medi-Cal program that would otherwise have not been paid or been paid at a lower amount.

1937.  By reason of these payments, the State of California has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1938. Defendant Tooele Hospital Corporation has not notified the State of California of the violations of the California False Claims Act alleged herein.

1939. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Cal. Gov. Code §12652(g)(8).

WHEREFORE, the State of California, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Tooele Hospital Corporation and issue orders in accordance with the California False Claims Act, Cal. Gov. Code §12650, *et seq.*, specifically as follows:

A. Order Defendant Tooele Hospital Corporation to cease and desist from violating the California False Claims Act, Cal. Gov. Code §12650, *et seq.*;

B. Order Defendant Tooele Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Cal. Gov. Code §12651(a);

C. Order Defendant Tooele Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Cal. Gov. Code §12652(g)(8);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to Cal Gov. Code §12652(g); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXLVI
### Florida False Claims Act
### Fla Stat. §68.082(2)(a) & (b)
### (False Claims Caused to be Submitted to Florida Medicaid by
### Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of Florida, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

1940.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1941. Defendant Community Health Systems, Inc. has shared in the profits received by the Florida Defendants from Florida Medicaid's reimbursement of their false claims.

1942. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Florida for payment of benefits by Florida Medicaid in violation of Fla Stat. §68.082(2)(a).

1943. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain

government payment for false and fraudulent claims submitted to Florida Medicaid in violation of Fla Stat. §68.082(2)(b).

1944. The State of Florida unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc. paid for claims through the Florida Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1945. By reason of these payments, the State of Florida has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1946. Defendant Community Health Systems, Inc. has not notified the State of Florida of the violations of the Florida False Claims Act alleged herein.

1947. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Fla Stat. §68.086(2).

WHEREFORE, the State of Florida, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems, Inc. and issue orders in accordance with the Florida False Claims Act, Fla Stat. 68.081, *et seq.*, specifically as follows:

A.    Order Defendant Community Health Systems, Inc. to cease and desist from violating the Florida False Claims Act, Fla Stat. §68.081, *et seq.*;

B.    Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant

to Fla Stat. §68.081(2);

C.     Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Fla Stat. §68.086(2);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Fla. Stat. §68.085; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXLVII
### Florida False Claims Act
### Fla Stat. §68.082(2)(a) & (b)
### (False Claims Caused to be Submitted to Florida Medicaid by CHS/Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of Florida, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

1948.   Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1949. Defendant CHS/Community Health Systems, Inc. has shared in the profits received by the Florida Defendants from Florida Medicaid's reimbursement of their false claims.

1950. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Florida for payment of benefits by Florida Medicaid in violation of Fla Stat. §68.082(2)(a).

1951. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Florida Medicaid in violation of Fla Stat. §68.082(2)(b).

1952. The State of Florida unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHS/Community Health Systems, Inc. paid for claims through the Florida Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1953. By reason of these payments, the State of Florida has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1954. Defendant CHS/Community Health Systems, Inc. has not notified the State of Florida of the violations of the Florida False Claims Act alleged herein.

1955. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Fla Stat. §68.086(2).

WHEREFORE, the State of Florida, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health

Systems, Inc. and issue orders in accordance with the Florida False Claims Act, Fla Stat. 68.081, *et seq.*, specifically as follows:

A.  Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the Florida False Claims Act, Fla Stat. §68.081, *et seq.*;

B.  Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to Fla Stat. §68.081(2);

C.  Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Fla Stat. §68.086(2);

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Fla. Stat. §68.085; and,

E.  Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CXLVIII
**Florida False Claims Act**
**Fla Stat. §68.082(2)(a) & (b)**
**(False Claims Caused to be Submitted to Florida Medicaid by**
**Community Health Investment Company, LLC)**

NOW COMES the Plaintiff, the State of Florida, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

1956. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1957. Defendant Community Health Investment Company, LLC has shared in the profits received by the Florida Defendants from Florida Medicaid's reimbursement of their false claims.

1958. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to the State of Florida for payment of benefits by Florida Medicaid in violation of Fla Stat. §68.082(2)(a).

1959. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Florida Medicaid in violation of Fla Stat. §68.082(2)(b).

1960. The State of Florida unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC paid for claims through the Florida Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1961.  By reason of these payments, the State of Florida has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1962.  Defendant Community Health Investment Company, LLC has not notified the State of Florida of the violations of the Florida False Claims Act alleged herein.

1963.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Fla Stat. §68.086(2).

WHEREFORE, the State of Florida, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Investment Company, LLC and issue orders in accordance with the Florida False Claims Act, Fla Stat. 68.081, *et seq.*, specifically as follows:

A.  Order Defendant Community Health Investment Company, LLC to cease and desist from violating the Florida False Claims Act, Fla Stat. §68.081, *et seq.*;

B.  Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to Fla Stat. §68.081(2);

C.  Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Fla Stat. §68.086(2);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Fla. Stat. §68.085; and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXLIX
### Florida False Claims Act
### Fla Stat. §68.082(2)(a) & (b)
### (False Claims Caused to be Submitted to Florida Medicaid by Community Health Systems Professional Service Corporation)

NOW COMES the Plaintiff, the State of Florida, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHSPSC as follows:

1964.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1965. Defendant CHSPSC has shared in the profits received by the Florida Defendants from Florida Medicaid's reimbursement of their false claims.

1966. By virtue of the acts described above, Defendant CHSPSC knowingly caused to be submitted false or fraudulent claims to the State of Florida for payment of benefits by Florida Medicaid in violation of Fla Stat. §68.082(2)(a).

1967. By virtue of the acts described above, Defendant CHSPSC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Florida Medicaid in violation of Fla Stat. §68.082(2)(b).

1968. The State of Florida unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHSPSC paid for claims through the Florida Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1969. By reason of these payments, the State of Florida has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1970. Defendant CHSPSC has not notified the State of Florida of the violations of the Florida False Claims Act alleged herein.

1971. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Fla Stat. §68.086(2).

WHEREFORE, the State of Florida, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHSPSC and issue orders in accordance with the Florida False Claims Act, Fla Stat. 68.081, *et seq.*, specifically as follows:

A.      Order Defendant CHSPSC to cease and desist from violating the Florida False Claims Act, Fla Stat. §68.081, *et seq.*;

B.      Order Defendant CHSPSC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false

claims submitted, and the costs of this action pursuant to Fla Stat. §68.081(2);

C.      Order Defendant CHSPSC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Fla Stat. §68.086(2);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Fla. Stat. §68.085; and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CL
**Florida False Claims Act**
**Fla Stat. §68.082(2)(a) & (b)**
**(False Claims Submitted to Florida Medicaid by**
**Crestview Hospital Corporation)**

NOW COMES the Plaintiff, the State of Florida, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Crestview Hospital Corporation as follows:

1972.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1973.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Crestview Hospital Corporation to Florida Medicaid on the UB-04

forms, or the electronic equivalent thereof, with Defendant Crestview Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1974. Said claims were submitted by Defendant Crestview Hospital Corporation to Florida Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1975. As a result of Defendant Crestview Hospital Corporation's knowing submission of false UB-04s, Florida Medicaid reimbursed Defendant Crestview Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Florida Medicaid beneficiary's treatment.

1976. By virtue of the acts described above, Defendant Crestview Hospital Corporation defrauded the State of Florida by getting false or fraudulent claims allowed and paid by Florida Medicaid in violation of Fla Stat. §68.082(2)(a) & (b).

1977. By virtue of the acts described above, Defendant Crestview Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Florida for payment of benefits by Florida Medicaid in violation of Fla Stat. §68.082(2)(a).

1978. By virtue of the acts described above, Defendant Crestview Hospital Corporation knowingly made, used or caused to be made or used false statements to

obtain government payment for false and fraudulent claims submitted to Florida Medicaid in violation of Fla Stat. §68.082(2)(b).

1979. The State of Florida unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Crestview Hospital Corporation paid for claims through the Florida Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1980. By reason of these payments, the State of Florida has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1981. Defendant Crestview Hospital Corporation has not notified the State of Florida of the violations of the Florida False Claims Act alleged herein.

1982. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Fla Stat. §68.086(2).

WHEREFORE, the State of Florida, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Crestview Hospital Corporation and issue orders in accordance with the Florida False Claims Act, Fla Stat. §68.081, *et seq.*, specifically as follows:

A.     Order Defendant Crestview Hospital Corporation to cease and desist from violating the Florida False Claims Act, Fla Stat. §68.081, *et seq.*;

B.     Order Defendant Crestview Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant

to Fla Stat. §68.082(2);

C.    Order Defendant Crestview Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Fla Stat. §68.086(2);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to Fla Stat. §68.085; and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CLI
**Florida False Claims Act**
**Fla Stat. §68.082(2)(a) & (b)**
**(False Claims Submitted to Florida Medicaid by**
**Lake Wales Hospital Corporation)**

NOW COMES the Plaintiff, the State of Florida, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Lake Wales Hospital Corporation as follows:

1983.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1984.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Lake Wales Hospital Corporation to Florida Medicaid on the UB-

04 forms, or the electronic equivalent thereof, with Defendant Lake Wales Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

1985. Said claims were submitted by Defendant Lake Wales Hospital Corporation to Florida Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

1986. As a result of Defendant Lake Wales Hospital Corporation's knowing submission of false UB-04s, Florida Medicaid reimbursed Defendant Lake Wales Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Florida Medicaid beneficiary's treatment.

1987. By virtue of the acts described above, Defendant Lake Wales Hospital Corporation defrauded the State of Florida by getting false or fraudulent claims allowed and paid by Florida Medicaid in violation of Fla Stat. §68.082(2)(a) & (b).

1988. By virtue of the acts described above, Defendant Lake Wales Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Florida for payment of benefits by Florida Medicaid in violation of Fla Stat. §68.082(2)(a).

1989. By virtue of the acts described above, Defendant Lake Wales Hospital Corporation knowingly made, used or caused to be made or used false statements to

obtain government payment for false and fraudulent claims submitted to Florida Medicaid in violation of Fla Stat. §68.082(2)(b).

1990. The State of Florida unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Lake Wales Hospital Corporation paid for claims through the Florida Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1991. By reason of these payments, the State of Florida has been damaged since at least 2005 and continues to be damaged in a substantial amount.

1992. Defendant Lake Wales Hospital Corporation has not notified the State of Florida of the violations of the Florida False Claims Act alleged herein.

1993. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Fla Stat. §68.086(2).

WHEREFORE, the State of Florida, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Lake Wales Hospital Corporation and issue orders in accordance with the Florida False Claims Act, Fla Stat. §68.081, *et seq.*, specifically as follows:

A.      Order Defendant Lake Wales Hospital Corporation to cease and desist from violating the Florida False Claims Act, Fla Stat. §68.081, *et seq.*;

B.      Order Defendant Lake Wales Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant

to Fla Stat. §68.082(2);

C.     Order Defendant Lake Wales Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Fla Stat. §68.086(2);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to Fla Stat. §68.085; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
           Attorney for Relator, Bryan Carnithan

## COUNT CLII
**Georgia State False Medicaid Claims Act**
**O.C.G.A. §49-4-168.1(a)(1) & (2)**
**(False Claims Caused to be Submitted to Georgia Medicaid by**
**Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the State of Georgia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

1994.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

1995. Defendant Community Health Systems, Inc. has shared in the profits received by the Georgia Defendants, Foley Hospital Corporation, Triad of Alabama, LLC

and Cleveland Tennessee Hospital Company, LLC from Georgia Medicaid's reimbursement of their false claims.

1996. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Georgia for payment of benefits by Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(1).

1997. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(2).

1998. The State of Georgia unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc. paid for claims through the Georgia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

1999. By reason of these payments, the State of Georgia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2000. Defendant Community Health Systems, Inc. has not notified the State of Georgia of the violations of the Georgia Medicaid False Claims Act alleged herein.

2001. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to O.C.G.A. §49-4-168.2(i).

WHEREFORE, the State of Georgia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems,

Inc. and issue orders in accordance with the Georgia State Medicaid False Claims Act, O.C.G.A. §49-4-168, *et seq.*, specifically as follows:

A.      Order Defendant Community Health Systems, Inc. to cease and desist from violating the Georgia False Claims Act, O.C.G.A. §49-4-168, *et seq.*;

B.      Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to O.C.G.A. §49-4-168.1(a);

C.      Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to O.C.G.A. §49-4-168.2(i);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to O.C.G.A. §49-4-168.2(i); and,

E.      Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

**COUNT CLIII**
**Georgia State False Medicaid Claims Act**
**O.C.G.A. §49-4-168.1(a)(1) & (2)**
**(False Claims Caused to be Submitted to Georgia Medicaid by**
**CHS/Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the State of Georgia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

2002. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2003. Defendant CHS/Community Health Systems, Inc. has shared in the profits received by the Georgia Defendants, Foley Hospital Corporation, Triad of Alabama, LLC and Cleveland Tennessee Hospital Company, LLC from Georgia Medicaid's reimbursement of their false claims.

2004. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Georgia for payment of benefits by Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(1).

2005. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(2).

2006. The State of Georgia unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHS/Community Health Systems, Inc. paid for

claims through the Georgia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2007. By reason of these payments, the State of Georgia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2008. Defendant CHS/Community Health Systems, Inc. has not notified the State of Georgia of the violations of the Georgia Medicaid False Claims Act alleged herein.

2009. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to O.C.G.A. §49-4-168.2(i).

WHEREFORE, the State of Georgia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health Systems, Inc. and issue orders in accordance with the Georgia State Medicaid False Claims Act, O.C.G.A. §49-4-168, *et seq.*, specifically as follows:

A.   Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the Georgia False Claims Act, O.C.G.A. §49-4-168, *et seq.*;

B.   Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to O.C.G.A. §49-4-168.1(a);

C.   Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to O.C.G.A. §49-4-168.2(i);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to O.C.G.A. §49-4-168.2(i); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

_/s/ Ronald E. Osman_____
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

## COUNT CLIV
**Georgia State False Medicaid Claims Act**
**O.C.G.A. §49-4-168.1(a)(1) & (2)**
**(False Claims Caused to be Submitted to Georgia Medicaid by**
**Community Health Investment Company, LLC)**

NOW COMES the Plaintiff, the State of Georgia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

2010.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2011.  Defendant Community Health Investment Company, LLC has shared in the profits received by the Georgia Defendants, Foley Hospital Corporation, Triad of Alabama, LLC and Cleveland Tennessee Hospital Company, LLC from Georgia Medicaid's reimbursement of their false claims.

2012. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to

the State of Georgia for payment of benefits by Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(1).

2013. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(2).

2014. The State of Georgia unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC paid for claims through the Georgia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2015. By reason of these payments, the State of Georgia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2016. Defendant Community Health Investment Company, LLC has not notified the State of Georgia of the violations of the Georgia Medicaid False Claims Act alleged herein.

2017. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to O.C.G.A. §49-4-168.2(i).

WHEREFORE, the State of Georgia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Investment Company, LLC and issue orders in accordance with the Georgia State Medicaid False Claims Act, O.C.G.A. §49-4-168, *et seq.*, specifically as follows:

A.    Order Defendant Community Health Investment Company, LLC to cease and desist from violating the Georgia False Claims Act, O.C.G.A. §49-4-168, *et seq.*;

B.    Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to O.C.G.A. §49-4-168.1(a);

C.    Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to O.C.G.A. §49-4-168.2(i);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to O.C.G.A. §49-4-168.2(i); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CLV
### Georgia State False Medicaid Claims Act
### O.C.G.A. §49-4-168.1(a)(1) & (2)
### (False Claims Caused to be Submitted to Georgia Medicaid by
### Community Health Systems Professional Service Corporation)

NOW COMES the Plaintiff, the State of Georgia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems Professional Service Corporation as follows:

2018. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2019. Defendant Community Health Systems Professional Service Corporation has shared in the profits received by the Georgia Defendants, Foley Hospital Corporation, Triad of Alabama, LLC and Cleveland Tennessee Hospital Company, LLC from Georgia Medicaid's reimbursement of their false claims.

2020. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be submitted false or fraudulent claims to the State of Georgia for payment of benefits by Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(1).

2021. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(2).

2022. The State of Georgia unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems Professional Service

Corporation paid for claims through the Georgia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2023. By reason of these payments, the State of Georgia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2024. Defendant Community Health Systems Professional Service Corporation has not notified the State of Georgia of the violations of the Georgia Medicaid False Claims Act alleged herein.

2025. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to O.C.G.A. §49-4-168.2(i).

WHEREFORE, the State of Georgia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems Professional Service Corporation and issue orders in accordance with the Georgia State Medicaid False Claims Act, O.C.G.A. §49-4-168, *et seq.*, specifically as follows:

A. Order Defendant Community Health Systems Professional Service Corporation to cease and desist from violating the Georgia False Claims Act, O.C.G.A. §49-4-168, *et seq.*;

B. Order Defendant Community Health Systems Professional Service Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to O.C.G.A. §49-4-168.1(a);

C. Order Defendant Community Health Systems Professional Service Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to O.C.G.A. §49-4-168.2(i);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to O.C.G.A. §49-4-168.2(i); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan


## COUNT CLVI
## Georgia State False Medicaid Claims Act
**O.C.G.A. §49-4-168.1(a)(1) & (2)**
**(False Claims Submitted to Georgia Medicaid by**
**Augusta Hospital, LLC)**

NOW COMES the Plaintiff, the State of Georgia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Augusta Hospital, LLC as follows:

2026. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2027. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Augusta Hospital, LLC to Georgia Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Augusta Hospital, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2028. Said claims were submitted by Defendant Augusta Hospital, LLC to Georgia Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2029. As a result of Defendant Augusta Hospital, LLC's knowing submission of false UB-04s, Georgia Medicaid reimbursed Defendant Augusta Hospital, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Georgia Medicaid beneficiary's treatment.

2030. By virtue of the acts described above, Defendant Augusta Hospital, LLC defrauded the State of Georgia by getting false or fraudulent claims allowed and paid by Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(1) & (2).

2031. By virtue of the acts described above, Defendant Augusta Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Georgia for payment of benefits by Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(1).

2032. By virtue of the acts described above, Defendant Augusta Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(2).

2033. The State of Georgia unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Augusta Hospital, LLC paid for claims

through the Georgia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2034. By reason of these payments, the State of Georgia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2035. Defendant Augusta Hospital, LLC has not notified the State of Georgia of the violations of the Georgia State Medicaid False Claims Act alleged herein.

2036. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to O.C.G.A. §49-4-168.2(i).

WHEREFORE, the State of Georgia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Augusta Hospital, LLC and issue orders in accordance with the Georgia State Medicaid False Claims Act, O.C.G.A. §49-4-168, *et seq.*, specifically as follows:

A. Order Defendant Augusta Hospital, LLC to cease and desist from violating the Georgia State Medicaid False Claims Act, O.C.G.A., §49-4-168, *et seq.*;

B. Order Defendant Augusta Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to O.C.G.A. §49-4-168.1(a).

C. Order Defendant Augusta Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to O.C.G.A. §49-4-168.2(i);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to O.C.G.A. §49-4-168.2(i); and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


## COUNT CLVII
**Georgia State False Medicaid Claims Act**
**O.C.G.A. §49-4-168.1(a)(1) & (2)**
**(False Claims Submitted to Georgia Medicaid by**
**Blue Ridge Georgia Hospital Company, LLC)**

NOW COMES the Plaintiff, the State of Georgia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Blue Ridge Georgia Hospital Company, LLC as follows:

2037.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2038.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Blue Ridge Georgia Hospital Company, LLC to Georgia Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Blue Ridge Georgia Hospital Company, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and

complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2039.  Said claims were submitted by Defendant Blue Ridge Georgia Hospital Company, LLC to Georgia Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2040.  As a result of Defendant Blue Ridge Georgia Hospital Company, LLC's knowing submission of false UB-04s, Georgia Medicaid reimbursed Defendant Blue Ridge Georgia Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Georgia Medicaid beneficiary's treatment.

2041.  By virtue of the acts described above, Defendant Blue Ridge Georgia Hospital Company, LLC defrauded the State of Georgia by getting false or fraudulent claims allowed and paid by Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(1) & (2).

2042.  By virtue of the acts described above, Defendant Blue Ridge Georgia Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Georgia for payment of benefits by Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(1).

2043.  By virtue of the acts described above, Defendant Blue Ridge Georgia Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(2).

2044. The State of Georgia unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Blue Ridge Georgia Hospital Company, LLC paid for claims through the Georgia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2045. By reason of these payments, the State of Georgia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2046. Defendant Blue Ridge Georgia Hospital Company, LLC has not notified the State of Georgia of the violations of the Georgia State Medicaid False Claims Act alleged herein.

2047. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to O.C.G.A. §49-4-168.2(i).

WHEREFORE, the State of Georgia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Blue Ridge Georgia Hospital Company, LLC and issue orders in accordance with the Georgia State Medicaid False Claims Act, O.C.G.A. §49-4-168, *et seq.*, specifically as follows:

A.      Order Defendant Blue Ridge Georgia Hospital Company, LLC to cease and desist from violating the Georgia State Medicaid False Claims Act, O.C.G.A., §49-4-168, *et seq.*;

B.      Order Defendant Blue Ridge Georgia Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this

action pursuant to O.C.G.A. §49-4-168.1(a).

C.     Order Defendant Blue Ridge Georgia Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to O.C.G.A. §49-4-168.2(i);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to O.C.G.A. §49-4-168.2(i); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan


## COUNT CLVIII
## Georgia State False Medicaid Claims Act
**O.C.G.A. §49-4-168.1(a)(1) & (2)**
**(False Claims Submitted to Georgia Medicaid by**
**Foley Hospital Corporation)**

NOW COMES the Plaintiff, the State of Georgia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Foley Hospital Corporation as follows:

2048.   Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2049.   Said emergency room claims and inpatient hospital services claims were submitted by Defendant Foley Hospital Corporation to Georgia Medicaid on the UB-04

forms, or the electronic equivalent thereof, with Defendant Foley Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2050.  Said claims were submitted by Defendant Foley Hospital Corporation to Georgia Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2051.  As a result of Defendant Foley Hospital Corporation's knowing submission of false UB-04s, Georgia Medicaid reimbursed Defendant Foley Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Georgia Medicaid beneficiary's treatment.

2052.  By virtue of the acts described above, Defendant Foley Hospital Corporation defrauded the State of Georgia by getting false or fraudulent claims allowed and paid by Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(1) & (2).

2053.  By virtue of the acts described above, Defendant Foley Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Georgia for payment of benefits by Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(1).

2054.  By virtue of the acts described above, Defendant Foley Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(2).

2055. The State of Georgia unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Foley Hospital Corporation paid for claims through the Georgia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2056. By reason of these payments, the State of Georgia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2057. Defendant Foley Hospital Corporation has not notified the State of Georgia of the violations of the Georgia State Medicaid False Claims Act alleged herein.

2058. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to O.C.G.A. §49-4-168.2(i).

WHEREFORE, the State of Georgia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Foley Hospital Corporation and issue orders in accordance with the Georgia State Medicaid False Claims Act, O.C.G.A. §49-4-168, *et seq.*, specifically as follows:

A. Order Defendant Foley Hospital Corporation to cease and desist from violating the Georgia State Medicaid False Claims Act, O.C.G.A., §49-4-168, *et seq.*;

B. Order Defendant Foley Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to O.C.G.A. §49-4-168.1(a).

C.     Order Defendant Foley Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to O.C.G.A. §49-4-168.2(i);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to O.C.G.A. §49-4-168.2(i); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


## COUNT CLIX
**Georgia State False Medicaid Claims Act**
**O.C.G.A. §49-4-168.1(a)(1) & (2)**
**(False Claims Submitted to Georgia Medicaid by**
**Triad of Alabama, LLC)**

NOW COMES the Plaintiff, the State of Georgia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Triad of Alabama, LLC as follows:

2059.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2060.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Triad of Alabama, LLC to Georgia Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Triad of Alabama, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2061. Said claims were submitted by Defendant Triad of Alabama, LLC to Georgia Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2062. As a result of Defendant Triad of Alabama, LLC's knowing submission of false UB-04s, Georgia Medicaid reimbursed Defendant Triad of Alabama, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Georgia Medicaid beneficiary's treatment.

2063. By virtue of the acts described above, Defendant Triad of Alabama, LLC defrauded the State of Georgia by getting false or fraudulent claims allowed and paid by Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(1) & (2).

2064. By virtue of the acts described above, Defendant Triad of Alabama, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Georgia for payment of benefits by Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(1).

2065. By virtue of the acts described above, Defendant Triad of Alabama, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(2).

2066. The State of Georgia unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Triad of Alabama, LLC paid for claims

through the Georgia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2067. By reason of these payments, the State of Georgia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2068. Defendant Triad of Alabama, LLC has not notified the State of Georgia of the violations of the Georgia State Medicaid False Claims Act alleged herein.

2069. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to O.C.G.A. §49-4-168.2(i).

