IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| The **UNITED STATES of AMERICA,** **The STATE OF ILLINOIS**, et al. *ex rel.* **Bryan Carnithan**, and **BRYAN CARNITHAN, Individually,** <br><br> Plaintiffs, <br><br> vs. <br><br> **COMMUNITY HEALTH SYSTEMS, INC.** a Delaware Corporation, **COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES CORPORATION,** a Delaware Corporation, and **MARION HOSPITAL CORPORATION**, an Illinois Corporation. | ) ) ) ) ) ) No. 11-CV-312-NJR/DGW ) ) ) ) ) ) ) ) ) ) ) |

**SECOND AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff Bryan Carnithan, individually, states his Second Amended Complaint as follows:

Introduction

1. This matter was an action for damages and civil penalties filed on behalf of:

   A) the United States of America arising from false statements and records made or caused to be made by numerous defendants to the United States in violation of the False Claims Act, 31 U.S.C. §3729, *et seq.*, as amended;

   B) the States of Illinois, California, Florida, Georgia, Indiana, Louisiana, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Tennessee, Texas and Virginia arising from false statements and records made or caused to be made by numerous defendants to said

          States in violation of their statutes against the submission of false claims; and

    C)    Bryan Carnithan for wrongful discharge in violation of the False Claims Act, 31 U.S.C. §3730(h) and the Illinois False Claims Act, 740 ILCS 175/4(g).

2. The allegations brought by Relator Bryan Carnithan (hereafter "Relator") in regard to submission of false claims under the Federal False Claims Act and various state statutes have been fully compromised and settled and were partially dismissed by the Court on September 10, 2014.

3. The claims remaining before the Court are Relator's wrongful discharge allegations brought under the False Claims Act, 31 U.S.C. §3730(h) and the Illinois False Claims Act, 740 ILCS 175/4(g), an Illinois Retaliatory Discharge Claim and Relator's claim to statutory attorney fees and costs related to his false claims and wrongful discharge allegations.

<u>Parties and Jurisdiction</u>

4. This court has subject matter jurisdiction because Count I arises under a federal statute, 31 USC §3130(h), and the court has supplemental jurisdiction over the state claims set forth in Counts II and III under 28 USC §1367.

5. Relator was employed by Defendant Marion Hospital Corporation from 2005 to October 2006 and worked as EMS Coordinator in the Emergency Department at Heartland Regional Medical Center in Marion, Illinois.

6. Defendant Community Health Systems, Inc. is a Delaware Corporation, Control #309522, (hereafter "Defendant CHS") with its principle office at 4000 Meridian Blvd., Franklin, Tennessee.

7. Through its corporate structure, Defendant CHS owns and operations numerous subsidiary corporations known as "Affiliates". 120 of Defendant CHS' Affiliates operate hospitals, with these entities owning or leasing 130 hospital facilities in 29 states, with an aggregate total of approximately 19,400 licensed beds. The Affiliate hospitals offer a range of inpatient medical and surgical services, outpatient treatment, and skilled nursing care.

8. Defendant Community Health Systems Professional Services Corporation (hereafter "Defendant CHSPSC") is a Delaware Corporation, File #2273362, with its principal office located at 4000 Meridian Blvd., Franklin, Tennessee. Defendant CHSPSC is a fully-owned subsidiary of Defendant CHS and the employer of all corporate employees and officers of Defendant CHS.

9. Defendant Marion Hospital Corporation (hereafter "Defendant MHC") is an Illinois corporation, No. 58955876, with its principle office in Franklin, Tennessee.

10. Defendant MHC is an Affiliate of Defendant CHS and operates a full service medical center in Marion, Williamson County, Illinois, under the name of Heartland Regional Medical Center.

**Allegations Applicable to All Defendants**

11. Defendant CHSPSC enters into management and consulting services agreements with all CHS Affiliates, including Defendant MHC, to provide management services to the hospital entities operated by the Affiliates ("CHS Affiliate Hospitals").