WHEREFORE, the State of Georgia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Triad of Alabama, LLC and issue orders in accordance with the Georgia State Medicaid False Claims Act, O.C.G.A. §49-4-168, *et seq.*, specifically as follows:

A.  Order Defendant Triad of Alabama, LLC to cease and desist from violating the Georgia State Medicaid False Claims Act, O.C.G.A., §49-4-168, *et seq.*;

B.  Order Defendant Triad of Alabama, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to O.C.G.A. §49-4-168.1(a).

C.  Order Defendant Triad of Alabama, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to O.C.G.A. §49-4-168.2(i);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to O.C.G.A. §49-4-168.2(i); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

## COUNT CLX
**Georgia State False Medicaid Claims Act**
**O.C.G.A. §49-4-168.1(a)(1) & (2)**
**(False Claims Submitted to Georgia Medicaid by**
**Cleveland Tennessee Hospital Company, LLC)**

NOW COMES the Plaintiff, the State of Georgia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Cleveland Tennessee Hospital Company, LLC as follows:

2070.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2071.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Cleveland Tennessee Hospital Company, LLC to Georgia Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Cleveland Tennessee Hospital Company, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and

complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2072. Said claims were submitted by Defendant Cleveland Tennessee Hospital Company, LLC to Georgia Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2073. As a result of Defendant Cleveland Tennessee Hospital Company, LLC's knowing submission of false UB-04s, Georgia Medicaid reimbursed Defendant Cleveland Tennessee Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Georgia Medicaid beneficiary's treatment.

2074. By virtue of the acts described above, Defendant Cleveland Tennessee Hospital Company, LLC defrauded the State of Georgia by getting false or fraudulent claims allowed and paid by Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(1) & (2).

2075. By virtue of the acts described above, Defendant Cleveland Tennessee Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Georgia for payment of benefits by Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(1).

2076. By virtue of the acts described above, Defendant Cleveland Tennessee Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Georgia Medicaid in violation of O.C.G.A. §49-4-168.1(a)(2).

2077. The State of Georgia unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Cleveland Tennessee Hospital Company, LLC paid for claims through the Georgia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2078. By reason of these payments, the State of Georgia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2079. Defendant Cleveland Tennessee Hospital Company, LLC has not notified the State of Georgia of the violations of the Georgia State Medicaid False Claims Act alleged herein.

2080. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to O.C.G.A. §49-4-168.2(i).

WHEREFORE, the State of Georgia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Cleveland Tennessee Hospital Company, LLC and issue orders in accordance with the Georgia State Medicaid False Claims Act, O.C.G.A. §49-4-168, *et seq.*, specifically as follows:

A.     Order Defendant Cleveland Tennessee Hospital Company, LLC to cease and desist from violating the Georgia State Medicaid False Claims Act, O.C.G.A., §49-4-168, *et seq.*;

B.     Order Defendant Cleveland Tennessee Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this

action pursuant to O.C.G.A. §49-4-168.1(a).

C.     Order Defendant Cleveland Tennessee Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to O.C.G.A. §49-4-168.2(i);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to O.C.G.A. §49-4-168.2(i); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


## COUNT CLXI
### Indiana False Claims and Whistleblower Protection Act
### IC 5-11-5.5-2(b)(1) & (2)
### (False Claims Caused to be Submitted to Indiana Medicaid by Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of Indiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

2081.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2082. Defendant Community Health Systems, Inc. has shared in the profits received by the Indiana Defendants from Indiana Medicaid's reimbursement of their false claims.

2083. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Indiana for payment of benefits by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1).

2084. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Indiana Medicaid in violation of IC 5-11-5.5-2(b)(2).

2085. The State of Indiana unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc. paid for claims through the Indiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2086. By reason of these payments, the State of Indiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2087. Defendant Community Health Systems, Inc. has not notified the State of Indiana of the violations of the Indiana False Claims and Whistleblower Protection Act alleged herein.

2088. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to IC 5-11-5.5-6.

WHEREFORE, the State of Indiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems, Inc. and issue orders in accordance with the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*, specifically as follows:

A.  Order Defendant Community Health Systems, Inc. to cease and desist from violating the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*;

B.  Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $5,000 for any false claims submitted, and the costs of this action pursuant to IC 5-11-5.5-2(b);

C.  Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to IC 5-11-5.5-6;

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to IC 5-11-5.5-6; and,

E.  Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan


## COUNT CLXII
## Indiana False Claims and Whistleblower Protection Act
## IC 5-11-5.5-2(b)(1) & (2)
## (False Claims Caused to be Submitted to Indiana Medicaid by
## CHS/Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of Indiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

2089.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2090.  Defendant CHS/Community Health Systems, Inc. has shared in the profits received by the Indiana Defendants from Indiana Medicaid's reimbursement of their false claims.

2091.  By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Indiana for payment of benefits by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1).

2092.  By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Indiana Medicaid in violation of IC 5-11-5.5-2(b)(2).

2093.  The State of Indiana unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHS/Community Health Systems, Inc. paid for

claims through the Indiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2094. By reason of these payments, the State of Indiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2095. Defendant CHS/Community Health Systems, Inc. has not notified the State of Indiana of the violations of the Indiana False Claims and Whistleblower Protection Act alleged herein.

2096. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to IC 5-11-5.5-6.

WHEREFORE, the State of Indiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health Systems, Inc. and issue orders in accordance with the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*, specifically as follows:

A. Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*;

B. Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $5,000 for any false claims submitted, and the costs of this action pursuant to IC 5-11-5.5-2(b);

C. Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to IC 5-11-5.5-6;

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to IC 5-11-5.5-6; and,

E. Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

### COUNT CLXIII
### Indiana False Claims and Whistleblower Protection Act
### IC 5-11-5.5-2(b)(1) & (2)
### (False Claims Caused to be Submitted to Indiana Medicaid by
### Community Health Investment Company, LLC)

NOW COMES the Plaintiff, the State of Indiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

2097. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2098. Defendant Community Health Investment Company, LLC has shared in the profits received by the Indiana Defendants from Indiana Medicaid's reimbursement of their false claims.

2099. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to the State of Indiana for payment of benefits by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1).

2100. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1).

2101. The State of Indiana unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC paid for claims through the Indiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2102. By reason of these payments, the State of Indiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2103. Defendant Community Health Investment Company, LLC has not notified the State of Indiana of the violations of the Indiana False Claims and Whistleblower Protection Act alleged herein.

2104. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to IC 5-11-5.5-6.

WHEREFORE, the State of Indiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Investment

Company, LLC and issue orders in accordance with the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*, specifically as follows:

A.     Order Defendant Community Health Investment Company, LLC to cease and desist from violating the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*;

B.     Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $5,000 for any false claims submitted, and the costs of this action pursuant to IC 5-11-5.5-2(b);

C.     Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to IC 5-11-5.5-6;

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to IC 5-11-5.5-6; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

**COUNT CLXIV**
**Indiana False Claims and Whistleblower Protection Act**
**IC 5-11-5.5-2(b)(1) & (2)**
**(False Claims Caused to be Submitted to Indiana Medicaid by**
**Community Health Systems Professional Service Corporation)**

NOW COMES the Plaintiff, the State of Indiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems Professional Service Corporation as follows:

2105. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2106. Defendant Community Health Systems Professional Service Corporation has shared in the profits received by the Indiana Defendants from Indiana Medicaid's reimbursement of their false claims.

2107. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be submitted false or fraudulent claims to the State of Indiana for payment of benefits by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1).

2108. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Indiana Medicaid in violation of IC 5-11-5.5-2(b)(2).

2109. The State of Indiana unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems Professional Service

Corporation paid for claims through the Indiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2110.  By reason of these payments, the State of Indiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2111.  Defendant Community Health Systems Professional Service Corporation has not notified the State of Indiana of the violations of the Indiana False Claims and Whistleblower Protection Act alleged herein.

2112.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to IC 5-11-5.5-6.

WHEREFORE, the State of Indiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems Professional Service Corporation and issue orders in accordance with the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*, specifically as follows:

A.    Order Defendant Community Health Systems Professional Service Corporation to cease and desist from violating the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*;

B.    Order Defendant Community Health Systems Professional Service Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $5,000 for any false claims submitted, and the costs of this action pursuant to IC 5-11-5.5-2(b);

C.    Order Defendant Community Health Systems Professional Service Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to IC 5-11-5.5-6;

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to IC 5-11-5.5-6; and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan


## COUNT CLXV
**Indiana False Claims and Whistleblower Protection Act**
**IC 5-11-5.5-2(b)(1) & (2)**
**(False Claims Submitted to Indiana Medicaid by**
**Bluffton Health System, LLC)**

NOW COMES the Plaintiff, the State of Indiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Bluffton Health System, LLC as follows:

2113.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2114.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Bluffton Health System, LLC to Indiana Medicaid on the UB-04

forms, or the electronic equivalent thereof, with Defendant Bluffton Health System, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2115. Said claims were submitted by Defendant Bluffton Health System, LLC to Indiana Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2116. As a result of Defendant Bluffton Health System, LLC's knowing submission of false UB-04s, Indiana Medicaid reimbursed Defendant Bluffton Health System, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Indiana Medicaid beneficiary's treatment.

2117. By virtue of the acts described above, Defendant Bluffton Health System, LLC defrauded the State of Indiana by getting false or fraudulent claims allowed and paid by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1) & (2).

2118. By virtue of the acts described above, Defendant Bluffton Health System, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Indiana for payment of benefits by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1).

2119. By virtue of the acts described above, Defendant Bluffton Health System, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Indiana Medicaid in violation of IC 5-11-5.5-2(b)(2).

2120. The State of Indiana unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Bluffton Health System, LLC paid for claims through the Indiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2121. By reason of these payments, the State of Indiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2122. Defendant Bluffton Health System, LLC has not notified the State of Indiana of the violations of the Indiana False Claims and Whistleblower Protection Act alleged herein.

2123. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to IC 5-11-5.5-6.

WHEREFORE, the State of Indiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Bluffton Health System, LLC and issue orders in accordance with the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*, specifically as follows:

A.     Order Defendant Bluffton Health System, LLC to cease and desist from violating the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*;

B.     Order Defendant Bluffton Health System, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $5,000 for any false claims submitted, and the costs of this action pursuant

to IC 5-11-5.5-2(b).

C.     Order Defendant Bluffton Health System, LLC to pay Relator's reasonable

costs and expenses, including attorneys' fees, pursuant to IC 5-11-5.5-6;

D.     Order that the Relator be awarded the statutory percentage of the amount

received by the government pursuant to IC 5-11-5.5-6; and,

E.     Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator

hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman                          
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

### COUNT CLXVI
**Indiana False Claims and Whistleblower Protection Act
IC 5-11-5.5-2(b)(1) & (2)
(False Claims Submitted to Indiana Medicaid by
Dukes Health System, LLC)**

NOW COMES the Plaintiff, the State of Indiana, by the Relator, Bryan Carnithan,

through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and

complains against Defendant Dukes Health System, LLC as follows:

2124.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set

forth herein.

2125.  Said emergency room claims and inpatient hospital services claims were

submitted by Defendant Dukes Health System, LLC to Indiana Medicaid on the UB-04

forms, or the electronic equivalent thereof, with Defendant Dukes Health System, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2126. Said claims were submitted by Defendant Dukes Health System, LLC to Indiana Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2127. As a result of Defendant Dukes Health System, LLC's knowing submission of false UB-04s, Indiana Medicaid reimbursed Defendant Dukes Health System, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Indiana Medicaid beneficiary's treatment.

2128. By virtue of the acts described above, Defendant Dukes Health System, LLC defrauded the State of Indiana by getting false or fraudulent claims allowed and paid by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1) & (2).

2129. By virtue of the acts described above, Defendant Dukes Health System, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Indiana for payment of benefits by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1).

2130. By virtue of the acts described above, Defendant Dukes Health System, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Indiana Medicaid in violation of IC 5-11-5.5-2(b)(2).

2131. The State of Indiana unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Dukes Health System, LLC paid for claims through the Indiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2132. By reason of these payments, the State of Indiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2133. Defendant Dukes Health System, LLC has not notified the State of Indiana of the violations of the Indiana False Claims and Whistleblower Protection Act alleged herein.

2134. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to IC 5-11-5.5-6.

WHEREFORE, the State of Indiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Dukes Health System, LLC and issue orders in accordance with the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*, specifically as follows:

A.      Order Defendant Dukes Health System, LLC to cease and desist from violating the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*;

B.      Order Defendant Dukes Health System, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $5,000 for any false claims submitted, and the costs of this action pursuant to IC 5-

11-5.5-2(b).

C.      Order Defendant Dukes Health System, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to IC 5-11-5.5-6;

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to IC 5-11-5.5-6; and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman_____
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


## COUNT CLXVII
### Indiana False Claims and Whistleblower Protection Act
### IC 5-11-5.5-2(b)(1) & (2)
### (False Claims Submitted to Indiana Medicaid by
### Dupont Hospital, LLC)

NOW COMES the Plaintiff, the State of Indiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Dupont Hospital, LLC as follows:

2135.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2136.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Dupont Hospital, LLC to Indiana Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Dupont Hospital, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2137. Said claims were submitted by Defendant Dupont Hospital, LLC to Indiana Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2138. As a result of Defendant Dupont Hospital, LLC's knowing submission of false UB-04s, Indiana Medicaid reimbursed Defendant Dupont Hospital, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Indiana Medicaid beneficiary's treatment.

2139. By virtue of the acts described above, Defendant Dupont Hospital, LLC defrauded the State of Indiana by getting false or fraudulent claims allowed and paid by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1) & (2).

2140. By virtue of the acts described above, Defendant Dupont Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Indiana for payment of benefits by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1).

2141. By virtue of the acts described above, Defendant Dupont Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Indiana Medicaid in violation of IC 5-11-5.5-2(b)(2).

2142. The State of Indiana unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Dupont Hospital, LLC paid for claims

through the Indiana Medicaid program that would otherwise have been paid at a lower amount.

2143. By reason of these payments, the State of Indiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2144. Defendant Dupont Hospital, LLC has not notified the State of Indiana of the violations of the Indiana False Claims and Whistleblower Protection Act alleged herein.

2145. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to IC 5-11-5.5-6.

WHEREFORE, the State of Indiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Dupont Hospital, LLC and issue orders in accordance with the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*, specifically as follows:

A.     Order Defendant Dupont Hospital, LLC to cease and desist from violating the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*;

B.     Order Defendant Dupont Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $5,000 for any false claims submitted, and the costs of this action pursuant to IC 5-11-5.5-2(b).

C.     Order Defendant Dupont Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to IC 5-11-5.5-6;

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to IC 5-11-5.5-6; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan


## COUNT CLXVIII
### Indiana False Claims and Whistleblower Protection Act
### IC 5-11-5.5-2(b)(1) & (2)
### (False Claims Submitted to Indiana Medicaid by
### IOM Health System, L.P.)

NOW COMES the Plaintiff, the State of Indiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant IOM Health System, L.P. as follows:

2146.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2147.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant IOM Health System, L.P. to Indiana Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant IOM Health System, L.P. certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and

complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2148.  Said claims were submitted by Defendant IOM Health System, L.P. to Indiana Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2149.  As a result of Defendant IOM Health System, L.P.'s knowing submission of false UB-04s, Indiana Medicaid reimbursed Defendant IOM Health System, L.P. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Indiana Medicaid beneficiary's treatment.

2150.  By virtue of the acts described above, Defendant IOM Health System, L.P. defrauded the State of Indiana by getting false or fraudulent claims allowed and paid by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1) & (2).

2151.  By virtue of the acts described above, Defendant IOM Health System, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Indiana for payment of benefits by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1).

2152.  By virtue of the acts described above, Defendant IOM Health System, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Indiana Medicaid in violation of IC 5-11-5.5-2(b)(2).

2153.  The State of Indiana unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant IOM Health System, L.P. paid for claims through the Indiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2154.  By reason of these payments, the State of Indiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2155.  Defendant IOM Health System, L.P. has not notified the State of Indiana of the violations of the Indiana False Claims and Whistleblower Protection Act alleged herein.

2156.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to IC 5-11-5.5-6.

WHEREFORE, the State of Indiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant IOM Health System, L.P. and issue orders in accordance with the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*, specifically as follows:

A.  Order Defendant IOM Health System, L.P. to cease and desist from violating the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*;

B.  Order Defendant IOM Health System, L.P. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $5,000 for any false claims submitted, and the costs of this action pursuant to IC 5-11-5.5-2(b).

C.  Order Defendant IOM Health System, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to IC 5-11-5.5-6;

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to IC 5-11-5.5-6; and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

/s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

## COUNT CLXIX
## Indiana False Claims and Whistleblower Protection Act
## IC 5-11-5.5-2(b)(1) & (2)
## (False Claims Submitted to Indiana Medicaid by
## Porter Hospital, LLC)

NOW COMES the Plaintiff, the State of Indiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Porter Hospital, LLC as follows:

2157.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2158.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Porter Hospital, LLC to Indiana Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Porter Hospital, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2159.  Said claims were submitted by Defendant Porter Hospital, LLC to Indiana Medicaid with the knowledge by it that the claims were false as inpatient hospital services

provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2160.  As a result of Defendant Porter Hospital, LLC's knowing submission of false UB-04s, Indiana Medicaid reimbursed Defendant Porter Hospital, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Indiana Medicaid beneficiary's treatment.

2161. By virtue of the acts described above, Defendant Porter Hospital, LLC defrauded the State of Indiana by getting false or fraudulent claims allowed and paid by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1) & (2).

2162. By virtue of the acts described above, Defendant Porter Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Indiana for payment of benefits by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1).

2163. By virtue of the acts described above, Defendant Porter Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Indiana Medicaid in violation of IC 5-11-5.5-2(b)(2).

2164. The State of Indiana unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Porter Hospital, LLC paid for claims through the Indiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2165.  By reason of these payments, the State of Indiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2166. Defendant Porter Hospital, LLC has not notified the State of Indiana of the violations of the Indiana False Claims and Whistleblower Protection Act alleged herein.

2167. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to IC 5-11-5.5-6.

WHEREFORE, the State of Indiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Porter Hospital, LLC and issue orders in accordance with the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*, specifically as follows:

A. Order Defendant Porter Hospital, LLC to cease and desist from violating the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*;

B. Order Defendant Porter Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $5,000 for any false claims submitted, and the costs of this action pursuant to IC 5-11-5.5-2(b).

C. Order Defendant Porter Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to IC 5-11-5.5-6;

D. Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to IC 5-11-5.5-6; and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

_/s/ Ronald E. Osman_____

BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CLXX
### Indiana False Claims and Whistleblower Protection Act
### IC 5-11-5.5-2(b)(1) & (2)
### (False Claims Submitted to Indiana Medicaid by
### St. Joseph Health System, LLC)

NOW COMES the Plaintiff, the State of Indiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant St. Joseph Health System, LLC as follows:

2168.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2169.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant St. Joseph Health System, LLC to Indiana Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant St. Joseph Health System, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2170.  Said claims were submitted by Defendant St. Joseph Health System, LLC to Indiana Medicaid with the knowledge by it that the claims were false as inpatient hospital

services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2171. As a result of Defendant St. Joseph Health System, LLC's knowing submission of false UB-04s, Indiana Medicaid reimbursed Defendant St. Joseph Health System, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Indiana Medicaid beneficiary's treatment.

2172. By virtue of the acts described above, Defendant St. Joseph Health System, LLC defrauded the State of Indiana by getting false or fraudulent claims allowed and paid by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1) & (2).

2173. By virtue of the acts described above, Defendant St. Joseph Health System, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Indiana for payment of benefits by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1).

2174. By virtue of the acts described above, Defendant St. Joseph Health System, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Indiana Medicaid in violation of IC 5-11-5.5-2(b)(2).

2175. The State of Indiana unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant St. Joseph Health System, LLC paid for claims through the Indiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2176. By reason of these payments, the State of Indiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2177. Defendant St. Joseph Health System, LLC has not notified the State of Indiana of the violations of the Indiana False Claims and Whistleblower Protection Act alleged herein.

2178. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to IC 5-11-5.5-6.

WHEREFORE, the State of Indiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant St. Joseph Health System, LLC and issue orders in accordance with the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*, specifically as follows:

A.     Order Defendant St. Joseph Health System, LLC to cease and desist from violating the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*;

B.     Order Defendant St. Joseph Health System, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $5,000 for any false claims submitted, and the costs of this action pursuant to IC 5-11-5.5-2(b).

C.     Order Defendant St. Joseph Health System, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to IC 5-11-5.5-6;

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to IC 5-11-5.5-6; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CLXXI
## Indiana False Claims and Whistleblower Protection Act
## IC 5-11-5.5-2(b)(1) & (2)
## (False Claims Submitted to Indiana Medicaid by
## Warsaw Health System, LLC)

NOW COMES the Plaintiff, the State of Indiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Warsaw Health System, LLC as follows:

2179.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2180.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Warsaw Health System, LLC to Indiana Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Warsaw Health System, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2181. Said claims were submitted by Defendant Warsaw Health System, LLC to Indiana Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2182. As a result of Defendant Warsaw Health System, LLC's knowing submission of false UB-04s, Indiana Medicaid reimbursed Defendant Warsaw Health System, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Indiana Medicaid beneficiary's treatment.

2183. By virtue of the acts described above, Defendant Warsaw Health System, LLC defrauded the State of Indiana by getting false or fraudulent claims allowed and paid by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1) & (2).

2184. By virtue of the acts described above, Defendant Warsaw Health System, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Indiana for payment of benefits by Indiana Medicaid in violation of IC 5-11-5.5-2(b)(1).

2185. By virtue of the acts described above, Defendant Warsaw Health System, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Indiana Medicaid in violation of IC 5-11-5.5-2(b)(2).

2186. The State of Indiana unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Warsaw Health System, LLC paid for claims through the Indiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2187. By reason of these payments, the State of Indiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2188. Defendant Warsaw Health System, LLC has not notified the State of Indiana of the violations of the Indiana False Claims and Whistleblower Protection Act alleged herein.

2189. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to IC 5-11-5.5-6.

WHEREFORE, the State of Indiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Warsaw Health System, LLC and issue orders in accordance with the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*, specifically as follows:

A.      Order Defendant Warsaw Health System, LLC to cease and desist from violating the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*;

B.      Order Defendant Warsaw Health System, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $5,000 for any false claims submitted, and the costs of this action pursuant to IC 5-11-5.5-2(b).

C.      Order Defendant Warsaw Health System, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to IC 5-11-5.5-6;

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government pursuant to IC 5-11-5.5-6; and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
      Attorney for Relator, Bryan Carnithan

## COUNT CLXXII
### Louisiana Medical Assistance Programs Integrity Law
### La R.S. 46:438.3(A) & (B)
### (False Claims Caused to be Submitted to Louisiana Medicaid by Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of Louisiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

2190.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2191. Defendant Community Health Systems, Inc. has shared in the profits received by the Louisiana Defendants from Louisiana Medicaid's reimbursement of their false claims.

2192. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of

Louisiana for payment of benefits by Louisiana Medicaid in violation of La R.S. 46:438.3(A).

2193. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Louisiana Medicaid in violation of La R.S. 46:438.3(B).

2194. The State of Louisiana unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc. paid for claims through the Louisiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2195. By reason of these payments, the State of Louisiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2196. Defendant Community Health Systems, Inc. has not notified the State of Louisiana of the violations of the Louisiana Medical Assistance Programs Integrity Law alleged herein.

2197. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to La R.S. 46:439.4(C).

WHEREFORE, the State of Louisiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems, Inc. and issue orders in accordance with the Louisiana Medical Assistance Programs Integrity Law, La R.S. 46:437.1, *et seq.*, specifically as follows:

A.      Order Defendant Community Health Systems, Inc. to cease and desist from violating the Louisiana Medical Assistance Programs Integrity Law, La R.S. 46:437.1, *et seq.*;

B.      Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus interest at the maximum rate of legal interest provided for in La R.S. 13:4202 from the date of damage to the date of repayment, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to La R.S. 46:438.6(B) and (C);

C.      Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to La R.S. 46:439.4(C);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to La R.S. 46:439.4; and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

**Louisiana Medical Assistance Programs Integrity Law**
**La R.S. 46:438.3(A) & (B)**
**(False Claims Caused to be Submitted to Louisiana Medicaid by**
**CHS/Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the State of Louisiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

2198.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2199.  Defendant CHS/Community Health Systems, Inc. has shared in the profits received by the Louisiana Defendants from Louisiana Medicaid's reimbursement of their false claims.

2200.  By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Louisiana for payment of benefits by Louisiana Medicaid in violation of La R.S. 46:438.3(A).

2201.  By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Louisiana Medicaid in violation of La R.S. 46:438.3(B).

2202.  The State of Louisiana unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHS/Community Health Systems, Inc. paid for claims through the Louisiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2203. By reason of these payments, the State of Louisiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2204. Defendant CHS/Community Health Systems, Inc. has not notified the State of Louisiana of the violations of the Louisiana Medical Assistance Programs Integrity Law alleged herein.

2205. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to La R.S. 46:439.4(C).

WHEREFORE, the State of Louisiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health Systems, Inc. and issue orders in accordance with the Louisiana Medical Assistance Programs Integrity Law, La R.S. 46:437.1, *et seq.*, specifically as follows:

A.      Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the Louisiana Medical Assistance Programs Integrity Law, La R.S. 46:437.1, *et seq.*;

B.      Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus interest at the maximum rate of legal interest provided for in La R.S. 13:4202 from the date of damage to the date of repayment, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to La R.S. 46:438.6(B) and (C);

C.      Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to La R.S. 46:439.4(C);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to La R.S. 46:439.4; and,

E.      Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

### COUNT CLXXIV
**Louisiana Medical Assistance Programs Integrity Law**
**La R.S. 46:438.3(A) & (B)**
**(False Claims Caused to be Submitted to Louisiana Medicaid by**
**Community Health Investment Company, LLC)**

NOW COMES the Plaintiff, the State of Louisiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

2206.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2207.  Defendant Community Health Investment Company, LLC has shared in the profits received by the Louisiana Defendants from Louisiana Medicaid's reimbursement of their false claims.

2208. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to the State of Louisiana for payment of benefits by Louisiana Medicaid in violation of La R.S. 46:438.3(A).