Accordingly, Defendant CHSPSC controls the daily operations of all CHS Affiliate Hospitals, including Defendant MHC.

12. MHC personnel are required to justify the reasoning for the Emergency Department release of any Medicare beneficiary who was not admitted as an inpatient. For example, if Defendant MHC's hospital facility does not reach the daily goal of admitting 100% of Medicare beneficiaries seeking emergency medical treatment, Defendant MHC's Director of the Emergency Department is required to justify to the Hospital CEO (an employee of Defendant CHSPSC) the reasoning for not admitting each Medicare beneficiary that was treated and released by the Emergency Department.

13. Defendant MHC employees were told in 2006 by its hospital CEO, Timothy Schmidt, (an employee of Defendant CHSPSC) that the admissions of Medicare beneficiaries could be justified because "you can always find a reason to admit someone of that age" and instructed Defendant MHC's Emergency Department personnel to contact the personal physician of all Medicare beneficiaries presenting for emergency treatment to compel admission of the beneficiary as a hospital inpatient.

14. Defendant CHSPSC required CHS Affiliate Hospitals to force these hospital admissions so that the CHS Affiliate Hospitals could recover both the Outpatient PPS fee for emergency room services and the Inpatient PPS payments for inpatient services regardless of whether there was an actual need for inpatient treatment.

## COUNT I
## False Claims Act, 31 U.S.C. § 3730(h)
### (Retaliatory Discharge by
### Defendants Community Health Systems, Inc., Community Health Systems
### Professional Services Corporation and Marion Hospital Corporation)

15. Relator reasserts paragraphs 1-14 of this Second Amended Complaint as if fully set forth herein.

16. Relator was employed by Defendant MHC from 2005 to October 2006 as EMS Coordinator in the Emergency Department at Heartland Regional Medical Center in Marion, Illinois.

17. Through his employment with Defendant MHC, Relator came into contact with and has knowledge of the daily operations of the Emergency Department at Heartland Regional Medical Center and the admission policies put in place over that department by Defendant MHC.

18. Relator specifically became aware of Defendant MHC's policy and practice of admitting all Medicare and Medicaid Emergency Department patients to Heartland Regional Medical Center for inpatient services through the course of his employment.

19. In September 2006, Relator approached Defendant MHC's CEO, Timothy Schmidt, with his concerns regarding the practice of admitting all Medicare and Medicaid Emergency Department patients to Heartland Regional Medical Center for inpatient services. Relator was told by Schmidt that he would look into it.

20. Subsequent to that conversation, Relator was moved into a much smaller office at Heartland Regional Medical Center and was the recipient of actions and comments making him believe he was going to be terminated.

21. So that he did not have a termination on his employment record, Relator resigned from his position with Defendant MHC in September 2006.

22. Relator's constructive discharge was a direct result of his questioning of Defendant MHC's fraudulent Medicare and Medicaid admission procedures.

23. At all times relevant hereto, Defendant CHSPSC was the manager of Defendant MHC and directed its operations.

24. At all times relevant hereto, Defendant CHS was the parent company of Defendant CHSPSC and directed its operations.

25. As a direct and proximate cause of the foregoing, Relator has lost, and will continue to lose, significant income and benefits and has suffered intangible losses, including mental anguish, embarrassment and inconvenience.

**COUNT II**
**Illinois False Claims Act**
**740 ILCS 175/4(g)**
**(Retaliatory Discharge by**
**Defendants Community Health Systems, Inc., Community Health Systems**
**Professional Services Corporation and Marion Hospital Corporation)**

26. Relator reasserts paragraphs 1-14 of this Second Amended Complaint as if fully set forth herein.

27. Relator was employed by Defendant MHC from 2005 to October 2006 as EMS Coordinator in the Emergency Department at Heartland Regional Medical Center in Marion, Illinois.

28. Through his employment with Defendant MHC, Relator came into contact with and has knowledge of the daily operations of the Emergency Department at Heartland Regional Medical Center and the admission policies put in place over that department by Defendant MHC.