2209. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Louisiana Medicaid in violation of La R.S. 46:438.3(B).

2210. The State of Louisiana unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC paid for claims through the Louisiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2211. By reason of these payments, the State of Louisiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2212. Defendant Community Health Investment Company, LLC has not notified the State of Louisiana of the violations of the Louisiana Medical Assistance Programs Integrity Law alleged herein.

2213. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to La R.S. 46:439.4(C).

WHEREFORE, the State of Louisiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Investment

Company, LLC and issue orders in accordance with the Louisiana Medical Assistance Programs Integrity Law, La R.S. 46:437.1, *et seq.*, specifically as follows:

A.   Order Defendant Community Health Investment Company, LLC to cease and desist from violating the Louisiana Medical Assistance Programs Integrity Law, La R.S. 46:437.1, *et seq.*;

B.   Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus interest at the maximum rate of legal interest provided for in La R.S. 13:4202 from the date of damage to the date of repayment, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to La R.S. 46:438.6(B) and (C);

C.   Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to La R.S. 46:439.4(C);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to La R.S. 46:439.4; and,

E.   Order such other and further relief as this Court deems just and proper.

### <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan


**COUNT CLXXV**
**Louisiana Medical Assistance Programs Integrity Law**
**La R.S. 46:438.3(A) & (B)**
**(False Claims Caused to be Submitted to Louisiana Medicaid by**
**Community Health Systems Professional Service Corporation)**

NOW COMES the Plaintiff, the State of Louisiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems Professional Service Corporation as follows:

2214. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2215. Defendant Community Health Systems Professional Service Corporation has shared in the profits received by the Louisiana Defendants from Louisiana Medicaid's reimbursement of their false claims.

2216. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be submitted false or fraudulent claims to the State of Louisiana for payment of benefits by Louisiana Medicaid in violation of La R.S. 46:438.3(A).

2217. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Louisiana Medicaid in violation of La R.S. 46:438.3(B).

2218. The State of Louisiana unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems Professional Service Corporation paid for claims through the Louisiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2219. By reason of these payments, the State of Louisiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2220. Defendant Community Health Systems Professional Service Corporation has not notified the State of Louisiana of the violations of the Louisiana Medical Assistance Programs Integrity Law alleged herein.

2221. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to La R.S. 46:439.4(C).

WHEREFORE, the State of Louisiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems Professional Service Corporation and issue orders in accordance with the Louisiana Medical Assistance Programs Integrity Law, La R.S. 46:437.1, *et seq.*, specifically as follows:

A. Order Defendant Community Health Systems Professional Service Corporation to cease and desist from violating the Louisiana Medical Assistance Programs Integrity Law, La R.S. 46:437.1, *et seq.*;

B. Order Defendant Community Health Systems Professional Service Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said

Defendant, plus interest at the maximum rate of legal interest provided for in La R.S. 13:4202 from the date of damage to the date of repayment, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to La R.S. 46:438.6(B) and (C);

C.     Order Defendant Community Health Systems Professional Service Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to La R.S. 46:439.4(C);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to La R.S. 46:439.4; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CLXXVI
**Louisiana Medical Assistance Programs Integrity Law**
**La R.S. 46:438.3(A) & (B)**
**(False Claims Submitted to Louisiana Medicaid by**
**National Healthcare of Leesville, Inc.)**

NOW COMES the Plaintiff, the State of Louisiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant National Healthcare of Leesville, Inc. as follows:

2222.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2223.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant National Healthcare of Leesville, Inc. to Louisiana Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant National Healthcare of Leesville, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2224.  Said claims were submitted by Defendant National Healthcare of Leesville, Inc. to Louisiana Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2225.  As a result of Defendant National Healthcare of Leesville, Inc.'s knowing submission of false UB-04s, Louisiana Medicaid reimbursed Defendant National Healthcare of Leesville, Inc. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the  Louisiana Medicaid beneficiary's treatment.

2226.  By virtue of the acts described above, Defendant National Healthcare of Leesville, Inc. defrauded the State of Louisiana by getting false or fraudulent claims allowed and paid by Louisiana Medicaid in violation of La R.S. 46:438.3(A) & (B).

2227.  By virtue of the acts described above, Defendant National Healthcare of Leesville, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to

the State of Louisiana for payment of benefits by Louisiana Medicaid in violation of La R.S. 46:438.3(A).

2228. By virtue of the acts described above, Defendant National Healthcare of Leesville, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Louisiana Medicaid in violation of La R.S. 46:438(B).

2229. The State of Louisiana unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant National Healthcare of Leesville, Inc. paid for claims through the Louisiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2230. By reason of these payments, the State of Louisiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2231. Defendant National Healthcare of Leesville, Inc. has not notified the State of Louisiana of the violations of the Louisiana Medical Assistance Programs Integrity Law alleged herein.

2232. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to La R.S. 46:439.4(C).

WHEREFORE, the State of Louisiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant National Healthcare of Leesville, Inc. and issue orders in accordance with the Louisiana Medical Assistance Programs Integrity Law, 46:437.1, *et seq.*, specifically as follows:

A. Order Defendant National Healthcare of Leesville, Inc. to cease and desist from violating the Louisiana Medical Assistance Programs Integrity Law, 46: 437.1, *et seq.*;

B. Order Defendant National Healthcare of Leesville, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus interest at the maximum rate of legal interest provided for in La R.S. 13:4202 from the date of damage to the date of repayment, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to La R.S. 46:438.6(B) and (C);

C. Order Defendant National Healthcare of Leesville, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to La R.S. 46:439.4(C);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to La R.S. 46:439.4; and,

E. Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman

BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

**COUNT CLXXVII**
**Louisiana Medical Assistance Programs Integrity Law**
**La R.S. 46:438.3(A) & (B)**
**(False Claims Submitted to Louisiana Medicaid by**
**Ruston Louisiana Hospital Company, LLC)**

NOW COMES the Plaintiff, the State of Louisiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Ruston Louisiana Hospital Company, LLC as follows:

2233.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2234.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Ruston Louisiana Hospital Company, LLC. to Louisiana Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Ruston Louisiana Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2235.  Said claims were submitted by Defendant Ruston Louisiana Hospital Company, LLC to Louisiana Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2236.  As a result of Defendant Ruston Louisiana Hospital Company, LLC's knowing submission of false UB-04s, Louisiana Medicaid reimbursed Defendant Ruston Louisiana Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Louisiana Medicaid beneficiary's treatment.

2237.  By virtue of the acts described above, Defendant Ruston Louisiana Hospital Company, LLC defrauded the State of Louisiana by getting false or fraudulent claims allowed and paid by Louisiana Medicaid in violation of La R.S. 46:438.3(A) & (B).

2238.  By virtue of the acts described above, Defendant Ruston Louisiana Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Louisiana for payment of benefits by Louisiana Medicaid in violation of La R.S. 46:438.3(A).

2239.  By virtue of the acts described above, Defendant Ruston Louisiana Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Louisiana Medicaid in violation of La R.S. 46:438(B).

2240.  The State of Louisiana unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Ruston Louisiana Hospital Company, LLC paid for claims through the Louisiana Medicaid program that would otherwise have been paid at a lower amount.

2241.  By reason of these payments, the State of Louisiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2242.  Defendant Ruston Louisiana Hospital Company, LLC has not notified the State of Louisiana of the violations of the Louisiana Medical Assistance Programs Integrity Law alleged herein.

2243.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to La R.S. 46:439.4(C).

WHEREFORE, the State of Louisiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Ruston Louisiana Hospital Company, LLC and issue orders in accordance with the Louisiana Medical Assistance Programs Integrity Law, 46:437.1, *et seq.*, specifically as follows:

A.     Order Defendant Ruston Louisiana Hospital Company, LLC to cease and desist from violating the Louisiana Medical Assistance Programs Integrity Law, 46: 437.1, *et seq.*;

B.     Order Defendant Ruston Louisiana Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus interest at the maximum rate of legal interest provided for in La R.S. 13:4202 from the date of damage to the date of repayment, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to La R.S. 46:438.6(B) and (C);

C.     Order Defendant Ruston Louisiana Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to La R.S. 46:439.4(C);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to La R.S. 46:439.4; and,

E.     Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
              Attorney for Relator, Bryan Carnithan


## COUNT CLXXVIII
### Louisiana Medical Assistance Programs Integrity Law
### La R.S. 46:438.3(A) & (B)
### (False Claims Submitted to Louisiana Medicaid by
### Women & Children's Hospital, LLC)

NOW COMES the Plaintiff, the State of Louisiana, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Women & Children's Hospital, LLC as follows:

2244.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2245.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Women & Children's Hospital, LLC. to Louisiana Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Women & Children's Hospital, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2246.  Said claims were submitted by Defendant Women & Children's Hospital, LLC to Louisiana Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2247. As a result of Defendant Women & Children's Hospital, LLC's knowing submission of false UB-04s, Louisiana Medicaid reimbursed Defendant Women & Children's Hospital, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Louisiana Medicaid beneficiary's treatment.

2248. By virtue of the acts described above, Defendant Women & Children's Hospital, LLC defrauded the State of Louisiana by getting false or fraudulent claims allowed and paid by Louisiana Medicaid in violation of La R.S. 46:438.3(A) & (B).

2249. By virtue of the acts described above, Defendant Women & Children's Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Louisiana for payment of benefits by Louisiana Medicaid in violation of La R.S. 46:438.3(A).

2250. By virtue of the acts described above, Defendant Women & Children's Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Louisiana Medicaid in violation of La R.S. 46:438(B).

2251. The State of Louisiana unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Women & Children's Hospital, LLC paid for claims through the Louisiana Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2252. By reason of these payments, the State of Louisiana has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2253. Defendant Women & Children's Hospital, LLC has not notified the State of Louisiana of the violations of the Louisiana Medical Assistance Programs Integrity Law alleged herein.

2254. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to La R.S. 46:439.4(C).

WHEREFORE, the State of Louisiana, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Women & Children's Hospital, LLC and issue orders in accordance with the Louisiana Medical Assistance Programs Integrity Law, 46:437.1, *et seq.*, specifically as follows:

A.      Order Defendant Women & Children's Hospital, LLC to cease and desist from violating the Louisiana Medical Assistance Programs Integrity Law, 46: 437.1, *et seq.*;

B.      Order Defendant Women & Children's Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus interest at the maximum rate of legal interest provided for in La R.S. 13:4202 from the date of damage to the date of repayment, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to La R.S. 46:438.6(B) and (C);

C.      Order Defendant Women & Children's Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to La R.S. 46:439.4(C);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to La R.S. 46:439.4; and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CLXXIX
**Nevada Statutes Prohibiting
Submission of False Claims to State or Local Government
NRS 357.040(1)(a) & (b)
(False Claims Caused to be Submitted to Nevada Medicaid by
Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the State of Nevada, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

2255.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2256. Defendant Community Health Systems, Inc. has shared in the profits received by the MCC of Nevada, LLC from Nevada Medicaid's reimbursement of its false claims.

2257. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Nevada for payment of benefits by Nevada Medicaid in violation of NRS 357.040(1)(a).

2258. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Nevada Medicaid in violation of NRS 357.040(1)(b).

2259. The State of Nevada unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc. paid for claims through the Nevada Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2260. By reason of these payments, the State of Nevada has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2261. Defendant Community Health Systems, Inc. has not notified the State of Nevada of the violations of the Nevada statutes prohibiting submission of false claims to state or local government as alleged herein.

2262. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to NRS 357.180.

WHEREFORE, the State of Nevada, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems, Inc. and issue orders in accordance with the Nevada statutes prohibiting submission of false claims to state or local government, NRS 357.010, *et seq.*, specifically as follows:

A.      Order Defendant Community Health Systems, Inc. to cease and desist from violating the Nevada statutes prohibiting submission of false claims to state or local government, NRS 357.010, *et seq.*;

B.      Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to NRS 357.040;

C.      Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to NRS 357.180;

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to NRS 357.210; and,

E.      Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman

BY:     Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

**Nevada Statutes Prohibiting**
**Submission of False Claims to State or Local Government**
**NRS 357.040(1)(a) & (b)**
**(False Claims Caused to be Submitted to Nevada Medicaid by**
**CHS/Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the State of Nevada, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

2263. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2264. Defendant CHS/Community Health Systems, Inc. has shared in the profits received by the MCC of Nevada, LLC from Nevada Medicaid's reimbursement of its false claims.

2265. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Nevada for payment of benefits by Nevada Medicaid in violation of NRS 357.040(1)(a).

2266. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Nevada Medicaid in violation of NRS 357.040(1)(b).

2267. The State of Nevada unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHS/Community Health Systems, Inc. paid for claims through the Nevada Medicaid program that would otherwise have been paid at a lower amount.

2268.  By reason of these payments, the State of Nevada has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2269.  Defendant CHS/Community Health Systems, Inc. has not notified the State of Nevada of the violations of the Nevada statutes prohibiting submission of false claims to state or local government as alleged herein.

2270. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to NRS 357.180.

WHEREFORE, the State of Nevada, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health Systems, Inc. and issue orders in accordance with the Nevada statutes prohibiting submission of false claims to state or local government, NRS 357.010, *et seq.*, specifically as follows:

A.    Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the Nevada statutes prohibiting submission of false claims to state or local government, NRS 357.010, *et seq.*;

B.    Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to NRS 357.040;

C.  Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to NRS 357.180;

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to NRS 357.210; and,

E.  Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman_____
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CLXXXI
**Nevada Statutes Prohibiting
Submission of False Claims to State or Local Government
NRS 357.040(1)(a) & (b)
(False Claims Caused to be Submitted to Nevada Medicaid by
Community Health Investment Company, LLC)**

NOW COMES the Plaintiff, the State of Nevada, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

2271.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2272. Defendant Community Health Investment Company, LLC has shared in the profits received by the MCC of Nevada, LLC from Nevada Medicaid's reimbursement of its false claims.

2273. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to the State of Nevada for payment of benefits by Nevada Medicaid in violation of NRS 357.040(1)(a).

2274. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Nevada Medicaid in violation of NRS 357.040(1)(b).

2275. The State of Nevada unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC paid for claims through the Nevada Medicaid program that would otherwise have been paid at a lower amount.

2276. By reason of these payments, the State of Nevada has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2277. Defendant Community Health Investment Company, LLC has not notified the State of Nevada of the violations of the Nevada statutes prohibiting submission of false claims to state or local government as alleged herein.

2278. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to NRS 357.180.

WHEREFORE, the State of Nevada, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Investment Company, LLC and issue orders in accordance with the Nevada statutes prohibiting submission of false claims to state or local government, NRS 357.010, *et seq.*, specifically as follows:

A.    Order Defendant Community Health Investment Company, LLC to cease and desist from violating the Nevada statutes prohibiting submission of false claims to state or local government, NRS 357.010, *et seq.*;

B.    Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to NRS 357.040;

C.    Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to NRS 357.180;

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to NRS 357.210; and,

E.    Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan


## COUNT CLXXXII
**Nevada Statutes Prohibiting**
**Submission of False Claims to State or Local Government**
**NRS 357.040(1)(a) & (b)**
**(False Claims Caused to be Submitted to Nevada Medicaid by**
**Community Health Systems Professional Service Corporation)**

NOW COMES the Plaintiff, the State of Nevada, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems Professional Service Corporation as follows:

2279.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2280. Defendant Community Health Systems Professional Service Corporation has shared in the profits received by the MCC of Nevada, LLC from Nevada Medicaid's reimbursement of its false claims.

2281. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be submitted false or fraudulent claims to the State of Nevada for payment of benefits by Nevada Medicaid in violation of NRS 357.040(1)(a).

2282. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be made or used false

statements to obtain government payment for false and fraudulent claims submitted to Nevada Medicaid in violation of NRS 357.040(1)(b).

2283. The State of Nevada unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems Professional Service Corporation paid for claims through the Nevada Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2284. By reason of these payments, the State of Nevada has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2285. Defendant Community Health Systems Professional Service Corporation has not notified the State of Nevada of the violations of the Nevada statutes prohibiting submission of false claims to state or local government as alleged herein.

2286. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to NRS 357.180.

WHEREFORE, the State of Nevada, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems Professional Service Corporation and issue orders in accordance with the Nevada statutes prohibiting submission of false claims to state or local government, NRS 357.010, *et seq.*, specifically as follows:

A. Order Defendant Community Health Systems Professional Service Corporation to cease and desist from violating the Nevada statutes prohibiting submission of false claims to state or local government, NRS 357.010, *et seq.*;

B.     Order Defendant Community Health Systems Professional Service Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to NRS 357.040;

C.     Order Defendant Community Health Systems Professional Service Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to NRS 357.180;

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to NRS 357.210; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

**COUNT CLXXXIII**
**Nevada Statutes Prohibiting**
**Submission of False Claims to State or Local Government**
**NRS 357.040(1)(a) & (b)**
**(False Claims Caused to be Submitted to Nevada Medicaid by**
**MMC of Nevada, LLC)**

NOW COMES the Plaintiff, the State of Nevada, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant MMC of Nevada, LLC as follows:

2287. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2288. Said emergency room claims and inpatient hospital services claims were submitted by Defendant MMC of Nevada, LLC to Nevada Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant MMC of Nevada, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2289. Said claims were submitted by Defendant MMC of Nevada, LLC to Nevada Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2290. As a result of Defendant MMC of Nevada, LLC's knowing submission of false UB-04s, Nevada Medicaid reimbursed Defendant MMC of Nevada, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Nevada Medicaid beneficiary's treatment.

2291. By virtue of the acts described above, Defendant MMC of Nevada, LLC defrauded the State of Nevada by getting false or fraudulent claims allowed and paid by Nevada Medicaid in violation of NRS 357.040(1)(a) & (b).

2292. By virtue of the acts described above, Defendant MMC of Nevada, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Nevada for payment of benefits by Nevada Medicaid in violation of NRS 357.040(1)(a).

2293. By virtue of the acts described above, Defendant MMC of Nevada, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Nevada Medicaid in violation of NRS 357.040(1)(b).

2294. The State of Nevada unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant MMC of Nevada, LLC paid for claims through the Nevada Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2295. By reason of these payments, the State of Nevada has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2296. Defendant MMC of Nevada, LLC has not notified the State of Nevada of the violations of Nevada statutes prohibiting submission of False claims to state or local government as alleged herein.

2297. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to NRS 357.180.

WHEREFORE, the State of Nevada, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant MMC of Nevada, LLC and issue orders in accordance with the Nevada statutes prohibiting submission of false claims to state or local government, NRS 357.010, *et seq.*, specifically as follows:

A.      Order Defendant MMC of Nevada, LLC to cease and desist from violating the Nevada statutes prohibiting submission of false claims to state or local government, NRS 357.010, *et seq.*;

B.      Order Defendant MMC of Nevada, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to NRS 357.040;

C.      Order Defendant MMC of Nevada, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to NRS 357.180;

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to NRS 357.210; and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CLXXXIV
### New Jersey False Claims Act
### N.J. Stat §2A:32C-3(a) & (b)
### (False Claims Caused to be Submitted to New Jersey Medicaid by
### Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of New Jersey, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

2298. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2299. Defendant Community Health Systems, Inc. has shared in the profits received by Defendant Salem Hospital Corporation from New Jersey Medicaid's reimbursement of its false claims.

2300. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of New Jersey for payment of benefits by New Jersey Medicaid in violation of N.J. Stat 2A:32C-3(a).

2301. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to New Jersey Medicaid in violation of N.J. Stat 2A:32C-3(b)

2302. The State of New Jersey unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc. paid for claims through the New Jersey Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2303. By reason of these payments, the State of New Jersey has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2304. Defendant Community Health Systems, Inc. has not notified the State of New Jersey of the violations of the New Jersey False Claims Act as alleged herein.

2305. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.J. Stat 2A:32C-8.

WHEREFORE, the State of New Jersey, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems, Inc. and issue orders in accordance with the New Jersey False Claims Act, N.J. Stat 2A:32C-1, *et seq.*, specifically as follows:

A.  Order Defendant Community Health Systems, Inc. to cease and desist from violating the New Jersey False Claims Act, N.J. Stat 2A:32C-1, *et seq.*;

B.  Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to N.J. Stat 2A:32C-3;

C.  Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.J. Stat 2A:32C-8;

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.J. Stat 2A:32C-7; and,

E.  Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

### COUNT CLXXXV
### New Jersey False Claims Act
### N.J. Stat §2A:32C-3(a) & (b)
### (False Claims Caused to be Submitted to New Jersey Medicaid by
### CHS/Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of New Jersey, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

2306.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2307.  Defendant CHS/Community Health Systems, Inc. has shared in the profits received by Defendant Salem Hospital Corporation from New Jersey Medicaid's reimbursement of its false claims.

2308.  By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of

New Jersey for payment of benefits by New Jersey Medicaid in violation of N.J. Stat 2A:32C-3(a).

2309. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to New Jersey Medicaid in violation of N.J. Stat 2A:32C-3(b)

2310. The State of New Jersey unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHS/Community Health Systems, Inc. paid for claims through the New Jersey Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2311. By reason of these payments, the State of New Jersey has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2312. Defendant CHS/Community Health Systems, Inc. has not notified the State of New Jersey of the violations of the New Jersey False Claims Act as alleged herein.

2313. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.J. Stat 2A:32C-8.

WHEREFORE, the State of New Jersey, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health Systems, Inc. and issue orders in accordance with the New Jersey False Claims Act, N.J. Stat 2A:32C-1, *et seq.*, specifically as follows:

A.   Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the New Jersey False Claims Act, N.J. Stat 2A:32C-1, *et seq.*;

B.   Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to N.J. Stat 2A:32C-3;

C.   Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.J. Stat 2A:32C-8;

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.J. Stat 2A:32C-7; and,

E.   Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

**COUNT CLXXXVI**
**New Jersey False Claims Act**
**N.J. Stat §2A:32C-3(a) & (b)**
**(False Claims Caused to be Submitted to New Jersey Medicaid by**
**Community Health Investment Company, LLC)**

NOW COMES the Plaintiff, the State of New Jersey, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

2314. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2315. Defendant Community Health Investment Company, LLC has shared in the profits received by Defendant Salem Hospital Corporation from New Jersey Medicaid's reimbursement of its false claims.

2316. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to the State of New Jersey for payment of benefits by New Jersey Medicaid in violation of N.J. Stat 2A:32C-3(a).

2317. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to New Jersey Medicaid in violation of N.J. Stat 2A:32C-3(b)

2318. The State of New Jersey unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC

paid for claims through the New Jersey Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2319. By reason of these payments, the State of New Jersey has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2320. Defendant Community Health Investment Company, LLC has not notified the State of New Jersey of the violations of the New Jersey False Claims Act as alleged herein.

2321. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.J. Stat 2A:32C-8.

WHEREFORE, the State of New Jersey, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Investment Company, LLC and issue orders in accordance with the New Jersey False Claims Act, N.J. Stat 2A:32C-1, *et seq.*, specifically as follows:

A.  Order Defendant Community Health Investment Company, LLC to cease and desist from violating the New Jersey False Claims Act, N.J. Stat 2A:32C-1, *et seq.*;

B.  Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to N.J. Stat 2A:32C-3;

C. Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.J. Stat 2A:32C-8;

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.J. Stat 2A:32C-7; and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
             Attorney for Relator, Bryan Carnithan

## COUNT CLXXXVII
**New Jersey False Claims Act**
**N.J. Stat §2A:32C-3(a) & (b)**
**(False Claims Caused to be Submitted to New Jersey Medicaid by**
**Community Health Systems Professional Service Corporation)**

NOW COMES the Plaintiff, the State of New Jersey, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems Professional Service Corporation as follows:

2322. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2323. Defendant Community Health Systems Professional Service Corporation has shared in the profits received by Defendant Salem Hospital Corporation from New Jersey Medicaid's reimbursement of its false claims.

2324. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be submitted false or fraudulent claims to the State of New Jersey for payment of benefits by New Jersey Medicaid in violation of N.J. Stat 2A:32C-3(a).

2325. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to New Jersey Medicaid in violation of N.J. Stat 2A:32C-3(b)

2326. The State of New Jersey unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems Professional Service Corporation paid for claims through the New Jersey Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2327. By reason of these payments, the State of New Jersey has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2328. Defendant Community Health Systems Professional Service Corporation has not notified the State of New Jersey of the violations of the New Jersey False Claims Act as alleged herein.

2329. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.J. Stat 2A:32C-8.

WHEREFORE, the State of New Jersey, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems Professional Service Corporation and issue orders in accordance with the New Jersey False Claims Act, N.J. Stat 2A:32C-1, *et seq.*, specifically as follows:

A. Order Defendant Community Health Systems Professional Service Corporation to cease and desist from violating the New Jersey False Claims Act, N.J. Stat 2A:32C-1, *et seq.*;

B. Order Defendant Community Health Systems Professional Service Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to N.J. Stat 2A:32C-3;

C. Order Defendant Community Health Systems Professional Service Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.J. Stat 2A:32C-8;

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.J. Stat 2A:32C-7; and,

E. Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
              Attorney for Relator, Bryan Carnithan


**COUNT CLXXXVIII**
**New Jersey False Claims Act**
**N.J. Stat §2A:32C-3(a) & (b)**
**(False Claims Caused to be Submitted to New Jersey Medicaid by**
**Salem Hospital Corporation)**

NOW COMES the Plaintiff, the State of New Jersey, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Salem Hospital Corporation as follows:

2330.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2331.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Salem Hospital Corporation to New Jersey Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Salem Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2332.  Said claims were submitted by Defendant Salem Hospital Corporation to New Jersey Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2333.  As a result of Defendant Salem Hospital Corporation's knowing submission of false UB-04s, New Jersey Medicaid reimbursed Defendant Salem Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the New Jersey Medicaid beneficiary's treatment.