29. Relator specifically became aware of Defendant MHC's policy and practice of admitting all Medicare and Medicaid Emergency Department patients to Heartland Regional Medical Center for inpatient services through the course of his employment.

30. In September 2006, Relator approached Defendant MHC's CEO, Timothy Schmidt, with his concerns regarding the practice of admitting all Medicare and Medicaid Emergency Department patients to Heartland Regional Medical Center for inpatient services. Relator was told by Schmidt that he would look into it.

31. Subsequent to that conversation, Relator was moved into a much smaller office at Heartland Regional Medical Center and was the recipient of actions and comments making him believe he was going to be terminated.

32. So that he did not have a termination on his employment record, Relator resigned from his position with Defendant MHC in September 2006.

33. Relator's constructive discharge was a direct result of his questioning of Defendant MHC's fraudulent Medicare and Medicaid admission procedures.

34. At all times relevant hereto, Defendant CHSPSC was the manager of Defendant MHC and directed its operations.

35. At all times relevant hereto, Defendant CHS was the parent company of Defendant CHSPSC and directed its operations.

36. As a direct and proximate cause of the foregoing, Relator has lost, and will continue to lose, significant income and benefits and has suffered intangible losses, including mental anguish, embarrassment and inconvenience.

**COUNT III**
**Illinois Retaliatory Discharge**
**(Retaliatory Discharge by**
**Defendants Community Health Systems, Inc., Community Health Systems**
**Professional Services Corporation and Marion Hospital Corporation)**

37. Relator reasserts paragraphs 1-14 of this Second Amended Complaint as if fully set forth herein.

38. Relator's efforts to prevent Defendants CHS, CHSPSC and MHC from submitting false claims to Medicare and Medicaid as alleged above were a proximate cause of his discharge by Defendant MHC.

39. Before and at the time Relator was discharged, the officers and agents of Defendants CHS, CHSPSC and MHC, as alleged above, had actual knowledge that the claims they were submitting to Medicare and/or Medicaid for medically unnecessary emergency room services and inpatient admissions were false claims.

40. Defendants CHS, CHSPSC and MHC discharged Relator with the purpose to prevent him from interfering with the illegal billing scheme they planned to execute and to punish Relator for questioning their existing illegal practice.

41. As a proximate result of the actions of Defendants CHS, CHSPSC and MHC as alleged above, Relator lost past and future income, was humiliated, and suffered mental anguish.

*Relief requested:*

A. <u>Count I:</u> Plaintiff Bryan Carnithan requests restoration to his former employment at the same rate of pay along with normal pay increases and that he be awarded two times his lost back pay and benefits. Plaintiff Bryan Carnithan also seeks attorneys' fees, witness fees, and costs.

  B. <u>Count II</u>: Plaintiff Bryan Carnithan requests restoration to his former employment at the same rate of pay along with normal pay increases and that he be awarded two times his lost back pay and benefits. Plaintiff Bryan Carnithan also seeks attorneys' fees, witness fees, and costs.

  C. <u>Count III</u>: Plaintiff Bryan Carnithan requests damages for humiliation, mental anguish, loss of future earnings, and punitive damages.

         Respectfully submitted,

          /s/ Ronald E. Osman
        BY: Ronald E. Osman
          Attorney for Relator
          Bryan Carnithan

Ronald E. Osman #3123542
RONALD E. OSMAN & ASSOCIATES, LTD.
1602 W. Kimmel Street, P.O. Box 939
Marion, Illinois 62959
Phone: (618)997-5151
Fax: (618)997-4983
E-mail: rosman@marion.quitamlaw.com

## CERTIFICATE OF SERVICE

 I hereby certify that on October 8, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

 Gerald M. Burke       John Tyler Robinson

 Michael L. Waldman

and I hereby certify that on October 8, 2014, I mailed by United States Postal Service, the document to the following participants:

          s/Ronald E. Osman
        Ronald E. Osman
        Ronald E. Osman & Associates, Ltd