2334. By virtue of the acts described above, Defendant Salem Hospital Corporation defrauded the State of New Jersey by getting false or fraudulent claims allowed and paid by New Jersey Medicaid in violation of N.J. Stat 2A:32C-3(a) & (b).

2335. By virtue of the acts described above, Defendant Salem Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of New Jersey for payment of benefits by New Jersey Medicaid in violation of N.J. Stat 2A:32C-3(a).

2336. By virtue of the acts described above, Defendant Salem Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to New Jersey Medicaid in violation of N.J. Stat 2A:32C-3(b).

2337.  The State of New Jersey unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Salem Hospital Corporation paid for claims through the New Jersey Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2338.  By reason of these payments, the State of New Jersey has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2339. Defendant Salem Hospital Corporation has not notified the State of New Jersey of the violations of New Jersey False Claims Act as alleged herein.

2340. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.J. Stat 2A:32C-8.

WHEREFORE, the State of New Jersey, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Salem Hospital Corporation and issue orders in accordance with the New Jersey False Claims Act, N.J. Stat 2A:32C-1, *et seq.*, specifically as follows:

A.    Order Defendant Salem Hospital Corporation to cease and desist from violating the New Jersey False Claims Act, N.J. Stat 2A:32C-1, *et seq.*;

B.    Order Defendant Salem Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to N.J. Stat 2A:32C-3;

C.    Order Defendant Salem Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.J. Stat 2A:32C-8;

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.J. Stat 2A:32C-7; and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CLXXXIX
### New Mexico Medicaid False Claims Act
### N.M. Stat 27-14-4(A)&(B)
### (False Claims Caused to be Submitted to New Mexico Medicaid by Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of New Mexico, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

2341.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2342. Defendant Community Health Systems, Inc. has shared in the profits received by the New Mexico Defendants and Defendant Big Bend Hospital Corporation from New Mexico Medicaid's reimbursement of their false claims.

2343. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of New Mexico for payment of benefits by New Mexico Medicaid in violation of N.M. Stat §17-14-4(A).

2344. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain

government payment for false and fraudulent claims submitted to New Mexico Medicaid in violation of N.M. Stat §17-14-4(B).

2345. The State of New Mexico unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc. paid for claims through the New Mexico Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2346. By reason of these payments, the State of New Mexico has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2347. Defendant Community Health Systems, Inc. has not notified the State of New Mexico of the violations of the New Mexico Medicaid False Claims Act as alleged herein.

2348. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.M. Stat §27-14-9.

WHEREFORE, the State of New Mexico, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems, Inc. and issue orders in accordance with the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*, specifically as follows:

    A.    Order Defendant Community Health Systems, Inc. to cease and desist from violating the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*;

    B.    Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has

sustained for each false claim submitted by said Defendant and the costs of this action pursuant to N.M. Stat §27-14-4 and §27-14-9;

C.      Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.M. Stat §27-14-9;

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.M. Stat §27-14-9; and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXC
**New Mexico Medicaid False Claims Act**
**N.M. Stat 27-14-4(A)&(B)**
**(False Claims Caused to be Submitted to New Mexico Medicaid by CHS/Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the State of New Mexico, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

2349.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2350.  Defendant CHS/Community Health Systems, Inc. has shared in the profits received by the New Mexico Defendants and Defendant Big Bend Hospital Corporation from New Mexico Medicaid's reimbursement of their false claims.

2351.  By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of New Mexico for payment of benefits by New Mexico Medicaid in violation of N.M. Stat §17-14-4(A).

2352.  By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to New Mexico Medicaid in violation of N.M. Stat §17-14-4(B).

2353.  The State of New Mexico unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHs/Community Health Systems, Inc. paid for claims through the New Mexico Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2354.  By reason of these payments, the State of New Mexico has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2355.  Defendant CHS/Community Health Systems, Inc. has not notified the State of New Mexico of the violations of the New Mexico Medicaid False Claims Act as alleged herein.

2356.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to  N.M. Stat §27-14-9.

WHEREFORE, the State of New Mexico, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health Systems, Inc. and issue orders in accordance with the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*, specifically as follows:

A.  Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*;

B.  Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant and the costs of this action pursuant to N.M. Stat §27-14-4 and §27-14-9;

C.  Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.M. Stat §27-14-9;

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.M. Stat §27-14-9; and,

E.  Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:  Ronald E. Osman
        Attorney for Relator,
        Bryan Carnithan

**COUNT CXCI**
**New Mexico Medicaid False Claims Act**
**N.M. Stat 27-14-4(A)&(B)**
**(False Claims Caused to be Submitted to New Mexico Medicaid by**
**Community Health Investment Company, LLC)**

NOW COMES the Plaintiff, the State of New Mexico, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

2357. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2358. Defendant Community Health Investment Company, LLC has shared in the profits received by the New Mexico Defendants and Defendant Big Bend Hospital Corporation from New Mexico Medicaid's reimbursement of their false claims.

2359. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to the State of New Mexico for payment of benefits by New Mexico Medicaid in violation of N.M. Stat §17-14-4(A).

2360. By virtue of the acts described above, Defendant CHS Community Health Investment Company, LLC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to New Mexico Medicaid in violation of N.M. Stat §17-14-4(B).

2361. The State of New Mexico unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC

paid for claims through the New Mexico Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2362. By reason of these payments, the State of New Mexico has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2363. Defendant Community Health Investment Company, LLC has not notified the State of New Mexico of the violations of the New Mexico Medicaid False Claims Act as alleged herein.

2364. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.M. Stat §27-14-9.

WHEREFORE, the State of New Mexico, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Investment Company, LLC and issue orders in accordance with the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*, specifically as follows:

A. Order Defendant Community Health Investment Company, LLC to cease and desist from violating the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*;

B. Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant and the costs of this action pursuant to N.M. Stat §27-14-4 and §27-14-9;

C.     Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.M. Stat §27-14-9;

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.M. Stat §27-14-9; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

## COUNT CXCII
### New Mexico Medicaid False Claims Act
### N.M. Stat 27-14-4(A)&(B)
### (False Claims Caused to be Submitted to New Mexico Medicaid by Community Health Systems Professional Service Corporation)

NOW COMES the Plaintiff, the State of New Mexico, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems Professional Service Corporation as follows:

2365.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2366. Defendant Community Health Systems Professional Service Corporation has shared in the profits received by the New Mexico Defendants and Defendant Big Bend Hospital Corporation from New Mexico Medicaid's reimbursement of their false claims.

2367. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be submitted false or fraudulent claims to the State of New Mexico for payment of benefits by New Mexico Medicaid in violation of N.M. Stat §17-14-4(A).

2368. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to New Mexico Medicaid in violation of N.M. Stat §17-14-4(B).

2369. The State of New Mexico unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems Professional Service Corporation paid for claims through the New Mexico Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2370. By reason of these payments, the State of New Mexico has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2371. Defendant Community Health Systems Professional Service Corporation has not notified the State of New Mexico of the violations of the New Mexico Medicaid False Claims Act as alleged herein.

2372. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.M. Stat §27-14-9.

WHEREFORE, the State of New Mexico, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems Professional Service Corporation and issue orders in accordance with the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*, specifically as follows:

A. Order Defendant Community Health Systems Professional Service Corporation to cease and desist from violating the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*;

B. Order Defendant Community Health Systems Professional Service Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant and the costs of this action pursuant to N.M. Stat §27-14-4 and §27-14-9;

C. Order Defendant Community Health Systems Professional Service Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.M. Stat §27-14-9;

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.M. Stat §27-14-9; and,

E. Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator,
        Bryan Carnithan


## COUNT CXCIII
**New Mexico Medicaid False Claims Act**
**N.M. Stat 27-14-4(A)&(B)**
**(False Claims Caused to be Submitted to New Mexico Medicaid by**
**Carlsbad Medical Center, LLC)**

NOW COMES the Plaintiff, the State of New Mexico, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Carlsbad Medical Center, LLC as follows:

2373.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2374.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Carlsbad Medical Center, LLC to New Mexico Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Carlsbad Medical Center, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2375.  Said claims were submitted by Defendant Carlsbad Medical Center, LLC to New Mexico Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2376. As a result of Defendant Carlsbad Medical Center, LLC's knowing submission of false UB-04s, New Mexico Medicaid reimbursed Defendant Carlsbad Medical Center, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the New Mexico Medicaid beneficiary's treatment.

2377. By virtue of the acts described above, Defendant Carlsbad Medical Center, LLC defrauded the State of New Mexico by getting false or fraudulent claims allowed and paid by New Mexico Medicaid in violation of N.M. Stat §27-14-4(A)&(B).

2378. By virtue of the acts described above, Defendant Carlsbad Medical Center, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of New Mexico for payment of benefits by New Mexico Medicaid in violation of N.M. Stat §27-14-4(A).

2379. By virtue of the acts described above, Defendant Carlsbad Medical Center, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to New Mexico Medicaid in violation of N.M. Stat §27-14-4(B).

2380. The State of New Mexico unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Carlsbad Medical Center, LLC paid for claims through the New Mexico Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2381. By reason of these payments, the State of New Mexico has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2382.  Defendant Carlsbad Medical Center, LLC has not notified the State of New Mexico of the violations of the New Mexico Medicaid False Claims Act as alleged herein.

2383.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to  N.M. Stat §27-14-9.

WHEREFORE, the State of New Mexico, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Carlsbad Medical Center, LLC and issue orders in accordance with the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*, specifically as follows:

A.   Order Defendant Carlsbad Medical Center, LLC to cease and desist from violating the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*;

B.   Order Defendant Carlsbad Medical Center, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant and the costs of this action pursuant to N.M. Stat §27-14-4 and §27-14-9;

C.   Order Defendant Carlsbad Medical Center, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.M. Stat §27-14-9;

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.M. Stat §27-14-9; and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


## COUNT CXCIV
### New Mexico Medicaid False Claims Act
### N.M. Stat 27-14-4(A)&(B)
### (False Claims Caused to be Submitted to New Mexico Medicaid by
### Deming Hospital Corporation)

NOW COMES the Plaintiff, the State of New Mexico, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Deming Hospital Corporation as follows:

2384.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2385.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Deming Hospital Corporation to New Mexico Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Deming Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2386.  Said claims were submitted by Defendant Deming Hospital Corporation to New Mexico Medicaid with the knowledge by it that the claims were false as inpatient

hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2387. As a result of Defendant Deming Hospital Corporation's knowing submission of false UB-04s, New Mexico Medicaid reimbursed Defendant Deming Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the New Mexico Medicaid beneficiary's treatment.

2388. By virtue of the acts described above, Defendant Deming Hospital Corporation defrauded the State of New Mexico by getting false or fraudulent claims allowed and paid by New Mexico Medicaid in violation of N.M. Stat §27-14-4(A)&(B).

2389. By virtue of the acts described above, Defendant Deming Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of New Mexico for payment of benefits by New Mexico Medicaid in violation of N.M. Stat §27-14-4(A).

2390. By virtue of the acts described above, Defendant Deming Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to New Mexico Medicaid in violation of N.M. Stat §27-14-4(B).

2391. The State of New Mexico unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Deming Hospital Corporation paid for claims through the New Mexico Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2392.  By reason of these payments, the State of New Mexico has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2393.  Defendant Deming Hospital Corporation has not notified the State of New Mexico of the violations of the New Mexico Medicaid False Claims Act as alleged herein.

2394.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to  N.M. Stat §27-14-9.

WHEREFORE, the State of New Mexico, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Deming Hospital Corporation and issue orders in accordance with the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*, specifically as follows:

A. Order Defendant Deming Hospital Corporation to cease and desist from violating the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*;

B. Order Defendant Deming Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant and the costs of this action pursuant to N.M. Stat §27-14-4 and §27-14-9;

C. Order Defendant Deming Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.M. Stat §27-14-9;

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.M. Stat §27-14-9; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
             Attorney for Relator, Bryan Carnithan


## COUNT CXCV
### New Mexico Medicaid False Claims Act
### N.M. Stat 27-14-4(A)&(B)
### (False Claims Caused to be Submitted to New Mexico Medicaid by
### Las Cruces Medical Center, LLC)

NOW COMES the Plaintiff, the State of New Mexico, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Las Cruces Medical Center, LLC as follows:

2395.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2396.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Las Cruces Medical Center, LLC to New Mexico Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Las Cruces Medical Center, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2397. Said claims were submitted by Defendant Las Cruces Medical Center, LLC to New Mexico Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2398. As a result of Defendant Las Cruces Medical Center, LLC's knowing submission of false UB-04s, New Mexico Medicaid reimbursed Defendant Las Cruces Medical Center, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the New Mexico Medicaid beneficiary's treatment.

2399. By virtue of the acts described above, Defendant Las Cruces Medical Center, LLC defrauded the State of New Mexico by getting false or fraudulent claims allowed and paid by New Mexico Medicaid in violation of N.M. Stat §27-14-4(A)&(B).

2400. By virtue of the acts described above, Defendant Las Cruces Medical Center, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of New Mexico for payment of benefits by New Mexico Medicaid in violation of N.M. Stat §27-14-4(A).

2401. By virtue of the acts described above, Defendant Las Cruces Medical Center, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to New Mexico Medicaid in violation of N.M. Stat §27-14-4(B).

2402. The State of New Mexico unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Las Cruces Medical Center, LLC paid

for claims through the New Mexico Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2403. By reason of these payments, the State of New Mexico has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2404. Defendant Las Cruces Medical Center, LLC has not notified the State of New Mexico of the violations of the New Mexico Medicaid False Claims Act as alleged herein.

2405. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.M. Stat §27-14-9.

WHEREFORE, the State of New Mexico, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Las Cruces Medical Center, LLC and issue orders in accordance with the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*, specifically as follows:

    A.    Order Defendant Las Cruces Medical Center, LLC to cease and desist from violating the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*;

    B.    Order Defendant Las Cruces Medical Center, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant and the costs of this action pursuant to N.M. Stat §27-14-4 and §27-14-9;

C.     Order Defendant Las Cruces Medical Center, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.M. Stat §27-14-9;

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.M. Stat §27-14-9; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CXCVI
### New Mexico Medicaid False Claims Act
### N.M. Stat 27-14-4(A)&(B)
### (False Claims Caused to be Submitted to New Mexico Medicaid by
### Lea Regional Hospital, LLC)

NOW COMES the Plaintiff, the State of New Mexico, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Lea Regional Hospital, LLC as follows:

2406.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2407.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Lea Regional Hospital, LLC to New Mexico Medicaid on the UB-

04 forms, or the electronic equivalent thereof, with Defendant Lea Regional Hospital, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2408. Said claims were submitted by Defendant Lea Regional Hospital, LLC to New Mexico Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2409. As a result of Defendant Lea Regional Hospital, LLC's knowing submission of false UB-04s, New Mexico Medicaid reimbursed Defendant Lea Regional Hospital, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the New Mexico Medicaid beneficiary's treatment.

2410. By virtue of the acts described above, Defendant Lea Regional Hospital, LLC defrauded the State of New Mexico by getting false or fraudulent claims allowed and paid by New Mexico Medicaid in violation of N.M. Stat §27-14-4(A)&(B).

2411. By virtue of the acts described above, Defendant Lea Regional Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of New Mexico for payment of benefits by New Mexico Medicaid in violation of N.M. Stat §27-14-4(A).

2412. By virtue of the acts described above, Defendant Lea Regional Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain

government payment for false and fraudulent claims submitted to New Mexico Medicaid in violation of N.M. Stat §27-14-4(B).

2413. The State of New Mexico unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Lea Regional Hospital, LLC paid for claims through the New Mexico Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2414. By reason of these payments, the State of New Mexico has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2415. Defendant Lea Regional Hospital, LLC has not notified the State of New Mexico of the violations of the New Mexico Medicaid False Claims Act as alleged herein.

2416. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.M. Stat §27-14-9.

WHEREFORE, the State of New Mexico, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Lea Regional Hospital, LLC and issue orders in accordance with the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*, specifically as follows:

A.  Order Defendant Lea Regional Hospital, LLC to cease and desist from violating the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*;

B.  Order Defendant Lea Regional Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant and the costs

of this action pursuant to N.M. Stat §27-14-4 and §27-14-9;

C.     Order Defendant Lea Regional Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.M. Stat §27-14-9;

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.M. Stat §27-14-9; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXCVII
## New Mexico Medicaid False Claims Act
## N.M. Stat 27-14-4(A)&(B)
## (False Claims Caused to be Submitted to New Mexico Medicaid by Roswell Hospital Corporation)

NOW COMES the Plaintiff, the State of New Mexico, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Roswell Hospital Corporation as follows:

2417.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2418.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Roswell Hospital Corporation to New Mexico Medicaid on the UB-

04 forms, or the electronic equivalent thereof, with Defendant Roswell Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2419. Said claims were submitted by Defendant Roswell Hospital Corporation to New Mexico Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2420. As a result of Defendant Roswell Hospital Corporation's knowing submission of false UB-04s, New Mexico Medicaid reimbursed Defendant Roswell Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the New Mexico Medicaid beneficiary's treatment.

2421. By virtue of the acts described above, Defendant Roswell Hospital Corporation defrauded the State of New Mexico by getting false or fraudulent claims allowed and paid by New Mexico Medicaid in violation of N.M. Stat §27-14-4(A)&(B).

2422. By virtue of the acts described above, Defendant Roswell Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of New Mexico for payment of benefits by New Mexico Medicaid in violation of N.M. Stat §27-14-4(A).

2423. By virtue of the acts described above, Defendant Roswell Hospital Corporation knowingly made, used or caused to be made or used false statements to

obtain government payment for false and fraudulent claims submitted to New Mexico Medicaid in violation of N.M. Stat §27-14-4(B).

2424.  The State of New Mexico unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Roswell Hospital Corporation paid for claims through the New Mexico Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2425.  By reason of these payments, the State of New Mexico has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2426.  Defendant Roswell Hospital Corporation has not notified the State of New Mexico of the violations of the New Mexico Medicaid False Claims Act as alleged herein.

2427.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to  N.M. Stat §27-14-9.

WHEREFORE, the State of New Mexico, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Roswell Hospital Corporation and issue orders in accordance with the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*, specifically as follows:

A.    Order Defendant Roswell Hospital Corporation to cease and desist from violating the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*;

B.    Order Defendant Roswell Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant and the costs

of this action pursuant to N.M. Stat §27-14-4 and §27-14-9;

C.  Order Defendant Roswell Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.M. Stat §27-14-9;

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.M. Stat §27-14-9; and,

E.  Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator,
       Bryan Carnithan

## COUNT CXCVIII
### New Mexico Medicaid False Claims Act
### N.M. Stat 27-14-4(A)&(B)
### (False Claims Caused to be Submitted to New Mexico Medicaid by Sam Miguel Hospital Corporation)

NOW COMES the Plaintiff, the State of New Mexico, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Sam Miguel Hospital Corporation as follows:

2428.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2429. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Sam Miguel Hospital Corporation to New Mexico Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Sam Miguel Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2430. Said claims were submitted by Defendant Sam Miguel Hospital Corporation to New Mexico Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2431. As a result of Defendant Sam Miguel Hospital Corporation's knowing submission of false UB-04s, New Mexico Medicaid reimbursed Defendant Sam Miguel Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the New Mexico Medicaid beneficiary's treatment.

2432. By virtue of the acts described above, Defendant Sam Miguel Hospital Corporation defrauded the State of New Mexico by getting false or fraudulent claims allowed and paid by New Mexico Medicaid in violation of N.M. Stat §27-14-4(A)&(B).

2433. By virtue of the acts described above, Defendant Sam Miguel Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of New Mexico for payment of benefits by New Mexico Medicaid in violation of N.M. Stat §27-14-4(A).

2434. By virtue of the acts described above, Defendant Sam Miguel Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to New Mexico Medicaid in violation of N.M. Stat §27-14-4(B).

2435. The State of New Mexico unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Sam Miguel Hospital Corporation paid for claims through the New Mexico Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2436. By reason of these payments, the State of New Mexico has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2437. Defendant Sam Miguel Hospital Corporation has not notified the State of New Mexico of the violations of the New Mexico Medicaid False Claims Act as alleged herein.

2438. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.M. Stat §27-14-9.

WHEREFORE, the State of New Mexico, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Sam Miguel Hospital Corporation and issue orders in accordance with the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*, specifically as follows:

A.   Order Defendant Sam Miguel Hospital Corporation to cease and desist from violating the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*;

B.    Order Defendant Sam Miguel Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant and the costs of this action pursuant to N.M. Stat §27-14-4 and §27-14-9;

C.    Order Defendant Sam Miguel Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.M. Stat §27-14-9;

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.M. Stat §27-14-9; and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CXCIX
**New Mexico Medicaid False Claims Act**
**N.M. Stat 27-14-4(A)&(B)**
**(False Claims Caused to be Submitted to New Mexico Medicaid by Big Bend Hospital Corporation)**

NOW COMES the Plaintiff, the State of New Mexico, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Big Bend Hospital Corporation as follows:

2439. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2440. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Big Bend Hospital Corporation to New Mexico Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Big Bend Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2441. Said claims were submitted by Defendant Big Bend Hospital Corporation to New Mexico Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2442. As a result of Defendant Big Bend Hospital Corporation's knowing submission of false UB-04s, New Mexico Medicaid reimbursed Defendant Big Bend Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the New Mexico Medicaid beneficiary's treatment.

2443. By virtue of the acts described above, Defendant Big Bend Hospital Corporation defrauded the State of New Mexico by getting false or fraudulent claims allowed and paid by New Mexico Medicaid in violation of N.M. Stat §27-14-4(A)&(B).

2444. By virtue of the acts described above, Defendant Big Bend Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to

the State of New Mexico for payment of benefits by New Mexico Medicaid in violation of N.M. Stat §27-14-4(A).

2445. By virtue of the acts described above, Defendant Big Bend Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to New Mexico Medicaid in violation of N.M. Stat §27-14-4(B).

2446. The State of New Mexico unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Big Bend Hospital Corporation paid for claims through the New Mexico Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2447. By reason of these payments, the State of New Mexico has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2448. Defendant Big Bend Hospital Corporation has not notified the State of New Mexico of the violations of the New Mexico Medicaid False Claims Act as alleged herein.

2449. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.M. Stat §27-14-9.

WHEREFORE, the State of New Mexico, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Big Bend Hospital Corporation and issue orders in accordance with the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*, specifically as follows:

A.  Order Defendant Big Bend Hospital Corporation to cease and desist from violating the New Mexico Medicaid False Claims Act, N.M. Stat §27-14-1, *et seq.*;

B.  Order Defendant Big Bend Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant and the costs of this action pursuant to N.M. Stat §27-14-4 and §27-14-9;

C.  Order Defendant Big Bend Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.M. Stat §27-14-9;

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.M. Stat §27-14-9; and,

E.  Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

**COUNT CC**
**North Carolina False Claims Act**
**N.C. Gen Stat §1-607(a)(1) & (2)**
**(False Claims Caused to be Submitted to North Carolina Medicaid by**
**Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the State of North Carolina, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

2450. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2451. Defendant Community Health Systems, Inc. has shared in the profits received by Defendants Williamston Hospital Corporation, Emporia Hospital Corporation and Petersburg Hospital Company, LLC from North Carolina Medicaid's reimbursement of its false claims.

2452. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of North Carolina for payment of benefits by North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(1).

2453. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(2).

2454. The State of North Carolina unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc.

paid for claims through the North Carolina Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2455. By reason of these payments, the State of North Carolina has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2456. Defendant Community Health Systems, Inc. has not notified the State of North Carolina of the violations of the North Carolina False Claims Act as alleged herein.

2457. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.C. Gen Stat §1-610(d).

WHEREFORE, the State of North Carolina, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems, Inc. and issue orders in accordance with the North Carolina False Claims Act, N.C. Gen Stat §1-605, *et seq.*, specifically as follows:

    A.    Order Defendant Community Health Systems, Inc. to cease and desist from violating the North Carolina False Claims Act, N.C. Gen Stat §1-605, *et seq.*;

    B.    Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to N.C. Stat §1-607(a);

C.    Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.C. Gen Stat §1-610(d);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.C. Gen Stat §1-610; and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CCI
### North Carolina False Claims Act
### N.C. Gen Stat §1-607(a)(1) & (2)
### (False Claims Caused to be Submitted to North Carolina Medicaid by CHS/Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of North Carolina, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

2458.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2459.  Defendant CHS/Community Health Systems, Inc. has shared in the profits received by Defendants Williamston Hospital Corporation, Emporia Hospital Corporation

and Petersburg Hospital Company, LLC from North Carolina Medicaid's reimbursement of its false claims.

2460. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of North Carolina for payment of benefits by North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(1).

2461. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(2).

2462. The State of North Carolina unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHS/Community Health Systems, Inc. paid for claims through the North Carolina Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2463. By reason of these payments, the State of North Carolina has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2464. Defendant CHS/Community Health Systems, Inc. has not notified the State of North Carolina of the violations of the North Carolina False Claims Act as alleged herein.

2465. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.C. Gen Stat §1-610(d).

WHEREFORE, the State of North Carolina, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health Systems, Inc. and issue orders in accordance with the North Carolina False Claims Act, N.C. Gen Stat §1-605, *et seq.*, specifically as follows:

A.      Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the North Carolina False Claims Act, N.C. Gen Stat §1-605, *et seq.*;

B.      Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to N.C. Stat §1-607(a);

C.      Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.C. Gen Stat §1-610(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.C. Gen Stat §1-610; and,

E.      Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan


## COUNT CCII
**North Carolina False Claims Act**
**N.C. Gen Stat §1-607(a)(1) & (2)**
**(False Claims Caused to be Submitted to North Carolina Medicaid by**
**Community Health Investment Company, LLC)**

NOW COMES the Plaintiff, the State of North Carolina, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

2466. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2467. Defendant Community Health Investment Company, LLC has shared in the profits received by Defendants Williamston Hospital Corporation, Emporia Hospital Corporation and Defendant Petersburg Hospital Company, LLC from North Carolina Medicaid's reimbursement of its false claims.

2468. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to the State of North Carolina for payment of benefits by North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(1).

2469. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be made or used false statements to

obtain government payment for false and fraudulent claims submitted to North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(2).

2470. The State of North Carolina unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC paid for claims through the North Carolina Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2471. By reason of these payments, the State of North Carolina has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2472. Defendant Community Health Investment Company, LLC has not notified the State of North Carolina of the violations of the North Carolina False Claims Act as alleged herein.

2473. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.C. Gen Stat §1-610(d).

WHEREFORE, the State of North Carolina, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Investment Company, LLC and issue orders in accordance with the North Carolina False Claims Act, N.C. Gen Stat §1-605, *et seq.*, specifically as follows:

A.  Order Defendant Community Health Investment Company, LLC to cease and desist from violating the North Carolina False Claims Act, N.C. Gen Stat §1-605, *et seq.*;

B.  Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to three times the amount of damages the

State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to N.C. Stat §1-607(a);

C.   Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.C. Gen Stat §1-610(d);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.C. Gen Stat §1-610; and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
       Attorney for Relator, Bryan Carnithan


## COUNT CCIII
**North Carolina False Claims Act**
**N.C. Gen Stat §1-607(a)(1) & (2)**
**(False Claims Caused to be Submitted to North Carolina Medicaid by Community Health Systems Professional Service Corporation)**

NOW COMES the Plaintiff, the State of North Carolina, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems Professional Service Corporation as follows:

2474. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2475. Defendant Community Health Systems Professional Service Corporation has shared in the profits received by Defendants Williamston Hospital Corporation, Emporia Hospital Corporation and Defendant Petersburg Hospital Company, LLC from North Carolina Medicaid's reimbursement of its false claims.

2476. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be submitted false or fraudulent claims to the State of North Carolina for payment of benefits by North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(1).

2477. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(2).

2478. The State of North Carolina unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems Professional Service Corporation paid for claims through the North Carolina Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2479. By reason of these payments, the State of North Carolina has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2480. Defendant Community Health Systems Professional Service Corporation has not notified the State of North Carolina of the violations of the North Carolina False Claims Act as alleged herein.

2481. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.C. Gen Stat §1-610(d).

WHEREFORE, the State of North Carolina, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems Professional Service Corporation and issue orders in accordance with the North Carolina False Claims Act, N.C. Gen Stat §1-605, *et seq.*, specifically as follows:

A. Order Defendant Community Health Systems Professional Service Corporation to cease and desist from violating the North Carolina False Claims Act, N.C. Gen Stat §1-605, *et seq.*;

B. Order Defendant Community Health Systems Professional Service Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to N.C. Stat §1-607(a);

C. Order Defendant Community Health Systems Professional Service Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.C. Gen Stat §1-610(d);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.C. Gen Stat §1-610; and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman

BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CCIV
### North Carolina False Claims Act
### N.C. Gen Stat §1-607(a)(1) & (2)
### (False Claims Caused to be Submitted to North Carolina Medicaid by Williamston Hospital Corporation)

NOW COMES the Plaintiff, the State of North Carolina, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Williamston Hospital Corporation as follows:

2482.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2483.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Williamston Hospital Corporation to North Carolina Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Williamston Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2484.  Said claims were submitted by Defendant Williamston Hospital Corporation to North Carolina Medicaid with the knowledge by it that the claims were false as inpatient

hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2485. As a result of Defendant Williamston Hospital Corporation's knowing submission of false UB-04s, North Carolina Medicaid reimbursed Defendant Williamston Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the North Carolina Medicaid beneficiary's treatment.

2486. By virtue of the acts described above, Defendant Williamston Hospital Corporation defrauded the State of North Carolina by getting false or fraudulent claims allowed and paid by North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(1).

2487. By virtue of the acts described above, Defendant Williamston Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of North Carolina for payment of benefits by North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(2).

2488. By virtue of the acts described above, Defendant Big Bend Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(1)&(2).

2489. The State of North Carolina unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Williamston Hospital Corporation paid for claims through the North Carolina Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2490. By reason of these payments, the State of North Carolina has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2491. Defendant Williamston Hospital Corporation has not notified the State of North Carolina of the violations of the North Carolina False Claims Act as alleged herein.

2492. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.C. Gen Stat §1-610(d).

WHEREFORE, the State of North Carolina, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Williamston Hospital Corporation and issue orders in accordance with the North Carolina False Claims Act, N.C. Gen Stat §1-605, *et seq.*, specifically as follows:

A.   Order Defendant Williamston Hospital Corporation to cease and desist from violating the North Carolina False Claims Act, N.C. Gen Stat §1-605, *et seq.*;

B.   Order Defendant Williamston Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to N.C. Stat §1-607(a);

C.   Order Defendant Williamston Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.C. Gen Stat §1-610(d);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.C. Gen Stat §1-610; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CCV
### North Carolina False Claims Act
### N.C. Gen Stat §1-607(a)(1) & (2)
### (False Claims Caused to be Submitted to North Carolina Medicaid by Emporia Hospital Corporation)

NOW COMES the Plaintiff, the State of North Carolina, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Emporia Hospital Corporation as follows:

2493.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2494.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Emporia Hospital Corporation to North Carolina Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Emporia Hospital Corporation certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and

complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2495.  Said claims were submitted by Defendant Emporia Hospital Corporation to North Carolina Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2496. As a result of Defendant Emporia Hospital Corporation's knowing submission of false UB-04s, North Carolina Medicaid reimbursed Defendant Emporia Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the North Carolina Medicaid beneficiary's treatment.

2497. By virtue of the acts described above, Defendant Emporia Hospital Corporation defrauded the State of North Carolina by getting false or fraudulent claims allowed and paid by North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(1)&(2).

2498. By virtue of the acts described above, Defendant Emporia Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of North Carolina for payment of benefits by North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(1).

2499. By virtue of the acts described above, Defendant Emporia Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(2).

2500. The State of North Carolina unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Emporia Hospital Corporation paid for claims through the North Carolina Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2501. By reason of these payments, the State of North Carolina has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2502. Defendant Emporia Hospital Corporation has not notified the State of North Carolina of the violations of the North Carolina False Claims Act as alleged herein.

2503. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.C. Gen Stat §1-610(d).

WHEREFORE, the State of North Carolina, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Emporia Hospital Corporation and issue orders in accordance with the North Carolina False Claims Act, N.C. Gen Stat §1-605, *et seq.*, specifically as follows:

A.     Order Defendant Emporia Hospital Corporation to cease and desist from violating the North Carolina False Claims Act, N.C. Gen Stat §1-605, *et seq.*;

B.     Order Defendant Emporia Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to N.C. Stat §1-607(a);

C.   Order Defendant Emporia Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.C. Gen Stat §1-610(d);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.C. Gen Stat §1-610; and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman_____
BY:   Ronald E. Osman
      Attorney for Relator, Bryan Carnithan


## COUNT CCVI
**North Carolina False Claims Act**
**N.C. Gen Stat §1-607(a)(1) & (2)**
**(False Claims Caused to be Submitted to North Carolina Medicaid by Petersburg Hospital Company, LLC)**

NOW COMES the Plaintiff, the State of North Carolina, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Petersburg Hospital Company, LLC as follows:

2504.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2505.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Petersburg Hospital Company, LLC to North Carolina Medicaid

on the UB-04 forms, or the electronic equivalent thereof, with Defendant Petersburg Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2506. Said claims were submitted by Defendant Petersburg Hospital Company, LLC to North Carolina Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2507. As a result of Defendant Petersburg Hospital Company, LLC's knowing submission of false UB-04s, North Carolina Medicaid reimbursed Defendant Petersburg Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the North Carolina Medicaid beneficiary's treatment.

2508. By virtue of the acts described above, Defendant Petersburg Hospital Company, LLC defrauded the State of North Carolina by getting false or fraudulent claims allowed and paid by North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(1)&(2).

2509. By virtue of the acts described above, Defendant Petersburg Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of North Carolina for payment of benefits by North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(1).

2510. By virtue of the acts described above, Defendant Petersburg Hospital Company, LLC knowingly made, used or caused to be made or used false statements to

obtain government payment for false and fraudulent claims submitted to North Carolina Medicaid in violation of N.C. Gen Stat §1-607(a)(2).

2511. The State of North Carolina unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Petersburg Hospital Company, LLC paid for claims through the North Carolina Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2512. By reason of these payments, the State of North Carolina has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2513. Defendant Petersburg Hospital Company, LLC has not notified the State of North Carolina of the violations of the North Carolina False Claims Act as alleged herein.

2514. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to N.C. Gen Stat §1-610(d).

WHEREFORE, the State of North Carolina, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Petersburg Hospital Company, LLC and issue orders in accordance with the North Carolina False Claims Act, N.C. Gen Stat §1-605, *et seq.*, specifically as follows:

    A.    Order Defendant Petersburg Hospital Company, LLC to cease and desist from violating the North Carolina False Claims Act, N.C. Gen Stat §1-605, *et seq.*;

    B.    Order Defendant Petersburg Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus

a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to N.C. Stat §1-607(a);

C.      Order Defendant Petersburg Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to N.C. Gen Stat §1-610(d);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to N.C. Gen Stat §1-610; and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CCVII
**Oklahoma Medicaid False Claims Act**
**63 Okl. Stat 5053.1(b)(1)&(2)**
**(False Claims Caused to be Submitted to Oklahoma Medicaid by Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the State of Oklahoma, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

2515.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2516. Defendant Community Health Systems, Inc. has shared in the profits received by the Oklahoma Defendants, Defendant Northwest Arkansas Hospitals, LLC, and NHCI of Hillsboro, Inc. from Oklahoma Medicaid's reimbursement of their false claims.

2517. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Oklahoma for payment of benefits by Oklahoma Medicaid in violation of 63 Okl. Stat §5053.1(b)(1).

2518. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Oklahoma Medicaid in violation of 63 Okl. Stat §5053.1(b)(2).

2519. The State of Oklahoma unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc. paid for claims through the Oklahoma Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2520. By reason of these payments, the State of Oklahoma has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2521. Defendant Community Health Systems, Inc. has not notified the State of Oklahoma of the violations of the Oklahoma Medicaid False Claims Act as alleged herein.

2522. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 63 Okl. Stat. §5053.4(A)(3).

WHEREFORE, the State of Oklahoma, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems, Inc. and issue orders in accordance with the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*, specifically as follows:

A.   Order Defendant Community Health Systems, Inc. to cease and desist from violating the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*;

B.   Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to 63 Okl. Stat §5053.1(B);

C.   Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 63 Okl. Stat §5053.4(A)(3);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to 63 Okl. Stat §5053.4; and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan


### COUNT CCVIII
**Oklahoma Medicaid False Claims Act**
**63 Okl. Stat 5053.1(b)(1)&(2)**
**(False Claims Caused to be Submitted to Oklahoma Medicaid by**
**CHS/Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the State of Oklahoma, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

2523.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2524.  Defendant CHS/Community Health Systems, Inc. has shared in the profits received by the Oklahoma Defendants, Defendant Northwest Arkansas Hospitals, LLC, and NHCI of Hillsboro, Inc. from Oklahoma Medicaid's reimbursement of their false claims.

2525.  By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Oklahoma for payment of benefits by Oklahoma Medicaid in violation of 63 Okl. Stat §5053.1(b)(1).

2526.  By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Oklahoma Medicaid in violation of 63 Okl. Stat §5053.1(b)(2).

2527. The State of Oklahoma unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHS/Community Health Systems, Inc. paid for claims through the Oklahoma Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2528. By reason of these payments, the State of Oklahoma has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2529. Defendant CHS/Community Health Systems, Inc. has not notified the State of Oklahoma of the violations of the Oklahoma Medicaid False Claims Act as alleged herein.

2530. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 63 Okl. Stat. §5053.4(A)(3).

WHEREFORE, the State of Oklahoma, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health Systems, Inc. and issue orders in accordance with the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*, specifically as follows:

A. Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*;

B. Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of

this action pursuant to 63 Okl. Stat §5053.1(B);

C. Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 63 Okl. Stat §5053.4(A)(3);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to 63 Okl. Stat §5053.4; and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CCIX
**Oklahoma Medicaid False Claims Act**
**63 Okl. Stat 5053.1(b)(1)&(2)**
**(False Claims Caused to be Submitted to Oklahoma Medicaid by**
**Community Health Investment Company, LLC)**

NOW COMES the Plaintiff, the State of Oklahoma, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

2531. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2532. Defendant Community Health Investment Company, LLC has shared in the profits received by the Oklahoma Defendants, Defendant Northwest Arkansas Hospitals,

LLC, and NHCI of Hillsboro, Inc. from Oklahoma Medicaid's reimbursement of their false claims.

2533. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to the State of Oklahoma for payment of benefits by Oklahoma Medicaid in violation of 63 Okl. Stat §5053.1(b)(1).

2534. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Oklahoma Medicaid in violation of 63 Okl. Stat §5053.1(b)(2).

2535. The State of Oklahoma unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC paid for claims through the Oklahoma Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2536. By reason of these payments, the State of Oklahoma has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2537. Defendant Community Health Investment Company, LLC has not notified the State of Oklahoma of the violations of the Oklahoma Medicaid False Claims Act as alleged herein.

2538. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 63 Okl. Stat. §5053.4(A)(3).

WHEREFORE, the State of Oklahoma, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Investment Company, LLC and issue orders in accordance with the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*, specifically as follows:

A.　Order Defendant Community Health Investment Company, LLC to cease and desist from violating the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*;

B.　Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to 63 Okl. Stat §5053.1(B);

C.　Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 63 Okl. Stat §5053.4(A)(3);

D.　Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to 63 Okl. Stat §5053.4; and,

E.　Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan


## COUNT CCX
**Oklahoma Medicaid False Claims Act**
**63 Okl. Stat 5053.1(b)(1)&(2)**
**(False Claims Caused to be Submitted to Oklahoma Medicaid by**
**Community Health Systems Professional Service Corporation)**

NOW COMES the Plaintiff, the State of Oklahoma, by the Relator, Bryan Carnithan,

through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and

complains against Defendant Community Health Systems Professional Service

Corporation as follows:

2539.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set

forth herein.

2540.  Defendant Community Health Systems Professional Service Corporation

has shared in the profits received by the Oklahoma Defendants, Defendant Northwest

Arkansas Hospitals, LLC, and NHCI of Hillsboro, Inc. from Oklahoma Medicaid's

reimbursement of their false claims.

2541.  By virtue of the acts described above, Defendant Community Health

Systems Professional Service Corporation knowingly caused to be submitted false or

fraudulent claims to the State of Oklahoma for payment of benefits by Oklahoma Medicaid

in violation of 63 Okl. Stat §5053.1(b)(1).

2542.  By virtue of the acts described above, Defendant Community Health

Systems Professional Service Corporation knowingly caused to be made or used false

statements to obtain government payment for false and fraudulent claims submitted to Oklahoma Medicaid in violation of 63 Okl. Stat §5053.1(b)(2).

2543. The State of Oklahoma unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems Professional Service Corporation paid for claims through the Oklahoma Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2544. By reason of these payments, the State of Oklahoma has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2545. Defendant Community Health Systems Professional Service Corporation has not notified the State of Oklahoma of the violations of the Oklahoma Medicaid False Claims Act as alleged herein.

2546. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 63 Okl. Stat. §5053.4(A)(3).

WHEREFORE, the State of Oklahoma, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems Professional Service Corporation and issue orders in accordance with the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*, specifically as follows:

A. Order Defendant Community Health Systems Professional Service Corporation to cease and desist from violating the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*;

B. Order Defendant Community Health Systems Professional Service Corporation to pay a compensatory amount equal to three times the

amount of damages the State has sustained for each false claim submitted

by said Defendant, plus a civil penalty of $10,000 for any false claims

submitted, and the costs of this action pursuant to 63 Okl. Stat §5053.1(B);

C.    Order Defendant Community Health Systems Professional Service

Corporation to pay Relator's reasonable costs and expenses, including

attorneys' fees, pursuant to 63 Okl. Stat §5053.4(A)(3);

D.    Order that the Relator be awarded the statutory percentage of the amount

received by the government, pursuant to 63 Okl. Stat §5053.4; and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator

hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CCXI
**Oklahoma Medicaid False Claims Act**
**63 Okl. Stat 5053.1(b)(1)&(2)**
**(False Claims Caused to be Submitted to Oklahoma Medicaid by**
**Claremore Regional Hospital, LLC)**

NOW COMES the Plaintiff, the State of Oklahoma, by the Relator, Bryan Carnithan,

through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and

complains against Defendant Claremore Regional Hospital, LLC as follows:

2547.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set

forth herein.

2548. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Claremore Regional Hospital, LLC to Oklahoma Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Claremore Regional Hospital, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2549. Said claims were submitted by Defendant Claremore Regional Hospital, LLC to Oklahoma Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2550. As a result of Defendant Claremore Regional Hospital, LLC's knowing submission of false UB-04s, Oklahoma Medicaid reimbursed Defendant Claremore Regional Hospital, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Oklahoma Medicaid beneficiary's treatment.

2551. By virtue of the acts described above, Defendant Claremore Regional Hospital, LLC defrauded the State of Oklahoma by getting false or fraudulent claims allowed and paid by Oklahoma Medicaid in violation of 63 Okl. Stat §5053.1(B)(1)&(2).

2552. By virtue of the acts described above, Defendant Claremore Regional Hospital, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Oklahoma for payment of benefits by Oklahoma Medicaid in violation of 63 Okl. Stat. §5053.1(B)(1).

2553. By virtue of the acts described above, Defendant Claremore Regional Hospital, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Oklahoma Medicaid in violation of 63 Okl. Stat. §5053.1(B)(2).

2554. The State of Oklahoma unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Claremore Regional Hospital, LLC paid for claims through the Oklahoma Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2555. By reason of these payments, the State of Oklahoma has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2556. Defendant Claremore Regional Hospital, LLC has not notified the State of Oklahoma of the violations of the Oklahoma Medicaid False Claims Act as alleged herein.

2557. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 63 Okl. Stat. §5053.4(A)(3).

WHEREFORE, the State of Oklahoma, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Claremore Regional Hospital, LLC and issue orders in accordance with the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*, specifically as follows:

A. Order Defendant Claremore Regional Hospital, LLC to cease and desist from violating the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*;

B.      Order Defendant Claremore Regional Hospital, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to 63 Okl. Stat §5053.1(B);

C.      Order Defendant Claremore Regional Hospital, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 63 Okl. Stat §5053.4(A)(3);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to 63 Okl. Stat §5053.4; and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan


## COUNT CCXII
### Oklahoma Medicaid False Claims Act
### 63 Okl. Stat 5053.1(b)(1)&(2)
### (False Claims Caused to be Submitted to Oklahoma Medicaid by
### Deaconess Health System, LLC)

NOW COMES the Plaintiff, the State of Oklahoma, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Deaconess Health System, LLC as follows:

2558.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2559.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Deaconess Health System, LLC to Oklahoma Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Deaconess Health System, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2560.  Said claims were submitted by Defendant Deaconess Health System, LLC to Oklahoma Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2561.  As a result of Defendant Deaconess Health System, LLC's knowing submission of false UB-04s, Oklahoma Medicaid reimbursed Defendant Deaconess Health System, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Oklahoma Medicaid beneficiary's treatment.

2562.  By virtue of the acts described above, Defendant Deaconess Health System, LLC defrauded the State of Oklahoma by getting false or fraudulent claims allowed and paid by Oklahoma Medicaid in violation of 63 Okl. Stat §5053.1(B)(1)&(2).

2563.  By virtue of the acts described above, Defendant Deaconess Health System, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State

of Oklahoma for payment of benefits by Oklahoma Medicaid in violation of 63 Okl. Stat. §5053.1(B)(1).

2564. By virtue of the acts described above, Defendant Deaconess Health System, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Oklahoma Medicaid in violation of 63 Okl. Stat. §5053.1(B)(2).

2565. The State of Oklahoma unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Deaconess Health System, LLC paid for claims through the Oklahoma Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2566. By reason of these payments, the State of Oklahoma has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2567. Defendant Deaconess Health System, LLC has not notified the State of Oklahoma of the violations of the Oklahoma Medicaid False Claims Act as alleged herein.

2568. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 63 Okl. Stat. §5053.4(A)(3).

WHEREFORE, the State of Oklahoma, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Deaconess Health System, LLC and issue orders in accordance with the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*, specifically as follows:

A. Order Defendant Deaconess Health System, LLC to cease and desist from violating the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*;

B. Order Defendant Deaconess Health System, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to 63 Okl. Stat §5053.1(B);

C. Order Defendant Deaconess Health System, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 63 Okl. Stat §5053.4(A)(3);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to 63 Okl. Stat §5053.4; and,

E. Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman

BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

## COUNT CCXIII
### Oklahoma Medicaid False Claims Act
### 63 Okl. Stat 5053.1(b)(1)&(2)
### (False Claims Caused to be Submitted to Oklahoma Medicaid by
### Kay County Oklahoma Hospital Company, LLC)

NOW COMES the Plaintiff, the State of Oklahoma, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Kay County Oklahoma Hospital Company, LLC as follows:

2569. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2570. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Kay County Oklahoma Hospital Company, LLC to Oklahoma Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Kay County Oklahoma Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2571. Said claims were submitted by Defendant Kay County Oklahoma Hospital Company, LLC to Oklahoma Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2572. As a result of Defendant Kay County Oklahoma Hospital Company, LLC's knowing submission of false UB-04s, Oklahoma Medicaid reimbursed Defendant Kay County Oklahoma Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Oklahoma Medicaid beneficiary's treatment.

2573. By virtue of the acts described above, Defendant Kay County Oklahoma Hospital Company, LLC defrauded the State of Oklahoma by getting false or fraudulent claims allowed and paid by Oklahoma Medicaid in violation of 63 Okl. Stat §5053.1(B)(1)&(2).

2574. By virtue of the acts described above, Defendant Kay County Oklahoma Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Oklahoma for payment of benefits by Oklahoma Medicaid in violation of 63 Okl. Stat. §5053.1(B)(1).

2575. By virtue of the acts described above, Defendant Kay County Oklahoma Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Oklahoma Medicaid in violation of 63 Okl. Stat. §5053.1(B)(2).

2576. The State of Oklahoma unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Kay County Oklahoma Hospital Company, LLC paid for claims through the Oklahoma Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2577. By reason of these payments, the State of Oklahoma has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2578. Defendant Kay County Oklahoma Hospital Company, LLC has not notified the State of Oklahoma of the violations of the Oklahoma Medicaid False Claims Act as alleged herein.

2579. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to

63 Okl. Stat. §5053.4(A)(3).

WHEREFORE, the State of Oklahoma, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Kay County Oklahoma Hospital Company, LLC and issue orders in accordance with the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*, specifically as follows:

A. Order Defendant Kay County Oklahoma Hospital Company, LLC to cease and desist from violating the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*;

B. Order Defendant Kay County Oklahoma Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to 63 Okl. Stat §5053.1(B);

C. Order Defendant Kay County Oklahoma Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 63 Okl. Stat §5053.4(A)(3);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to 63 Okl. Stat §5053.4; and,

E. Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

## COUNT CCXIV
**Oklahoma Medicaid False Claims Act**
**63 Okl. Stat 5053.1(b)(1)&(2)**
**(False Claims Caused to be Submitted to Oklahoma Medicaid by**
**SouthCrest, L.L.C.)**

NOW COMES the Plaintiff, the State of Oklahoma, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant SouthCrest, L.L.C. as follows:

2580.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2581.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant SouthCrest, L.L.C. to Oklahoma Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant SouthCrest, L.L.C. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2582.  Said claims were submitted by Defendant SouthCrest, L.L.C. to Oklahoma Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2583.  As a result of Defendant SouthCrest, L.L.C.s knowing submission of false UB-04s, Oklahoma Medicaid reimbursed Defendant SouthCrest, L.L.C for both emergency

room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Oklahoma Medicaid beneficiary's treatment.

2584. By virtue of the acts described above, Defendant SouthCrest, L.L.C. defrauded the State of Oklahoma by getting false or fraudulent claims allowed and paid by Oklahoma Medicaid in violation of 63 Okl. Stat §5053.1(B)(1)&(2).

2585. By virtue of the acts described above, Defendant SouthCrest, L.L.C. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Oklahoma for payment of benefits by Oklahoma Medicaid in violation of 63 Okl. Stat. §5053.1(B)(1).

2586. By virtue of the acts described above, Defendant SouthCrest, L.L.C. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Oklahoma Medicaid in violation of 63 Okl. Stat. §5053.1(B)(2).

2587. The State of Oklahoma unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant SouthCrest, L.L.C. paid for claims through the Oklahoma Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2588. By reason of these payments, the State of Oklahoma has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2589. Defendant SouthCrest, L.L.C. has not notified the State of Oklahoma of the violations of the Oklahoma Medicaid False Claims Act as alleged herein.

2590. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to

63 Okl. Stat. §5053.4(A)(3).

WHEREFORE, the State of Oklahoma, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant SouthCrest, L.L.C. and issue orders in accordance with the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*, specifically as follows:

A.   Order Defendant SouthCrest, L.L.C. to cease and desist from violating the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*;

B.   Order Defendant SouthCrest, L.L.C. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to 63 Okl. Stat §5053.1(B);

C.   Order Defendant SouthCrest, L.L.C. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 63 Okl. Stat §5053.4(A)(3);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to 63 Okl. Stat §5053.4; and,

E.   Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
         Attorney for Relator,
         Bryan Carnithan

**COUNT CCXV**
**Oklahoma Medicaid False Claims Act**
**63 Okl. Stat 5053.1(b)(1)&(2)**
**(False Claims Caused to be Submitted to Oklahoma Medicaid by**
**Woodward Health Systems, LLC)**

NOW COMES the Plaintiff, the State of Oklahoma, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Woodward Health Systems, LLC as follows:

2591. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2592. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Woodward Health Systems, LLC to Oklahoma Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Woodward Health Systems, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2593. Said claims were submitted by Defendant Woodward Health Systems, LLC to Oklahoma Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2594. As a result of Defendant Woodward Health Systems, LLC's knowing submission of false UB-04s, Oklahoma Medicaid reimbursed Defendant Woodward Health Systems, LLC for both emergency room services and inpatient hospital services when the

inpatient services were not reasonable and necessary to the Oklahoma Medicaid beneficiary's treatment.

2595. By virtue of the acts described above, Defendant Woodward Health Systems, LLC defrauded the State of Oklahoma by getting false or fraudulent claims allowed and paid by Oklahoma Medicaid in violation of 63 Okl. Stat §5053.1(B)(1)&(2).

2596. By virtue of the acts described above, Defendant Woodward Health Systems, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Oklahoma for payment of benefits by Oklahoma Medicaid in violation of 63 Okl. Stat. §5053.1(B)(1).

2597. By virtue of the acts described above, Defendant Woodward Health Systems, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Oklahoma Medicaid in violation of 63 Okl. Stat. §5053.1(B)(2).

2598. The State of Oklahoma unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Woodward Health Systems, LLC paid for claims through the Oklahoma Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2599. By reason of these payments, the State of Oklahoma has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2600. Defendant Woodward Health Systems, LLC has not notified the State of Oklahoma of the violations of the Oklahoma Medicaid False Claims Act as alleged herein.

2601. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to

63 Okl. Stat. §5053.4(A)(3).

WHEREFORE, the State of Oklahoma, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Woodward Health Systems, LLC and issue orders in accordance with the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*, specifically as follows:

A. Order Defendant Woodward Health Systems, LLC to cease and desist from violating the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*;

B. Order Defendant Woodward Health Systems, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to 63 Okl. Stat §5053.1(B);

C. Order Defendant Woodward Health Systems, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 63 Okl. Stat §5053.4(A)(3);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to 63 Okl. Stat §5053.4; and,

E. Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

## COUNT CCXVI
### Oklahoma Medicaid False Claims Act
### 63 Okl. Stat 5053.1(b)(1)&(2)
### (False Claims Caused to be Submitted to Oklahoma Medicaid by
### Northwest Arkansas Hospitals, LLC)

NOW COMES the Plaintiff, the State of Oklahoma, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Northwest Arkansas Hospitals, LLC as follows:

2602.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2603.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Northwest Arkansas Hospitals, LLC to Oklahoma Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Woodward Health Systems, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2604.  Said claims were submitted by Defendant Northwest Arkansas Hospitals, LLC to Oklahoma Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2605. As a result of Defendant Northwest Arkansas Hospitals, LLC's knowing submission of false UB-04s, Oklahoma Medicaid reimbursed Defendant Northwest Arkansas Hospitals, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Oklahoma Medicaid beneficiary's treatment.

2606. By virtue of the acts described above, Defendant Northwest Arkansas Hospitals, LLC defrauded the State of Oklahoma by getting false or fraudulent claims allowed and paid by Oklahoma Medicaid in violation of 63 Okl. Stat §5053.1(B)(1)&(2).

2607. By virtue of the acts described above, Defendant Northwest Arkansas Hospitals, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Oklahoma for payment of benefits by Oklahoma Medicaid in violation of 63 Okl. Stat. §5053.1(B)(1).

2608. By virtue of the acts described above, Defendant Northwest Arkansas Hospitals, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Oklahoma Medicaid in violation of 63 Okl. Stat. §5053.1(B)(2).

2609. The State of Oklahoma unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant Northwest Arkansas Hospitals, LLC paid for claims through the Oklahoma Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2610. By reason of these payments, the State of Oklahoma has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2611. Defendant Northwest Arkansas Hospitals, LLC has not notified the State of Oklahoma of the violations of the Oklahoma Medicaid False Claims Act as alleged herein.

2612. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 63 Okl. Stat. §5053.4(A)(3).

WHEREFORE, the State of Oklahoma, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Northwest Arkansas Hospitals, LLC and issue orders in accordance with the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*, specifically as follows:

A. Order Defendant Northwest Arkansas Hospitals, LLC to cease and desist from violating the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*;

B. Order Defendant Northwest Arkansas Hospitals, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to 63 Okl. Stat §5053.1(B);

C. Order Defendant Northwest Arkansas Hospitals, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 63 Okl. Stat §5053.4(A)(3);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to 63 Okl. Stat §5053.4; and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman

BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CCXVII
### Oklahoma Medicaid False Claims Act
### 63 Okl. Stat 5053.1(b)(1)&(2)
### (False Claims Caused to be Submitted to Oklahoma Medicaid by
### NHCI of Hillsboro, Inc.)

NOW COMES the Plaintiff, the State of Oklahoma, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant NHCI of Hillsboro, Inc. as follows:

2613.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2614.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant NHCI of Hillsboro, Inc. to Oklahoma Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant NHCI of Hillsboro, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2615.  Said claims were submitted by Defendant NHCI of Hillsboro, Inc. to Oklahoma Medicaid with the knowledge by it that the claims were false as inpatient

715

hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2616. As a result of Defendant NHCI of Hillsboro, Inc.'s knowing submission of false UB-04s, Oklahoma Medicaid reimbursed Defendant NHCI of Hillsboro, Inc. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Oklahoma Medicaid beneficiary's treatment.

2617. By virtue of the acts described above, Defendant NHCI of Hillsboro, Inc. defrauded the State of Oklahoma by getting false or fraudulent claims allowed and paid by Oklahoma Medicaid in violation of 63 Okl. Stat §5053.1(B)(1)&(2).

2618. By virtue of the acts described above, Defendant NHCI of Hillsboro, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Oklahoma for payment of benefits by Oklahoma Medicaid in violation of 63 Okl. Stat. §5053.1(B)(1).

2619. By virtue of the acts described above, Defendant NHCI of Hillsboro, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Oklahoma Medicaid in violation of 63 Okl. Stat. §5053.1(B)(2).

2620. The State of Oklahoma unaware of the falsity of the records, statements, or claims made or caused to be made by Defendant NHCI of Hillsboro, Inc. paid for claims through the Oklahoma Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2621. By reason of these payments, the State of Oklahoma has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2622.  Defendant NHCI of Hillsboro, Inc. has not notified the State of Oklahoma of the violations of the Oklahoma Medicaid False Claims Act as alleged herein.

2623.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to 63 Okl. Stat. §5053.4(A)(3).

WHEREFORE, the State of Oklahoma, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant NHCI of Hillsboro, Inc. and issue orders in accordance with the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*, specifically as follows:

A.   Order Defendant NHCI of Hillsboro, Inc. to cease and desist from violating the Oklahoma Medicaid False Claims Act, 63 Okl. Stat. §5053, *et seq.*;

B.   Order Defendant NHCI of Hillsboro, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to 63 Okl. Stat §5053.1(B);

C.   Order Defendant NHCI of Hillsboro, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to 63 Okl. Stat §5053.4(A)(3);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to 63 Okl. Stat §5053.4; and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman_____
BY:    Ronald E. Osman
           Attorney for Relator, Bryan Carnithan

## COUNT CCXVIII
**Tennessee Medicaid False Claims Act**
**Tenn. Code §71-5-182(a)(1)(A)&(B)**
**(False Claims Caused to be Submitted to Tennessee Medicaid by**
**Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

2624.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2625.  Defendant Community Health Systems, Inc. has shared in the profits received by the Tennessee Defendants, Defendant Forrest City Arkansas Hospital Company, LLC, Defendant Blue Ridge Georgia Hospital Company, LLC and Defendant Hospital of Fulton, Inc. from Tennessee Medicaid's reimbursement of their false claims.

2626.  By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2627. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn Code §71-5-182(a)(1)(B).

2628. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc. paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2629. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2630. Defendant Community Health Systems, Inc. has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2631. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems, Inc. and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A. Order Defendant Community Health Systems, Inc. to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B.     Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C.     Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-183(d)(1); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

**COUNT CCXIX**
**Tennessee Medicaid False Claims Act**
**Tenn. Code §71-5-182(a)(1)(A)&(B)**
**(False Claims Caused to be Submitted to Tennessee Medicaid by**
**CHS/Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

2632. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2633. Defendant CHS/Community Health Systems, Inc. has shared in the profits received by the Tennessee Defendants, Defendant Forrest City Arkansas Hospital Company, LLC, Defendant Blue Ridge Georgia Hospital Company, LLC and Defendant Hospital of Fulton, Inc. from Tennessee Medicaid's reimbursement of their false claims.

2634. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2635. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn Code §71-5-182(a)(1)(B).

2636. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHS/Community Health Systems, Inc. paid for

claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2637. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2638. Defendant CHS/Community Health Systems, Inc. has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2639. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health Systems, Inc. and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A. Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B. Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C. Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-182(d)(1); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CCXX
### Tennessee Medicaid False Claims Act
### Tenn. Code §71-5-182(a)(1)(A)&(B)
### (False Claims Caused to be Submitted to Tennessee Medicaid by
### Community Health Investment Company, LLC)

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

2640. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2641. Defendant Community Health Investment Company, LLC has shared in the profits received by the Tennessee Defendants, Defendant Forrest City Arkansas Hospital

Company, LLC, Defendant Blue Ridge Georgia Hospital Company, LLC and Defendant Hospital of Fulton, Inc. from Tennessee Medicaid's reimbursement of their false claims.

2642. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2643. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn Code §71-5-182(a)(1)(B).

2644. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2645. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2646. Defendant Community Health Investment Company, LLC has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2647. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-182(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Investment Company, LLC and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A.    Order Defendant Community Health Investment Company, LLC to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B.    Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C.    Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-183(d)(1); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan


**COUNT CCXXI**
**Tennessee Medicaid False Claims Act**
**Tenn. Code §71-5-182(a)(1)(A)&(B)**
**(False Claims Caused to be Submitted to Tennessee Medicaid by**
**Community Health Systems Professional Service Corporation)**

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems Professional Service Corporation as follows:

2648.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2649. Defendant Community Health Systems Professional Service Corporation has shared in the profits received by the Tennessee Defendants, Defendant Forrest City Arkansas Hospital Company, LLC, Defendant Blue Ridge Georgia Hospital Company, LLC and Defendant Hospital of Fulton, Inc. from Tennessee Medicaid's reimbursement of their false claims.

2650. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2651. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be made or used false

statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn Code §71-5-182(a)(1)(B).

2652. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems Professional Service Corporation paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2653. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2654. Defendant Community Health Systems Professional Service Corporation has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2655. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems Professional Service Corporation and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A.  Order Defendant Community Health Systems Professional Service Corporation to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B.  Order Defendant Community Health Systems Professional Service Corporation to pay a compensatory amount equal to three times the

amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C.     Order Defendant Community Health Systems Professional Service Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-183(d)(1); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CCXXII
### Tennessee Medicaid False Claims Act
### Tenn. Code §71-5-182(a)(1)(A)&(B)
### (False Claims Caused to be Submitted to Tennessee Medicaid by Brownsville Hospital Corporation)

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Brownsville Hospital Corporation as follows:

2656.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2657.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Brownsville Hospital Corporation to Tennessee Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Brownsville Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2658.  Said claims were submitted by Defendant Brownsville Hospital Corporation to Tennessee Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2659.  As a result of Defendant Brownsville Hospital Corporation's knowing submission of false UB-04s, Tennessee Medicaid reimbursed Defendant Brownsville Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Tennessee Medicaid beneficiary's treatment.

2660.  By virtue of the acts described above, Defendant Brownsville Hospital Corporation defrauded the State of Tennessee by getting false or fraudulent claims allowed and paid by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A)&(B).

2661.  By virtue of the acts described above, Defendant Brownsville Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to

the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2662. By virtue of the acts described above, Defendant Brownsville Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(B).

2663. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Brownsville Hospital Corporation paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2664. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2665. Defendant Brownsville Hospital Corporation has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2666. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Brownsville Hospital Corporation and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A. Order Defendant Brownsville Hospital Corporation to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B. Order Defendant Brownsville Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C. Order Defendant Brownsville Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-183(d)(1); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CCXXIII
### Tennessee Medicaid False Claims Act
### Tenn. Code §71-5-182(a)(1)(A)&(B)
### (False Claims Caused to be Submitted to Tennessee Medicaid by
### Clarksville Health System, G.P.)

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Clarksville Health System, G.P. as follows:

2667. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2668. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Clarksville Health System, G.P. to Tennessee Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Clarksville Health System, G.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2669. Said claims were submitted by Defendant Clarksville Health System, G.P. to Tennessee Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2670. As a result of Defendant Clarksville Health System, G.P.'s knowing submission of false UB-04s, Tennessee Medicaid reimbursed Defendant Clarksville Health System, G.P. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Tennessee Medicaid beneficiary's treatment.

2671. By virtue of the acts described above, Defendant Clarksville Health System, G.P. defrauded the State of Tennessee by getting false or fraudulent claims allowed and paid by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A)&(B).

2672. By virtue of the acts described above, Defendant Clarksville Health System, G.P. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2673. By virtue of the acts described above, Defendant Clarksville Health System, G.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(B).

2674. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Clarksville Health System, G.P. paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2675. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2676. Defendant Clarksville Health System, G.P. has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2677. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Clarksville Health System, G.P. and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A.    Order Defendant Clarksville Health System, G.P. to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B.    Order Defendant Clarksville Health System, G.P. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C.    Order Defendant Clarksville Health System, G.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-182(d)(1); and,

E.    Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman

BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

### COUNT CCXXIV
### Tennessee Medicaid False Claims Act
### Tenn. Code §71-5-182(a)(1)(A)&(B)
### (False Claims Caused to be Submitted to Tennessee Medicaid by
### Cleveland Tennessee Hospital Company, LLC)

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Cleveland Tennessee Hospital Company, LLC as follows:

2678. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2679. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Cleveland Tennessee Hospital Company, LLC to Tennessee Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Cleveland Tennessee Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2680. Said claims were submitted by Defendant Cleveland Tennessee Hospital Company, LLC to Tennessee Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2681. As a result of Defendant Cleveland Tennessee Hospital Company, LLC's knowing submission of false UB-04s, Tennessee Medicaid reimbursed Defendant Cleveland Tennessee Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Tennessee Medicaid beneficiary's treatment.

2682. By virtue of the acts described above, Defendant Cleveland Tennessee Hospital Company, LLC defrauded the State of Tennessee by getting false or fraudulent claims allowed and paid by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A)&(B).

2683. By virtue of the acts described above, Defendant Cleveland Tennessee Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2684. By virtue of the acts described above, Defendant Cleveland Tennessee Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(B).

2685. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Cleveland Tennessee Hospital Company, LLC paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2686. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2687. Defendant Cleveland Tennessee Hospital Company, LLC has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2688. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-182(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Cleveland Tennessee Hospital Company, LLC and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A.    Order Defendant Cleveland Tennessee Hospital Company, LLC to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B.    Order Defendant Cleveland Tennessee Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C.    Order Defendant Cleveland Tennessee Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-182(d)(1)(C);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-182(d)(1); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CCXXV
## Tennessee Medicaid False Claims Act
## Tenn. Code §71-5-182(a)(1)(A)&(B)
## (False Claims Caused to be Submitted to Tennessee Medicaid by
## Dyersburg Hospital Corporation)

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Dyersburg Hospital Corporation as follows:

2689.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2690.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Dyersburg Hospital Corporation to Tennessee Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Dyersburg Hospital Corporation certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2691. Said claims were submitted by Defendant Dyersburg Hospital Corporation to Tennessee Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2692. As a result of Defendant Dyersburg Hospital Corporation's knowing submission of false UB-04s, Tennessee Medicaid reimbursed Defendant Dyersburg Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Tennessee Medicaid beneficiary's treatment.

2693. By virtue of the acts described above, Defendant Dyersburg Hospital Corporation defrauded the State of Tennessee by getting false or fraudulent claims allowed and paid by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A)&(B).

2694. By virtue of the acts described above, Defendant Dyersburg Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2695. By virtue of the acts described above, Defendant Dyersburg Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(B).

2696. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Dyersburg Hospital Corporation paid for claims

through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2697. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2698. Defendant Dyersburg Hospital Corporation has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2699. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Dyersburg Hospital Corporation and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A.  Order Defendant Dyersburg Hospital Corporation to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B.  Order Defendant Dyersburg Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C.      Order Defendant Dyersburg Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-183(d)(1); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman_____
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CCXXVI
### Tennessee Medicaid False Claims Act
### Tenn. Code §71-5-182(a)(1)(A)&(B)
### (False Claims Caused to be Submitted to Tennessee Medicaid by Hospital of Morristown, Inc.)

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Hospital of Morristown, Inc. as follows:

2700.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2701.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Hospital of Morristown, Inc. to Tennessee Medicaid on the UB-04

forms, or the electronic equivalent thereof, with Defendant Hospital of Morristown, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2702. Said claims were submitted by Defendant Hospital of Morristown, Inc. to Tennessee Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2703. As a result of Defendant Hospital of Morristown, Inc.'s knowing submission of false UB-04s, Tennessee Medicaid reimbursed Defendant Hospital of Morristown, Inc. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Tennessee Medicaid beneficiary's treatment.

2704. By virtue of the acts described above, Defendant Hospital of Morristown, Inc. defrauded the State of Tennessee by getting false or fraudulent claims allowed and paid by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A)&(B).

2705. By virtue of the acts described above, Defendant Hospital of Morristown, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2706. By virtue of the acts described above, Defendant Hospital of Morristown, Inc. knowingly made, used or caused to be made or used false statements to obtain

government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(B).

2707.  The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Hospital of Morristown, Inc. paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2708.  By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2709.  Defendant Hospital of Morristown, Inc. has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2710.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Hospital of Morristown, Inc. and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A.  Order Defendant Hospital of Morristown, Inc. to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B.  Order Defendant Hospital of Morristown, Inc. to pay a compensatory amount equal to three times the amount of damages the State has

sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C.     Order Defendant Hospital of Morristown, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-183(d)(1); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CCXXVII
**Tennessee Medicaid False Claims Act**
**Tenn. Code §71-5-182(a)(1)(A)&(B)**
**(False Claims Caused to be Submitted to Tennessee Medicaid by Jackson, Tennessee Hospital Company, LLC)**

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Jackson, Tennessee Hospital Company, LLC as follows:

2711. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2712. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Jackson, Tennessee Hospital Company, LLC to Tennessee Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Jackson, Tennessee Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2713. Said claims were submitted by Defendant Jackson, Tennessee Hospital Company, LLC to Tennessee Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2714. As a result of Defendant Jackson, Tennessee Hospital Company, LLC's knowing submission of false UB-04s, Tennessee Medicaid reimbursed Defendant Jackson, Tennessee Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Tennessee Medicaid beneficiary's treatment.

2715. By virtue of the acts described above, Defendant Jackson, Tennessee Hospital Company, LLC defrauded the State of Tennessee by getting false or fraudulent claims allowed and paid by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A)&(B).

2716. By virtue of the acts described above, Defendant Jackson, Tennessee Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent

claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2717. By virtue of the acts described above, Defendant Jackson, Tennessee Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(B).

2718. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Jackson, Tennessee Hospital Company, LLC paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2719. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2720. Defendant Jackson, Tennessee Hospital Company, LLC has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2721. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Jackson, Tennessee Hospital Company, LLC and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A.  Order Defendant Jackson, Tennessee Hospital Company, LLC to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B.  Order Defendant Jackson, Tennessee Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C.  Order Defendant Jackson, Tennessee Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(c);

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-183(d)(1); and,

E.  Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CCXXVIII
### Tennessee Medicaid False Claims Act
### Tenn. Code §71-5-182(a)(1)(A)&(B)
### (False Claims Caused to be Submitted to Tennessee Medicaid by
### Lexington Hospital Corporation)

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Lexington Hospital Corporation as follows:

2722. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2723. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Lexington Hospital Corporation to Tennessee Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Lexington Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2724. Said claims were submitted by Defendant Lexington Hospital Corporation to Tennessee Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2725. As a result of Defendant Lexington Hospital Corporation's knowing submission of false UB-04s, Tennessee Medicaid reimbursed Defendant Lexington Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Tennessee Medicaid beneficiary's treatment.

2726. By virtue of the acts described above, Defendant Lexington Hospital Corporation defrauded the State of Tennessee by getting false or fraudulent claims allowed and paid by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A)&(B).

2727. By virtue of the acts described above, Defendant Lexington Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2728. By virtue of the acts described above, Defendant Lexington Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(B).

2729. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Lexington Hospital Corporation paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2730. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2731. Defendant Lexington Hospital Corporation has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2732. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to

Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Lexington Hospital Corporation and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A. Order Defendant Lexington Hospital Corporation to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B. Order Defendant Lexington Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C. Order Defendant Lexington Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-183(d)(1); and,

E. Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan


**COUNT CCXXIX**
**Tennessee Medicaid False Claims Act**
**Tenn. Code §71-5-182(a)(1)(A)&(B)**
**(False Claims Caused to be Submitted to Tennessee Medicaid by**
**Martin Hospital Corporation)**

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Martin Hospital Corporation as follows:

2733.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2734.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Martin Hospital Corporation to Tennessee Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Martin Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2735.  Said claims were submitted by Defendant Martin Hospital Corporation to Tennessee Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

751

2736.  As a result of Defendant Martin Hospital Corporation's knowing submission of false UB-04s, Tennessee Medicaid reimbursed Defendant Martin Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Tennessee Medicaid beneficiary's treatment.

2737. By virtue of the acts described above, Defendant Martin Hospital Corporation defrauded the State of Tennessee by getting false or fraudulent claims allowed and paid by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A)&(B).

2738. By virtue of the acts described above, Defendant Martin Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2739. By virtue of the acts described above, Defendant Martin Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(B).

2740.  The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Martin Hospital Corporation paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2741.  By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2742. Defendant Martin Hospital Corporation has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2743. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Martin Hospital Corporation and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A. Order Defendant Martin Hospital Corporation to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B. Order Defendant Martin Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C. Order Defendant Martin Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-182(d)(1); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
              Attorney for Relator, Bryan Carnithan

## COUNT CCXXX
### Tennessee Medicaid False Claims Act
### Tenn. Code §71-5-182(a)(1)(A)&(B)
### (False Claims Caused to be Submitted to Tennessee Medicaid by
### McKenzie Tennessee Hospital Company, LLC)

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant McKenzie Tennessee Hospital Company, LLC as follows:

2744.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2745. Said emergency room claims and inpatient hospital services claims were submitted by Defendant McKenzie Tennessee Hospital Company, LLC to Tennessee Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant McKenzie Tennessee Hospital Company, LLC certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2746. Said claims were submitted by Defendant McKenzie Tennessee Hospital Company, LLC to Tennessee Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2747. As a result of Defendant McKenzie Tennessee Hospital Company, LLC's knowing submission of false UB-04s, Tennessee Medicaid reimbursed Defendant McKenzie Tennessee Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Tennessee Medicaid beneficiary's treatment.

2748. By virtue of the acts described above, Defendant McKenzie Tennessee Hospital Company, LLC defrauded the State of Tennessee by getting false or fraudulent claims allowed and paid by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A)&(B).

2749. By virtue of the acts described above, Defendant McKenzie Tennessee Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2750. By virtue of the acts described above, Defendant McKenzie Tennessee Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(B).

2751. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant McKenzie Tennessee Hospital Company, LLC

paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2752. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2753. Defendant McKenzie Tennessee Hospital Company, LLC has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2754. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant McKenzie Tennessee Hospital Company, LLC and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A. Order Defendant McKenzie Tennessee Hospital Company, LLC to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B. Order Defendant McKenzie Tennessee Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C.      Order Defendant McKenzie Tennessee Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-183(d)(1); and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CCXXXI
### Tennessee Medicaid False Claims Act
### Tenn. Code §71-5-182(a)(1)(A)&(B)
### (False Claims Caused to be Submitted to Tennessee Medicaid by McNairy Hospital Corporation)

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant McNairy Hospital Corporation as follows:

2755.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2756.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant McNairy Hospital Corporation to Tennessee Medicaid on the UB-

04 forms, or the electronic equivalent thereof, with Defendant McNairy Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2757. Said claims were submitted by Defendant McNairy Hospital Corporation to Tennessee Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2758. As a result of Defendant McNairy Hospital Corporation's knowing submission of false UB-04s, Tennessee Medicaid reimbursed Defendant McNairy Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Tennessee Medicaid beneficiary's treatment.

2759. By virtue of the acts described above, Defendant McNairy Hospital Corporation defrauded the State of Tennessee by getting false or fraudulent claims allowed and paid by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A)&(B).

2760. By virtue of the acts described above, Defendant McNairy Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2761. By virtue of the acts described above, Defendant McNairy Hospital Corporation knowingly made, used or caused to be made or used false statements to

obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(B).

2762. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant McNairy Hospital Corporation paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2763. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2764. Defendant McNairy Hospital Corporation has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2765. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant McNairy Hospital Corporation and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A. Order Defendant McNairy Hospital Corporation to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B. Order Defendant McNairy Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has

sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C.     Order Defendant McNairy Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-183(d)(1); and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CCXXXII
### Tennessee Medicaid False Claims Act
### Tenn. Code §71-5-182(a)(1)(A)&(B)
### (False Claims Caused to be Submitted to Tennessee Medicaid by Shelbyville Hospital Corporation)

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Shelbyville Hospital Corporation as follows:

2766.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2767. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Shelbyville Hospital Corporation to Tennessee Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Shelbyville Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2768. Said claims were submitted by Defendant Shelbyville Hospital Corporation to Tennessee Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2769. As a result of Defendant Shelbyville Hospital Corporation's knowing submission of false UB-04s, Tennessee Medicaid reimbursed Defendant Shelbyville Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Tennessee Medicaid beneficiary's treatment.

2770. By virtue of the acts described above, Defendant Shelbyville Hospital Corporation defrauded the State of Tennessee by getting false or fraudulent claims allowed and paid by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A)&(B).

2771. By virtue of the acts described above, Defendant Shelbyville Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2772. By virtue of the acts described above, Defendant Shelbyville Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(B).

2773. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Shelbyville Hospital Corporation paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2774. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2775. Defendant Shelbyville Hospital Corporation has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2776. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Shelbyville Hospital Corporation and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

    A.    Order Defendant Shelbyville Hospital Corporation to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B.    Order Defendant Shelbyville Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C.    Order Defendant Shelbyville Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-183(d)(1); and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan


## COUNT CCXXXIII
### Tennessee Medicaid False Claims Act
### Tenn. Code §71-5-182(a)(1)(A)&(B)
### (False Claims Caused to be Submitted to Tennessee Medicaid by
### Forrest City Arkansas Hospital Company, LLC)

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd.,

and complains against Defendant Forrest City Arkansas Hospital Company, LLC as follows:

2777.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2778.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Forrest City Arkansas Hospital Company, LLC to Tennessee Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Forrest City Arkansas Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2779.  Said claims were submitted by Defendant Forrest City Arkansas Hospital Company, LLC to Tennessee Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2780.  As a result of Defendant Forrest City Arkansas Hospital Company, LLC's knowing submission of false UB-04s, Tennessee Medicaid reimbursed Defendant Forrest City Arkansas Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Tennessee Medicaid beneficiary's treatment.

2781.  By virtue of the acts described above, Defendant Forrest City Arkansas Hospital Company, LLC defrauded the State of Tennessee by getting false or fraudulent claims allowed and paid by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A)&(B).

2782. By virtue of the acts described above, Defendant Forrest City Arkansas Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2783. By virtue of the acts described above, Defendant Forrest City Arkansas Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(B).

2784. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Forrest City Arkansas Hospital Company, LLC paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2785. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2786. Defendant Forrest City Arkansas Hospital Company, LLC has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2787. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Forrest City Arkansas Hospital

Company, LLC and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A.    Order Defendant Forrest City Arkansas Hospital Company, LLC to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B.    Order Defendant Forrest City Arkansas Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C.    Order Defendant Forrest City Arkansas Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-183(d)(1); and,

E.    Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

<u>COUNT CCXXXIV</u>
**Tennessee Medicaid False Claims Act**
**Tenn. Code §71-5-182(a)(1)(A)&(B)**
**(False Claims Caused to be Submitted to Tennessee Medicaid by**
**Blue Ridge Georgia Hospital Company, LLC)**

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Blue Ridge Georgia Hospital Company, LLC as follows:

2788.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2789.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Blue Ridge Georgia Hospital Company, LLC to Tennessee Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Blue Ridge Georgia Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2790.  Said claims were submitted by Defendant Blue Ridge Georgia Hospital Company, LLC to Tennessee Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2791.  As a result of Defendant Blue Ridge Georgia Hospital Company, LLC's knowing submission of false UB-04s, Tennessee Medicaid reimbursed Defendant Blue Ridge Georgia Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Tennessee Medicaid beneficiary's treatment.

2792. By virtue of the acts described above, Defendant Blue Ridge Georgia Hospital Company, LLC defrauded the State of Tennessee by getting false or fraudulent claims allowed and paid by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A)&(B).

2793. By virtue of the acts described above, Defendant Blue Ridge Georgia Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2794. By virtue of the acts described above, Defendant Blue Ridge Georgia Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(B).

2795. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Blue Ridge Georgia Hospital Company, LLC paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2796. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2797. Defendant Blue Ridge Georgia Hospital Company, LLC has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2798. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to

Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Blue Ridge Georgia Hospital Company, LLC and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A. Order Defendant Blue Ridge Georgia Hospital Company, LLC to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B. Order Defendant Blue Ridge Georgia Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C. Order Defendant Blue Ridge Georgia Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-183(d)(1)(C); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CCXXXV
**Tennessee Medicaid False Claims Act**
**Tenn. Code §71-5-182(a)(1)(A)&(B)**
**(False Claims Caused to be Submitted to Tennessee Medicaid by**
**Hospital of Fulton, Inc.)**

NOW COMES the Plaintiff, the State of Tennessee, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Hospital of Fulton, Inc. as follows:

2799.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2800.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Hospital of Fulton, Inc. to Tennessee Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Hospital of Fulton, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2801. Said claims were submitted by Defendant Hospital of Fulton, Inc. to Tennessee Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2802. As a result of Defendant Hospital of Fulton, Inc.'s knowing submission of false UB-04s, Tennessee Medicaid reimbursed Defendant Hospital of Fulton, Inc. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Tennessee Medicaid beneficiary's treatment.

2803. By virtue of the acts described above, Defendant Hospital of Fulton, Inc. defrauded the State of Tennessee by getting false or fraudulent claims allowed and paid by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A)&(B).

2804. By virtue of the acts described above, Defendant Hospital of Fulton, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Tennessee for payment of benefits by Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(A).

2805. By virtue of the acts described above, Defendant Hospital of Fulton, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Tennessee Medicaid in violation of Tenn. Code §71-5-182(a)(1)(B).

2806. The State of Tennessee unaware of the falsity of the records, statements, or claims caused to be made by Defendant Hospital of Fulton, Inc. paid for claims through the Tennessee Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2807. By reason of these payments, the State of Tennessee has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2808. Defendant Hospital of Fulton, Inc. has not notified the State of Tennessee of the violations of the Tennessee Medicaid False Claims Act as alleged herein.

2809. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tenn. Code §71-5-183(d)(1)(C).

WHEREFORE, the State of Tennessee, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Hospital of Fulton, Inc. and issue orders in accordance with the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*, specifically as follows:

A. Order Defendant Hospital of Fulton, Inc. to cease and desist from violating the Tennessee Medicaid False Claims Act, Tenn. Code §71-5-181, *et seq.*;

B. Order Defendant Hospital of Fulton, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $25,000 for any false claims submitted, and the costs of this action pursuant to Tenn. Code §71-5-182(a)(1);

C. Order Defendant Hospital of Fulton, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tenn. Code §71-5-183(d)(1)(C);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tenn. Code §71-5-183(d)(1); and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


## COUNT CCXXXVI
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

2810.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2811. Defendant Community Health Systems, Inc. has shared in the profits received by the Texas Defendants from Texas Medicaid's reimbursement of their false claims.

2812. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2813. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2814. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc. paid for claims through the Texas Medicaid program that would otherwise have not been made or been paid at a lower amount.

2815. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2816. Defendant Community Health Systems, Inc. has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2817. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems, Inc. and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A.  Order Defendant Community Health Systems, Inc. to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B.  Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.     Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CCXXXVII
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**CHS/Community Health Systems, Inc.)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

2818.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2819.  Defendant CHS/Community Health Systems, Inc. has shared in the profits received by the Texas Defendants from Texas Medicaid's reimbursement of their false claims.

2820.  By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2821.  By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2822.  The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHS/Community Health Systems, Inc. paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2823.  By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2824.  Defendant CHS/Community Health Systems, Inc. has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2825.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health Systems, Inc. and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A.    Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B.    Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.    Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.    Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:      Ronald E. Osman
         Attorney for Relator, Bryan Carnithan


## COUNT CCXXXVIII
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**Community Health Investment Company, LLC)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

2826.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2827.  Defendant Community Health Investment Company, LLC has shared in the profits received by the Texas Defendants from Texas Medicaid's reimbursement of their false claims.

2828. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2829. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2830. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2831. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2832. Defendant Community Health Investment Company, LLC has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2833. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Investment Company, LLC and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A.   Order Defendant Community Health Investment Company, LLC to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B.   Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this

action pursuant to Tex. Hum. Res. Code §36.052;

C.  Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.  Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.  Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CCXXXIX
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by
Community Health Systems Professional Service Corporation)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems Professional Service Corporation as follows:

2834.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2835. Defendant Community Health Systems Professional Service Corporation has shared in the profits received by the Texas Defendants from Texas Medicaid's reimbursement of their false claims.

2836. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2837. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2838. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems Professional Service Corporation paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2839. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2840. Defendant Community Health Systems Professional Service Corporation has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2841. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems Professional Service Corporation and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A.    Order Defendant Community Health Systems Professional Service Corporation to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B.    Order Defendant Community Health Systems Professional Service Corporation to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.    Order Defendant Community Health Systems Professional Service Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.    Order such other and further relief as this Court deems just and proper.

### <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan


### COUNT CCXI
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**ARMC, L.P.)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant ARMC, L.P. as follows:

2842.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2843.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant ARMC, L.P. to Texas Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant ARMC, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2844.  Said claims were submitted by Defendant ARMC, L.P. to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2845.  As a result of Defendant ARMC, L.P.'s knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant ARMC, L.P. for both emergency room services

and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

2846. By virtue of the acts described above, Defendant ARMC, L.P. defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2847. By virtue of the acts described above, Defendant ARMC, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2848. By virtue of the acts described above, Defendant ARMC, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2849. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant ARMC, L.P. paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2850. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2851. Defendant ARMC, L.P. has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2852. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to

Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant ARMC, L.P. and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A.   Order Defendant ARMC, L.P. to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B.   Order Defendant ARMC, L.P. to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.   Order Defendant ARMC, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator, Bryan Carnithan

## COUNT CCXLI
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**Big Bend Hospital Corporation)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Big Bend Hospital Corporation as follows:

2853.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2854.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Big Bend Hospital Corporation to Texas Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Big Bend Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2855.  Said claims were submitted by Defendant Big Bend Hospital Corporation to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2856. As a result of Defendant Big Bend Hospital Corporation's knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant Big Bend Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

2857. By virtue of the acts described above, Defendant Big Bend Hospital Corporation defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2858. By virtue of the acts described above, Defendant Big Bend Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2859. By virtue of the acts described above, Defendant Big Bend Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2860. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Big Bend Hospital Corporation paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2861. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2862. Defendant Big Bend Hospital Corporation has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2863. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Big Bend Hospital Corporation and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A. Order Defendant Big Bend Hospital Corporation to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B. Order Defendant Big Bend Hospital Corporation to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C. Order Defendant Big Bend Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CCXLII
### Texas Medicaid False Claims Act
### Tex. Hum. Res. Code §36.002(1)&(2)
### (False Claims Caused to be Submitted to Texas Medicaid by
### Big Spring Hospital Corporation)

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Big Spring Hospital Corporation as follows:

2864.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2865.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Big Spring Hospital Corporation to Texas Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Big Spring Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2866.  Said claims were submitted by Defendant Big Spring Hospital Corporation to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2867. As a result of Defendant Big Spring Hospital Corporation's knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant Big Spring Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

2868. By virtue of the acts described above, Defendant Big Spring Hospital Corporation defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2869. By virtue of the acts described above, Defendant Big Spring Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2870. By virtue of the acts described above, Defendant Big Spring Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2871. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Big Spring Hospital Corporation paid for claims

through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2872.  By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2873. Defendant Big Spring Hospital Corporation has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2874. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Big Spring Hospital Corporation and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A.  Order Defendant Big Spring Hospital Corporation to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B.  Order Defendant Big Spring Hospital Corporation to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.      Order Defendant Big Spring Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

## COUNT CCXLIII
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**Brownwood Hospital, L.P.)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Brownwood Hospital, L.P. as follows:

2875.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2876.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Brownwood Hospital, L.P. to Texas Medicaid on the UB-04 forms,

or the electronic equivalent thereof, with Defendant Brownwood Hospital, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2877. Said claims were submitted by Defendant Brownwood Hospital, L.P. to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2878. As a result of Defendant Brownwood Hospital, L.P.'s knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant Brownwood Hospital, L.P. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

2879. By virtue of the acts described above, Defendant Brownwood Hospital, L.P. defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2880. By virtue of the acts described above, Defendant Brownwood Hospital, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2881. By virtue of the acts described above, Defendant Brownwood Hospital, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2882. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Brownwood Hospital, L.P. paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2883. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2884. Defendant Brownwood Hospital, L.P. has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2885. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Brownwood Hospital, L.P. and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A.    Order Defendant Brownwood Hospital, L.P. to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B.    Order Defendant Brownwood Hospital, L.P. to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.      Order Defendant Brownwood Hospital, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CCXLIV
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**Cedar Park Health System, L.P.)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Cedar Park Health System, L.P. as follows:

2886.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2887.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Cedar Park Health System, L.P. to Texas Medicaid on the UB-04

forms, or the electronic equivalent thereof, with Defendant Cedar Park Health System, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2888. Said claims were submitted by Defendant Cedar Park Health System, L.P. to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2889. As a result of Defendant Cedar Park Health System, L.P.'s knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant Cedar Park Health System, L.P. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

2890. By virtue of the acts described above, Defendant Cedar Park Health System, L.P. defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2891. By virtue of the acts described above, Defendant Cedar Park Health System, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2892. By virtue of the acts described above, Defendant Cedar Park Health System, L.P. knowingly made, used or caused to be made or used false statements to

obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2893. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Cedar Park Health System, L.P. paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2894. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2895. Defendant Cedar Park Health System, L.P. has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2896. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Cedar Park Health System, L.P. and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

    A.    Order Defendant Cedar Park Health System, L.P. to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

    B.    Order Defendant Cedar Park Health System, L.P. to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of

$10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.     Order Defendant Cedar Park Health System, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CCXLV
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**Cleveland Regional Medical Center, L.P.)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Cleveland Regional Medical Center, L.P. as follows:

2897.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2898.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Cleveland Regional Medical Center, L.P. to Texas Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Cleveland Regional Medical Center, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2899.  Said claims were submitted by Defendant Cleveland Regional Medical Center, L.P. to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2900.  As a result of Defendant Cleveland Regional Medical Center, L.P.'s knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant Cleveland Regional Medical Center, L.P. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

2901.  By virtue of the acts described above, Defendant Cleveland Regional Medical Center, L.P. defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2902.  By virtue of the acts described above, Defendant Cleveland Regional Medical Center, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2903. By virtue of the acts described above, Defendant Cleveland Regional Medical Center, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2904. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Cleveland Regional Medical Center, L.P. paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2905. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2906. Defendant Cleveland Regional Medical Center, L.P. has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2907. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Cleveland Regional Medical Center, L.P. and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A. Order Defendant Cleveland Regional Medical Center, L.P. to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B.     Order Defendant Cleveland Regional Medical Center, L.P. to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.     Order Defendant Cleveland Regional Medical Center, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CCXLVI
### Texas Medicaid False Claims Act
### Tex. Hum. Res. Code §36.002(1)&(2)
### (False Claims Caused to be Submitted to Texas Medicaid by
### College Station Hospital, L.P.)

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant College Station Hospital, L.P. as follows:

2908.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2909.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant College Station Hospital, L.P. to Texas Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant College Station Hospital, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2910.  Said claims were submitted by Defendant College Station Hospital, L.P. to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2911.  As a result of Defendant College Station Hospital, L.P.'s knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant College Station Hospital, L.P. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

2912. By virtue of the acts described above, Defendant College Station Hospital, L.P. defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2913. By virtue of the acts described above, Defendant College Station Hospital, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2914. By virtue of the acts described above, Defendant College Station Hospital, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2915. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant College Station Hospital, L.P. paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2916. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2917. Defendant College Station Hospital, L.P. has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2918. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant College Station Hospital, L.P. and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A.    Order Defendant College Station Hospital, L.P. to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B.    Order Defendant College Station Hospital, L.P. to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.    Order Defendant College Station Hospital, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.    Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CCXLVII
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**Granbury Hospital Corporation)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Granbury Hospital Corporation as follows:

2919.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2920.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Granbury Hospital Corporation to Texas Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Granbury Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2921.  Said claims were submitted by Defendant Granbury Hospital Corporation to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2922. As a result of Defendant Granbury Hospital Corporation's knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant Granbury Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

2923. By virtue of the acts described above, Defendant Granbury Hospital Corporation defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2924. By virtue of the acts described above, Defendant Granbury Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2925. By virtue of the acts described above, Defendant Granbury Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2926. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Granbury Hospital Corporation paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2927. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2928.  Defendant Granbury Hospital Corporation has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2929.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Granbury Hospital Corporation and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A.      Order Defendant Granbury Hospital Corporation to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B.      Order Defendant Granbury Hospital Corporation to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.      Order Defendant Granbury Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


## COUNT CCXLVIII
### Texas Medicaid False Claims Act
### Tex. Hum. Res. Code §36.002(1)&(2)
### (False Claims Caused to be Submitted to Texas Medicaid by
### Jourdanton Hospital Corporation)

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Jourdanton Hospital Corporation as follows:

2930.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2931.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Jourdanton Hospital Corporation to Texas Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Jourdanton Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2932. Said claims were submitted by Defendant Jourdanton Hospital Corporation to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2933. As a result of Defendant Jourdanton Hospital Corporation's knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant Jourdanton Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

2934. By virtue of the acts described above, Defendant Jourdanton Hospital Corporation defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2935. By virtue of the acts described above, Defendant Jourdanton Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2936. By virtue of the acts described above, Defendant Jourdanton Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2937. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Jourdanton Hospital Corporation paid for claims

through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2938.  By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2939.  Defendant Jourdanton Hospital Corporation has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2940.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Jourdanton Hospital Corporation and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

    A.    Order Defendant Jourdanton Hospital Corporation to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

    B.    Order Defendant Jourdanton Hospital Corporation to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.     Order Defendant Jourdanton Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CCXLIX
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**Laredo Texas Hospital Company, L.P.)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Laredo Texas Hospital Company, L.P. as follows:

2941.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2942.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Laredo Texas Hospital Company, L.P. to Texas Medicaid on the

UB-04 forms, or the electronic equivalent thereof, with Defendant Laredo Texas Hospital Company, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2943. Said claims were submitted by Defendant Laredo Texas Hospital Company, L.P. to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2944. As a result of Defendant Laredo Texas Hospital Company, L.P.'s knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant Laredo Texas Hospital Company, L.P. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

2945. By virtue of the acts described above, Defendant Laredo Texas Hospital Company, L.P. defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2946. By virtue of the acts described above, Defendant Laredo Texas Hospital Company, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2947. By virtue of the acts described above, Defendant Laredo Texas Hospital Company, L.P. knowingly made, used or caused to be made or used false statements to

obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2948. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Laredo Texas Hospital Company, L.P. paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2949. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2950. Defendant Laredo Texas Hospital Company, L.P. has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2951. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Laredo Texas Hospital Company, L.P. and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A.  Order Defendant Laredo Texas Hospital Company, L.P. to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B.  Order Defendant Laredo Texas Hospital Company, L.P. to pay a compensatory amount equal to two times the amount of damages the State

has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C. Order Defendant Laredo Texas Hospital Company, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E. Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

### COUNT CCL
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**Longview Medical Center, L.P.)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Longview Medical Center, L.P. as follows:

2952.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2953.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Longview Medical Center, L.P. to Texas Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Longview Medical Center, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2954.  Said claims were submitted by Defendant Longview Medical Center, L.P. to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2955.  As a result of Defendant Longview Medical Center, L.P.'s knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant Longview Medical Center, L.P. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

2956.  By virtue of the acts described above, Defendant Longview Medical Center, L.P. defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2957.  By virtue of the acts described above, Defendant Longview Medical Center, L.P.  knowingly submitted or caused to be submitted false or fraudulent claims to the State

of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2958. By virtue of the acts described above, Defendant Longview Medical Center, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2959. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Longview Medical Center, L.P. paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2960. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2961. Defendant Longview Medical Center, L.P. has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2962. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Longview Medical Center, L.P. and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A. Order Defendant Longview Medical Center, L.P. to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B. Order Defendant Longview Medical Center, L.P. to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C. Order Defendant Longview Medical Center, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E. Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CCLI
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**Navarro Hospital, L.P.)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Navarro Hospital, L.P. as follows:

2963.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2964.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Navarro Hospital, L.P. to Texas Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Navarro Hospital, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2965.  Said claims were submitted by Defendant Navarro Hospital, L.P. to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2966.  As a result of Defendant Navarro Hospital, L.P.'s knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant Navarro Hospital, L.P. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

2967. By virtue of the acts described above, Defendant Navarro Hospital, L.P. defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2968. By virtue of the acts described above, Defendant Navarro Hospital, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2969. By virtue of the acts described above, Defendant Navarro Hospital, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2970. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Navarro Hospital, L.P. paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2971. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2972. Defendant Navarro Hospital, L.P. has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2973. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Navarro Hospital, L.P. and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A. Order Defendant Navarro Hospital, L.P. to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B. Order Defendant Navarro Hospital, L.P. to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C. Order Defendant Navarro Hospital, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E. Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

_/s/ Ronald E. Osman_____

BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


## <u>COUNT CCLII</u>
**Texas Medicaid False Claims Act
Tex. Hum. Res. Code §36.002(1)&(2)
(False Claims Caused to be Submitted to Texas Medicaid by
NHCI of Hillsboro, Inc.)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant NHCI of Hillsboro, Inc. as follows:

2974.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2975.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant NHCI of Hillsboro, Inc. to Texas Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant NHCI of Hillsboro, Inc. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2976.  Said claims were submitted by Defendant NHCI of Hillsboro, Inc. to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2977.  As a result of Defendant NHCI of Hillsboro, Inc.'s knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant NHCI of Hillsboro, Inc. for both

emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

2978. By virtue of the acts described above, Defendant NHCI of Hillsboro, Inc. defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2979. By virtue of the acts described above, Defendant NHCI of Hillsboro, Inc. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2980. By virtue of the acts described above, Defendant NHCI of Hillsboro, Inc. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2981. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant NHCI of Hillsboro, Inc. paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2982. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2983. Defendant NHCI of Hillsboro, Inc. has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2984. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to

Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant NHCI of Hillsboro, Inc. and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A. Order Defendant NHCI of Hillsboro, Inc. to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B. Order Defendant NHCI of Hillsboro, Inc. to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C. Order Defendant NHCI of Hillsboro, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E. Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan


## COUNT CCLIII
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**Piney Woods Healthcare System, L.P.)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Piney Woods Healthcare System, L.P. as follows:

2985.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2986.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Piney Woods Healthcare System, L.P. to Texas Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Piney Woods Healthcare System, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2987.  Said claims were submitted by Defendant Piney Woods Healthcare System, L.P. to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2988.  As a result of Defendant Piney Woods Healthcare System, L.P.'s knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant Piney Woods Healthcare System, L.P. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

2989.  By virtue of the acts described above, Defendant Piney Woods Healthcare System, L.P. defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2990.  By virtue of the acts described above, Defendant Piney Woods Healthcare System, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2991.  By virtue of the acts described above, Defendant Piney Woods Healthcare System, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

2992.  The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Piney Woods Healthcare System, L.P. paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

2993.  By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

2994. Defendant Piney Woods Healthcare System, L.P. has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

2995. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Piney Woods Healthcare System, L.P. and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A.  Order Defendant Piney Woods Healthcare System, L.P. to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B.  Order Defendant Piney Woods Healthcare System, L.P. to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.  Order Defendant Piney Woods Healthcare System, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CCLIV
### Texas Medicaid False Claims Act
### Tex. Hum. Res. Code §36.002(1)&(2)
### (False Claims Caused to be Submitted to Texas Medicaid by
### San Angelo Hospital, L.P.)

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant San Angelo Hospital, L.P. as follows:

2996.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

2997.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant San Angelo Hospital, L.P. to Texas Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant San Angelo Hospital, L.P. certifying that:

Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

2998. Said claims were submitted by Defendant San Angelo Hospital, L.P. to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

2999. As a result of Defendant San Angelo Hospital, L.P.'s knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant San Angelo Hospital, L.P. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

3000. By virtue of the acts described above, Defendant San Angelo Hospital, L.P. defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

3001. By virtue of the acts described above, Defendant San Angelo Hospital, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

3002. By virtue of the acts described above, Defendant San Angelo Hospital, L.P. knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

3003. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant San Angelo Hospital, L.P. paid for claims through

the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

3004. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

3005. Defendant San Angelo Hospital, L.P. has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

3006. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant San Angelo Hospital, L.P. and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A. Order Defendant San Angelo Hospital, L.P. to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B. Order Defendant San Angelo Hospital, L.P. to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.   Order Defendant San Angelo Hospital, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CCLV
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**Victoria of Texas, L.P.)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Victoria of Texas, L.P. as follows:

3007.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

3008. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Victoria of Texas, L.P. to Texas Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Victoria of Texas, L.P. certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

3009. Said claims were submitted by Defendant Victoria of Texas, L.P. to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

3010. As a result of Defendant Victoria of Texas, L.P.'s knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant Victoria of Texas, L.P. for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

3011. By virtue of the acts described above, Defendant Victoria of Texas, L.P. defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

3012. By virtue of the acts described above, Defendant Victoria of Texas, L.P. knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

3013. By virtue of the acts described above, Defendant Victoria of Texas, L.P. knowingly made, used or caused to be made or used false statements to obtain

government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

3014.  The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Victoria of Texas, L.P. paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

3015.  By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

3016.  Defendant Victoria of Texas, L.P. has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

3017.  Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Victoria of Texas, L.P. and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A.     Order Defendant Victoria of Texas, L.P. to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B.     Order Defendant Victoria of Texas, L.P. to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of

$10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.     Order Defendant Victoria of Texas, L.P. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.     Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.     Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

## COUNT CCLVI
**Texas Medicaid False Claims Act**
**Tex. Hum. Res. Code §36.002(1)&(2)**
**(False Claims Caused to be Submitted to Texas Medicaid by**
**Weatherford Texas Hospital Company, LLC)**

NOW COMES the Plaintiff, the State of Texas, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Weatherford Texas Hospital Company, LLC as follows:

3018. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

3019. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Weatherford Texas Hospital Company, LLC to Texas Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Weatherford Texas Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

3020. Said claims were submitted by Defendant Weatherford Texas Hospital Company, LLC to Texas Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

3021. As a result of Defendant Weatherford Texas Hospital Company, LLC's knowing submission of false UB-04s, Texas Medicaid reimbursed Defendant Weatherford Texas Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Texas Medicaid beneficiary's treatment.

3022. By virtue of the acts described above, Defendant Weatherford Texas Hospital Company, LLC defrauded the State of Texas by getting false or fraudulent claims allowed and paid by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

3023. By virtue of the acts described above, Defendant Weatherford Texas Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Texas for payment of benefits by Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

3024. By virtue of the acts described above, Defendant Weatherford Texas Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Texas Medicaid in violation of Tex. Hum. Res. Code §36.002(1)&(2).

3025. The State of Texas unaware of the falsity of the records, statements, or claims caused to be made by Defendant Weatherford Texas Hospital Company, LLC paid for claims through the Texas Medicaid program that would otherwise have not been paid or been paid at a lower amount.

3026. By reason of these payments, the State of Texas has been damaged since at least 2005 and continues to be damaged in a substantial amount.

3027. Defendant Weatherford Texas Hospital Company, LLC has not notified the State of Texas of the violations of the Texas Medicaid Fraud Prevention statutes as alleged herein.

3028. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to Tex. Hum. Res. Code §36.110(c).

WHEREFORE, the State of Texas, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Weatherford Texas Hospital Company, LLC and issue orders in accordance with the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*, specifically as follows:

A. Order Defendant Weatherford Texas Hospital Company, LLC to cease and desist from violating the Texas Medicaid Fraud Prevention statutes, Tex. Hum. Res. Code §36.001, *et seq.*;

B.    Order Defendant Weatherford Texas Hospital Company, LLC to pay a compensatory amount equal to two times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $10,000 for any false claims submitted, and the costs of this action pursuant to Tex. Hum. Res. Code §36.052;

C.    Order Defendant Weatherford Texas Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to Tex. Hum. Res. Code §36.110(c);

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to Tex. Hum. Res. Code §36.110; and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CCLVII
### Virginia Fraud Against Taxpayers Act
### VA Code §8.01-216.3(A)(1)&(2)
### (False Claims Caused to be Submitted to Virginia Medicaid by
### Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of Virginia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems, Inc. as follows:

3029. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

3030. Defendant Community Health Systems, Inc. has shared in the profits received by the Virginia Defendants from Virginia Medicaid's reimbursement of their false claims.

3031. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of Virginia for payment of benefits by Virginia Medicaid in violation of VA Code §8.01-216.3(A)(1).

3032. By virtue of the acts described above, Defendant Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Virginia Medicaid in violation of VA Code §8.01-216.3(A)(2).

3033. The State of Virginia unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems, Inc. paid for claims through the Virginia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

3034. By reason of these payments, the State of Virginia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

3035. Defendant Community Health Systems, Inc. has not notified the State of Virginia of the violations of the Virginia Fraud Against Taxpayers Act as alleged herein.

3036. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to VA Code §8.01-216.7.

WHEREFORE, the State of Virginia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems, Inc. and issue orders in accordance with the Virginia Fraud Against Taxpayers Act, VA Code §8.01-216.1, *et seq.*, specifically as follows:

A.  Order Defendant Community Health Systems, Inc. to cease and desist from violating the Virginia Fraud Against Taxpayers Act, VA Code §8.01-216.1, *et seq.*;

B.  Order Defendant Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to VA Code §8.01-216.3(A).

C.  Order Defendant Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to VA Code §8.01-216.7;

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to VA Code §8.01-216.7; and,

E.      Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

_/s/ Ronald E. Osman_____

BY:     Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

## COUNT CCLVIII
## Virginia Fraud Against Taxpayers Act
## VA Code §8.01-216.3(A)(1)&(2)
## (False Claims Caused to be Submitted to Virginia Medicaid by CHS/Community Health Systems, Inc.)

NOW COMES the Plaintiff, the State of Virginia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant CHS/Community Health Systems, Inc. as follows:

3037. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

3038. Defendant CHS/Community Health Systems, Inc. has shared in the profits received by the Virginia Defendants from Virginia Medicaid's reimbursement of their false claims.

3039. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be submitted false or fraudulent claims to the State of

Virginia for payment of benefits by Virginia Medicaid in violation of VA Code §8.01-216.3(A)(1).

3040. By virtue of the acts described above, Defendant CHS/Community Health Systems, Inc. knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Virginia Medicaid in violation of VA Code §8.01-216.3(A)(2).

3041. The State of Virginia unaware of the falsity of the records, statements, or claims caused to be made by Defendant CHS/Community Health Systems, Inc. paid for claims through the Virginia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

3042. By reason of these payments, the State of Virginia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

3043. Defendant CHS/Community Health Systems, Inc. has not notified the State of Virginia of the violations of the Virginia Fraud Against Taxpayers Act as alleged herein.

3044. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to VA Code §8.01-216.7.

WHEREFORE, the State of Virginia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant CHS/Community Health Systems, Inc. and issue orders in accordance with the Virginia Fraud Against Taxpayers Act, VA Code §8.01-216.1, *et seq.*, specifically as follows:

A.    Order Defendant CHS/Community Health Systems, Inc. to cease and desist from violating the Virginia Fraud Against Taxpayers Act, VA Code §8.01-216.1, *et seq.*;

B.    Order Defendant CHS/Community Health Systems, Inc. to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to VA Code §8.01-216.3(A).

C.    Order Defendant CHS/Community Health Systems, Inc. to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to VA Code §8.01-216.7;

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to VA Code §8.01-216.7; and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
          Attorney for Relator, Bryan Carnithan

**COUNT CCLIX**
**Virginia Fraud Against Taxpayers Act**
**VA Code §8.01-216.3(A)(1)&(2)**
**(False Claims Caused to be Submitted to Virginia Medicaid by**
**Community Health Investment Company, LLC)**

NOW COMES the Plaintiff, the State of Virginia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Investment Company, LLC as follows:

3045.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

3046.  Defendant Community Health Investment Company, LLC has shared in the profits received by the Virginia Defendants from Virginia Medicaid's reimbursement of their false claims.

3047. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be submitted false or fraudulent claims to the State of Virginia for payment of benefits by Virginia Medicaid in violation of VA Code §8.01-216.3(A)(1).

3048. By virtue of the acts described above, Defendant Community Health Investment Company, LLC knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Virginia Medicaid in violation of VA Code §8.01-216.3(A)(2).

3049. The State of Virginia unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Investment Company, LLC paid for claims through the Virginia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

3050. By reason of these payments, the State of Virginia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

3051. Defendant Community Health Investment Company, LLC has not notified the State of Virginia of the violations of the Virginia Fraud Against Taxpayers Act as alleged herein.

3052. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to VA Code §8.01-216.7.

WHEREFORE, the State of Virginia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Investment Company, LLC and issue orders in accordance with the Virginia Fraud Against Taxpayers Act, VA Code §8.01-216.1, *et seq*., specifically as follows:

A. Order Defendant Community Health Investment Company, LLC to cease and desist from violating the Virginia Fraud Against Taxpayers Act, VA Code §8.01-216.1, *et seq*.;

B. Order Defendant Community Health Investment Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to VA Code §8.01-216.3(A).

C. Order Defendant Community Health Investment Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to VA Code §8.01-216.7;

D.    Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to VA Code §8.01-216.7; and,

E.    Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

/s/ Ronald E. Osman
BY:    Ronald E. Osman
         Attorney for Relator, Bryan Carnithan

## COUNT CCLX
### Virginia Fraud Against Taxpayers Act
### VA Code §8.01-216.3(A)(1)&(2)
### (False Claims Caused to be Submitted to Virginia Medicaid by Community Health Systems Professional Service Corporation)

NOW COMES the Plaintiff, the State of Virginia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Community Health Systems Professional Service Corporation as follows:

3053.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

3054. Defendant Community Health Systems Professional Service Corporation has shared in the profits received by the Virginia Defendants from Virginia Medicaid's reimbursement of their false claims.

3055. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be submitted false or

fraudulent claims to the State of Virginia for payment of benefits by Virginia Medicaid in violation of VA Code §8.01-216.3(A)(1).

3056. By virtue of the acts described above, Defendant Community Health Systems Professional Service Corporation knowingly caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Virginia Medicaid in violation of VA Code §8.01-216.3(A)(2).

3057. The State of Virginia unaware of the falsity of the records, statements, or claims caused to be made by Defendant Community Health Systems Professional Service Corporation paid for claims through the Virginia Medicaid program that would otherwise have been paid at a lower amount.

3058. By reason of these payments, the State of Virginia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

3059. Defendant Community Health Systems Professional Service Corporation has not notified the State of Virginia of the violations of the Virginia Fraud Against Taxpayers Act as alleged herein.

3060. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to VA Code §8.01-216.7.

WHEREFORE, the State of Virginia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Community Health Systems Professional Service Corporation and issue orders in accordance with the Virginia Fraud Against Taxpayers Act, VA Code §8.01-216.1, *et seq.*, specifically as follows:

A. Order Defendant Community Health Systems Professional Service Corporation to cease and desist from violating the Virginia Fraud Against Taxpayers Act, VA Code §8.01-216.1, *et seq.*;

B. Order Defendant Community Health Systems Professional Service Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to VA Code §8.01-216.3(A).

C. Order Defendant Community Health Systems Professional Service Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to VA Code §8.01-216.7;

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to VA Code §8.01-216.7; and,

E. Order such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:   Ronald E. Osman
        Attorney for Relator, Bryan Carnithan

**COUNT CCLXI**
**Virginia Fraud Against Taxpayers Act**
**VA Code §8.01-216.3(A)(1)&(2)**
**(False Claims Caused to be Submitted to Virginia Medicaid by**
**Emporia Hospital Corporation)**

NOW COMES the Plaintiff, the State of Virginia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Emporia Hospital Corporation as follows:

3061. Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

3062. Said emergency room claims and inpatient hospital services claims were submitted by Defendant Emporia Hospital Corporation to Virginia Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Emporia Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete. That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

3063. Said claims were submitted by Defendant Emporia Hospital Corporation to Virginia Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

3064. As a result of Defendant Emporia Hospital Corporation's knowing submission of false UB-04s, Virginia Medicaid reimbursed Defendant Emporia Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Virginia Medicaid beneficiary's treatment.

3065. By virtue of the acts described above, Defendant Emporia Hospital Corporation defrauded the State of Virginia by getting false or fraudulent claims allowed and paid by Virginia Medicaid in violation of VA Code §8.01-216.3(A)(1)&(2).

3066. By virtue of the acts described above, Defendant Emporia Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Virginia for payment of benefits by Virginia Medicaid in violation of VA Code §8.01-216.3(A)(1).

3067. By virtue of the acts described above, Defendant Emporia Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Virginia Medicaid in violation of VA Code §8.01-216.3(A)(2).

3068. The State of Virginia unaware of the falsity of the records, statements, or claims caused to be made by Defendant Emporia Hospital Corporation paid for claims through the Virginia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

3069. By reason of these payments, the State of Virginia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

3070. Defendant Emporia Hospital Corporation has not notified the State of Virginia of the violations of the Virginia Fraud Against Taxpayers Act as alleged herein.

3071. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to VA Code §8.01-216.7.

WHEREFORE, the State of Virginia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Emporia Hospital Corporation and issue orders in accordance with the Virginia Fraud Against Taxpayers Act, VA Code §8.01-216.1, *et seq.*, specifically as follows:

A. Order Defendant Emporia Hospital Corporation to cease and desist from violating the Virginia Fraud Against Taxpayers Act, VA Code §8.01-216.1, *et seq.*;

B. Order Defendant Emporia Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to VA Code §8.01-216.3(A).

C. Order Defendant Emporia Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to VA Code §8.01-216.7;

D. Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to VA Code §8.01-216.7; and,

E. Order such other and further relief as this Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


## COUNT CCLXII
**Virginia Fraud Against Taxpayers Act**
**VA Code §8.01-216.3(A)(1)&(2)**
**(False Claims Caused to be Submitted to Virginia Medicaid by**
**Franklin Hospital Corporation)**

NOW COMES the Plaintiff, the State of Virginia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Franklin Hospital Corporation as follows:

3072.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

3073.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Franklin Hospital Corporation to Virginia Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Franklin Hospital Corporation certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

3074.  Said claims were submitted by Defendant Franklin Hospital Corporation to Virginia Medicaid with the knowledge by it that the claims were false as inpatient hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

3075.  As a result of Defendant Franklin Hospital Corporation's knowing submission of false UB-04s, Virginia Medicaid reimbursed Defendant Franklin Hospital Corporation for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Virginia Medicaid beneficiary's treatment.

3076. By virtue of the acts described above, Defendant Franklin Hospital Corporation defrauded the State of Virginia by getting false or fraudulent claims allowed and paid by Virginia Medicaid in violation of VA Code §8.01-216.3(A)(1)&(2).

3077. By virtue of the acts described above, Defendant Franklin Hospital Corporation knowingly submitted or caused to be submitted false or fraudulent claims to the State of Virginia for payment of benefits by Virginia Medicaid in violation of VA Code §8.01-216.3(A)(1).

3078. By virtue of the acts described above, Defendant Franklin Hospital Corporation knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Virginia Medicaid in violation of VA Code §8.01-216.3(A)(2).

3079.  The State of Virginia unaware of the falsity of the records, statements, or claims caused to be made by Defendant Franklin Hospital Corporation paid for claims through the Virginia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

3080.  By reason of these payments, the State of Virginia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

3081.  Defendant Franklin Hospital Corporation has not notified the State of Virginia of the violations of the Virginia Fraud Against Taxpayers Act as alleged herein.

3082. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to VA Code §8.01-216.7.

WHEREFORE, the State of Virginia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Franklin Hospital Corporation and issue orders in accordance with the Virginia Fraud Against Taxpayers Act, VA Code §8.01-216.1, *et seq.*, specifically as follows:

A.   Order Defendant Franklin Hospital Corporation to cease and desist from violating the Virginia Fraud Against Taxpayers Act, VA Code §8.01-216.1, *et seq.*;

B.   Order Defendant Franklin Hospital Corporation to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to VA Code §8.01-216.3(A).

C.   Order Defendant Franklin Hospital Corporation to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to VA Code §8.01-216.7;

D.   Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to VA Code §8.01-216.7; and,

E.   Order such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:    Ronald E. Osman
       Attorney for Relator, Bryan Carnithan

## COUNT CCLXIII
### Virginia Fraud Against Taxpayers Act
### VA Code §8.01-216.3(A)(1)&(2)
### (False Claims Caused to be Submitted to Virginia Medicaid by
### Petersburg Hospital Company, LLC)

NOW COMES the Plaintiff, the State of Virginia, by the Relator, Bryan Carnithan, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Petersburg Hospital Company, LLC as follows:

3083.  Plaintiff reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein.

3084.  Said emergency room claims and inpatient hospital services claims were submitted by Defendant Petersburg Hospital Company, LLC to Virginia Medicaid on the UB-04 forms, or the electronic equivalent thereof, with Defendant Petersburg Hospital Company, LLC certifying that:

> Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate and complete.  That the submitter did not knowingly or reckless disregard or misrepresent or conceal material facts.

3085.  Said claims were submitted by Defendant Petersburg Hospital Company, LLC to Virginia Medicaid with the knowledge by it that the claims were false as inpatient

hospital services provided to the patients were not reasonable and necessary for their diagnosis or treatment.

3086. As a result of Defendant Petersburg Hospital Company, LLC's knowing submission of false UB-04s, Virginia Medicaid reimbursed Defendant Petersburg Hospital Company, LLC for both emergency room services and inpatient hospital services when the inpatient services were not reasonable and necessary to the Virginia Medicaid beneficiary's treatment.

3087. By virtue of the acts described above, Defendant Petersburg Hospital Company, LLC defrauded the State of Virginia by getting false or fraudulent claims allowed and paid by Virginia Medicaid in violation of VA Code §8.01-216.3(A)(1)&(2).

3088. By virtue of the acts described above, Defendant Petersburg Hospital Company, LLC knowingly submitted or caused to be submitted false or fraudulent claims to the State of Virginia for payment of benefits by Virginia Medicaid in violation of VA Code §8.01-216.3(A)(1).

3089. By virtue of the acts described above, Defendant Petersburg Hospital Company, LLC knowingly made, used or caused to be made or used false statements to obtain government payment for false and fraudulent claims submitted to Virginia Medicaid in violation of VA Code §8.01-216.3(A)(2).

3090. The State of Virginia unaware of the falsity of the records, statements, or claims caused to be made by Defendant Petersburg Hospital Company, LLC paid for claims through the Virginia Medicaid program that would otherwise have not been paid or been paid at a lower amount.

3091. By reason of these payments, the State of Virginia has been damaged since at least 2005 and continues to be damaged in a substantial amount.

3092. Defendant Petersburg Hospital Company, LLC has not notified the State of Virginia of the violations of the Virginia Fraud Against Taxpayers Act as alleged herein.

3093. Relator is entitled to reimbursement of his reasonable expenses, which includes his attorneys' fees and costs, incurred in maintaining this action, pursuant to VA Code §8.01-216.7.

WHEREFORE, the State of Virginia, by the Relator, Bryan Carnithan, prays this Court give judgment in its favor and against the Defendant Petersburg Hospital Company, LLC and issue orders in accordance with the Virginia Fraud Against Taxpayers Act, VA Code §8.01-216.1, *et seq.*, specifically as follows:

    A.    Order Defendant Petersburg Hospital Company, LLC to cease and desist from violating the Virginia Fraud Against Taxpayers Act, VA Code §8.01-216.1, *et seq.*;

    B.    Order Defendant Petersburg Hospital Company, LLC to pay a compensatory amount equal to three times the amount of damages the State has sustained for each false claim submitted by said Defendant, plus a civil penalty of $11,000 for any false claims submitted, and the costs of this action pursuant to VA Code §8.01-216.3(A).

    C.    Order Defendant Petersburg Hospital Company, LLC to pay Relator's reasonable costs and expenses, including attorneys' fees, pursuant to VA Code §8.01-216.7;

D.      Order that the Relator be awarded the statutory percentage of the amount received by the government, pursuant to VA Code §8.01-216.7; and,

E.      Order such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

/s/ Ronald E. Osman
BY:     Ronald E. Osman
        Attorney for Relator, Bryan Carnithan


### COUNT CCLXIV
### False Claims Act, 31 U.S.C. § 3730(h)
### (Retaliatory Discharge by
### Defendant Marion Hospital Corporation)

NOW COMES the Plaintiff, Bryan Carnithan, individually, through his attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against Defendant Marion Hospital Corporation as follows:

3094. Relator reasserts paragraphs 1-376 of this Amended Complaint as if fully set forth herein

3095. Relator was employed by Defendant MHC from 2005 to October 2006 as an EMS Coordinator in the Emergency Department at Heartland Regional Medical Center in Marion, Illinois.

3096. Through his employment with Defendant MHC, Relator came into contact with and has knowledge of the daily operations of the Emergency Department at Heartland

Regional Medical Center and the admission policies put in place over that department by Defendant MHC.

3097. Relator specifically became aware of Defendant MHC's policy of practice of admitting all Emergency Department patients to Heartland Regional Medical Center for inpatient services through the course of his employment.

3098. In September 2006, Relator approached Defendant MHC's CEO, Timothy Schmidt, with his concerns regarding the practice of admitting all Emergency Department patients to Heartland Regional Medical Center for inpatient services. Relator was told by Schmidt that he would look into it.

3099. Subsequent to that conversation, Relator was moved into a much smaller office at Heartland Regional Medical Center and was the recipient of actions and comments making him believe he was going to be terminated.

3100. So that he did not have a termination on his employment record, Relator resigned from his position with Defendant MHC in September 2006.

3101. Relator's constructive discharge was a direct result of his questioning of Defendant MHC's fraudulent admission procedures.

3102. As a direct and proximate cause of the foregoing, Relator has lost, and will continue to lose, significant income and benefits and has suffered intangible losses, including mental anguish, embarrassment and inconvenience.

WHEREFORE, the Relator Bryan Carnithan prays this Court give judgment in his favor against Defendant MHC and issue orders in accordance with the False Claims Act, 31 U.S.C. §3730(h), specifically that:

A)      Defendant MHC immediately reinstate Relator to his former job at the same

rate of pay with normal pay increases from the date of discharge to the date

of reinstatement;

B)      Defendant MHC pay Relator two times the amount of back pay and benefits,

plus interest on the back pay and benefits from the date of discharge to the

date of reinstatement;

C)      Defendant MHC pay Relator's costs and attorneys' fees in accordance with

31 U.S.C. 3730(h); and,

D)      Such other and further relief as this Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator

hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman                              
BY:     Ronald E. Osman
        Attorney for Relator
        Bryan Carnithan


## **COUNT CCLXV**
## **Illinois False Claims Act**
## **740 ILCS 175/4(g)**
## **(Retaliatory Discharge by**
## **Defendant Marion Hospital Corporation)**

NOW COMES the Plaintiff, Bryan Carnithan, individually, through his attorney,

Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and complains against

Defendant Marion Hospital Corporation as follows:

3103.   Relator reasserts paragraphs 1-376 of this Amended Complaint as if fully set

forth herein.

3104.  Relator was employed by Defendant MHC from 2005 to October 2006 as an EMS Coordinator in the Emergency Department at Heartland Regional Medical Center in Marion, Illinois.

3105.  Through his employment with Defendant MHC, Relator came into contact with and has knowledge of the daily operations of the Emergency Department at Heartland Regional Medical Center and the admission policies put in place over that department by Defendant MHC.

3106.  Relator specifically became aware of Defendant MHC's policy of practice of admitting all Emergency Department patients to Heartland Regional Medical Center for inpatient services through the course of his employment.

3107.  In September 2006, Relator approached Defendant MHC's CEO, Timothy Schmidt, with his concerns regarding the practice of admitting all Emergency Department patients to Heartland Regional Medical Center for inpatient services.  Relator was told by Schmidt that he would look into it.

3108.  Subsequent to that conversation, Relator was moved into a much smaller office at Heartland Regional Medical Center and was the recipient of actions and comments making him believe he was going to be terminated.

3109.  So that he did not have a termination on his employment record, Relator resigned from his position with Defendant MHC in September 2006.

3110.  Relator's constructive discharge was a direct result of his questioning of Defendant MHC's fraudulent admission procedures.

3111. As a direct and proximate cause of the foregoing, Relator has lost, and will continue to lose, significant income and benefits and has suffered intangible losses, including mental anguish, embarrassment and inconvenience.

WHEREFORE, the Relator Bryan Carnithan prays this Court give judgment in his favor against Defendant MHC and issue orders in accordance with the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/1, *et seq.*, specifically that:

A)      Defendant MHC immediately reinstate Relator to his former job at the same rate of pay with normal pay increases from the date of discharge to the date of reinstatement;

B)      Defendant MHC pay Relator two times the amount of back pay and benefits, plus interest on the back pay and benefits from the date of discharge to the date of reinstatement;

C)      Defendant MHC pay Relator's costs and attorneys fees in accordance with 740 ILCS 175/4(g); and,

D)      Such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Relator hereby demand trial by jury.

Respectfully submitted,

 /s/ Ronald E. Osman
BY:     Ronald E. Osman
            Attorney for Relator
            Bryan Carnithan

Ronald E. Osman    #3123542
RONALD E. OSMAN & ASSOCIATES, LTD.
1602 W. Kimmel Street, P.O. Box 939
Marion, Illinois  62959
Phone:  (618)997-5151
Fax:      (618)997-4983
e-mail:    rosman@marion.quitamlaw.com


CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

None (Case sealed)

and I hereby certify that on August 5, 2011, I mailed by United States Postal Service, the document to the following participants:

Gerald M. Burke

 s/Ronald E. Osman
Ronald E. Osman
Ronald E. Osman & Associates, Ltd.